## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **LOWTECH STUDIOS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-cv 1437** |
| | § | |
| **KOOAPPS LLC,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lowtech Studios, LLC ("Lowtech Studios") for its Complaint against Defendant Kooapps, LLC ("Kooapps") alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an unfair competition case. Plaintiff Lowtech Studios created one of the most popular video games in the world, Slither.io, which quickly began generating millions of dollars in revenue from advertising.

2.      Defendant Kooapps knows about Plaintiff and its wildly popular game, Slither.io. In fact, within the past month, Kooapps contacted Plaintiff in its most recent attempt to acquire Slither.io, an overture that was not successful.

3.      Kooapps has over time used a dual tract strategy to acquire Slither.io, its brand and intellectual property: approaching Plaintiff about an acquisition while at the same time offering a rival game, Snake.io, that now incorporates many knock-off features that infringe Slither's intellectual property rights. Defendant is intent on acquiring Slither and its brand one way or the other.

4.      Within the video game app industry there are competing developers that copy the look and feel of popular video game apps to create games that mimic their user interface,

functionality, characters, themes, and gameplay. These "clone developers" purposefully aim to create confusion among consumers and benefit from the original game's popularity.

5.      Defendant Kooapps' Snake.io is such a clone version of Plaintiff's Slither.io. Defendant's game copied the look and feel of Slither.io, but Kooapps' version lacked the full functionality of Slither.io, such as the ability to play online against other users.

6.      Lowtech Studios holds registered trademarks for its unique and stylized cartoon snake, the word "slither," and the name "Slither.io" that is uses to advertise and market Slither.io to consumers. The logo Kooapps uses for its clone app has morphed to the point where the current iteration is the same as, or confusingly similar to the trademarked Slither.io logo.

**Lowtech Studios Trademarked Snake**       **Kooapps' Infringing Snake**

    

7.      In conjunction with the infringing logo, Kooapps currently advertises its game using Lowtech Studios' trademarked phrase "slither." In fact, the full title of Kooapps' game is listed as, "Snake.io – Fun Online Slither." Adding to consumer confusion, on information and belief, Kooapps is purchasing keyword advertisements for Lowtech Studios' "slither" and "Slither.io" word marks. As a result, Kooapps' app—with its infringing logo and name—typically appears directly above Slither.io when users search for "Slither.io" or "slither."

8.      Kooapps is purposefully deceiving consumers into downloading its app instead of Slither.io. In doing so, Kooapps is unfairly and unlawfully usurping profits and goodwill that

lawfully belongs to Lowtech Studios. In addition to recovering all damages due to Defendant's illegal actions, Plaintiff seeks an injunction from the Court barring Kooapps from its unfair competition.

## THE PARTIES

9.      Lowtech Studios, LLC ("Lowtech Studios") is a limited liability company organized under the laws of the State of Michigan. Its principal place of business is in Austin, Texas.

10.     Kooapps, LLC ("Kooapps") is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is 15015 Main St., Suite 200, Bellevue, Washington 98007-5229. It can be served with process through its registered agent, Business Filings Incorporated at 711 Capitol Way S, Suite 204, Olympia, WA 98501.

## JURISDICTION AND VENUE

11.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., and under statutory and common law unfair competition. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

12.     This Court may exercise personal jurisdiction over Kooapps because it does business in this District and has committed acts of infringement at issue in this Complaint in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Kooapps resides in this District and has committed acts of infringement at issue in this Complaint in this District.

## CONDITIONS PRECEDENT

14.     All conditions precedent have been performed or have occurred.

## FACTUAL BACKGROUND

### I.     Lowtech Studios Released Slither.io to Immediate Success

15.     Lowtech Studios owns all rights to Slither.io, a video game that has enjoyed almost unparalleled success and popularity.  In the Slither.io multiplayer online game, users control a snakelike creature that slithers across the screen competing with up to 499 other users to gobble up food, growing the length of their creature with each bite. In playing Slither, the creatures cannot collide with one another. If they do, the creature whose head contacted the other "dies" and the game starts over for that user.

16.     Users can play Slither.io on a computer, through its browser, or on a mobile device through an app. Lowtech Studios first released a Slither.io app for iOS and made the game available for play via browser on March 25, 2016. Two days later, it released an app for Android.

17.     Almost immediately, Slither.io's popularity skyrocketed. Its ease of entry, clean graphics, and the ability to play against other users online caused the game to spread quickly through word-of-mouth.

18.     Adding fuel to the fire of popularity enjoyed by Slither, many prominent YouTube content creators began posting videos of themselves playing the game. For example, YouTube user PewDiePie, whose YouTube channel currently boasts over 111 million subscribers, posted a video of himself playing the game on April 7, 2016.[1] That video alone has been viewed more than 7.7 million times to date. And many other popular YouTube content creators followed suit, publishing their own videos showing themselves playing Slither.io.

---

[1] https://www.youtube.com/watch?v=xpDnU7xhrYo

19.     With all the attention, traditional media outlets also began publishing stories about the game and its creator. This included media outlets with widespread national and international circulation like Forbes, Business Insider, and the Wall Street Journal.

20.     Slither.io soon appeared in the top-10 most downloaded apps alongside mainstay apps like Facebook, Spotify, Snapchat, and Instagram. To date, Slither.io has been downloaded from the Google Play Store over 500 million times and downloaded from Apple's App Store hundreds of millions more times.  The aforementioned statistics do not include the countless visits to the browser version of the game.

21.     With users flooding into the game from all over the world, Lowtech Studios, the publisher and developer of Slither.io, generated significant revenue from in-game advertisements and from users paying to remove the ads. Not only that, but the user traffic, word-of-mouth, and positive press generated a tremendous amount of goodwill for the company. Accordingly, Lowtech Studios took action to protect its intellectual property and goodwill.

**II.     Lowtech Studios Trademarked its Cartoon Snake Logo and the Words "Slither" and "Slither.io"**

22.     From the outset, Lowtech Studios used a graphic depicting a stylized cartoon snake as the logo and icon to advertise and market Slither.io. The unique and creative design was developed by Lowtech Studios and the variations it used are depicted below.



23.    Lowtech Studios owns a registered trademark for its stylized depiction of a cartoon snake in the computer game software class, U.S. Trademark Reg. No. 5,099,939 (the "Snake Mark"). The Snake Mark was first used by Lowtech Studios for Slither.io on March 25, 2016, and was registered with the United States Patent and Trademark Office ("USPTO") on December 13, 2016. Since the game's release, Lowtech Studios has continuously used its Snake Mark to identify, advertise, and market the Slither.io video game.

24.    In addition to its Snake Mark, Lowtech Studios owns registered trademarks in the computer game software class on the word marks "slither.io", U.S. Trademark Reg. No. 5,758,021, and "SLITHER", U.S. Trademark Reg. No. 5,090,536 (collectively, the "Word Marks"). Since the game's release, Lowtech Studios has continuously used its Word Marks to identify, advertise, and market the Slither.io video game.

### III.    Lowtech Studios Expanded its Business and Trademarks Beyond Video Games.

25.    Capitalizing on the success of the game, Lowtech Studios entered licensing deals with toy manufacturers, apparel companies, and similar enterprises to sell Slither.io branded goods emblazoned with the Snake Mark and/or Word Marks. The company viewed these as promotional materials that would drive more users to the game.

26.    The Slither.io merchandise prominently displayed the Snake Mark and the Slither.io Word Mark. Slither.io toys were carried on the shelves of major and reputable retailers across the United States like Target, Walmart, Toys R Us, and Claire's. Meanwhile, Slither.io branded party supplies were sold in Party City. There were backpacks, plush clips, and other consumer goods that licensees sold across the United States. There was even an arcade machine version of the Slither.io game that could frequently be found in Dave & Busters and movie theaters. The arcade

machine prominently displayed the Snake Mark and Slither.io Word Mark. All of this expanded consumers' recognition of Lowtech Studios' Snake Mark and Word Mark.

27.     With the expansion of its business and the recognition of its Snake Mark and Word Marks, Lowtech Studios also extended its efforts to protect its intellectual property and goodwill. Specifically, Lowtech Studios registered the Snake Mark in additional classes like clothing, backpacks, stickers, and books on January 28, 2020, U.S. Trademark Reg. No. 5,973,458. It had also registered the Word Marks under those classes. U.S. Trademark Reg. Nos. 5,758,021, 5,800,704.

28.     As a result of Lowtech Studios' longstanding and widespread use of its Snake Mark and Word Marks, consumers have come to associate the marks with Lowtech Studios and/or Slither.io in the United States. Consumers identify the Snake Mark and Word Marks as signifying an app that originates from Lowtech Studios and is of the high quality and standards for which Lowtech is known.

**IV.     Kooapps Published Snake.io, Which Copies the Look and Feel of Slither.io.**

29.     Shortly after Slither.io's successful release, Kooapps released a clone version of Slither.io called Snake.io (the "Infringing App"). The Infringing App copied the look and feel of Slither.io, down to the hexagonal pattern in the background.

30.     To be sure, while the two games may have looked and felt similar, they were not. For instance, Slither.io was an online multiplayer game. This means that users could play against one another over the internet. In fact, Slither.io allowed up to 500 live users to play on a single map. Therefore, when a Slither.io user saw another snakelike creature slithering across their screen, it was another user who was playing the game at the same time.

31.     While Kooapps advertised the Infringing App as if it were an online multiplayer game like Slither.io, it was not. Instead, the Infringing App was a single-player game played against

avatars controlled by the computer. So when a user of the Infringing App saw an avatar moving across the screen, it was never being controlled by another user. Some users discovered Kooapps' misrepresentation when their devices lost internet signal and the avatars that were supposed to be other users playing online continued maneuvering. When consumers discovered they were playing against avatars controlled by a computer rather than other users, they felt duped and expressed the feeling in reviews online.



32.     While a large segment of consumers prefer online multiplayer games like Slither.io, that type of game is far more complicated, time-consuming, and expensive to design than a single player game where other avatars are controlled by a computer like the Infringing App. By falsely advertising the Infringing App as a multiplayer online game when it is not, Kooapps is taking advantage of consumer preference without the investment that Lowtech Studios undertook to create a game that caters to the preference.

33.     Kooapps published the Snake.io App on the Google Play Store on April 15, 2016. Six days later, it published the Snake.io App on the Apple App Store. In the beginning, Kooapps used the below segmented orange cartoon snake as its logo:



34.     Over time, the cartoon snake Kooapps used to market and advertise the Infringing App would evolve.

**V.     Kooapps' Co-founder and its Employees Contacted Lowtech Studios Complimenting Slither.io and Inquiring About Purchasing it.**

35.     Starting in 2019, Kooapps began contacting Lowtech Studios about Slither.io. First, Jon Chang, the co-founder and Chief Operating Officer of Kooapps reached out in July expressing interest in acquiring the game. A few months later, another Kooapps employee followed up, again expressing Kooapps' interest in acquiring Slither.io, noting that Kooapps pays up to $4 million to acquire apps.

36.     A few years later, Mr. Chang emailed Lowtech Studios' founder to say that he is a huge fan of Slither.io and inviting him to connect or chat. In the interim, other Kooapps employees continued contacting Lowtech Studios about purchasing Slither.io. Indeed, the solicitations have carried on into this year. The latest Kooapps employee who reached out stated that "my kids really love your game and they play it all the time!" The same employee has continued to reach out to Lowtech Studios about purchasing Slither.io. In fact, she sent her most recent email on October 31, 2023.

37.     Interestingly, in June of 2021 an individual claiming to be an independent consultant named Dom Davies reached out to one of Lowtech Studios' attorneys. Mr. Davies alluded to having knowledge about Slither.io's advertising operations and wanted to talk to the company because he claimed that Lowtech Studios was leaving millions of dollars in advertising revenue on the table. On information and belief, Mr. Davies joined Kooapps as Director of Strategy and Operations four months later.

38.     None of these overtures by to Kooapps to Lowtech Studios elicited any interest from Plaintiff. Meanwhile, Kooapps' advertising and marketing of its Infringing App crept towards infringing on Lowtech Studios' trademarks.

## VI.     Kooapps Began Using Lowtech Studios' Trademarks to Advertise the Infringing App.

39.     After Lowtech Studios ignored Kooapps' overtures about acquiring Slither.io, Kooapps changed the logo it used to advertise the Infringing App to match more closely to the Snake Mark. Specifically, sometime in early-2020, Kooapps changed the orientation of the cartoon snake it used to advertise and market the Infringing App so that the head of the snake was at the bottom rather than the top, like the Snake Mark. Kooapps also made the eyes of the snake larger, with a white outline and black pupils, like the Snake Mark. Additionally, the smiley face on the snake was made to look more like the Snake Mark and there was now a gradient to the snake like the Snake Mark.

40.     Sometime later in 2020, Kooapps again redesigned the logo for the Infringing App—this time making it the same as or confusingly similar to the Snake Mark. Indeed, the latest iteration was virtually identical with respect to the orientation, segment pattern, gradient, smiley face, eyes, mouth, and color. The genesis of Kooapps logo into a counterfeit of the Snake Mark is shown below.

| **2016-2020 Kooapps** | **Early-2020 Kooapps** | **Late-2020 Kooapps** | **Lowtech's Snake Mark** |
|---|---|---|---|

41.     In conjunction with the strikingly similar stylized cartoon snake logo, Kooapps is currently making use of Lowtech Studios' Word Marks to advertise and market the Infringing App. Specifically, the Infringing App is currently using Lowtech Studios' "slither" word mark in the title of its app in the Apple App Store, "Snake.io – Fun Online Slither," as shown below:



42.     Additionally, on information and belief, Kooapps is purchasing Lowtech Studios' Word Marks as keyword advertisements in the Apple App Store and the Google Play Store. Kooapps uses these keyword advertisements in conjunction with the Snake Mark or confusingly similar mark, and slither word mark in the title of the game. On information and belief, Kooapps purchases the keyword ads because of the likelihood that consumers will be confused and download the Infringing App not realizing that it is not affiliated with Lowtech Studios. In doing so, Kooapps is duping and confusing the consuming public.

43.     Indeed, because of Kooapps' purchase of the Word Marks as keyword ad terms, searches in Apple's App Store for "slither" and "slither.io" results in pages that often displays

Kooapps' confusingly similar logo and title for the Infringing App directly above Slither.io, as shown below:




44.     By creating a game that mimics the look and feel of Slither.io, using Lowtech Studios' Snake Mark, Word Marks, or confusingly similar marks, Kooapps has duped consumers into downloading the Infringing App over 100 million times in the Google Play Store. And earlier this year Apple placed a version of Kooapps' Infringing App in Apple Arcade, a package where users pay a monthly fee to access all the games included in the arcade. Within Apple Arcade, the Infringing App is identified by the Snake Mark or a confusingly similar mark.

45.     What is more, Kooapps prominently displays the Snake Mark or a confusingly similar mark multiple times on its website homepage, www.kooapps.com, to advertise Kooapps' games, as shown in the screenshot below:





## VII.   Kooapps Fraudulently Obtained a Trademark on its Infringing Cartoon Snake Logo.

46.     On or about November 20, 2020, Kooapps filed an application to register the Snake Mark or a confusingly similar mark with the USPTO. In the application Kooapps falsely represented that it owned the trademark, that it was entitled to use the mark in commerce, and that no other person had the right to use the mark in commerce, either in the identical form or in such near resemblance as to likely, when used or in connection with the goods/service of such other persons, cause confusion or mistake, or to deceive.

47.     Based on Kooapps' false representations, the USPTO issued a trademark to Kooapps for the Snake Mark or a confusingly similar mark on November 16, 2021, U.S. Trademark Reg. No. 6,559,223. Kooapps' fraudulent trademark covers the same video game class as Lowtech Studios' Snake Mark.

### VIII.   Kooapps' Unlawful Activity Harmed Lowtech Studios.

48.     Lowtech Studios has been damaged by Kooapps' actions described herein. On information and belief, Kooapps knew that Lowtech Studios would be damaged by Kooapps' use of Lowtech Studios' Snake Mark and Word Marks or confusingly similar marks in connection with the Infringing App.

49.     Kooapps is deceiving consumers into believing that Lowtech Studios manufactures or approves of the Infringing App. Kooapps has attempted to capitalize on Lowtech Studios' valuable reputation and customer goodwill by using the Snake Mark and Word Marks and/or confusingly similar marks in a manner that is likely to cause consumers and potential customers to believe that the Infringing App is associated with Lowtech Studios when it is not.

50.     By virtue of the acts complained of herein, Kooapps has created a likelihood of injury to Lowtech Studios' business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Lowtech Studios' Slither.io game and the Infringing App, and has otherwise competed unfairly by unlawfully trading on and using Lowtech Studios' Snake Mark and Word Marks without Lowtech Studios' permission.

51.     Unless stopped, Kooapps' use of the Snake Mark and Word Marks will continue to cause confusion in the marketplace, including but not limited to initial interest confusion, post-sale confusion, and dilution by blurring and tarnishment.

52.     Kooapps' acts complained of herein are willful and deliberate.

53.     Kooapps' acts complained of herein have caused damage to Lowtech Studios in an amount to be determined at trial, and such damages will continue to increase unless Kooapps is preliminary and permanently enjoined for their wrongful acts.

54.     Kooapps' acts complained of herein have caused Lowtech Studios to suffer irreparable injury to its business. Lowtech Studios will suffer substantial loss of goodwill and reputation unless and until Kooapps is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## CAUSES OF ACTION

### Count I – Trademark Infringement in Violation of 15 U.S.C. § 1114

55.     Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

56.     Kooapps knowingly used and continues to use in interstate commerce, without Lowtech Studios' permission or authorization, the Snake Mark and Word Marks and/or confusingly similar marks in connection with the products Kooapps creates, distributes, advertises, promotes, and sells in the United States, including the Infringing App. Kooapps used the Snake Mark and Word Marks with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to the Snake Mark and Word Marks and/or trade off the Snake Mark and Word Marks.

57.     Kooapps' use of the Snake Mark and Word Marks (a) constitutes infringement of the Snake Mark and Word Marks; (b) is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Kooapps or Kooapps' Infringing App with Lowtech Studios or Lowtech Studios' products; and (c) is likely to cause such people to believe in error that Kooapps' Infringing App has been authorized, sponsored, approved, endorsed, or licensed by Lowtech Studios or that Kooapps is in some way affiliated with Lowtech Studios.

58.     Lowtech Studios has no control over the nature or quality of the Infringing App Kooapps offers, and Lowtech Studios' reputation and goodwill will be damaged—and the value

of the Snake Mark and Word Marks jeopardized—by Kooapps' continued use of the Snake Mark and Word Marks and/or confusingly similar marks. Because of the likelihood of confusion between Kooapps' Infringing App and the Snake Mark and Word Marks, any defects, objections, or faults found with Kooapps' Infringing App will negatively reflect upon and injure the reputation of Lowtech Studios that Lowtech Studios has established for the products it offers in connection with the Snake Mark and Word Marks. As such, Kooapps is liable to Lowtech Studios for infringement of its registered marks under 15 U.S.C. § 1114.

59.     As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered and continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Kooapps will continue to use the Snake Mark, Word Marks, and/or confusingly similar marks that will cause irreparable damage to Lowtech Studios for which Lowtech Studios has no adequate remedy at law. Thus, Lowtech Studios is entitled to an injunction restraining Kooapps and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

60.     Lowtech Studios is further entitled to recover from Kooapps the actual damages Lowtech Studios has sustained, is sustaining, and/or is likely to sustain because of Kooapps' wrongful acts, and disgorgement of profits from Kooapps' infringement of the Snake Mark and Word Marks.

61.     On information and belief, Kooapps' use of the Snake Mark, Word Marks, and/or confusingly similar marks has been intentional and willful. Kooapps' bad faith is evidenced at least by the similarity of the Infringing App to Slither.io, the timing of its release and subsequent redesign of the logo used to advertise the Infringing App, the Kooapps' founder, and employee

emails complimenting Lowtech on Slither.io and attempting to buy it, and its use of Snake Mark the Word Marks in advertising the Infringing App.

62.     Pursuant to 15 U.S.C. § 1117, Lowtech Studios is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

### Count II – False Designation of Origin/Unfair Competition in Violation of 15 U.S.C. § 1125(a)

63.     Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

64.     Lowtech Studios' Snake Mark and Word Marks are federally registered and entitled to protection under federal and common law. Lowtech Studios has extensively and continuously promoted and used the Snake Mark and Word Marks since 2016 in the United States and worldwide. Through that extensive and continuous use, the Snake Mark and Word Marks have become well-known indicators of the origin and quality of Lowtech Studios products.

65.     Kooapps' unauthorized use of the Snake Mark, Word Marks, and/or confusingly similar marks in interstate commerce constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Kooapps and/or Kooapps' Infringing App by creating the false and misleading impression that Kooapps' Infringing App is created by, authorized by, affiliated with, approved by, sponsored by, or otherwise associated with Lowtech Studios.

66.     As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Kooapps will continue to use the Snake Mark, Word Marks, and/or confusingly similar marks and will cause irreparable injury to Lowtech Studios for which Lowtech Studios has no adequate remedy at law. Thus,

Lowtech Studios is entitled to an injunction precluding Kooapps and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the Snake Mark, Word Marks, and/or confusingly similar marks in connection with Kooapps and the promotion, marketing, offer to sell, or sale of any Kooapps products.

67.     Lowtech Studios is further entitled to recover from Kooapps the actual damages Lowtech Studios has sustained, is sustaining, and/or is likely to sustain because of Kooapps' wrongful acts, and disgorgement of profits from Kooapps' infringement of the Snake Mark and Word Marks.

68.     On information and belief, Kooapps' use of the Snake Mark, Word Marks, and/or confusingly similar marks has been intentional and willful. Kooapps' bad faith is evidenced at least by the similarity of the Infringing App, the timing of its release and subsequent redesign of the logo used to advertise the Infringing App, and its use of the Word Marks in advertising the Infringing App.

69.     Pursuant to 15 U.S.C. § 1117, Lowtech Studios is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

### Count III – False Advertising in Violation of 15 U.S.C. § 1125(a)

70.     Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

71.     Kooapps falsely and misleadingly misrepresented the nature, characteristics, and quality of the Infringing App by holding it out as an online multiplayer game when it was not.

72.     Kooapps' misrepresentation about users' ability to play against other live users deceived or had the capacity to deceive a substantial segment of potential consumers. Indeed, the

misrepresentation likely influenced consumers' decisions of whether to download and play the game on the Infringing App.

73.    The Infringing App was advertised, marketed, and sold advertising in interstate commerce.

74.    Kooapps' misrepresentations injured Lowtech Studios' commercial interests. Specifically, Lowtech Studios suffered a diversion of customers to Kooapps. It also suffered damage to its goodwill and business reputation. Consumers confused the Infringing App for Slither.io because of Kooapps' actions and therefore falsely believed that Kooapps' deceptive practices were attributable to Lowtech Studios.

### Count IV - False/Fraudulent Registration Under 15 U.S.C. § 1120

75.    Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

76.    Kooapps filed an application to register its infringing version of Lowtech Studios' Snake Mark with the USPTO on or about November 20, 2020. In the application, Kooapps falsely represented that (a) it was the owner of the trademark, (b) it was entitled to use the mark in commerce, and (c) that no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to likely, when used or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. Kooapps knew or should have known that these statements were false. Yet it made them with the intent to induce the USPTO to act or refrain from acting based upon the representations. The USPTO reasonably relied on Kooapps' misrepresentations.

77.     As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered and continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.

78.     As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered and continues to suffer, and/or is likely to suffer damage to its sales, business reputation, and goodwill that money cannot compensate. Unless enjoined, Kooapps will continue to falsely represent that the Infringing App is a multiplayer online game, which will cause irreparable damage to Lowtech Studios for which Lowtech Studios has no adequate remedy at law. Thus, Lowtech Studios is entitled to an injunction restraining Kooapps and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false advertising.

79.     Lowtech Studios is further entitled to recover from Kooapps the actual damages Lowtech Studios has sustained, is sustaining, and/or is likely to sustain because of Kooapps' wrongful acts, and disgorgement of profits from Kooapps' false advertising.

80.     On information and belief, Kooapps' false advertising has been intentional and willful. Kooapps' bad faith is evidenced at least by the false and misleading statements combined with the similarity of the Infringing App to Slither.io, the timing of its release and subsequent redesign of the logo used to advertise the Infringing App, the Kooapps' founder, and employee emails complimenting Lowtech on Slither.io and attempting to buy it, and its use of Snake Mark the Word Marks in advertising the Infringing App.

81.     Pursuant to 15 U.S.C. § 1117, Lowtech Studios is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

## Count V - Common Law Trademark Infringement

82.     Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

83.     Lowtech Studios was the first to use the Snake Mark and Word Marks. As a result of Lowtech Studios' continuous promotion and sales of products bearing Lowtech's Snake Mark and the Word Marks have become widely known, and Lowtech Studios has been identified in the public mind as the creator of products that bear the Snake Mark and Word Marks.

84.     As a result of the experience, skill, and care of Lowtech Studios in production of the products that bear the Snake Mark and Word Marks, these products have gained a reputation synonymous with quality.

85.     Kooapps, with knowledge and intentional disregard of Lowtech Studios' rights, continues to advertise, promote, and sell products using Lowtech Studios' Snake Mark, Word Marks, and/or confusingly similar marks. Kooapps' acts have caused, continue to cause, and/or are likely to cause confusion as to the source and/or sponsorship of its products and Lowtech Studios' products.

86.     Kooapps' acts alleged herein and specifically, without limitation, Kooapps use, manufacture, promotion, offers to sell, and/or selling in the United States products that are confusingly similar to products bearing the Snake Mark and Word Marks, infringe Lowtech Studios' exclusive trademark in violation of the common law.

87.     As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Kooapps will continue to use the Snake Mark, Word Marks, and/or confusingly similar marks and will cause irreparable

injury to Lowtech Studios for which Lowtech Studios has no adequate remedy at law. Thus, Lowtech Studios is entitled to an injunction precluding Kooapps and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the Snake Mark, Word Marks, and/or confusingly similar marks in connection with Kooapps and the promotion, marketing, offer to sell, or sale of any Kooapps products.

88.     On information and belief, Kooapps' use of the Snake Mark, Word Marks, and/or confusingly similar marks has been intentional and willful. Kooapps' bad faith is evidenced at least by the similarity of the Infringing App, the timing of its release and subsequent redesign of the logo used to advertise the Infringing App, and its use of the Word Marks in advertising the Infringing App.

## Count VI – Common Law Unfair Competition

89.     Lowtech Studios repeats and alleges each allegation of the paragraphs above as though fully set forth herein.

90.     Lowtech Studios' Snake Mark and Word Marks are federally registered and entitled to protection under federal and common law. Lowtech Studios has extensively and continuously promoted and used the Snake Mark and Word Marks since 2016 in the United States and worldwide. Through that extensive and continuous use, the Snake Mark and Word Marks have become well-known indicators of the origin and quality of Lowtech Studios products.

91.     Kooapps' unauthorized use of the Snake Mark, Word Marks, and/or confusingly similar marks constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Kooapps and/or Kooapps' Infringing App by creating the false and misleading impression that Kooapps' Infringing App is

created by, authorized by, affiliated with, approved by, sponsored by, or otherwise associated with Lowtech Studios.

92. As a direct and proximate result of Kooapps' wrongful acts, Lowtech Studios has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Kooapps will continue to use the Snake Mark, Word Marks, and/or confusingly similar marks and will cause irreparable injury to Lowtech Studios for which Lowtech Studios has no adequate remedy at law. Thus, Lowtech Studios is entitled to an injunction precluding Kooapps and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the Snake Mark, Word Marks, and/or confusingly similar marks in connection with Kooapps and the promotion, marketing, offer to sell, or sale of any Kooapps products.

93. Lowtech Studios is further entitled to recover from Kooapps the actual damages Lowtech Studios has sustained, is sustaining, and/or is likely to sustain because of Kooapps' wrongful acts, and disgorgement of profits from Kooapps' infringement of the Snake Mark and Word Marks.

94. On information and belief, Kooapps' use of the Snake Mark, Word Marks, and/or confusingly similar marks has been intentional and willful. Kooapps' bad faith is evidenced at least by the similarity of the Infringing App, the timing of its release and subsequent redesign of the logo used to advertise the Infringing App, and its use of the Word Marks in advertising the Infringing App.

## ATTORNEY'S FEES

95. This is an exceptional case, and Plaintiff is entitled to an award of attorney fees under 15 U.S.C. § 1117(a).

## JURY DEMAND

96.    Pursuant to Federal Rule of Civil Procedure 38(b), Lowtech Studios hereby

demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

97.    For these reasons, Plaintiff, Lowtech Studios, asks for a judgment against

Defendant for the following:

    a.  The Court order that Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

        1.  Using the Snake Mark, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of the Infringing App.

        2.  Using the Word Marks, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of the Infringing App.

        3.  Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's Snake Mark or Word Marks, or adopting or using any other marks or designations that are confusingly similar to Plaintiff's Snake Mark or Word Marks.

        4.  Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1), (2), or (3) above.

    b.  The Court order seizure of goods and counterfeit marks, the means of making marks, and records documenting the manufacture, sale, or receipt of things involved in the use of the counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

    c.  The Court order Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, to deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the Snake Mark or Word Marks or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same.

    d.  Defendant file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath stating in detail the manner and form in which Defendant has complied with the provisions of subparagraphs a through (c) above.

e.  Plaintiff recover all damages it has sustained as a result of Defendant's infringement and unfair competition, increased as the Court determines is appropriate under the circumstances of this case.

f.  Plaintiff recover Defendant's profits from its infringement and unfair competition, increased as the Court determines is appropriate to the circumstances of this case.

g.  Plaintiff be awarded treble damages for the use of a counterfeit mark as defined by 15 U.S.C. § 1116(d)(1)(B).

h.  Alternatively, instead of actual damages and profits, Plaintiff recover statutory damages for use of a counterfeit mark as defined by 15 U.S.C. § 1116(d)(1)(B).

i.  The Court declare this case an exceptional case and award Plaintiff its reasonable attorney fees for prosecuting this suit;

j.  The Court order the U.S. Patent and Trademark Office to cancel Defendant's Registration No. 6,559,223 for the infringing Kooapps snake;

k.  Plaintiff recover its costs of suit;

l.  Plaintiff recover prejudgment and postjudgment interest, as authorized by law;

m.  Plaintiff have all other relief the Court deems appropriate.

Date:  November 22, 2023                     Respectfully submitted,

**DUNHAM LLP**
919 Congress Avenue, Suite 910
Austin, Texas 78701
512.615.1255 (phone)
512.615.1256 (fax)

/s/ David E. Dunham
David E. Dunham
State Bar No. 06227700
david@dunhamllp.com
Matthew T. Kennedy
State Bar No. 24092619
matt@dunhamllp.com
*Attorneys for Plaintiff*