**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KOOAPPS LLC,<br><br>Defendant. | ) | CASE NO.: 1:23-cv-1437-DII |

**DEFENDANT KOOAPPS LLC'S OPPOSITION TO**
**MOTION FOR CLERK'S ENTRY OF DEFAULT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

FACTS ........ 1

ARGUMENT ........ 3

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-cv-95,
2016 U.S. Dist. LEXIS 92165 (E.D. Tex. May 24, 2016)....................3

*Christiana Tr. v. Jacob*, No. MO:15-CV-00033-DAE-DC,
2015 U.S. Dist. LEXIS 141691 (W.D. Tex. July 21, 2015)....................4

*Lewis v. Lynn*,
236 F.3d 766 (5th Cir. 2001)....................3

*Lindsey v. Prive Corp.*,
161 F.3d 886 (5th Cir. 1998)....................3, 4

*O'Brien v. Christian Faith Publ'n*, No. 3:18-cv-00024,
2019 WL 13203965 (M.D. Tenn. Apr. 24, 2019)....................4

*Sindhi v. Raina*,
905 F.3d 327 (5th Cir. 2018)....................3

Defendant Kooapps LLC ("Kooapps") hereby opposes Plaintiff Lowtech Studios, LLC ("Lowtech") Motion for Entry of Default Against Defendant Kooapps LLC.

**Introduction**

Lowtech filed its Complaint in this matter on November 22, 2023, alleging that Kooapps infringed upon Plaintiff's "Slither" trademark. Dkt. 1. On November 29, 2023 Lowtech served the Summons and Complaint upon Kooapps' registered agent, Business Filings, Inc. (Business Filings). But Business Filings never transmitted a copy of the Summons or Complaint to Kooapps. Instead, Kooapps learned of this lawsuit on the morning of January 16, 2024 when its former outside counsel discovered the lawsuit through its docket tracking services.

Kooapps immediately retained counsel to represent it. It discovered that on January 5, 2023, Lowtech moved the Court for a Default and Default Judgment and refiled its Motion on January 12, 2024 to correct a procedural defect. Lowtech made these motions without reaching out to Kooapps or its counsel, both of which it knew how to contact.

In light of the circumstances, namely that Kooapps did not receive notice of this lawsuit until January 16, and has immediately retained counsel to oppose the Motion and file a response to the Complaint, Kooapps respectfully requests that the Court deny Lowtech's Motion.

**Facts**

Kooapps' principal place of business is in Seattle, Washington and is organized under the laws of Delaware. Chang. Decl.,[1] ¶ 2. Kooapps' registered agent for service of process is Business Filings Incorporated ("Business Filings"), located in Olympia, Washington, at 711 Capitol Way South #204, Olympia, WA 98501. *Id.*, ¶¶ 3, 5. On November 22, 2023, Plaintiff filed the

[1] "Chang Decl." refers to the Declaration of Jonathan Chang, filed herewith.

Complaint in this above-captioned action against Kooapps seeking damages for trademark infringement, unfair competition, false advertising, and fraudulent registration of a trademark. *Id.*, ¶ 4; Dkt. 1. Shortly after the filing of the Complaint, on November 29, 2023, Plaintiff served the Complaint and Summons on Business Filings in Olympia, Washington. Chang Decl., ¶ 5.

Business Filings accepted the Complaint and Summons on behalf of Kooapps, but failed to inform Kooapps of the complaint. *Id.*, ¶¶ 7-9. Kooapps learned about the lawsuit on the morning of January 16, 2023, when its former outside counsel discovered it on their docket tracking service. *Id.*, ¶ 6. Following an investigation, Kooapps found no evidence that anyone at the Company had ever received notice of the lawsuit from Business Filings. *Id.*, ¶¶ 7-8. It also found no evidence that prior to the January 15, 2024 notice from outside counsel, Kooapps had any knowledge of this lawsuit. *Id.*, ¶ 9.

As part of this investigation, during a phone call on January 16, 2024, Corey Lehman, a Customer Service Representative of Business Filings confirmed that it had never notified Kooapps of the lawsuit. *Id.* Lehman also confirmed that Business Filings system showed that the first time Kooapps had received notice of the lawsuit was January 16, 2024. *Id.*

Once it learned of the lawsuit on the morning of January 16, 2024, Kooapps immediately engaged counsel. *Id.*, ¶ 7; Baskin Decl.,[2] ¶ 2. After it retained counsel, Kooapps discovered that Lowtech had filed two motions for default judgment, and that one of them was pending. Dkt. 8. Despite knowing how to contact Kooapps and knowing that it was represented by counsel in trademark matters, Lowtech never contacted Kooapps or its counsel before seeking a default judgment.

---

[2] "Baskin Decl." refers to the Declaration of Joshua A. Baskin, filed herewith.

On January 18, 2024, Kooapp's counsel emailed Lowtech's attorneys, requesting that, under the circumstances, Lowtech withdraw its Motion for Clerk's Entry of Default and stipulate to a date to respond to the Complaint. Baskin Decl., ¶ 3; *see also* Ex. A. On the afternoon of January 19, 2024, Lowtech's attorney called Kooapps' attorney back, inquiring further about the circumstances behind the default. Baskin Decl. ¶ 6. After Kooapps' attorney explained them, Lowtech's attorney said he could not agree at this time to withdraw the Motion. *Id.* Because Kooapps wishes to get this case back on track, Kooapps now files this opposition to Plaintiff's Motion for Clerk's Entry of Default.

## Argument

A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotations and citations omitted). Further, "any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *Am. Heritage Life Ins. Co. v. Mitchell*, 6:15-cv-95, 2016 U.S. Dist. LEXIS 92165, at *6 (E.D. Tex. May 24, 2016) (citations omitted). This is so because the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Sindhi v. Raina,* 905 F.3d 327, 331 (5th Cir. 2018) (internal quotations and citations omitted).

When making a determination as to whether or not to enter a default judgment, the Fifth Circuit consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default

judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The circumstances here do not warrant a default judgment. The simple truth is that Kooapps did not respond to the Complaint through no fault of its own. Due to a breakdown in communication from its registered agent, Kooapps did not become aware of this lawsuit until January 16, 2024. Once it became aware of the lawsuit, it immediately retained counsel to swiftly oppose this Motion and draft a response to the Complaint. *See O'Brien v. Christian Faith Publ'n*, No. 3:18-cv-00024, 2019 WL 13203965, at *2 (M.D. Tenn. Apr. 24, 2019) (reversing default judgment against defendant where "the record does not contradict Defendant's claim that it never received actual notice of any of the filings or suggest that Defendant knew about the instant proceeding and deliberately ignored the case"). Kooapps has never deliberately ignored this case. Indeed, once Kooapps became aware of this lawsuit, its counsel repeatedly attempted to contact Lowtech's counsel to explain the circumstances and ask that it withdraw the Motion. Baskin Decl., ¶¶ 3-5; *see also* Ex. A. Lowtech has not agreed. *Id.*, ¶ 6.

The *Lindsey* factors favor no entry of default judgment here. As discussed above, Kooapps did not miss the deadline to respond to the Complaint by any fault of its own, and it has since moved quickly to rectify the issue. Moreover, as this case is at an early stage, Lowtech will not suffer any prejudice if no default is entered. *See Christiana Tr. v. Jacob*, No. MO:15-CV-00033-DAE-DC, 2015 U.S. Dist. LEXIS 141691, at *13 (W.D. Tex. July 21, 2015) ("When defendants move to set aside default early on in litigation, plaintiffs likely will not suffer prejudice if the default is set aside."). In contrast, Kooapps will suffer extreme prejudice by entry of default, because it will have no opportunity to defend itself, and assert its meritorious defenses to the lawsuit, including that Kooapps has not infringed Lowtech's trademarks and that certain of

Lowtech's trademarks in question are invalid because they are descriptive. To that end, Kooapps will seek leave to file an answer concurrently with this filing. A default judgment against Kooapps that prevented it from raising these defenses would be extremely harsh.

## **Conclusion**

For the foregoing reasons, Kooapps respectfully requests that the Court deny Lowtech's Motion.

Dated: January 22, 2024

DESHAZO & NESBITT LLP

By: /s/ *Thomas A. Nesbitt*
Thomas A. Nesbitt, State Bar. No. 24007738
tnesbitt@dnaustin.com
DeShazo & Nesbitt, L.L.P.
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562
Fax: (512) 617-5563

WILSON SONSINI GOODRICH & ROSATI, P.C.

Joshua A. Baskin,
California State Bar No. 294971
(Pro Hac Vice Motion to Be Filed)
jbaskin@wsgr.com

Chloe Delehanty
California State Bar No. 333412
(Pro Hac Vice Motion to Be Filed)
cdelehanty@wsgr.com

Ana Alicia Sontag
California State Bar No. 340602
(Pro Hac Vice Motion to Be Filed)
asontag@wsgr.com

Wilson Sonsini Goodrich & Rosati
Market Plaza, Spear Tower,
Suite 3300

San Francisco, CA 94105-1126

*Attorneys for Defendant*
Kooapps LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2024, a true copy of the above has been served electronically by transmission to an electronic filing service provider for service through the court's electronic filing manager, which will give notice to:

David E. Dunham
Matthew T. Kennedy
Dunham LLP
919 Congress Avenue, Suite 910
Austin, Texas 78701

/s/ *Thomas A. Nesbitt*
Thomas A. Nesbitt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KOOAPPS LLC,<br><br>Defendant. | CASE NO.: 1:23-cv-1437-DII |

**DECLARATION OF JONATHAN CHANG IN SUPPORT OF DEFENDANT KOOAPPS LLC'S OPPOSITION TO MOTION FOR CLERK'S ENTRY OF DEFAULT**

I, Jonathan Chang, declare:

1. I am a founder and the Chief Operating Officer for Defendant Kooapps LLC ("Kooapps") in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify thereto. I submit this declaration in support of Kooapps' Opposition to Plaintiff Lowtech Studios, LLC's ("Lowtech") Motion for Clerk's Entry of Default ("Opposition") in the above-captioned action.

2. Kooapps' principal place of business is in Bellevue, Washington and Kooapps is organized under the laws of Delaware.

3. Kooapps' registered agent for service of process is Business Filings Incorporated ("Business Filings"), located in Olympia, Washington.

4. I understand that on November 22, 2023, Lowtech filed the Complaint in this action against Kooapps.

5. I understand that, on November 29, 2023, Lowtech served the Complaint and Summons on Business Filings in Olympia, Washington at 711 Capitol Way South #204, Olympia, WA 98501.

6. I remained ignorant of the existence of this lawsuit until the morning of January 16, 2024, when I checked my email for the first time since logging off the afternoon before. The prior evening, Kooapps' former outside counsel informed me of the existence of this lawsuit because they picked it up via their docket tracking service.

7. Once I found out about the existence of this lawsuit, on the morning of January 16, 2024, I immediately engaged counsel to represent Kooapps in this lawsuit. I also began an investigation as to why Kooapps had not received notice of the lawsuit from Business Filings. As part of this investigation, I looked at emails and notifications received by Kooapps from Business Filings and confirmed that none of them included notice of this lawsuit. I also confirmed that Kooapps did not receive notice of this lawsuit via mail.

8. I have made best efforts to canvas throughout the company. To the best of my ability, I certify that prior to the January 15, 2024 notice from my outside counsel, Kooapps had no prior knowledge of this lawsuit. Business Filings did not inform Kooapps that a Complaint had been filed against it or that Kooapps had been served with the Summons and Complaint.

9. I also contacted Business Filings to confirm that it had never provided Kooapps with notice of this lawsuit. During a phone call on January 16, 2024, Corey Lehman, a Customer Service Representative of Business Filings, confirmed to me that Business Filings' system showed that the first time Kooapps had received notice of the lawsuit was January 16, 2024.

10. Once I discovered the existence of the lawsuit and learned that Lowtech had filed a Motion for Clerk's Entry of Default, I instructed my counsel to immediately and swiftly prepare

a response to the motion explaining the circumstances, to be filed as soon as possible. I also instructed my counsel to prepare a response to the Complaint, to file alongside the Opposition.

11. As alleged in the Complaint, at various times over the last several years, Kooapps has reached out to Lowtech to discuss acquiring certain of Lowtech's games. Because of this, Lowtech is aware of how to contact Kooapps. I have never received any communication from Lowtech about this lawsuit. Nor did I receive any communication from Lowtech before it filed its Motion for Entry of Default against Kooapps.

## DECLARATION UNDER PENALTY OF PERJURY

I, Jonathan Chang, a citizen of the United States and a resident of the state of California, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Declaration is true and correct.

Executed this 19th day of January, 2024, in Alamo, California.

Jonathan Chang

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KOOAPPS LLC,<br><br>Defendant. | CASE NO.: 1:23-cv-1437-DII |

**DECLARATION OF JOSHUA A. BASKIN IN SUPPORT OF DEFENDANT KOOAPPS LLC'S OPPOSITION TO MOTION FOR CLERK'S ENTRY OF DEFAULT**

I, Joshua A. Baskin, an attorney duly admitted to practice before the courts of the State of CALIFORNIA, do hereby declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an associate at the law firm of Wilson Sonsini Goodrich & Rosati, P.C. and counsel for Kooapps LLP ("Kooapps") in the above-captioned matter. Wilson Sonsini Goodrich & Rosati, P.C. has been retained in this matter, and I am familiar with the facts as stated herein. I make this affirmation in support of Kooapps' Opposition to Clerk's Entry of Default, filed concurrently herewith.

2. On January 16, 2024, Kooapps retained Wilson Sonsini Goodrich &Rosati P.C. in the above-captioned action.

3. On the morning of January 18, 2024, I called counsel for Plaintiff Lowtech Studios, LLC, David Dunham, to request that Plaintiff agree to withdraw its Motion for Clerk's Entry of

Default. As I was unable to reach Mr. Dunham, I left a message with his office. I was told I would receive a call back.

4. Attached as Exhibit A is a true and correct copy of an email I sent to Mr. Dunham and Matthew T. Kennedy, of Dunham LLP, on January 18, 2024, at 12:57 P.M. Pacific Time, following up on my telephone call to Mr. Dunham.

5. The morning of January 19, 2024, I again attempted to reach Mr. Dunham by phone. I reached his office, but he was unavailable. I then sent a follow-up email message, a true and correct copy of which is attached as Exhibit A.

6. On the afternoon of January 19, 2024, Mr. Dunham called me, inquiring further about the circumstances behind the default. After I explained them, Lowtech's attorney said he could not agree at that time to withdraw the Motion. On January 22, 2024, he confirmed this over email. Exhibit A.

7. Wilson Sonsini Goodrich & Rosati, P.C. serves as the Attorney of Record at the United States Patent and Trademark Office for a Kooapps' trademark registration cited in the Complaint. The registration publicly lists the contact information of Kooapps' counsel. Because of this, on information and belief, Lowtech is aware of the relationship between Kooapps and Wilson Sonsini. To the best of my knowledge, neither Lowtech or its counsel has ever communicated with Wilson Sonsini about this lawsuit. Nor did it reach out to Wilson Sonsini before it filed it Motion for Entry of Default Against Defendant Kooapps LLC.

Executed on January 22, 2024 in Palo Alto, California.

Joshua A. Baskin

# EXHIBIT A

**From:** Baskin, Josh
**Sent:** Monday, January 22, 2024 3:39 PM
**To:** David Dunham; Matt Kennedy
**Cc:** Delehanty, Chloe; Sontag, Alicia; Tom Nesbitt; Isabelle Antongiorgi
**Subject:** Re: Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

Hi David,

Thanks for your email. Do you have authority that suggests that the answers to any of these questions make a difference? We do not believe they would because ultimately our client never received notice of the lawsuit until January 16.

Since you asked last week and said it would be helpful to know (and that it might change whether Lowtech will continue with its motion for default), Kooapps intends to file an answer to the complaint. Please let me know if Lowtech will withdraw the motion for default. Otherwise, we will get our opposition (and answer) on file shortly.

Regards,

Josh Baskin
Direct: (415) 947-2160
E-mail: jbaskin@wsgr.com

---

**From:** David Dunham <david@dunhamllp.com>
**Date:** Monday, January 22, 2024 at 3:33 PM
**To:** Baskin, Josh <jbaskin@wsgr.com>, Matt Kennedy <mkennedy@dunhamllp.com>
**Cc:** Delehanty, Chloe <cdelehanty@wsgr.com>, Sontag, Alicia <asontag@wsgr.com>, Tom Nesbitt <tnesbitt@dnaustin.com>, Isabelle Antongiorgi <isabelle@dunhamllp.com>
**Subject:** Re: Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

EXT - david@dunhamllp.com

---

Josh,

As mentioned, there are unanswered questions, which is why giving us a copy of the motion before you file it would be helpful. Did the registered agent email it or seek to email it? Bad emails with incorrect addresses bounce back. Did it bounce back? What email address and other contact information was set up with the registered agent and what email/contact information was used once we served the citation and summons?

Thanks.

David

David E. Dunham

**Dunham LLP**
919 Congress Ave., Ste. 910
Austin, Texas 78701
**T** 512.615.1255 **| F** 512.615.1256
david@dunhamllp.com **|** www.dunhamllp.com
Board Certified Civil Trial Law

DUNHAM L
A T T O R N E

CONFIDENTIALITY NOTICE

The information contained in this message is privileged, confidential and protected from disclosure pursuant to the attorney-client privilege and work product exemption. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

---

**From:** Baskin, Josh <jbaskin@wsgr.com>
**Sent:** Monday, January 22, 2024 5:05 PM
**To:** David Dunham <david@dunhamllp.com>; Matt Kennedy <mkennedy@dunhamllp.com>
**Cc:** Delehanty, Chloe <cdelehanty@wsgr.com>; Sontag, Alicia <asontag@wsgr.com>; Tom Nesbitt <tnesbitt@dnaustin.com>
**Subject:** Re: Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

**WARNING EXTERNAL EMAIL: This email is from an external source. Do not click links or open attachments without positive sender verification. Never enter Username, Password, or sensitive information on linked pages from this email. If you are unsure about the message, please contact IT-Ariat Systems at support@ariat.rmmservice.com for assistance.**

---

Hi David,

I am not sure I agree with the use of the word “maintains” below. The long and short of it, as I explained on the phone, is that the agent says they sought to email and call our client, but our client never received any notice of the lawsuit until January 16. Our client has conducted an extensive investigation in that regard. We do not understand what other questions there could be about this. Moreover, as we discussed on the call last week, there is no prejudice to your client if the default is lifted.

We will get our papers on file and you can respond as appropriate.

Regards,

Josh Baskin
Direct: (415) 947-2160

E-mail: jbaskin@wsgr.com

---

**From:** David Dunham <david@dunhamllp.com>
**Date:** Monday, January 22, 2024 at 2:57 PM
**To:** Baskin, Josh <jbaskin@wsgr.com>, Matt Kennedy <mkennedy@dunhamllp.com>
**Cc:** Delehanty, Chloe <cdelehanty@wsgr.com>, Sontag, Alicia <asontag@wsgr.com>, Tom Nesbitt <tnesbitt@dnaustin.com>
**Subject:** Re: Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

EXT - david@dunhamllp.com

---

Josh,

I am writing as a follow-up to our telephone conversation on Friday. I understand from our telephone conversation that the registered agent maintains they forwarded by email to the correct email address the complaint and the summons, and also called/left a voicemail regarding our filing. Please confirm that the foregoing is correct and feel free to correct anything that is not. I also took from our conversation that there's been some investigation regarding whether Kooapps received either the email or the call/voicemail regarding the filing, and there's no evidence that they did.

At this point, we really need to see the proposed filing to see how all of this actually is or is not supported by evidence. We would be happy to look at the motion before it is filed as part of conferencing, but at this point there are too many questions about what actually happened.

Thanks,

David

David E. Dunham
**Dunham LLP**
919 Congress Ave., Ste. 910
Austin, Texas 78701
**T** 512.615.1255 **| F** 512.615.1256
david@dunhamllp.com | www.dunhamllp.com
Board Certified Civil Trial Law

DUNHAM LLP

CONFIDENTIALITY NOTICE

The information contained in this message is privileged, confidential and protected from disclosure pursuant to the attorney-client privilege and work product exemption. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Baskin, Josh <jbaskin@wsgr.com>
**Sent:** Friday, January 19, 2024 12:22:50 PM
**To:** David Dunham <david@dunhamllp.com>; Matt Kennedy <mkennedy@dunhamllp.com>
**Cc:** Delehanty, Chloe <cdelehanty@wsgr.com>; Sontag, Alicia <asontag@wsgr.com>; Tom Nesbitt <tnesbitt@dnaustin.com>
**Subject:** Re: Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

**WARNING EXTERNAL EMAIL: This email is from an external source. Do not click links or open attachments without positive sender verification. Never enter Username, Password, or sensitive information on linked pages from this email. If you are unsure about the message, please contact IT-Ariat Systems at support@ariat.rmmservice.com for assistance.**

Dear Mr. Dunham,

I write to follow up on my email below. In addition to the questions posed below, and again given the circumstances, please let me know if Lowtech consents to Kooapps' motion for leave to file a late response to the Complaint.

I tried to reach your office again this morning but was told you were unavailable. Again, I am available to discuss by phone.

Regards,

Josh Baskin
Direct: (415) 947-2160
E-mail: jbaskin@wsgr.com

**From:** Baskin, Josh <jbaskin@wsgr.com>
**Date:** Thursday, January 18, 2024 at 12:57 PM
**To:** david@dunhamllp.com <david@dunhamllp.com>, mkennedy@dunhamllp.com <mkennedy@dunhamllp.com>
**Cc:** Delehanty, Chloe <cdelehanty@wsgr.com>, Sontag, Alicia <asontag@wsgr.com>
**Subject:** Lowtech Studios, LLC v. Kooapps LLC, 1:23-cv-01437 (W.D. Tex.)

Dear Mr. Dunham,

I write to follow up on my call to your office this morning. We represent Kooapps, LLC in *Lowtech Studios, LLC v. Kooapps LLC*, 1:23-cv-01437 (W.D. Tex.). We see on the docket that Lowtech has filed a Motion for Clerk's Entry of Default.

We were retained by Kooapps after the Company learned about the lawsuit this week through a notification from Kooapps' former outside counsel, who picked it up via their docket tracking service. Prior to that notification, Kooapps was unaware of the lawsuit. The Company has since conducted an investigation and determined that its registered agent for process, Business Filings, never provided the Company with notice of the lawsuit. Kooapps is prepared to attest to these facts in a sworn declaration.

In light of these circumstances, we request that Lowtech agree to withdraw its Motion for Clerk's Entry of Default, and stipulate to a date in the next week on which Kooapps will file its response to the Complaint.

Please let us know as soon as possible because we are in the process of preparing an opposition to Lowtech's Motion for Clerk's Entry of Default and a response to the Complaint, which we expect to get on file tomorrow.

I am available to discuss at your convenience.

Regards,

Josh Baskin
Wilson Sonsini Goodrich & Rosati, P.C.
One Market Plaza | Spear Tower Suite 3300
San Francisco, CA 94105
Direct: (415) 947-2160
E-mail: jbaskin@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.