# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:23-cv-1437-DII |
| | § | |
| KOOAPPS LLC, JONATHAN CHANG, | § | |
| AND CHUN-KAI WANG, | § | |
| | § | |
| Defendants. | § | |

**STIPULATED EDISCOVERY PLAN AND PROTOCOLS**

For good cause shown and pursuant to the agreement of Plaintiff Lowtech Studios, LLC

and Defendants Kooapps LLC, Jonathan Chang, and Chun-Kai Wang (collectively, the "Parties"),

and pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby adopts this Stipulated

eDiscovery Plan and Protocols ("Protocol") jointly submitted by the Parties, and ORDERS as

follows:

**I.    GENERAL PROVISIONS**

Nothing in this Protocol affects the Parties' discovery obligations under the Federal Rules

of Civil Procedure, the Local Rules for the Western District of Texas, or any Orders (collectively,

the "Rules") except as stated herein.

a. This Protocol supplements the Rules and is intended to streamline and facilitate
the efficient exchange of Electronically Stored Information ("ESI") in the above-
captioned action.

b. The agreements set forth in this Protocol are without prejudice to a Party's right
to request additional information about, or production of, additional ESI or to
object to such requests for information or production on grounds related to the
particular requests.

c. The Parties will make reasonable efforts to prepare responsive and non-privileged
data for production in accordance with the agreed-upon specifications set forth

below. These specifications apply to ESI which are to be produced in this litigation.

    d.   As used herein, the following terms shall be defined as noted below:

        1.   "Documents" shall be defined as it is in the Rules. Specifically, the term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term. Rule of Civil Procedure 26(b).

        2.   "Electronically Stored Information (ESI)" shall be defined as it is described in Federal Rule of Civil Procedure 34(a).

        3.   "Metadata" means information about information or data about data, and includes, without limitation, (a) information embedded in or associated with a file that is not ordinarily viewable or printable from the application that created or modified the file which describes the characteristics, origins, usage, and/or validity of the electronic file; and/or (b) information automatically generated by the operation of a computer or other information system when a file is created, modified, transmitted, deleted, or otherwise manipulated by a user.

        4.   "Native Format" or "Native File" means and refers to the format of ESI in which the Responding Party generated and/or used the ESI in its usual course of business.

        5.   "Request" means a request for production or other discovery request.

        6.   "Responding Party" means the Party responding to a Request.

        7.   "Requesting Party" means the Party that made and served the Request.

    e.   The Parties shall make reasonable efforts to comply with, and resolve any differences concerning compliance with this Protocol. If a Responding Party cannot comply with any aspect of this Protocol, such Party shall inform the Requesting Party as to why compliance with the Protocol is unreasonable or not possible.

    f.   The Parties shall supplement their productions as required under the Rules.

    g.   The Parties incorporate the provisions of any discovery confidentiality order and/or protective order concerning production of confidential or otherwise sensitive information that may be entered by the Court in these proceedings. For the avoidance of doubt, nothing in this Protocol will supersede or alter any discovery confidentiality and/or protective order concerning protection of

confidential or otherwise sensitive information that may be entered by the Court in these proceedings.

h. Both Parties will make reasonable efforts to ensure that any productions made are free from viruses and provided on encrypted media. Any passwords or encryption keys required to access the native files will be produced along with the native form of the document. Both Parties will also make reasonable efforts to ensure that produced data is stored in a secure environment.

## II.    IDENTIFICATION OF RESPONSIVE MATERIALS

a. ***Identification of Individual Custodians.*** The Responding Party shall disclose to the Requesting Party the custodians, including current employees and former employees, who the Responding Party believes in good faith likely possess ESI and other Documents potentially responsive to the Requesting Party's Requests. The Parties will agree to the custodians. For each custodian, the Responding Party shall identify all ESI and Document sources, including email accounts, computers, cellular phones, social media accounts, any other data sources, and paper Documents which the Responding Party believes in good faith may contain ESI and Documents responsive to the Requesting Party's Requests. The Responding Party will collect ESI and other Documents from each custodian under that Party's possession, custody or control, and will produce responsive non-privileged Documents and ESI consistent with the Rules.

The designation of the individual custodians and their ESI and Document sources is without prejudice to the right of a Requesting Party to identify custodians or email accounts or data sources of a Responding Party to determine if such identified custodian(s) possess information or knowledge relevant to the subject matter of this litigation. The Parties will work in good faith to avoid duplication or redundancy in designating or identifying custodians.

b. ***Identification of Other Data Sources***. The Parties acknowledge that responsive, non-privileged information may reside in repositories that are not associated with any individual custodian. The Responding Party shall disclose to the Requesting Party any noncustodial data sources which the Responding Party believes in good faith may contain ESI and Documents responsive to the Requesting Party's Requests. The Responding Party will identify and collect all ESI and other Documents that reside in such noncustodial data sources under that Party's possession, custody or control, and will produce responsive non-privileged ESI and other Documents consistent with the Rules. The Parties will meet and confer to address the production format of any responsive ESI contained in a database or other structured or aggregated data source or otherwise maintained by an application. Prior to any such meet and confer, the Producing Party will provide sufficient information to enable the Receiving Party to evaluate the best method and format of production.

c. ***Keyword Searching.*** The Parties agree that, in identifying responsive ESI from individual custodians, the Responding Party may limit its search of collected Documents using agreed keywords. Any Responding Party using such a keyword limitation shall disclose its keyword list to the Requesting Party and provide the Requesting Party with the opportunity to request supplementation of the Responding Party's keyword list. The Parties shall not be precluded from requesting specific sets of documents outside of the search terms. The Parties agree to negotiate in good faith to resolve any disputes concerning keywords, including the exchange of any information necessary to identify relevant keywords and the testing and appropriate supplementation of keywords designated and the ESI search of specific categories of documents prepared after the cutoff date that may be relevant to the Parties' claims and defenses, such as ESI relevant to commercial success (if alleged). Any agreement as to keyword searching does not relieve any Party of its obligation under the Rules to collect and produce responsive, non- privileged documents and ESI that the Party knows or has reason to believe exist. Nor does it relieve any party of its obligation to collect specific sets of documents identified by the other party that may not hit on the agreed search terms, for example, financial documents.

d. ***Not a limitation on Discovery Obligations***. Notwithstanding the foregoing, the identification of custodians and any agreed-upon search terms will not alter or limit any Party's obligations under the Rules to produce responsive, non-privileged Documents and ESI that the Party knows or has reason to believe exist, including, but not limited to, any documents the Responding Party intends to use to support its claims or defenses per Federal Rules of Civil Procedure 26(a)(l )(A)(ii).

e. ***Use of Technology Assisted Review ("TAR")***. If a Producing Party elects to use **TAR** to cull documents from the set of documents identified by search terms or other methods ("Review Set"), the Producing Party shall disclose the **TAR** software that will be used, as well as whether a **TAR** 1.0 or **TAR** 2.0 (CAL) workflow will be implemented. If, after reviewing a Producing Party's **TAR** production, a Requesting Party reasonably requests additional information regarding the validation method(s) used by the Producing Party, the Producing Party will disclose the level of end-to-end recall (the percentage of responsive Documents in the collection which were identified as responsive by that Producing Party's methodology). If a Producing Party uses **TAR** to cull documents, the Producing Party remains obligated to maintain any culled documents in the Review Set in such a manner to allow prompt further review and production if compelled by the Court to do so. If there remain disputes between the Parties regarding validation, the Parties shall meet and confer to resolve such disputes in good faith, including a reasonable discussion regarding the tool used and the parameters used to obtain or calculate the level of recall.

## III. PRESERVATION

a. The Parties have discussed their preservation obligations and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

## IV.   DATA PROCESSING

### a.   *Deduplication*:

1. A Party is only required to produce a single copy of a responsive document. Parties are permitted to deduplicate stand-alone documents or entire document families vertically within each custodian or horizontally (also referred to as globally) across custodians. The parties may also de-duplicate emails to eliminate earlier or incomplete chains of emails and produce only the most complete iteration of an email chain ("email thread suppression"). If a party elects to utilize email thread suppression, it shall use commercially acceptable e-discovery software.

2. When comparing document families, if a parent document is an exact duplicate or near-duplicate but one or more attachments or embedded files are not exact duplicates or near-duplicates, neither the attachments or embedded files, nor the parent document, will be deduplicated.

3. Attachments to emails will not be eliminated from their parent emails. Where a stand-alone document is an exact duplicate or near-duplicate of an email attachment, the email attachment must be produced and the stand-alone document may be deduplicated.

4. The Parties agree that an email that includes content in the BCC or other blind copy field will not be treated as a duplicate of an email that does not include content in the BCC or other blind copy field, even if all remaining content in the email is identical.

### b.   *Document Families*:
The terms "parent," "child," or "family" have the meaning conventionally applied in the context of e-discovery. If one document in a document family is responsive and one or more other documents in the same document family are not responsive, only the documents that are responsive will be produced. The document in the family that is not produced will be replaced with a TIFF slipsheet including the language "Not Responsive Family Member".

### c.   *Responsiveness:*
The fact that an electronic file is returned by application of the search queries and the protocols used herein does not mean that such document is responsive to any propounded discovery request or is otherwise discoverable in this litigation.

## V.    PRODUCTION PROTOCOLS

Production should be exchanged in metadata load files for popular document management software (e.g., Everlaw, Relativity, Concordance). Production guidelines and the metadata fields are specifically set forth below.

a. ***General Provisions / Delivery***. Documents will be produced using a standard file transfer protocol ("FTP"), secure file share, email, or similarly secure method (e.g., encrypted thumb drive).  Each production will be identified by a Production volume.  Volumes should be numbered consecutively.

b.  ***Bates Numbering***. All images must be assigned a unique Bates Number that is sequential within a given document and across the production sets.

c. ***Bates Labels***. All produced files will be labeled with a production number on each corresponding page and/or as an electronically stamped filename (e.g., BATES000001.pdf). If Documents or information are produced in Native Format, the production number shall be included in the file name.

d. ***Native Files***.   Excel spreadsheets, similar spreadsheet files, or data sets produced in Native Format should retain all formulae, macros, and VBA code. When producing a document in Native Format, the Responding Party should (1) Bates label the Native File; (2) include an image placeholder reflecting the corresponding Bates label for the corresponding Native File; (3) include extracted text files; and (4) include the metadata fields set forth in Exhibit A.

e. ***Spreadsheets***.  Spreadsheets, such as MS Excel, will be produced in native form unless redacted. If a spreadsheet has been redacted, redactions may be applied onto the native excel and produced in native form or as TIFF images and OCR text of the redacted document may be produced in lieu of a native file.  A TIFF placeholder indicating that the document was provided in native format must accompany the database record if not produced as TIFF images.  The Parties will make reasonable efforts to ensure that any spreadsheets that are produced only as TIFF images are formatted so as to be readable.  The Parties shall have the right to receive documents in Native format upon request, including documents previously produced in non-native format, if they provide a reasonable need for the requested native format.

f. ***Scanned Documents***. To the extent that Documents responsive to Requests that were not originally in electronic format are produced in electronic format, the Responding Party should make a good faith effort to produce Documents as tiff images with extracted text.

g. ***Unitizing of Documents***. In scanning paper Documents, distinct Documents shall NOT be merged into a single record, and single Documents shall NOT be split into multiple records (i.e., paper Documents should be logically unitized). In the case of an organized compilation of separate Documents, each separate

Document should be scanned separately (e.g., for a binder containing several separate Documents behind numbered tabs, the Document behind each tab should be scanned separately), but the relationship among the Documents in the compilation (e.g., the binder) should be reflected in proper coding of the beginning and ending Document and attachment fields. The Parties will make their best efforts to unitize Documents correctly.

h. ***Production of Documents in TIFF Format***.  Except as otherwise provided herein, documents will be provided as single page, Group IV 1 bit black and white TIFF images, with the associated metadata as listed in Appendix A (where available) and extracted or OCR text.  Each image will be endorsed according to the Bates Number and the agreed upon confidentiality designation that applies pursuant to the Agreed Confidentiality and Protective Order entered in this litigation.  Original document orientation should be maintained *(i.e.,* portrait to portrait and landscape to landscape).  Parties may make reasonable requests for color copies of particular documents on a document-by-document basis where color is relevant.

i. ***Database Load Files/Cross-Reference Files***.  An image load file, in standard Concordance with Option and DAT format, showing the Bates number of each page and the appropriate unitization of the documents, will accompany all document images.  Every TIFF file in each production must be referenced in the image load file.  The total number of images files referenced in the image load file should match the total number of images in the production delivery. The Parties shall consistently use the same load file format for all of their productions, unless expressly agreed otherwise by the parties.

j. ***Text Files***.  A single multi-page text file will be provided for each document, and the filename should match its respective TIFF filename.  When possible, the text of native files should be extracted directly from the native file.  Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents and all other documents for which extracted text does not exist (e.g., scanned documents).

k. ***OCR Text Files***. Extracted text or optical character recognition ("OCR") data will be provided as multi page text files (.txt) and each text file will be named using its corresponding image file (e.g., BATES000001.TXT). Text files will not contain the redacted portions of the document.

l. ***Place-holder Image Files***.  If the production contains a mixture of image and Native Files, it is essential that there is an image for every record. For files provided in their Native Format, a Bates numbered image placeholder that corresponds with the Bates number file name of the Native File must be present for each native.

m. ***Security***.  Any passwords or encryption keys required to access the native files will be produced along with the native form of the document.  The Parties will also make reasonable efforts to ensure that produced data is stored in a secure environment.

n. ***Color Copies***. Hard copy Documents may be produced initially in black and white unless production in color is necessary for a Document to be understood, in which case such Document shall be produced in color. The Responding Party will honor reasonable requests made in good faith for copying or production of a color image or hard copy of a Document.

o. ***Non-Party Subpoenas***. A Party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Protocol with the subpoena and request that the non-party produce Documents in accordance with the specifications set forth herein. The Issuing Party shall produce any Documents obtained pursuant to a subpoena to all other parties.

p. ***Metadata.***

   i.  The following terms shall apply to metadata:

   1. The Parties are not obligated to populate manually any metadata fields, except for the ALL CUSTODIAN field, if such fields cannot automatically be extracted from a Document.

   2. If any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld.  If metadata is redacted or withheld, the Responding Party will inform the Requesting Party and must record the redaction on any privilege log.  Redacted metadata will be preserved.

   3. All productions should include the following metadata fields set forth in Exhibit A.

## VI.    MISCELLANEOUS

a. ***Objections Preserved***.  Nothing in this Protocol will be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  All objections as to the production, discoverability, admissibility, or confidentiality of ESI are preserved and reserved by all Parties.

b. ***Inadvertent Disclosure.*** Pursuant to Federal Rule of Evidence 502(d), the production of a document otherwise subject to protection under the attorney-client privilege, work product doctrine, or any other privilege recognized by applicable law shall not in itself be deemed to be a waiver of that privilege in this

matter or in any other proceeding. Any party or non-party who discovers that a protected document was produced shall notify the other parties within 14 business days of discovery of its production. The parties to whom the document was produced shall return all copies, whether in hard copy or electronic form, of that document to the producing party or non-party. If requested by the receiving party, the producing party shall provide a replacement copy of the production media with the privileged document and all related data removed.

c. ***Costs***.  Generally, and except as otherwise provided herein, the costs of discovery will be borne by the producing party unless otherwise ordered by the Court.

d. ***Timing***.  Production of ESI will be in accordance with the applicable court rules, the Parties' agreement regarding the number and type of discovery requests, and any other agreement made by the Parties with respect to the timing of production.

e. ***Dispute Procedures***.  The Parties will make their best efforts to comply with and resolve any differences concerning compliance with this Protocol.  If a producing party cannot comply with any aspect of this Protocol, such party will inform the requesting party in writing at or before the time of production as to why compliance with the Protocol was unreasonable or not possible.  No Party may seek relief from the Court concerning compliance with the Protocol until it has conferred with the other Parties to the consolidated action.  If the Parties cannot resolve any dispute regarding any discovery right or obligation hereunder without Court intervention, the Party seeking discovery may move to compel the disclosure sought in accordance with the Federal Rules of Civil Procedure and the Local Rules.

f. ***Good Faith Efforts***. The terms set forth herein are without prejudice to the right of a requesting party to request additional information about specific ESI if that party can demonstrate is material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts.  The Parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost.

g. ***Modifications***.  This Protocol may be modified by the Parties or by the Court for good cause shown.

**SO ORDERED**, this _____ day of _____, 2024.


_____
UNITED STATES DISTRICT JUDGE

**[AGREEMENT OF PARTIES ON FOLLOWING PAGE]**

**AGREED:**

By: /s/ *Russell E. Blythe*
Lee Yeakel
lyeakel@kslaw.com
Richard J. Groos
rgroos@kslaw.com
Matthew E. Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe (*pro hac vice*)
rblythe@kslaw.com
Charles Spalding (*pro hac vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Britton F. Davis (*pro hac vice*)
bfdavis@kslaw.com
Roy Falik (*pro hac vice*)
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St., Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

Christopher C. Campbell
ccampbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

**ATTORNEYS FOR PLAINTIFF**
**LOWTECH STUDIOS, LLC**

By: /s/ *Thomas A. Nesbitt*
Thomas A. Nesbitt
State Bar. No. 24007738
tnesbitt@dnaustin.com
**DESHAZO & NESBITT, L.L.P.**
809 West Avenue
Austin, Texas 78701
Telephone: (512) 617-5562

Joshua A. Baskin
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty
California State Bar No. 333412
cdelehanty@wsgr.com
Ana Alicia Sontag
California State Bar No. 340602
asontag@wsgr.com
**WILSON SONSINI, GOODRICH & ROSATI, P.C.**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105-1126

**ATTORNEYS FOR DEFENDANTS**
**KOOAPPS LLC, JONATHAN CHANG, AND**
**CHUN-KAI WANG**

**Exhibit A**

| Field Name | Example / Format | Description |
|---|---|---|
| **BEGIN BATES** | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a Document. |
| **END BATES** | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a Document. |
| **DESIGNATION** | CONFIDENTIAL ATTORNEYS' EYES ONLY | Designation of the Document, if any, for Documents designated under any governing protective order; usually CONFIDENTIAL or ATTORNEYS' EYES ONLY |
| **AUTHOR** | jsmith | The author of a Document from metadata. |
| **FILE NAME** | Document Name.xls | The file name of a Document. |
| **ITEM DATE/TIME** | MM/DD/YYYY (00:00:00) | The date a Document was created or modified.[1] |
| **FROM** | Joe Smith <jsmith@email.com> | The display name and email of the author of an email. If only email is given, then just list the email address. |
| **TO** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the recipient(s) of an email. If only email is given, then just list the email address. |
| **CC** | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email. If only email is given, then just list the email address. |

---

[1] The Parties may produce metadata using the "Item Date/Time" field instead of the "Create Date/Time" and "Last Modified Date/Time" fields.  To the extent the "Item Date/Time" field is used, the Parties reserve the right to request additional information concerning the create date and/or last modified date for any non-email documents, including any email attachments.  To the extent that such metadata exists, the Responding Party will make a good faith effort to comply with reasonable requests for such information.  The Parties represent that they are not presently aware of any metadata associated with preserved Documents that has been destroyed or is not reasonably accessible.

| Field Name | Example / Format | Description |
|---|---|---|
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copy(ies) of an email. If only email is given, then just list the email address. |
| DATE SENT | MM/DD/YYYY (00:00:00) | The date and time the email was sent. |
| DATE RECEIVED | MM/DD/YYYY (00:00:00) | The date and time the email was received. |
| NATIVE PATH | D:\NATIVES\ABC000001.xls | The relative path to the native file for this document. |
| TEXT PATH | D:\TEXT\ABC000001.txt | The relative path to the text record within production, including filename and extension of the text file within the production. There should be a folder on the deliverable, containing a separate Unicode text file per document.  These text files should be named with their Bates numbers.  **Note**: emails should include header information: author, recipient, cc, bcc, date, subject, etc.  If the attachment or e-file does not extract any text, then OCR for the document should be provided. |
| MD5 DIGEST | | The MD5 HASH value |
| BEGIN FAMILY | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent Document. |
| END FAMILY | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| PARENT DATE/TIME | MM/DD/YYYY (00:00:00) | The parent date will appear for any attachments to an email. |
| PAGES | 3 (Numeric) | The number of pages for a Document. |

| Field Name | Example / Format | Description |
|---|---|---|
| **DOCUMENT TYPE** | MS Word, MS Excel, etc. | Type of document |
| **DOCUMENT DATE** | MM/DD/YYYY | Custom field for hard copy Documents |
| **TITLE** | | The extracted document title of a Document. |
| **ALL CUSTODIAN** | | The custodian / source of a Document. Note: If the Documents are de-duped on a global level, this field will contain the name of each custodian from which the Document originated. |
| **FILEXTENSION** | XLS | The file extension of a Document. |
| **NATIVE FILESIZE** | Numeric | The file size of a Document (including embedded attachments). |
| **FILE PATH** | Inbox\ClientX | reflects the origin/path of the produced content |