UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 1:23-cv -1437-DII | |
| § | | |
| KOOAPPS LLC, JONATHAN CHANG, § | | |
| AND CHUN-KAI WANG, § | | |
|     Defendants. | | |

**PLAINTIFF LOWTECH STUDIOS, LLC'S MOTION TO COMPEL**

Plaintiff Lowtech Studios, LLC ("Lowtech") brought this action against Kooapps LLC ("Kooapps"), Jonathan Chang, and Chun-Kai Wang (collectively "Defendants"). As set forth below, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court should grant Lowtech's instant motion and order Kooapps to produce the source code for what Kooapps claims is multiplayer functionality in its Snake.io mobile game.

**BACKGROUND**

Lowtech developed the popular online multiplayer game Slither.io, which has been downloaded to mobile devices more than 500 million times. Lowtech's First Amended Complaint asserts various claims arising from Kooapps's knockoff game Snake.io, including trademark infringement and false advertising. *See* Dkt. 46. One of Lowtech's key contentions is that Kooapps advertised Snake.io as if it were an online multiplayer game like Slither.io when it was not. Instead, Snake.io was a single-player game played against avatars (or "bots") controlled by the computer. Dkt. 46 at ¶¶ 36-37 (alleging that Snake.io did not have multiplayer function), ¶¶ 80-85 (alleging misrepresentations by Defendants related to Snake.io's multiplayer functionality), ¶ 116 (alleging inferiority in support of dilution claim based on multiplayer functionality).

Lowtech served requests for production to Kooapps on May 3, 2024, that encompassed the

1

source code for Snake.io. To further clarify the scope of the request, on December 17, 2024, Lowtech served additional requests for production specifically directed to the source code at issue. *See* Plaintiff Lowtech Studios, LLC's Second Set of Requests for Production to Defendant Kooapps LLC, attached hereto as Exhibit A. In particular, Request 63 states:

> For each version of Snake.io that You contend offered or offers online multiplayer competition, produce all source code related to the online multiplayer competition functionality.

Lowtech concurrently served its second set of requests for admission, asking Kooapps to admit that Snake.io did not offer real-time multiplayer competition against human competitors within the application. *See* Plaintiff Lowtech Studios, LLC's Second Set of Requests for Admission, attached hereto as Exhibit B.

On January 16, 2025, Kooapps served its objections to Lowtech's requests for documents and admissions. Kooapps objected to producing any materials in response to Request 63. *See* Responses and Objections to Plaintiff Lowtech Studios, LLC's Second Set of Requests for Production, attached hereto as Exhibit C. Kooapps's response states:

> Kooapps incorporates herein by reference each of its foregoing General Objections and Objections to Lowtech's Definitions and Instructions. Kooapps objects to this Request to the extent that it is overbroad and unduly burdensome because it seeks "all source code." Kooapps objects that the terms "online multiplayer competition" and "online multiplayer competition functionality" are vague and ambiguous. Kooapps objects to this RFP to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, and/or any other applicable privilege or immunity.
>
> Subject to and without waiving the foregoing objections, Kooapps will not produce documents pursuant to this Request. Kooapps is willing to meet and confer regarding alternative, less burdensome methods of producing records demonstrating multiplayer capability.

Chiefly, Kooapps claimed that the Request was objectionable because (i) it was unduly burdensome because it sought "all source code," (ii) it sought privileged information, and (iii) the terms "online multiplayer competition" and "online multiplayer competition functionality" were

vague. *Id.* Kooapps indicated that it was "willing to meet and confer regarding alternative, less burdensome methods of producing records demonstrating multiplayer capability." *Id*. However, in its responses to the related requests for admission, Kooapps represented that Snake.io *did* offer real-time multiplayer competition against human competitors within the application. *See* Responses and Objections to Plaintiff Lowtech Studios, LLC's Second Set of Requests for Admission, attached hereto as Exhibit D.

On January 20, 2025, Lowtech's counsel emailed Kooapps's counsel to request a meet and confer regarding Kooapps's source-code-related discovery. Counsel for the Parties subsequently conferred on Friday, January 24, 2025. During the conference, counsel for Lowtech proposed modifying the protective order to provide additional safeguards for source code. But counsel for Kooapps responded that it was unwilling to make Snake.io source code available for review under any circumstances. Lowtech again sought confirmation via e-mail following the conference and Kooapps again indicated unwillingness to produce or even provide access to source code. Therefore, the Parties reached an impasse, and this motion followed.

## LEGAL STANDARD

"The scope of discovery is broad." *Moerbe v. Adcock*, No. 1:20-CV-1018-RP, 2021 WL 8694107, at *1 (W.D. Tex. Apr. 30, 2021), citing *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Rule 26 of the Federal Rules of Civil Procedure provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. *Moerbe*, 2021 WL 8694107, at *1 (citing Fed. R. Civ. P. 26(b)(1)). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. (quoting *Crosby*, 647 F.3d at 262).

A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Moerbe*, 2021 WL 8694107, at *1 (quoting *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018)); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Moerbe*, 2021 WL 8694107, at *1.

## ARGUMENT AND CITATION TO AUTHORITY

The Court should order Kooapps to produce source code pursuant to Lowtech's Request 63. There is no dispute that Kooapps's source code is relevant, and its production is proportional to the needs of the case. The First Amended Complaint alleges that Kooapps advertised Snake.io as offering multiplayer functionality when it did not have that functionality. Dkt. 46 at ¶¶36-37, 80-85, 116. In its responses to Lowtech's Requests for Admission, Kooapps continues to respond to imply that Snake.io offers multiplayer functionality. *See generally* Ex. D. Kooapps Responses and Objections to Plaintiff Lowtech Studios, LLC's Second Set of Requests for Admission. Thus,

at this stage of discovery, there is plainly a dispute between the parties as to whether Snake.io offered the multiplayer functionality claimed in its advertising.

The most efficient way to determine this critical issue in the case is the production of the Snake.io source code for inspection by Lowtech's experts, making Lowtech's requested discovery "important[] in resolving the issues" in the case. *See* Fed. R. Civ. P. 26(b)(1). Lowtech has no ability to access the information, and Kooapps has not articulated any burden to production, beyond Lowtech purportedly requesting "all source code," which is not what the request states. On the contrary, the Request 63 is narrowly tailored to "source code related to the online multiplayer competition functionality." Consequently, Kooapps's source code is relevant and proportional and should be produced. Indeed, courts regularly order production of source code in similar actions. *See IGT v. Zynga Inc.,* No. W-21-CV-00331-ADA, 2022 WL 606719, at *4 (W.D. Tex. Mar. 1, 2022) (granting motion to compel production of source code); *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-CV-265-JRG, 2013 WL 12141427, at *1 (E.D. Tex. June 26, 2013) (ordering production of source code when defendants made "no attempt to demonstrate that producing such information is overly broad or unduly burdensome"); *see also Dynamic Microprocessor Assocs. v. EKD Computer Sales*, 919 F. Supp. 101, 106 (E.D.N.Y. 1996) (noting that "source code is a fundamental component" in examining and evaluating "the structural parts of a computer program"); *Burnett v. Ford Motor Co.*, No. 13-CV-14207, 2015 WL 1527875, at *4 (S.D.W.Va. Apr. 3, 2015) (explaining that "source code is the foundation of" an operating system and thus is relevant to claims regarding that system's functions);

Kooapps has suggested that Lowtech review release notes or other documents regarding Snake.io and then later consider the review of source code. This approach is not feasible. First, the source code is the ultimate determination of whether Kooapps actually included multiplayer

functionality in Snake.io. While release notes and other documents are relevant and should be produced, they are not sufficient to determine the functionality that actually existed in the game. Second, Kooapps has already delayed in providing this discovery and it is necessary for the development of Lowtech's case. For example, the Court's scheduling order requires the parties to serve expert reports on or before March 14, 2025. *See* Dkt. 27 at 2. Lowtech anticipates that its experts will rely on Snake.io's source code to opine about Snake.io's functionality, and that its experts' opinions regarding Snake.io's functionality will be critical issues in the case. *See Calendar Research LLC v. StubHub, Inc.*, No. 17-CV-4062-SVW-SSX, 2017 WL 10378338, at *10 (C.D. Cal. Nov. 14, 2017) (compelling production of source code where "[h]aving access to the source code as a whole will enable Plaintiff's expert to test [Defendant's] assertions and to identify and examine any portions that may contain evidence to support Plaintiff's claim").

## CONCLUSION

Lowtech therefore requests that the Court grant this Motion and order Kooapps to produce source code as sought in Request 63 within 10 days of its order.

*(Signature on following page)*

Date:  January 29, 2025                                             Respectfully submitted,

/s/ *Russell E. Blythe*
Lee Yeakel
lyeakel@kslaw.com
Matthew E. Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe (*pro hac vice*)
rblythe@kslaw.com
Charles Spalding (*pro hac vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Britton F. Davis (*pro hac vice*)
bfdavis@kslaw.com
Roy Falik (*pro hac vice*)
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St., Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

Christopher C. Campbell
ccampbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

***Attorneys for Plaintiff***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff met and conferred with counsel for Defendant on January 24, 2025. The Parties were unable to reach agreement on the issues in the above motion.

/s/ *Russell E. Blythe*
Russell E. Blythe

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing document was served on the attorneys of record by delivering a true and correct copy on January 29, 2025, as follows:

**Via the Court's Filing eService to:**

  Joshua A. Baskin (*pro hac vice*)
  jbaskin@wsgr.com
  Chloe Delehanty (*pro hac vice*)
  cdelehanty@wsgr.com
  Ana Alicia Sontag (*pro hac vice*)
  asontag@wsgr.com
  **WILSON SONSINI GOODRICH & ROSATI, PC**
  One Market Plaza, Spear Tower, Suite 3300
  San Francisco, California 94105-1126

  and

  Thomas A. Nesbitt
  State Bar. No. 24007738
  tnesbitt@dnaustin.com
  **DESHAZO & NESBITT, L.L.P.**
  809 West Avenue
  Austin, Texas 78701

  *Counsel for Defendants*

        */s/ Russell E. Blythe*
        Russell E. Blythe