**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | ) CASE NO.: 1:23-cv-1437-DAE |
| Plaintiff, | ) |
| v. | ) |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) |
| Defendants. | ) |

**KOOAPPS LLC, JONATHAN CHANG, AND CHUN-KAI WANG'S RESPONSE IN OPPOSITION TO PLAINTIFF LOWTECH STUDIOS, LLC'S MOTION TO COMPEL**

Kooapps LLC ("Kooapps"), Jonathan Chang, and Chun-Kai Wang (collectively referred to herein as the "Defendants") submit the following Opposition to Plaintiff Lowtech Studios, LLC's Motion to Compel (the "Motion").

## **INTRODUCTION**

Lowtech seeks immediate production of Kooapps' source code but neglects the relevant standards and falls woefully short of justifying production of such sensitive and proprietary material. Indeed, the Motion – filed before Lowtech even reviewed tens of thousands of documents Kooapps has produced, many of which contain the very same information Lowtech seeks through source code – appears calculated not to obtain relevant information, but as a strategic gambit to impose an unwarranted burden on a video game competitor. The Motion should be denied.

Critically, Lowtech asserts no patent, copyright, or trade secret claims (where source code demands more usually arise), and instead brings a complaint largely sounding in allegations of trademark and trade dress infringement; as Lowtech admits, the source code it now seeks has utterly no relevance to those claims. Rather, the sole basis for the source code demand is as purportedly relevant to Lowtech's separate claim that Defendants made false representations regarding whether Kooapps' Snake.io video game is considered a "multiplayer online game." From this, Lowtech argues that source code would provide "the most efficient way to determine" whether Snake.io offers multiplayer functionality. Lowtech is wrong on the law and the facts.

Whether a party is required to produce its most valuable trade secrets such as source code is not governed by matters of "efficiency," but by a heightened standard that recognizes the substantial burden inherent in producing such confidential and proprietary information. Rather, a party seeking source code must demonstrate that it is not just relevant but *necessary*, that the

underlying information cannot be obtained from a less burdensome alternative, and that the burden of producing the source code is proportional to the needs of the case.

Applying those standards demonstrates that the Motion falls far short of the mark. Lowtech has failed to articulate how or why source code – and only source code – is relevant, proportional, or necessary to determine whether Snake.io offers multiplayer functionality. Of course, to attempt to make that showing, Lowtech would have been forced to consider the tens of thousands of documents Kooapps has already produced, many of which showcase Snake.io's multiplayer capabilities. Lowtech, however, ignores these productions entirely, and indeed rushed to file this Motion prematurely without even reviewing those productions. Nor has Lowtech submitted any expert declaration to attest to its need for source code. Ultimately, Lowtech requests that Kooapps jeopardize its trade secrets, not out of real necessity, but as a shortcut. That is insufficient to compel the production of Kooapps' source code.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Development of Snake.io's Source Code

Kooapps acquired the Snake.io game in 2019. Declaration of Jonathan Chang ("Chang Decl.") ¶ 2, filed concurrently herewith. Since the acquisition, Kooapps has devoted substantial resources into revitalizing and modernizing this new take on the classic snake game. *Id.* To revitalize the game, Kooapps made significant changes to Snake.io's underlying source code. *Id.* Through updating the underlying code, Kooapps increased the game's popularity, attracting and retaining users across the world. *Id.* Over almost five years, Kooapps has spent millions of dollars to researching and developing the source code Snake.io runs on today. *Id.*

Kooapps strictly limits access to the Snake.io source code as a proprietary and highly confidential trade secret. *Id.* ¶ 3. If revealed, competitors, such as Lowtech, may gain insight into

Kooapps' technical programming, and may copy all or part of its underlying code, and in effect, the Snake.io game. *Id.* Ultimately, should Kooapps' source code become available outside the company, Kooapps would face irreparable harm and lose its competitive standing. *Id.*

### B. Lowtech Delayed Requesting Source Code Until December 2024

Since filing its initial Complaint on November 22, 2023, Lowtech has alleged that Snake.io falsely advertises itself as a multiplayer game. ECF No. 1 ¶¶ 31-32, 70-74; *see also* ECF No. 46 ¶¶ 35-36, 80-85. However, Lowtech's fascination with Defendants' source code is a recent development. As Plaintiff notes, Lowtech served its initial requests for production on May 3, 2024, in part seeking information regarding Snake.io's multiplayer capabilities. However, contrary to Plaintiff's assertions, nowhere in its initial sixty-two requests did Lowtech request Kooapps' source code. *See* Ex. 1 at Request Nos. 10-14, 18 (none of which mention source code). Similarly, in its initial deficiency letter, sent on November 1, 2024, Plaintiff made no mention of Defendants' obligation to produce source code. *See* Ex. 2 at 3-4.

Instead, the issue of source code was raised for the first time by Plaintiff's counsel on December 11, 2024, during a meet and confer regarding purported discovery matters. *See* Ex. 3. During this discussion, and in subsequent communications, Lowtech's counsel insisted that Kooapps produce source code in response to Request No. 18. *See* Ex. 3. Defendants immediately challenged the relevance and necessity of Snake.io's underlying source code and confirmed as much on December 13, 2024. *See id.* However, Defendants also noted that Kooapps remained open to exploring other methods to demonstrate Snake.io's multiplayer functionality. *See id.*

On December 17, 2024, Lowtech served its second set of requests, this time seeking the production of source code. *See* ECF No. 59-1. On January 19, 2025, Kooapps responded again,

and reiterated the willingness to discuss "alternative, less burdensome methods of producing records demonstrating multiplayer capability." *See* ECF No. 59-3, Response to Request No. 63.

The parties again conferred on January 24, 2025, to discuss, among other things, the production of source code. Kooapps reiterated its objection and requested that Plaintiff first review its productions, and to the extent Lowtech maintained its position regarding source code, Defendants were "open to holding another meet-and-confer to discuss an alternative method of providing that information[.]" *See* Ex. 4. Despite this, Lowtech filed this present Motion.

### C. Defendants Have Already Produced Records Reflecting the Information Lowtech Seeks

During the parties' ongoing discussions, and in accordance with a prior agreement, Kooapps began producing documents in December 2024; this continued with additional weekly productions on a rolling basis in January 2025. Declaration of Allie M. Fellows ¶ 3, filed concurrently herewith. Kooapps' productions consisted of thousands of documents, many of which include information regarding Snake.io's multiplayer capabilities. *Id.* For example, Kooapps produced documents regarding its initial multiplayer prototype testing, various release notes and summaries detailing its multiplayer functionalities, and various stress test summaries testing the game's multiplayer capabilities. *See, e.g.*, Exs. 5-7. Lowtech's Motion makes no reference to these documents, and indeed Lowtech filed the Motion prior to completing review of Kooapps' productions and prior to the stipulated deadline for substantial completion of document production.[1]

---

[1] Following December's meet-and-confer process, the parties stipulated to a substantial completion deadline of January 31, 2025. *See* Ex. 3.

## LEGAL STANDARD

Though a party may generally obtain discovery that is both "relevant to any party's claim or defense and proportional to the needs of the case," that right is not without limit. *See* Fed. R. Civ. P. 26(b)(1). Courts may – on their own or at the request of a party – limit discovery if it determines the discovery sought is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C). Proportionality is analyzed by considering factors such as the importance of the issues at stake, the importance of the discovery in resolving the issues, and whether the burden of the proposed discovery outweighs its benefit. *See* Fed. R. Civ. P. 26(b)(1). Therefore, discovery must be limited when "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive' or 'the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *Am. Airlines, Inc. v. Delta Airlines, Inc.*, 2020 WL 8115870, at *6 (N.D. Tex. July 14, 2020) (denying motion to compel, holding defendant filed its motion "prematurely and should have continued to work with American to resolve production deadlines without Court involvement").

Demands for the production of source code are subject to a more searching review. *See, e.g.*, *In re Apple & AT&TM Antitrust Litig.*, 2010 WL 1240295, at *2 (N.D. Cal. Mar. 26, 2010) (finding plaintiffs must establish source code is relevant and necessary to justify its production); *Saleh v. Nike, Inc.*, 2021 WL 4434352, at *2 (C.D. Cal. Aug. 16, 2021) (same); *Xinous, Inc. v. IBM Corp.*, 2024 WL 5010717, at *2 (S.D.N.Y. Nov. 13, 2024) (same). Many courts note that parties seeking the production of source code "must prove that it is relevant and necessary to the action," and "when alternatives [to source code] are available, a court will not be justified in ordering disclosure." *Congoo, LLC v. Revcontent LLC*, 2017 WL 3584205, at *3 (D.N.J. Aug. 10, 2017); *see, e.g.*, *Quintel Tech. Ltd. v. Huawei Technologies USA, Inc.*, 2017 WL 3712346, at *3

(E.D. Tex. June 29, 2017) (source code was not necessary to moving party's claim). This approach is eminently sensible given the amount of time, effort, and resources that companies expend developing source code, and that source code is often deemed competitively sensitive and kept confidential as a trade secret. *See, e.g.*, *Apple*, 2010 WL 1240295, at *2 (iPhone's source code is a "highly confidential, proprietary, and trade secret business asset . . . plaintiffs have the burden to establish that it is both relevant and necessary"); *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 259-60 (S.D.N.Y. 2008) (denying motion to compel source code, noting "[t]he search code is the product of over a thousand person-years of work. There is no dispute that its secrecy is of enormous commercial value").

## ARGUMENT

Lowtech argues Kooapps must produce all Snake.io source code because it believes it is the most efficient way to determine whether Snake.io offers multiplayer functionalities. Mot. at 5. However, "efficiency" is not the applicable standard, but rather relevancy, necessity, and proportionality, and as set forth below, Lowtech's request is disproportionate and should be rejected.

### A. Kooapps Faces a Significant Burden in Producing its Highly Confidential and Proprietary Snake.io Source Code

Courts recognize that the production of source code is "incredibly burdensome" given its highly proprietary and confidential nature. *See, e.g.*, *Xinous*, 2024 WL 5010717, at *3; *see also Quintel*, 2017 WL 3712346, at *3 (finding the sensitivity of proprietary information outweighs the necessity of the discovery). Parties risk inadvertent disclosure when producing source code, which may "cause catastrophic competitive harm" to the producing party, increasing the associated burden. *See Viacom*, 253 F.R.D. at 259-60.

Here, it is undisputed that Snake.io's source code is of significant commercial value to Kooapps. *See* Chang Decl. ¶ 3. Defendants devoted multiple years to re-configuring Snake.io's source code in order to revitalize the previous game. *See id.* ¶ 2; *see also* Exs. 5-7. These efforts are a driving force behind the company's success. Chang Decl. ¶ 2. It is also undisputable that Kooapps faces irreparable harm should its Snake.io's source code become publicly available or otherwise accessible to its competitors. *Id.* ¶ 3. Though Plaintiff argues the parties can amend the current protective order to provide Kooapps additional protection, thereby minimizing any associated burden, "even the most rigorous efforts . . . may not prevent inadvertent compromise." *See Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016) (citation omitted); *see also Viacom*, 253 F.R.D. at 260 ("[T]he protections set forth in the stipulated confidentiality order are careful and extensive, but nevertheless not as safe as nondisclosure. There is no occasion to rely on them, without a preliminary proper showing justifying production of the search code."). In light of the above, producing such highly confidential and proprietary information poses a significant and unjustified burden to Kooapps.

**B.      Source Code is Not Proportionate to Lowtech's Needs in this Case**

Kooapps' burden in producing its source code must be weighed against the needs of the case. As set forth below, Kooapps' burden far outweighs Lowtech's need for the information.

<u>Snake.io Source Code is Not Relevant.</u>  As an initial matter, Snake.io source code is not relevant to this dispute. This is not a trade secret or patent infringement case, and even Lowtech concedes that the source code is not relevant to the bulk of its claims for trademark and trade dress infringement. Lowtech's claim is not premised on the underlying coding of the Snake.io game, but rather the features and capabilities of the game which can be demonstrated through other, less burdensome means. *See Disney Enterprises, Inc. v. Hotfile Corp.*, 2011 WL 13100240, at *2 (S.D.

Fla. Aug. 26, 2011) ("The question is what infringement detection operations are possible, not how the Video ID source code makes it operate as it does.") (quoting *Viacom*, 253 F.R.D. at 260-61).

In its Motion, Plaintiff argues that "courts regularly order production of source code in similar actions." Mot. at 5. However, the cited case law largely involves *copyright* and *patent* infringement cases, where access to the underlying source code was *necessary* to demonstrate infringement. *See generally IGT v. Zynga Inc.*, 2022 WL 606719 (W.D. Tex. Mar. 1, 2022) (patent infringement case); *GeoTag, Inc. v. Frontier Commc'ns Corp.*, 2013 WL 12141427, at *1 (E.D. Tex. June 26, 2013) (relying on the Patent Rules to order the production of source code in a patent infringement suit); *Dynamic Microprocessor Assocs. v. EKD Computer Sales*, 919 F. Supp. 101, 106 (E.D.N.Y. 1996) (source code inspection necessary to consider copyright infringement claims).[2] Notably, the court in *Dynamic Microprocessor* relied on the defendant's submission of expert affidavits attesting to the party's need for source code prior to ordering its production. 919 F. Supp. 101 at 106. Lowtech provides no comparable expert attestation here.

Snake.io Source Code is Not Necessary. Lowtech also fails to demonstrate why source code *alone* is necessary to prove its claims regarding Snake.io's multiplayer capabilities. Courts often deny requests for source code where the information could be obtained through less burdensome means. *See, e.g.*, *Congoo*, 2017 WL 3584205, at *3 (denying motion to compel source code because other alternatives could provide sufficient information regarding the "functionalities of the software"); *Saleh*, 2021 WL 4434352, at *2 (denying motion to compel source code because "Plaintiff has not established why he cannot obtain the information he needs by alternative

---

[2] Lowtech also cites the wholly inapposite *Burnett v. Ford Motor Company*, which involved product defect claims relating to sudden unintended acceleration in certain Ford vehicles equipped with defective Electronic Throttle Control, readily distinguishable from Lowtech's claims here. 2015 WL 1527875, at *4 (S.D.W.Va. Apr. 3, 2015).

-8-

means"); *Xinous*, 2024 WL 5010717, at *3 (denying motion to compel given there were "alternative, unexplored options" the plaintiff could use to get the information it needed); *Quintel*, 2017 WL 3712346, at *2-3 (denying motion to compel noting the production of source code was unnecessary).

Plaintiff's Motion disregards Kooapps' previous productions, which consisted of tens of thousands of documents, many of which demonstrate Snake.io's multiplayer capabilities. *See, e.g.*, Exs. 5-7. Moreover, given Lowtech filed this Motion prior to the parties' stipulated substantial completion deadline and days after Defendants made a substantial production, it is readily apparent that Lowtech did not even review Kooapps' prior productions to confirm that Kooapps' other documentary evidence was insufficient before rushing to file its motion to compel production of all Snake.io source code. Instead, Lowtech has unilaterally decided, without evidence, that other, less burdensome means are insufficient. That does not demonstrate source code is necessary. *See Apple*, 2010 WL 1240295, at *3 ("[P]laintiffs renewed their motion to compel additional source code before the entirety of the January 21, 2010 production was reviewed. Accordingly, plaintiffs' . . . motion to compel is denied.").

<u>Lowtech's Delay in Seeking Discovery Does Not Justify Otherwise Overly Burdensome Production.</u> Finally, Lowtech claims its request is prompted by the impending expert report deadline and in light of Kooapps' discovery delays. Mot. at 6. However, contrary to Lowtech's claims, it was *Lowtech* who delayed in requesting the purportedly crucial evidence. Lowtech waited until December 2024, seven months after serving its initial discovery and almost two months after sending its initial deficiency letter, to request that Kooapps produce its source code. *See* Exs. 5-7. Lowtech cannot now rely on a self-created exigency to justify its request for disproportionate, unnecessary, and burdensome discovery.

However, should this Court find that the production of source code is warranted, Defendants respectfully request the Court direct the parties to meet-and-confer to discuss additional appropriate safeguards to preserve the confidentiality of the Snake.io source code such as a view-only method and/or remote inspection.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel.

Dated: February 5, 2025

**WILSON SONSINI GOODRICH & ROSATI
Professional Corporation**

By: */s/ Joshua A. Baskin*

Joshua A. Baskin
California State Bar No. 294971
(Admitted *Pro Hac Vice*)
jbaskin@wsgr.com

Chloe Delehanty
California State Bar No. 333412
(Admitted *Pro Hac Vice*)
cdelehanty@wsgr.com

Wilson Sonsini Goodrich & Rosati
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA  94105-1126

**DESHAZO & NESBITT LLP**

Thomas A. Nesbitt, State Bar. No. 24007738
tnesbitt@dnaustin.com

DeShazo & Nesbitt, L.L.P.
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562
Fax: (512) 617-5563

*Attorneys for Defendants*

                                        Kooapps LLC, Jonathan Chang, and
                                        Chun-Kai Wang

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 5, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

            */s/  Joshua A. Baskin*
             Joshua A. Baskin

            *Attorneys for Defendants*
            Kooapps LLC, Jonathan Chang, and
            Chun-Kai Wang