# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | ) | CASE NO.:  1:23-cv-1437-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOOAPPS LLC, JONATHAN CHANG, and | ) | |
| CHUN-KAI WANG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## KOOAPPS INC.'S MOTION ON CONSENT FOR LEAVE TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Kooapps Inc., f/k/a Kooapps LLC[1], ("Kooapps" or "Defendant") respectfully moves this Court for leave to file its Amended Answer to Lowtech Studios, LLC's ("Lowtech" or "Plaintiff") First Amended Complaint and Counterclaims (the "Counterclaims") against Lowtech and its principal, Steven Howse ("Howse").[2]  Lowtech and Howse consent to Kooapps receiving leave to amend.

---

[1] Kooapps restructured from Kooapps LLC (a limited liability company) to Kooapps Inc. (a C-corporation), effective January 1, 2025.

[2] Copies of the proposed Counterclaims, and a redline demonstrating changes from Kooapps' existing pleading, are attached as Exhibits D and E respectively to the Declaration of Eli B. Richlin ("Richlin Decl."), filed concurrently herewith.

## INTRODUCTION

Kooapps moves for leave to amend its Answer in order to seek redress from Lowtech and Howse's efforts to defame and sabotage Kooapps during the course of Lowtech's ongoing lawsuit against Kooapps.  For months, Lowtech and Howse instigated a "smear campaign" against Kooapps and knowingly spread falsehoods about Kooapps and its products.  The forum for Lowtech and Howse's defamation was Discord, a social media internet platform popular in the gaming industry, and Lowtech and Howse cloaked their campaign under the cover of anonymity. It was not until January 29, 2025—well after the parties' October 29, 2024 deadline to amend or supplement pleadings—that Lowtech finally admitted that Howse was responsible for the online "smear campaign" and related statements.  The very next day, on January 30, 2025, as soon as Kooapps learned that Howse was behind the statements, it promptly alerted Lowtech of its intent to assert various counterclaims based on Howse's online conduct and sought Lowtech's consent to its amendment.  Lowtech and Howse have since consented, and Kooapps now moves this Court to grant it leave to file an amended Answer asserting its Counterclaims.  Under the relevant standards, granting leave is appropriate because information tying Lowtech and Howse to the defamatory statements only recently came to light, amendment would enable the pursuit of critical claims for relief, and amendment would cause no prejudice or significant delay.

## BACKGROUND

### A.    Summary of Counterclaims

Kooapps seeks to assert counterclaims against Lowtech and Howse based on defamatory and false statements made on social media.  As described in the proposed Counterclaims, in early 2024, with Lowtech's lawsuit against Kooapps pending, Howse began a campaign to defame Kooapps, spreading falsehoods on social media in an attempt to cause damage to Kooapps and its reputation in the marketplace.  Ex. D, Proposed Counterclaims ¶¶ 1, 30.  The forum for this

defamation was a chat room (called a "server") on the Discord social media platform.  *Id.* ¶ 31. Many of the statements concerned Lowtech's ongoing litigation with Kooapps and contained provably false assertions about Snake.io.  *Id.* ¶¶ 33-43.  Further, Howse expressed an intent to instigate a "smear campaign" against Kooapps and began encouraging other users to delete Snake.io and leave falsely negative reviews on Kooapps' games.  *Id.* ¶¶ 44-50.  As the instant litigation progressed, Howse continued to instigate the online smear campaign and make false and defamatory statements about Kooapps, thereby damaging Kooapps' reputation and harming its business.

These statements caused significant and cognizable harm to Kooapps, and Kooapps accordingly seeks to assert the following causes of action against Lowtech and Howse: False Advertising under 15 U.S.C. § 1125(a)(1)(B); Defamation; Business Disparagement; Tortious Interference with Prospective Business Relations; and Unfair Competition.  *Id.* ¶¶ 66-88.

**B.    Lowtech and Howse Concealed Responsibility for the Defamatory Statements Until January 29, 2025—After the Deadline to Amend Pleadings Had Passed**

While some of the statements date to early-2024, Kooapps did not learn that Lowtech and Howse were responsible for the statements until January 29, 2025.  That is because Lowtech and Howse concealed their responsibility for the statements by posting on the Discord server using the pseudonymous account names "Hypah" and "Hypah2."  *See* Declaration of Jonathan Chang ("Chang Decl.") ¶ 2, filed concurrently herewith.

It was not until January 2025 that Kooapps learned the truth—Lowtech and its principal, Steven Howse, were responsible for the Discord statements and the related "smear campaign." Chang Decl. ¶ 3.  After months of obfuscation, on January 29, 2025, Lowtech admitted in discovery responses that Howse has posted on Discord using the account names "Hypah" and "Hypah2" and is responsible for the statements at-issue. *See id.*; Ex. A.  Further, Lowtech admitted

that "Steven Howse has occasionally referenced Kooapps games using the Discord display name 'Hypah' on the Discord platform." *See* Chang Decl. ¶ 4; Ex. B.

On January 30, 2025, immediately after Kooapps learned the identity of the anonymous Discord user, Kooapps promptly alerted Lowtech of its intention to assert counterclaims against both Lowtech and Howse in an amended Answer, and detailed those claims. *See* Richlin Decl. ¶ 3, filed concurrently herewith; Ex. C. Further, Kooapps sought Lowtech's consent to amend its pleading. *Id.* Upon Lowtech's request, Kooapps also shared a draft of its Amended Answer and Counterclaims on February 7, 2025. *See* Richlin Decl. ¶ 4. Lowtech and Howse subsequently consented to Kooapps receiving leave to amend and assert the Counterclaims. *See* Richlin Decl. ¶ 5.

### C. Procedural History

On April 22, 2024, the Court entered the Agreed Scheduling Order, which set a deadline of October 7, 2024 for the parties to "file all motions to amend or supplement pleadings or to join additional parties." *See* ECF No. 27.

On October 3, 2024, the parties filed a Joint Notice for Extension of Time regarding the deadline to file motions to amend or supplement the pleadings or to join additional parties. *See* ECF No. 40. The Court subsequently entered an Order resetting the deadline to October 21, 2024. *See* Oct. 7, 2024, Text-Only Order. On October 21, 2024, the parties requested that the Court extend the deadline from October 21, 2024, to October 28, 2024. *See* ECF No. 44. On October 22, 2024, the Court entered an Order resetting the deadline to amend or supplement pleadings to October 28, 2024. *See* Oct. 22, 2024, Text-Only Order.

On October 28, 2024, Lowtech filed an Unopposed Motion to Amend Complaint. *See* ECF No. 45. The Court granted Lowtech's Motion to Amend on October 29, 2024. *See* October 29,

2024, Text-Only Order. On October 29, 2024, Lowtech filed its First Amended Complaint. *See* ECF No. 46. Kooapps filed its Answer to Plaintiff's First Amended Complaint on November 27, 2024. *See* ECF No. 55.

The parties are currently engaging in document discovery and depositions have not yet occurred. Richlin Decl. ¶ 7. The case is currently set for jury trial commencing on December 1, 2025. *See* ECF No. 27.

## LEGAL STANDARD

After the time has passed for a party to amend its pleading as a matter of course, it may amend its pleading with opposing counsel's consent or the Court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. Federal courts have interpreted the rules relating to amended pleadings "liberally, in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975). Although "leave to amend is by no means automatic," a court should not deny leave without having a "substantial reason" for doing so. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Rule 16(b) "governs amendments of pleadings after a scheduling order deadline has expired." *Strong v. Marathon Res. Mgmt. Group, LLC*, 1:18-CV-634-RP, 2019 WL 4696418, at *1 (W.D. Tex. Sept. 25, 2019) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause inquiry under these circumstances requires consideration of "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Strong*, 2019 WL

4696418, at *1 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

"If a party can demonstrate good cause to extend the deadlines set forth in the scheduling order, the Court then applies the more liberal standard under Federal Rule of Procedure 15(a) to determine whether to grant leave to amend." *Luevano v. Glaser Trucking Serv., Inc.*, No. 5:14-CV-88-DAE, 2015 WL 1566050, at *1 (W.D. Tex. Apr. 8, 2015).

## ARGUMENT

### A.     Good Cause Exists to Modify the Scheduling Order Under Rule 16(b)

Each of the four factors as recognized in the Fifth Circuit supports a finding of good cause because (1) Kooapps has an adequate explanation for moving for leave to amend now, after the deadline set by the scheduling order; (2) Kooapps' amendment is of great importance; (3) the potential prejudice to Lowtech in allowing Kooapps to amend is minimal; and (4) any such prejudice can be easily cured by a continuance.

(1) Kooapps Has an Adequate Explanation for Filing its Motion for Leave to Amend at this Juncture. Critically, Kooapps did not learn that Howse and Lowtech bore responsibility for the false and inflammatory posts until January 29, 2025, when Lowtech served its responses to Kooapps' requests for admissions. Chang Decl. ¶ 3. Nor could Kooapps have discovered this information any earlier, as Howse and Lowtech concealed their identities behind pseudonyms when authoring the posts. *Id.* at ¶ 2. Thus, Kooapps had no way to confirm the identity of the anonymous Discord user's posts until after the October 28, 2024 deadline to amend had passed. Under such circumstances, where an adversary actively conceals the basis for the claim and its responsibility for the subject conduct, it would be unfair to preclude Kooapps from asserting the proposed Counterclaims. Indeed, Courts in this district recognize that when new information

comes to light after the deadline set by a scheduling order, that constitutes a sufficient explanation and have granted leave to amend under similar circumstances. *See Strong*, 2019 WL 4696418, at *2 (W.D. Tex. Sept. 25, 2019) (granting motion for leave to amend where "Plaintiffs have explained their failure to timely amend their complaint by detailing the new evidence supporting their additional claims, when they obtained it, and how that evidence was unavailable before the scheduling order's deadline to amend pleadings."); *Luevano*, 2015 WL 1566050, at *2 (W.D. Tex. Apr. 8, 2015) (J. Ezra) (granting motion for leave to amend where plaintiff "did not learn the facts supporting the new claims until the deposition of [defendant's] Corporate Officer," which occurred after the amended pleadings deadline).

(2) Kooapps' Amendment is of Great Importance.  Second, Kooapps' amendment is important because the contemplated Counterclaims asserts several new causes of action and thus provides new grounds for Kooapps to recover damages in this lawsuit.  Indeed, the Western District has held that "[a]mendments are considered important when they 'potentially provide additional grounds for [a party] to recover' or 'directly affect [a party's] prospects of ultimate recovery.'"  *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023 WL 8113860, at *3 (W.D. Tex. June 6, 2023) (J. Ezra) (granting motion to amend where party's "amendment provides additional grounds for recovery against EVO and creates a new ability to recover from Thunder Ridge"); *see also Pool v. United States*, No. 3:23-CV-00074-K, 2023 WL 7986338, at *4 (N.D. Tex. Nov. 17, 2023) (granting Government's motion to amend its answer where "[p]ermitting the amendment could significantly reduce the Government's damages liability").

(3) Lowtech Would Suffer no Prejudice if Kooapps Were Allowed to Amend.  Third, there would be no prejudice to Lowtech if the Court were to allow the amendment.  In fact, Lowtech and Howse both consent to Kooapps amending its pleading to assert the Counterclaims.  Richlin

Decl. ¶ 5. Here, the parties are in the early stages of document discovery and depositions have not yet occurred. *Id.* ¶ 7. Accordingly, should the Court grant Kooapps leave to amend, Lowtech would suffer no potential prejudice. *See Strong*, 2019 WL 4696418, at *2 (W.D. Tex. Sept. 25, 2019) (finding "little to no prejudice to Defendants were the Court to grant Plaintiffs leave to amend" where "the discovery period has not ended" and "the parties have not yet taken depositions.").

(4) A Continuance Could Easily Cure any Such Prejudice. Finally, a continuance could cure any hypothetical prejudice. Here, not only are the parties still in the early stages of discovery, but trial is not scheduled to commence until December 2025. *Supra at* 5. Thus, in the event the Court finds any prejudice to Lowtech, trial is not so imminent as to make a continuance impracticable to cure such prejudice. *See Strong*, 2019 WL 4696418, at *3 (W.D. Tex. Sept. 25, 2019) (granting leave to amend where "[t]rial is not 'imminent,' so a continuance is not 'impracticable' . . . [a]nd a continuance would not 'cause unnecessary delay to the trial date.'")

Accordingly, under the foregoing factors, there is good cause under Rule 16(b) to modify the Agreed Scheduling Order and permit Kooapps to amend its Answer.

### B.    Amendment Is Proper Under Rule 15(a)

The Court should further grant Kooapps leave to amend under Rule 15(a)'s more lenient standard. "Rule 15(a) evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000) (internal quotations omitted). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (internal quotations omitted). In addition, a court is to heed the mandate of Rule 15 that leave to amend "shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (5) futility of the amendment." *Luevano*, 2015 WL 1566050, at *1 (W.D. Tex. Apr. 8, 2015) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Here, none of the foregoing five factors are present to support a basis to deny leave to amend. First, Kooapps did not delay in seeking leave to amend its Answer. To the contrary, Kooapps alerted Lowtech of its intent to amend its Answer and assert counterclaims on January 30, 2025, only *a day after* receiving sufficient evidence from Lowtech to tie Lowtech and Howse to the defamatory statements and thus assert the Counterclaims. Richlin Decl. ¶ 3. Second, given Kooapps' prompt action in moving for leave to amend after learning of the new evidence, there is nothing in the record to show bad faith or dilatory motive on the part of Kooapps. Third, Kooapps has not sought any prior amendments in this case, so there is no "repeated failure to cure deficiencies by amendments previously allowed." Fourth, as discussed in §A(2) *supra*, far from Lowtech suffering undue prejudice if the amendment is allowed, Lowtech and Howse consent to amendment, and discovery is still ongoing and in its early stages. Fifth, Kooapps' amendment is not futile because Kooapps seeks to amend its Answer to add previously unasserted and well-founded counterclaims. Accordingly, under Rule 15(a)'s more liberal standard, amendment is proper.

## **CONCLUSION**

For good cause shown, Kooapps respectfully requests that the Court grant its Motion for Leave to File its Amended Answer and Counterclaims to Lowtech's First Amended Complaint.

Respectfully submitted,

Dated:  February 14, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Eli B. Richlin*_____
Eli B. Richlin
New York State Bar No. 4861357
(Admitted *Pro Hac Vice*)
erichlin@wsgr.com

1301 Avenue of the Americas, 40th Floor
New York, NY 10019

Joshua A. Baskin
California State Bar No. 294971
(Admitted *Pro Hac Vice*)
jbaskin@wsgr.com

Chloe Delehanty
California State Bar No. 333412
(Admitted *Pro Hac Vice*)
cdelehanty@wsgr.com

One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA  94105-1126

**NESBITT LEGAL PLLC**

Thomas A. Nesbitt
State Bar. No. 24007738
tom@nesbittlegal.com

809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562
Fax: (512) 617-5563

*Attorneys for Defendants*
Kooapps Inc., Jonathan Chang, and
Chun-Kai Wang

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2025, all counsel of record who are deemed to have consented to electronic service are being served electronic transmission (email) with a copy of the foregoing Kooapps Inc.'s Motion on Consent for Leave to File Amended Answer to First Amended Complaint and Counterclaims, and the supporting documents filed contemporaneously.

*/s/ Eli B. Richlin*
    Eli B. Richlin

    *Attorneys for Defendants*
    Kooapps Inc., Jonathan Chang, and
    Chun-Kai Wang