UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>KOOAPPS LLC, JONATHAN CHANG, §<br>AND CHUN-KAI WANG, §<br>    Defendants. § | CASE NO. 1:23-cv -1437-DAE |

## JOINT ADVISORY

The parties Lowtech Studios, LLC ("Plaintiff") and Kooapps Inc., Jonathan Chang, and Chun-Kai Wang ("Defendants") have met and conferred in response to this Court's Order (Dkt. 64) setting the hearing on Plaintiff's Motion to Compel (Dkt. 59) and provide the following joint notice discussing the items requested in that Order.

1. **THE PARTIES' CONFERENCE**

The parties met and conferred on Wednesday, February 12, 2025. At that conference, Plaintiff expressed its continuing need for the Snake.io source code, as explained in Plaintiff's Motion to Compel. Defendants reiterated their concerns with security and burden, but that they would consider making a proposal.

On Saturday, February 15, 2025, Defendants proposed a source code review protocol. Plaintiff reverted with a counterproposal on Tuesday, February 18, 2025, accepting some portions of Defendants' proposal and requesting modifications for other portions. Defendants did not accept Plaintiff's counterproposal and the parties remain at an impasse.

2. **THE PARTIES' PROPOSED SOURCE CODE REVIEW PROTOCOLS**

The Parties' respective proposals are reflected in the table below:

1

| Topic | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Access Method | Lowtech's experts and outside counsel (as addressed below) will receive access to all versions of the Snake.io source code (including historical versions of both client and server code) that Kooapps contends include multiplayer functionality (the "Snake.io Source Code"). Access provided for inspection on one standalone, secured computer (including an accessory monitor, mouse, and keyboard) in a secured room at a location to be agreed upon by the parties (e.g., at the offices of Kooapps' counsel) without internet access or network access to other computers, and without connection to any storage device other than the internal hard disk drive of the computer. Lowtech's representatives shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Kooapps shall facilitate installing software tools on the secured computer reasonably needed for effective code review, including *e.g.*, Beyond Understand, Visual Studio Code, Git, and Notepad++. The parties are to cooperate in good faith such that maintaining the source code in the secured room shall not unreasonably hinder the ability of Lowtech's representatives to efficiently conduct the prosecution or defense in this litigation. Lowtech's representatives may take notes in paper form or in a separately encrypted and/or password protected file, folder, or container on the secured computer but may not re-type or copy source code into such notes. Such notes are protected from disclosure to Kooapps and its representatives under the attorney-client privilege, work product doctrine, and any other applicable privileges or immunities. | Defendants to make Snake.io server source code available for review through a view-only online data room portal. |

| Topic | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Password security | Agree with Defendants' proposal | The server source code may contain passwords and database/storage access codes, which Kooapps will endeavor to redact as they would enable access to live files and databases.<br><br>To the extent there are any remnant unredacted passwords, Lowtech agrees that its experts and counsel will not record or use such passwords, or seek to gain access to any Kooapps systems. |
| Duration of Access | The Snake.io Source Code shall be accessible to Lowtech's representatives up to the close of discovery. | Portal accessible for a two-week period |
| Number of authorized individuals | Lowtech's access to the secured computer shall be limited to two outside experts and two outside counsel only. The experts and outside counsel with direct access may also grant access to additional employees working under their direction and control to assist with analysis of the code. | Access shall be limited to two outside experts and two outside counsel only |
| Copies | Outside counsel for Lowtech shall be permitted to request that Kooapps make a reasonable number of printouts of the source code material, which shall presumptively be not more than a total of six hundred (600) pages and not more than fifty (50) pages of continuous lines of code, unless good cause is shown or there is agreement by the parties.  Kooapps shall provide the requested printouts to outside counsel for Lowtech within three (3) business days of outside counsel for Lowtech sending the request.  All printouts shall be designated Attorneys Eyes Only under the protective order. | No copies to be made. |

| Topic | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Confidential treatment of related materials | Agree with Defendants' Proposal | All notes and work product to be designated attorneys' eyes only under the governing Protective Order<br>Any Court filings, expert declarations or reports, or the like based on source code review to be designated confidential under the governing Protective Order |

3. **THE PARTIES' RESPECTIVE POSITIONS**

*Plaintiff's Position*

Defendants' proposal is a proposal in name only and is unworkable for several reasons. *First*, access to only Snake.io server code, without the client code, is insufficient because even a server that implements multiplayer functionality is irrelevant if no clients are capable of connecting to it. The code for the entire multiplayer functionality is necessary. *Second*, a two-week period is far too short for a meaningful review and would not afford Plaintiff's experts the opportunity to revisit the code after depositions and expert reports. *Third*, the ability to meaningfully inspect and use the code, including with review tools and limited printouts, rather than simply see the code through a portal is imperative. Without this meaningful access, experts have no way of citing their findings and, ultimately, presenting their findings to the Court and jury.

For the reasons identified in submissions already presented to the Court, Plaintiff maintains that it is entitled to the code. Plaintiff has further proposed safeguards to allay Defendants' concerns, but Defendants have not offered access to the source code in a way that could be meaningfully used by experts. As concerns about cost and/or the burden of Plaintiff's proposal were raised for the first time very shortly prior to the submission deadline for this joint advisory,

Plaintiff will continue to confer with Defendants in advance of the hearing to see if concerns can be addressed.

***Defendants' Position***

Defendants maintain that Plaintiff's request for the production of source code – made for the first time in December 2024 – is overly burdensome and unnecessary in light of Defendants' extensive document productions which detail Kooapps' Snake Game's multiplayer functionality. In an effort to resolve the present motion and as set forth above, Defendants offered to produce Kooapps' Snake Game's source code in a view-only online data room accessible for a two-week period to two outside experts and two outside counsel. Defendants also requested no copies of the material be made.

Plaintiff rejected Defendants' request and set forth an unreasonable counteroffer. Plaintiff's proposal would require Defendants – at their own expense – to obtain a secured computer with specified software and accessories at a physical location throughout the duration of the discovery period, accessible to two experts and "additional employees." Moreover, the counterproposal would allow Lowtech's counsel to make copies of up to 600 pages of Defendants' most highly proprietary and confidential material, without any evidence – through an expert attestation or otherwise – that such material is necessary. Defendants' proposal to produce source code was made in a good faith attempt to resolve the underlying dispute. However, Plaintiff maintains its unreasonable demands without regard to the burden imposed on Defendants. As such, Defendants maintain their objection to Plaintiff's present Motion and contend the production of source code in this case remains unnecessary and disproportionate.

Date: February 20, 2025

By: /s/ *Russell E. Blythe*
Lee Yeakel
lyeakel@kslaw.com
Matt Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe (*pro hac vice*)
rblythe@kslaw.com
Charles Spalding (*pro hac vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Britton F. Davis (*pro hac vice*)
bfdavis@kslaw.com
Roy Falik (*pro hac vice*)
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St., Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

Christopher C. Campbell
ccampbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

**ATTORNEYS FOR PLAINTIFF LOWTECH STUDIOS, LLC**

Respectfully submitted,

By: /s/ *Eli B. Richlin*
Thomas A. Nesbitt
State Bar. No. 24007738
tnesbitt@dnaustin.com
**DESHAZO & NESBITT, L.L.P.**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

Joshua A. Baskin
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty
California State Bar No. 333412
cdelehanty@wsgr.com
Ana Alicia Sontag
California State Bar No. 340602
asontag@wsgr.com
**WILSON SONSINI, GOODRICH & ROSATI, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Eli B. Richlin *(pro hac vice)*
erichlin@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

**ATTORNEYS FOR DEFENDANTS KOOAPPS INC., JONATHAN CHANG, AND CHUN-KAI WANG**