UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | ) CASE NO.: 1:23-cv-1437-DAE |
| Plaintiff, | ) |
| v. | ) |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) |
| Defendants. | ) |
| | ) |
| KOOAPPS INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| LOWTECH STUDIOS, LLC and STEVEN HOWSE, | ) |
| Counterclaim-Defendants. | ) |

**AGREED AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the joint motion of the parties for the entry of an amended confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

1

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the court ORDERS the following:

### 1.    Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" by any of the producing or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

### 2.    Qualified Persons

"Qualified Persons" means:

a.    For Counsel or Attorneys' Eyes Only information:

   i.    retained counsel for the parties in this litigation and their respective staff;

   ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound

2

by the terms of this Protective Order and have been designated in writing by notice to all counsel;[1]

    iii.    this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and

    iv.    litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have signed a document agreeing to be bound by the terms of this Protective Order;

    iv.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential information are bound by the terms of this Protective Order;

    v.    jury and trial consultants and their staff and mock jurors who have signed a document agreeing to be bound by the terms of this Protective Order;

    vi.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other persons as this court may designate after notice and an opportunity to be heard.

For purposes of subsection (a)(ii), the attorney who retains or designates such persons shall maintain the signed certifications of those persons.

---

[1] Designation of an expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any otherwise exiting protection against discovery of such person's work or opinions.

### 3.   Designation Criteria

a.   *Classified Information.*  A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified Information.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.   *For Counsel or Attorneys Only.*   The designation "For Counsel Only" or "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party.  For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

c.   *Attorneys' Eyes Only – Source Code.* To the extent that Classified Information includes source code, the producing party may designate the Classified Information as "Attorneys' Eyes Only – Source Code." For the avoidance of doubt, source code shall include any information that describes or discloses computer source code, whether that information is provided in paper form or in a file, folder, or container on a secured computer, and shall also include all notes and work product relating to the source code.

Any court filings, expert declarations or reports, or the like based on source code review shall be designated "Confidential" under this Protective Order.  If, however, any such materials include a reproduction or copy of the source code as defined herein, those materials shall be designated "Attorneys' Eyes Only – Source Code."

Classified Information designated as "Attorneys' Eyes Only – Source Code" shall be subject to the additional limitations set forth in Part 4 of this Protective Order.

d.   *Ultrasensitive Information.*  At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information.  However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

e.    *Nonclassified Information.* Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4.    Disclosure and Review of Source Code**

The following provisions apply to any production of information designated "Attorneys' Eyes Only – Source Code." Source code shall only be made available for inspection and shall not be produced, except as provided below. The producing party shall make the source code available at either the offices of its outside counsel, or other mutually agreeable location.

a.    *Authorized Individuals.* The receiving party's access to materials designated "Attorneys' Eyes Only – Source Code" shall be limited to two outside experts and two outside counsel only. The two outside experts and two outside counsel may grant access to additional employees working under their direction and control to assist with analysis of the source code.

b.    *Access Method.* Access to materials designated "Attorneys' Eyes Only – Source Code" shall be provided for inspection on one standalone, secured computer (included an accessory monitor, mouse, and keyboard) in a secured room at a location to be agreed upon by the parties. The standalone, secured computer shall have no internet access, no network access, and no connection to any storage device other than the internal hard disk drive of the computer.

The producing party shall facilitate installing software tools on the standalone, secured computer reasonably needed for effective code review. The receiving party shall bear the expense of any software or licenses that are necessary for the facilitation of the source-code review.

The source code shall be made available for inspection from 9:00 a.m. to 6:00 p.m. local time on weekdays. Reasonable requests for inspection outside those hours shall be accommodated on terms to be agreed by the Parties.

The producing party may visually monitor the activities of the receiving person(s) during any source code review to ensure that there is no unauthorized recording, copying, or transmission of the source code.

The receiving party shall maintain a log of the names of persons who enter the secured room to view the source code and when they enter and depart.

Proper identification of all receiving persons shall be provided prior to any access to the secured room or standalone, secured computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the receiving person's current citizenship. Access to the secured room or the standalone, secured computer may be denied, at the producing party's discretion, to any individual who fails to provide proper identification.

The parties are to cooperate in good faith such that maintaining the source code in the secured room on a standalone, secured computer shall not unreasonably hinder the ability of the receiving party to efficiently conduct the prosecution or defense in this litigation.

c.      *Duration of Access*.  Source code shall be accessible to the receiving party up to the close of discovery.

d.      *Notice*.  The receiving party shall provide at least two (2) days' notice prior to any inspection of the source code. In that notice, the receiving party shall also identify the individual(s) who will be given access to the source code.

e.      *Making of Printouts and Copies*.  The receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device, including without limitation laptops, tablet devices, sound recorders, computers, cellular telephones, peripheral equipment, cameras of any kind, CDs, DVDs, or drives of any kind.

However, outside counsel for the receiving party shall be permitted to request that the producing party make a reasonable number of printouts of the source code material, which shall presumptively be not more than a total of six hundred (600) pages and not more than fifty (50) pages of continuous lines of code, unless good cause is shown or there is agreement by the parties. The producing party shall provide up to three (3) copies of the requested printouts to outside counsel for the receiving party within three (3) business days of outside counsel for the receiving party sending the request.  Any such printouts and copies – and any notes or work product derived from such printouts and copies – shall be designated "Attorneys' Eyes Only – Source Code."

Copies are to be requested only as reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but not for the purposes of reviewing the Source Code in lieu of the inspection above.

The receiving party shall maintain all paper printouts and copies of any printouts of the source code in a secured, locked room or filing cabinet at (a) the offices of the receiving party's outside counsel, (b) the offices of the two outside experts the receiving party has designated to access the source code, (c) the site where any deposition is taken, (d) the Court, or (e) any intermediate location necessary to transport the printouts and copies to a hearing, trial, or deposition; and shall be returned to the secured, locked room or filing cabinet at the conclusion of each business day.

Absent further agreement, all printouts and copies of the source code shall be destroyed after completion of the litigation or the producing party's exit from the litigation, whichever occurs first.

6

f.      *Notes*.  Receiving persons may take notes in paper firm or in a separately encrypted and/or password protected file, folder, or container on the secured computer but may not re-type or copy source code into such notes. Such notes are protected from disclosure to the producing party and its representatives under attorney-client privilege, work product doctrine, and any other applicable privileges or immunities.

g.      *Password Security*.  The producing party shall endeavor to redact passwords and database/storage access codes found in the source code, as these would enable access to live files and databases. To the extent there are any remnant unredacted passwords, the receiving party agrees that its outside experts and outside counsel will not record or use such passwords, or seek to gain access to any of the producing party's systems.

### 5.      Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

### 6.      Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code." The designation should be made in a fashion or form that is conspicuous yet allows the Classified Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

### 7.      Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control.  All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript.  The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**8.      Disclosure to Qualified Persons**

a.      *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During This Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**9.      Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**10.      Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" by the producing party.

8

## 11.    Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

## 12.    Challenging the Designation

a.    *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 21 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless the court enters an order preserving the designation.

## 13.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Classified Information at a hearing or trial and the status of Classified Information resulting from any such use will be determined by the court.

## 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

## 15.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

## 16.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

## 17.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

## 18.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

10

19.    **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation.

20.    **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this 11th day of March, 2025.

_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE


**[AGREEMENT OF PARTIES ON FOLLOWING PAGE]**

11

**AGREED TO BY:**

By: */s/ Eli B. Richlin*
Eli B. Richlin
New York State Bar No. 4861357
(Admitted *Pro Hac Vice*)
erichlin@wsgr.com
**WILSON SONSINI GOODRICH &
ROSATI, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800

Joshua A. Baskin
California State Bar No. 294971
(Admitted *Pro Hac Vice*)
jbaskin@wsgr.com
Chloe Delehanty
California State Bar No. 333412
(Admitted *Pro Hac Vice*)
cdelehanty@wsgr.com
**WILSON SONSINI, GOODRICH &
ROSATI, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar. No. 24007738
tom@nesbittlegal.com
**NESBITT LEGAL PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562
Fax: (512) 617-5563

*Attorneys for Defendant and Counterclaim-
Plaintiff Kooapps Inc., and Defendants
Jonathan Chang and Chun-Kai Wang*

By: */s/ Matthew E. Vandenberg*
Lee Yeakel
lyeakel@kslaw.com
Matthew E. Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe
(Admitted *Pro Hac Vice*)
rblythe@kslaw.com
Charles Spalding
(Admitted *Pro Hac Vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Britton F. Davis
(Admitted *Pro Hac Vice*)
bfdavis@kslaw.com
Roy Falik
(Admitted *Pro Hac Vice*)
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St., Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

Christopher C. Campbell
(Admitted *Pro Hac Vice*)
ccampbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

*Attorneys for Plaintiff and Counterclaim-
Defendant Lowtech Studios, LLC, and
Counterclaim-Defendant Steven Howse*