**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | ) | CASE NO.:  1:23-cv-1437-DAE |
| Plaintiff, | ) | |
| v. | ) | |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) | |
| Defendants. | ) | |

| | |
|---|---|
| KOOAPPS INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| LOWTECH STUDIOS, LLC and STEVEN HOWSE, | ) |
| Counterclaim-Defendants. | ) |

**LOWTECH STUDIOS, LLC'S AND STEVEN HOWSE'S**
**<u>RULE 12(B)(6) PARTIAL MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS</u>**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   NATURE AND STAGE OF THE PROCEEDINGS .............................................. 1

III.  LEGAL STANDARD ................................................................................................ 2

IV.   ARGUMENT AND AUTHORITIES ...................................................................... 3

    A.    Kooapps Fails to Allege Lowtech or Howse Made Statements in a Commercial
    Advertisement or Promotion. ............................................................................... 3

    B.    Kooapps Fails to Allege Lowtech or Howse Has Tortiously Interfered With Prospective
    Business Relations. ............................................................................................... 6

        1.    Kooapps Fails to Plausibly Allege That There Was A Reasonable Probability That It
        Would Have Entered Into A Business Relationship With A Third Party. ............................ 7

        2.    Kooapps Fails to Plausibly Plead That It Has Suffered Actual Loss And That Howse's
        Alleged Tortious Interference Proximately Caused That Loss. .............................................. 9

    C.    Kooapps Fails to Allege Violation of Wash. Rev. Code Ann. § 19.86.020 Because There
    Are No Public Impacts Resulting from Any Alleged Unfair Acts by Lowtech or Howse. ....... 10

    D.    The Court Should Strike Kooapps' Allegations Regarding  Statements About Other Third
    Parties. ................................................................................................................. 11

    E.    Kooapps Fails to Plausibly Allege That Lowtech is Liable for Howse's Alleged
    Intentional Torts. ................................................................................................. 12

V.    CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfasigma USA, Inc. v. First Databank, Inc.*,
  398 F. Supp. 3d 578 (N.D. Cal. 2019) .......................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................2

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*,
  2016 WL 8648927 (S.D. Tex. Mar. 29, 2016), *modified on other grounds*,
  2017 WL 1177966 (S.D. Tex. Mar. 29, 2017).......................................................8, 9

*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) .......................................................................................2

*Bolger v. Youngs Drug Prods. Corp.*,
  463 U.S. 60, 103 S. Ct. 2875, 77 L. Ed. 2d 469 (1983)........................................3, 4

*Boltex Mfg. Co., L.P. v. Galperti, Inc.*,
  827 F. App'x 401 (5th Cir. 2020) ...............................................................................5

*Career Agents Network, Inc. v. careeragentsnetwork.biz*,
  No. 09-CV-12269-DT, 2010 WL 743053 (E.D. Mich. Feb. 26, 2010) ....................4

*Coinmach Corp. v. Aspenwood Apartment Corp.*,
  417 S.W.3d 909 (Tex. 2013).......................................................................................7

*Corrosion Prevention Techs. LLC v. Hatle*,
  2020 WL 6202690 (S.D. Tex. Oct. 22, 2020).............................................................7

*CPC Int'l, Inc. v. Skippy Inc.*,
  214 F.3d 456 (4th Cir. 2000) .....................................................................................4

*Doe v. Apostolic Assembly of Faith in Christ Jesus*,
  452 F. Supp. 3d 503 (W.D. Tex. 2020)......................................................................13

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) .....................................................................................2

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
  859 F. Supp. 1521 (S.D.N.Y. 1994)...........................................................................3

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn.2d 778, 719 P.2d 531 (1986) .......................................................................10

*Hennessey v. Pendrick Cap. Partners LLC*,
    2025 WL 671861 (W.D. Wash. Mar. 3, 2025) ........................................................10

*Indus. Indem. Co. of the Nw., Inc. v. Kallevig*,
    114 Wn.2d 907, 792 P.2d 520 (1990) .......................................................................10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ....................................................................................................12

*Mansfield v. C.F. Bent Tree Apt. L.P.*,
    37 S.W.3d 145 (Tex. App. 2001) ..............................................................................13

*Michael v. Mosquera-Lacy*,
    165 Wn.2d 595 (2009) ...............................................................................................10

*Minyard Food Stores, Inc. v. Goodman*,
    80 S.W.3d 573 (Tex. 2002) ........................................................................................13

*Nat'l Prods., Inc. v. Gamber-Johnson LLC*,
    699 F. Supp. 2d 1232 (W.D. Wash. 2010) ...............................................................10

*Nw. Prod. Design Grp., LLC v. Homax Prods., Inc.*,
    174 Wash. App. 1002 (2013) ....................................................................................10

*Procter & Gamble Co. v. Amway Corp.*,
    242 F.3d 539 (5th Cir. 2001) .......................................................................................3

*Pureshield, Inc. v. Allied Bioscience, Inc.*,
    2021 WL 4492861 (E.D. Tex. Sept. 30, 2021) ..........................................................8

*Sectra Commc'ns AB v. Absolute Software, Inc.*,
    2024 WL 83944 (W.D. Wash. Jan. 8, 2024) ............................................................11

*Seven-Up Co. v. Coca-Cola Co.*,
    86 F.3d 1379 (5th Cir. 1996) ..................................................................................3, 5

*Shippitsa Ltd. v. Slack*,
    2019 WL 3304890 (N.D. Tex. July 23, 2019) ...........................................................7

*Siver v. CitiMortgage, Inc.*,
    830 F. Supp. 2d 1194 (W.D. Wash. 2011)...........................................................10, 11

*State Farm Mut. Auto. Ins. Co. v. Misra*,
    2024 WL 289032 (W.D. Tex. Jan. 25, 2024) ........................................................7, 8

*Stone v. FINRA*,
    694 F. Supp. 3d 774 (E.D. Tex. 2023) ..................................................................8

*Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*,
    No. 3:18-CV-0587-N, 2019 WL 4860959 (N.D. Tex. Oct. 2, 2019) ........................9

*Tchr. Ret. Sys. of Texas v. Reilly Mortg. Grp., Inc.*,
    154 F.R.D. 156 (W.D. Tex. 1994) ......................................................................11

*United Biologics, L.L.C. v. Allergy & Asthma Network*,
    819 F. App'x. 204 (5th Cir. 2020) .......................................................................6

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
    2024 WL 4917856 (W.D. Tex. Oct. 1, 2024) ......................................................12

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*,
    425 U.S. 748 (1976) ...........................................................................................3

*Wrenn v. G.A.TX Logistics, Inc.*,
    73 S.W.3d 489 (Tex. App. 2002) .......................................................................13

**Statutes**

15 U.S.C. § 1125(a)(l)(B) ...........................................................................................3

Lanham Act ..............................................................................................................6

Wash. Rev. Code Ann. § 19.86.020 ......................................................................1, 10

Washington Consumer Protection Act .............................................................1, 2, 10, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................... *passim*

## I.    INTRODUCTION

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Counterclaim-Defendants Lowtech Studios, LLC ("Lowtech") and Steven Howse ("Howse") respectfully move to dismiss Counts I (False Advertising), IV (Tortious Interference), and V (Wash. Rev. Code) of the Counterclaims filed by Counterclaim-Plaintiff Kooapps Inc. ("Kooapps") against both Counterclaim-Defendants, and further seek to dismiss all Counts against Lowtech.

Kooapps' false advertising claim fails because it does not adequately allege that Lowtech or Howse made statements in "commercial advertisement or promotion." The allegations of tortious interference are similarly lacking, as they do not demonstrate a reasonable probability that Kooapps would have entered into business relationships with third parties but for Howse's alleged conduct. Additionally, Kooapps does not plausibly allege that it suffered actual damages from the alleged tortious interference. Kooapps also fails to allege any public impact resulting from Howse's conduct that would constitute a violation of the Washington Consumer Protection Act ("CPA"). Furthermore, Kooapps' allegations concerning Howse's purported statements about unrelated third-party games and platforms should be struck for lack of standing and immateriality. Finally, Kooapps' deficient pleadings do not meet the standard necessary to hold Lowtech liable for Howse's alleged intentional torts. Therefore, Counts I, IV, and V of the Counterclaims should be dismissed, and all Counts should be dismissed against Lowtech.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

This case is about Defendant Kooapps' and its corporate officers Defendant Jonathan Chang's and Defendant Chun-Kai Wang's infringement of Lowtech's intellectual property for its successful and popular game, Slither.io, as well as Kooapps' false advertising regarding its competing game, Snake.io. Dkt. 1. On November 22, 2023, Lowtech filed its Original Complaint against Kooapps alleging trademark infringement, false designation of origin, unfair competition,

false advertising, and fraudulent registration. Dkt. 1. On October 29, 2024, Lowtech filed its Amended Complaint adding Defendants Jonathan Chang and Chun-Kai Wang, as well as counts for cancelation of a trademark registration, trademark dilution, unjust enrichment, and various other amendments. Dkt. 46. On February 19, 2025, Kooapps filed counterclaims against Lowtech and Howse alleging false advertising, defamation, business disparagement, tortious interference, and violation of the Washington CPA. Dkt. 73 at 15-38. The parties stipulated that the deadline for Lowtech and Howse to respond to Kooapps' counterclaims would be March 26, 2025. Dkt. 79.

## III.    LEGAL STANDARD

When addressing a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts generally accept as true *well-pleaded* facts and construe the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). But courts do not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (internal quotations omitted). While detailed factual allegations are not required, the plaintiff's obligation to provide fair notice of what the claim is and the grounds upon which it rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## IV.     ARGUMENT AND AUTHORITIES

### A.     Kooapps Fails to Allege Lowtech or Howse Made Statements in a Commercial Advertisement or Promotion.

Kooapps' False Advertising claim (Counterclaim I) fails because it does not adequately allege that Lowtech or Howse made statements in a "commercial advertisement or promotion," an essential element of 15 U.S.C. § 1125(a)(l)(B). For representations to constitute "commercial advertising or promotion," they must be: (1) commercial speech (2) by a defendant who is in commercial competition with plaintiff (3) for the purpose of influencing consumers to buy defendant's goods or services and (4) disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Seven-Up Co. v. Coca-Cola Co*., 86 F.3d 1379, 1385 (5th Cir. 1996) (citing *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994)); *see also Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 590 (N.D. Cal. 2019) ("because [plaintiff] has not alleged that these representations were for the purpose of influencing consumers to purchase [defendant's] products, the false advertising causes of action must be dismissed").

The statements that Kooapps alleges form the basis for its False Advertising claim are four posts under the screen name "Hypah" that Kooapps implies were made to a Discord server "dedicated to discussions about Slither.io." Dkt. 73 ¶¶32, 34-43, 66-70 (addressing the "Multiplayer Statements"). Kooapps fails to allege that the Multiplayer Statements constitute commercial speech, were made for the purpose of influencing consumers to purchase goods or services from Lowtech, or were disseminated sufficiently to the relevant purchasing public.

*The Multiplayer Statements Are Not Commercial Speech*. "Commercial speech has been defined, at its core, as speech that merely proposes a commercial transaction." *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 549 (5th Cir. 2001), citing *Virginia State Bd. of Pharmacy v.*

*Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 762 (1976); *see also Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 64, 103 S. Ct. 2875, 2879, 77 L. Ed. 2d 469 (1983) ("our decisions have recognized the 'commonsense' distinction between speech proposing a commercial transaction, which occurs in an area traditionally subject to government regulation, and other varieties of speech") (quotation omitted). Simply referring to another product is not sufficient to render a statement commercial speech. *See, e.g., Bolger*, 463 U.S. at 66 ("the reference to a specific product does not by itself render the pamphlets commercial speech"); *CPC Int'l, Inc. v. Skippy Inc.*, 214 F.3d 456, 462 (4th Cir. 2000) ("just because speech is critical of a corporation and its business practices is not a sufficient reason to enjoin the speech"); *Career Agents Network, Inc. v. careeragentsnetwork.biz*, No. 09-CV-12269-DT, 2010 WL 743053, at *11 (E.D. Mich. Feb. 26, 2010) ("Merely because Defendants' use of the Plaintiff's alleged mark excoriated certain commercial practices does not mean that Defendants' use of the Domain Names was in turn 'commercial.'").

Here, none of the Multiplayer Statements propose a commercial transaction with Lowtech. Although the Multiplayer Statements are critical of Kooapps' claims of multiplayer functionality and use of the Slither.io logo, the Multiplayer Statements do not tie those criticisms to promoting downloads of Lowtech's Slither.io game. *See, e.g.*, *CPC Int'l*, 214 F.3d at 462–63 ("[T]he speech on the…web site did not propose a commercial transaction. The web site simply tells one woman's story about her family and recounts her view of CPC's actions and the legal events surrounding the trademark [at issue]."). Thus, Kooapps fails to plead that any of the Multiplayer Statements amount to commercial speech.

*The Multiplayer Statements Do Not Promote Lowtech Products*. For the same reasons addressed immediately above, the Multiplayer Statements do not promote Lowtech Products. None

of the Multiplayer Statements include an invitation to try Slither.io or link to where consumers could download Slither.io. Indeed, the Multiplayer Statements appear under the user name "Hypah," which Kooapps alleges was an "anonymous account name[]." Dkt. 73 ¶30.

*The Multiplayer Statements Are Not Disseminated Sufficiently To The Relevant Purchasing Public*. "[T]he required level of circulation and the relevant 'consuming' or 'purchasing' public addressed by the dissemination of false information will vary according to the specifics of the industry." *Seven-Up*, 86 F.3d at 1385. The Fifth Circuit has held that while a statement made to a small number of customers may be a commercial advertisement if the number of potential customers is small, *Seven-Up*, 86 F.3d at 1386-87 (communication published to 11 of 74 possible customers, or 15%), statements made to a smaller percentage of consumers in a larger market are not a commercial advertisement (communications published to 2 of 81 possible customers, or 2%). *See Boltex Mfg. Co., L.P. v. Galperti, Inc.,* 827 F. App'x 401, 406 n. 2 (5th Cir. 2020).

In its Counterclaims, Kooapps fails to plead the Multiplayer Statements' "level of circulation and the relevant 'consuming' or 'purchasing' public." *Seven-Up Co.*, 86 F.3d at 1385. Kooapps alleges that since "2019, the Snake.io Game has been downloaded over 600 million times." Dkt. 73 ¶ 17. Kooapps' allegations therefore suggest that the relevant consuming public numbers in the hundreds of millions. In contrast, Kooapps does not state the number of consumers to which the alleged statements were made in comparison to the hundreds of millions of consumers in the marketplace. At most, Kooapps alleges that the Discord p*latform* includes "19 million weekly active servers across the globe," of which the server dedicated to Slither.io is *one*. Kooapps does not allege how many people participate in the Slither.io server on Discord, the channels within the Slither.io server in which the Multiplayer Statements appeared (or how many people participate in those channels), or how many people interacted with the Multiplayer Statements. The one post

of the Multiplayer Statements that shows any interactions at all indicates at most three interactions (some of which may be from the same person). Dkt. 73, ¶41. Kooapps' allegation that the Multiplayer Statements "deceived or had the capacity to deceive a substantial segment of potential consumers" is a conclusory and formulaic allegation that is devoid of any specific facts regarding the dissemination of those statements. Dkt. 73 ¶ 68.

Kooapps' allegations that the Multiplayer Statements appeared in a single Discord server and received, at most, three total interactions within a market that consists of hundreds of millions potential consumers is not sufficient to be considered "commercial advertising or promotion" for purposes of a Lanham Act claim.

In sum, Kooapps fails to allege that the Multiplayer Statements constitute commercial speech, were made for the purpose of influencing consumers to purchase goods or services from Lowtech, or were disseminated sufficiently to the relevant purchasing public. Any one of these deficiencies is alone sufficient to dismiss Kooapps' false advertising claim.

### B.    Kooapps Fails to Allege Lowtech or Howse Has Tortiously Interfered With Prospective Business Relations.

Count IV of the Counterclaims purports to assert a claim for Texas common law tortious interference with prospective business relations. A claim for tortious interference with prospective business relations is "even more difficult to prove than tortious interference with contract." *United Biologics, L.L.C. v. Allergy & Asthma Network*, 819 F. App'x. 204, 211 (5th Cir. 2020).

To sufficiently plead a claim for tortious interference with prospective business relations, a plaintiff must plausibly allege that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party, (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct, (3) the defendant's conduct was

independently tortious or unlawful, (4) the interference proximately caused the plaintiff injury, and (5) the plaintiff suffered actual damage or loss as a result. *State Farm Mut. Auto. Ins. Co. v. Misra*, 2024 WL 289032, at *4 (W.D. Tex. Jan. 25, 2024) (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)).

As discussed below, Kooapps' tortious interference claim fails because it has not plausibly alleged that there was a reasonable probability that Kooapps would have entered into a business relationship with a third party or that Kooapps has suffered actual damage or loss.

### 1. Kooapps Fails to Plausibly Allege That There Was A Reasonable Probability That It Would Have Entered Into A Business Relationship With A Third Party.

For tortious interference claims, federal courts in Texas "have found that the element of 'reasonable probability' of a business relationship was sufficiently alleged when the plaintiff can describe the *specifics of a proposed agreement* that never came to fruition." *Corrosion Prevention Techs. LLC v. Hatle*, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020)(emphasis added); *see, e.g.*, *Shippitsa Ltd. v. Slack*, 2019 WL 3304890, at *13 (N.D. Tex. July 23, 2019) (finding element satisfied where plaintiff alleged that "*specific* consumers" "clicked on an advertisement for [plaintiff's products] on an affiliate website and were then redirected to one of [defendant's] websites") (emphasis in original).

In contrast, Kooapps only makes one threadbare allegation that "[a]s a gaming studio, there was a reasonable probability that Kooapps would enter into relationships with third party consumers to sell its gaming products" were it not for Howse's alleged actions. Dkt. 73 ¶ 82. Such a conclusory allegation, which fails to provide specifics of any proposed agreement that ever came to fruition, does not meet the plausible pleading standards required in federal court. *Corrosion Prevention*, 2020 WL 6202690, at *4 (dismissing claim because the claimants "have not alleged any facts showing what business relationship they expected to have with the listed businesses or

pointed to a specific contract they allegedly lost because of [an alleged tortfeasor's] actions"); *Stone v. FINRA*, 694 F. Supp. 3d 774, 790 (E.D. Tex. 2023) (dismissing claim because "Plaintiff does not point to any future contract to arbitrate that was interfered with by FINRA acting as a third party. . . [allegations that alleged tortfeasor's action] may lead to possibly fewer selections as an arbitrator, is insufficient to plead the reasonable probability element"); *State Farm Mut. Auto. Ins. Co.*, 2024 WL 289032, at *5 ("[I]dentifying specific types of business relationships is not the same as identifying specific clients with which they would have done business. Accordingly, Defendants' amended counterclaim fails to state a plausible claim for tortious interference with prospective business relations.").

Kooapps' speculative and conclusory allegation is nearly identical to the allegations that have been found insufficient by other district courts in Texas:

| Dkt. 73 ¶ 82 | "As a gaming studio, there was a reasonable probability that Kooapps would enter into relationships with third party consumers to sell its gaming products, including the Snake.io Game." |
|---|---|
| *Pureshield* case | "There was a reasonable probability that Plaintiffs would have entered into a business relationship with third parties, including customers or business partners." |
| *BHL Boresight* case | "The GSSI Counter–Plaintiffs had a reasonable probability of entering into a business relationship with a third party." |

In *Pureshield*, the court found that the plaintiff failed to sufficiently plead the "reasonable probability" element because the plaintiff did not "describe the specifics of a proposed agreement that never came to fruition." *Pureshield, Inc. v. Allied Bioscience, Inc.*, 2021 WL 4492861, at *3 (E.D. Tex. Sept. 30, 2021). Likewise, this Court should find Kooapps' "vague contention that [it] may have entered into a business relationship with unnamed 'customers or business partners' . . . is insufficient to meet the reasonable-probability element." *Id.* at *4.

Similarly, in *BHL Boresight*, the court found that the failure to "name what third parties or contracts [counter-plaintiff] refers to, prevent[s] the Court from inferring that there was a reasonable probability that GSSI would have entered into a business relationship with a third party [and i]ts claim is subject to dismissal on this ground." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, 2016 WL 8648927, at *11 (S.D. Tex. Mar. 29, 2016), *modified on other grounds*, 2017 WL 1177966 (S.D. Tex. Mar. 29, 2017). Similarly, here Kooapps' bare assertion regarding this element is devoid of facts and fatal to its tortious interference claim.

### 2. Kooapps Fails to Plausibly Plead That It Has Suffered Actual Loss And That Howse's Alleged Tortious Interference Proximately Caused That Loss.

To sufficiently plead actual damages or loss proximately caused by tortious interference, a claim must state more than simply that Plaintiffs were "harmed, resulting in actual damages and the loss of prospective contracts." *BHL Boresight*, 2016 WL 8648927, at *12; *see also, e.g.*, *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, No. 3:18-CV-0587-N, 2019 WL 4860959, at *2 (N.D. Tex. Oct. 2, 2019) (finding that "while Skyline claims it has 'actual damages,' it alleges no well-pleaded facts to support that statement").

Here, Kooapps merely alleges that "Multiplayer Statements and the Smear Campaign Statements proximately caused Kooapps injury and Kooapps did suffer damages in the form of lost sales as a result." Dkt. 73 ¶ 84. Kooapps admits that "[t]he Snake.io Game is generally free to download on mobile app stores." Dkt. 73 ¶ 12. Counterclaim-Defendants are therefore left guessing what contracts "with third party consumers to sell its gaming products" were allegedly interfered with, and what alleged lost sales did not materialize as a result. Dkt. 73 ¶ 82.

Kooapps' allegations merely recite the claim elements without providing factual support regarding whether Kooapps' "lost sales" stem from any specific business relationship that Lowtech or Howse allegedly interfered with. *See BHL Boresight*, 2016 WL 8648927, at *12 (finding that

without clear allegations of "the prospective relationship(s) interfered with" and "damages sustained," the court could not "reasonably infer proximate causation"). As a result, Kooapps has not met the pleading requirement to plausibly allege actual damages that were proximately caused by any alleged conduct of the Counterclaim-Defendants.

### C. Kooapps Fails to Allege Violation of Wash. Rev. Code Ann. § 19.86.020 Because There Are No Public Impacts Resulting from Any Alleged Unfair Acts by Lowtech or Howse.

To bring a Washington CPA claim, Kooapps "must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act." *Hennessey v. Pendrick Cap. Partners LLC*, 2025 WL 671861, at *4 (W.D. Wash. Mar. 3, 2025) (citing *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 114 Wn.2d 907, 920-21, 792 P.2d 520 (1990)). In particular, "Washington law requires some nexus between the competitive damage and a potential public harm." *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, 699 F. Supp. 2d 1232, 1242 (W.D. Wash. 2010).

Kooapps' "failure to establish [the public harm element] is fatal to a CPA claim." *Nw. Prod. Design Grp., LLC v. Homax Prods., Inc*., 174 Wash. App. 1002, *5 (2013) (granting motion to dismiss CPA claim for failure to establish public impact) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986)); *see also Siver v. CitiMortgage, Inc.,* 830 F. Supp. 2d 1194, 1201 (W.D. Wash. 2011) (dismissing CPA claim where plaintiffs failed to allege public impact or injury). "The purpose of the CPA is to 'protect the public.'" *Nw. Prod. Design Grp.*, 174 Wash. App. 1002 at *5 (quoting *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604 (2009); RCW 19.86.920). Therefore, in CPA claims "[w]here a dispute is essentially private, 'it may be more difficult to show that the public has an interest in the subject matter.'" *Id*. (quoting *Hangman Ridge*, 105 Wash. 2d at 790).

Kooapps fails to plead any impact on the public interest resulting from an allegedly unfair or deceptive act by Counterclaim-Defendants. Kooapps' vague statements that Howse's acts "had a public interest impact by negatively impacting an open marketplace for video games, by providing false information to consumers, and by infecting social media with false statements, among other public interest impacts," Dkt. 73 ¶ 82, are precisely the kinds of "speculative allegations, without factual basis … that are insufficient to continue a lawsuit in response to a motion to dismiss." *Siver,* 830 F. Supp. 2d at 1201.

Therefore, Kooapps' conclusory allegation regarding public interest should be rejected as it fails to demonstrate how Howse's alleged conduct would harm other members of the public in the same manner that Kooapps claims to have been harmed. *See Sectra Commc'ns AB v. Absolute Software, Inc.*, 2024 WL 83944, at *6 (W.D. Wash. Jan. 8, 2024) (dismissing CPA allegation that "Defendants' statements were 'unfair, deceptive, and had the capacity to deceive a substantial portion of the relevant public… [because it is] lacking in facts that show how other members of the public could be injured in the same fashion").

### D.    The Court Should Strike Kooapps' Allegations Regarding Statements About Other Third Parties.

In addition to Kooapps' deficient pleadings regarding alleged statements made about Snake.io, Kooapps' counterclaims include allegations that "Howse has also taken to Discord to disparage other '.io' games and the platforms on which they are sold." Dkt. 73 ¶ 57-61. Kooapps then incorporates these allegations into each count of its counterclaims. Dkt. 73 ¶¶66, 71, 77, 81, 85. The Court should strike these statements based on Kooapps' lack of standing to pursue claims based on purported statements about third parties.

Counterclaim-Defendants can "rightfully raise[]…lack of standing or capacity in a 12(b)(6) motion. A challenge to standing or capacity to sue can, in many cases, be determined from the face

of the pleadings and therefore falls within the ambit of a Rule 12(b)(6) motion." *Tchr. Ret. Sys. of Texas v. Reilly Mortg. Grp., Inc.*, 154 F.R.D. 156, 158 (W.D. Tex. 1994). For Kooapps to establish standing to sue for Howse's alleged statements regarding third parties, Kooapps must show "that it suffered an injury in fact that is concrete, particularized, and actual or imminent." *Verna IP Holdings, LLC v. Alert Media, Inc.*, 2024 WL 4917856, at *2 (W.D. Tex. Oct. 1, 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992)). Kooapps has not done so here. There is no plausible scenario in which Kooapps could have suffered any injury from statements made regarding "***other*** '.io' games and…platforms." Dkt. 73, ¶ 57 (emphasis added).  Accordingly, Paragraphs 57-61 of the Counterclaims should be struck and held not to form the basis for any count of Kooapps' counterclaims.

### E.    Kooapps Fails to Plausibly Allege That Lowtech is Liable for Howse's Alleged Intentional Torts.

Although Kooapps purports to "seek [a] remedy for the significant damages caused by Lowtech and Howse's misconduct," there is not a single paragraph in Kooapps' counterclaims that alleges any misconduct committed by Lowtech. *See generally,* Dkt. 73. On the contrary, the counterclaims allege that the statements at issue were made using "anonymous account names." Dkt. 73 ¶30.  Kooapps seeks to hold Lowtech liable for the purported intentional torts of Howse based on the following allegation: "Howse is Lowtech's principal and agent, and Howse's actions and statements as directed towards Kooapps and the Snake.io Game as addressed in these Counterclaims are attributable to Lowtech because they were made in the course of his duties to Lowtech, relate to a Lowtech competitor, and were made with the purpose of benefiting Lowtech." Dkt. 73, ¶ 18. This single conclusory sentence is insufficient to meet the required pleading standards necessary to hold Lowtech liable for Howse's alleged intentional torts.

In Texas, "[t]he general rule is that an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

To hold Lowtech liable for the acts of Howse, Kooapps must allege: (1) it was injured as the result of a tort; (2) Howse was an employee of Lowtech; and (3) the tort was committed while Howse was acting within the scope of employment. *Mansfield v. C.F. Bent Tree Apt. L.P.*, 37 S.W.3d 145, 149 (Tex. App. 2001). "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Minyard Food Stores*, 80 S.W.3d at 577. "[I]n the defamation context, establishing that an employee was acting in the course and scope of his employment… requires evidence that the employee's statements were made in furtherance of the employer's business, and for the accomplishment of the objective for which the employee was employed." *Id*. 578.

Accordingly, as acknowledged by other courts in this district, "this standard often precludes vicarious liability for an employee's intentional torts 'because such acts are not ordinarily within the course and scope of an employee's authority or employment.'" *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 518 (W.D. Tex. 2020) (citing *Wrenn v. G.A.TX Logistics, Inc*., 73 S.W.3d 489, 494 (Tex. App. 2002)).

Kooapps has failed to allege any facts that establish any of the required elements to hold Lowtech liable for Howse's alleged conducts. Kooapps simply pled one single conclusory sentence that Howse's alleged intentional torts were made in the course of his duties to Lowtech. Dkt. 73, ¶ 18. This one-sentence allegation does not provide any factual basis for reaching the conclusion

13

that Lowtech is liable for the alleged intentional torts of Howse. Therefore, the Court should dismiss the entirety of the Counterclaims against Lowtech.

## V.    CONCLUSION

For the reasons set forth in this Motion, Counterclaim-Defendants respectfully request that the Court dismiss Counts I, IV, and V of Kooapps' Counterclaims under Rule 12(b)(6) as failing to state a claim upon which relief can be granted. Counterclaim-Defendants also respectfully request that the Court dismiss Kooapps' Counterclaims in its entirety against Lowtech.

Date:  March 26, 2025                                Respectfully submitted,

By: /s/ *Russell E. Blythe*
Lee Yeakel
lyeakel@kslaw.com
Matthew E. Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe (*pro hac vice*)
rblythe@kslaw.com
Charles Spalding (*pro hac vice*)
cspalding@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Britton F. Davis (*pro hac vice*)
bfdavis@kslaw.com
Roy Falik (*pro hac vice*)
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St., Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

Christopher C. Campbell
ccampbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

**ATTORNEYS FOR PLAINTIFF
LOWTECH STUDIOS, LLC**

15

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on the attorneys of record by delivering a true and correct copy on March 26, 2025, as follows:

**Via electronic mail to:**

Joshua A. Baskin *(pro hac vice)*
jbaskin@wsgr.com
Chloe Delehanty (*pro hac vice*)
cdelehanty@wsgr.com
Ana Alicia Sontag (*pro hac vice*)
asontag@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, PC**
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105-1126

Eli B. Richlin *(pro hac vice)*
erichlin@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, PC**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022

Thomas A. Nesbitt
State Bar. No. 24007738
tnesbitt@dnaustin.com
**DESHAZO & NESBITT, L.L.P.**
809 West Avenue
Austin, Texas 78701

***Counsel for Defendants***

By: /s/ *Russell E. Blythe*
    Russell E. Blythe