**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KOOAPPS LLC, JONATHAN CHANG, and )<br>CHUN-KAI WANG, )<br>)<br>Defendants. )<br>_____ )<br>)<br>KOOAPPS INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>v. )<br>)<br>LOWTECH STUDIOS, LLC and STEVEN )<br>HOWSE, )<br>)<br>Counterclaim-Defendants. )<br>_____ ) | CASE NO.: 1:23-cv-1437-DAE |

**KOOAPPS INC.'S MOTION TO COMPEL PRODUCTION OF STEVEN HOWSE'S COMMUNICATIONS ON THE DISCORD SOCIAL MEDIA PLATFORM**

**TABLE OF CONTENTS**

Page

I. IINTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ........................................................................................................................ 6

    A. Lowtech Should be Compelled to Produce any Remaining Discord Communications ........................................................................................................ 6

IV. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Andra Grp., LP v. JDA Software Grp., Inc.*,
   312 F.R.D. 444 (N.D. Tex. 2015) ............................................................................................8

*Hobbs v. Petroplex Pipe & Constr., Inc.*,
   2018 WL 3603074 (W.D. Tex. Jan. 29, 2018) ........................................................................7

*Intell. Ventures II, LLC v. AT&T Corp.*,
   2017 WL 11679622 (W.D. Tex. Feb. 14, 2017) .....................................................................7

*Moerbe v. Adcock*, 2021 WL 8694107
   (W.D. Tex. Apr. 30, 2021) ......................................................................................................7

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ................................................................................................................7

*Trigg v.* Merida, 2019 WL 13193350
   (W.D. Tex. Mar. 13, 2019) .....................................................................................................7

### RULES

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................7

Fed R. Civ. P. 37(a)(3)(B) ..............................................................................................................7

Defendant and Counterclaim-Plaintiff Kooapps Inc., f/k/a Kooapps LLC ("Kooapps") brings this motion pursuant to Federal Rule of Civil Procedure 37(a) to compel Plaintiff and Counterclaim-Defendant Lowtech Studios LLC ("Lowtech") to produce the communications its principal, Counterclaim-Defendant Steven Howse ("Howse"), engaged in on the Discord social media platform.

## I.     INTRODUCTION

Howse's communications on the Discord platform dating back to May 2023 have emerged as a central source of evidence relevant to both Lowtech's Claims and Kooapps' Counterclaims, but for months Lowtech and Howse have endeavored to conceal these communications and shield them from discovery.  Howse engaged in these communications under cover of pseudonym and did not confirm that he was responsible for the communications until the end of January 2025.  For its part, Lowtech stonewalled production requests for months, and when it finally made a belated production, produced a paltry 117 documents, a fraction of Howse's communications on the platform and with formatting deficiencies that obstruct Kooapps' ability to review and understand the communications.  Lowtech further asserted that it had not identified any relevant private Discord communications that pre-date September 2024—which beggars belief given the frequency and scale of Howse's communications on the platform overall—while admitting that Howse had deleted communications from the Discord platform, and that Lowtech and Howse had not engaged in timely efforts to preserve any of the Discord communications.

To be sure, Lowtech and Howse's conduct appears to merit sanctions pursuant to Rule 37(e), and Kooapps reserves all rights to seek such relief at an appropriate stage of this litigation. In the meantime, Kooapps respectfully requests that the Court order Lowtech to (i) produce all of Howse's relevant private Discord communications that pre-date September 2024 (or otherwise); (ii) produce all of Howse's relevant public communications on the Discord platform; (iii) produce

1

all such communications (including those previously produced) in a format that displays and includes metadata for the date, author, participants, and other fields required by the parties' stipulated ESI protocol to each communication; and (iv) provide a sworn declaration regarding Howse's Discord communications, including preservation efforts and document destruction.

## II.     BACKGROUND

Lowtech initiated this action by filing its Complaint against Kooapps on November 22, 2023.  Dkt. No. 1.  Discovery began in mid-2024, and on May 3, 2024, Kooapps served initial requests for production.  Declaration of Chloe Delehanty ("Delehanty Decl.") ¶ 2, Ex. 1.  Notably, those requests expressly called for the production of documents, which included "electronic mail and messaging, text messages, instant messages, [and] social media[.]"  *Id.*  The parties subsequently stipulated in December 2024 that they would "substantially" complete document productions by the end of January 2025.  Dkt. No. 57.

Kooapps began to focus its discovery efforts on Howse's communications on the Discord platform in late 2024, after developing a suspicion that Howse had been frequently and routinely posting on the platform about Kooapps, the Snake.io game, and this lawsuit.  Declaration of Jonathan Chang ("Chang Decl.") ¶¶ 2, 3.  Discord is a social media platform that allows users to communicate through voice and video calls, text messaging, and other media.  Counterclaims ¶ 31 (Dkt. No. 73).  Users can communicate privately or publicly in virtual communities called "servers," which are ongoing chat rooms and voice channels dedicated to specific shared interests.  *Id.*  Discord is massively popular among gamers and reports 150 million monthly active users and 19 million weekly active servers across the globe.  *Id.*  Kooapps came to suspect that Howse was using the pseudonymous "Hypah" and "Hypah2" usernames to post about relevant topics in a Discord server dedicated to discussions about Slither.io and found approximately two thousand

public posts on the Discord platform dating back to May 2023 authored by that account. Chang Decl. ¶ 2.

Kooapps lacked confirmation on the identity of the "Hypah" and "Hypah2" account owners, and also lacked visibility into any of Howse's private communications through the Discord platform, and thus sought discovery into those topics. Chang Decl. ¶ 3. On December 30, 2024, Kooapps served Lowtech with its Second Set of Requests for Production and Requests for Admission specifically requesting documents and information pertaining to Howse's purported Discord communications. Delehanty Decl. ¶ 3, Exs. 2-3. The relevant requests for production called for "all communications" posted by Howse on the Discord platform, thus incorporating any relevant communications Howse posted publicly or sent privately on the Discord platform. Delehanty Decl. ¶ 3, Ex. 3. Furthermore, Kooapps' Requests for Admission asked Lowtech to confirm that Howse was operating and posting to the Discord platform from the accounts "Hypah" and "Hypah2"—the accounts that had posted *thousands* of communications on Discord, including many about this lawsuit, Kooapps, and the Snake.io game. Delehanty Decl. ¶ 3, Ex. 2; Chang Decl. ¶ 2.

Lowtech began responding to Kooapps' Discord-related requests in January 2025. First, on January 20, 2025, Lowtech's counsel agreed to investigate "whether there are any private Discord posts that may be relevant to the case" and indicated it would "follow up[.]" Delehanty Decl. ¶ 4, Ex. 4. Subsequently, on January 29, 2025, Lowtech served its responses to Kooapps' December 2024 discovery requests. Delehanty Decl. ¶ 5, Ex. 5. Notably, Lowtech confirmed that Howse was behind the "Hypah" and "Hypah2" accounts and indicated that it was willing to meet and confer regarding the scope of Kooapps' requests. *Id.*

On January 30, 2025, immediately after Kooapps learned the identity of the anonymous

3

Discord user, Kooapps promptly alerted Lowtech of its intention to assert counterclaims against both Lowtech and Howse in an amended Answer, and detailed those claims. Delehanty Decl. ¶ 6, Ex. 6. The proposed counterclaims, which included causes of action for false advertising, defamation, business disparagement, tortious interference with prospective business relations, and unfair competition, largely arose from Howse's Discord posts. *See id.* Further, Kooapps sought Lowtech's consent to amend its pleading. *Id.* Upon Lowtech's request, Kooapps also shared a draft of its Amended Answer and Counterclaims on February 7, 2025. Delehanty Decl. ¶ 7, Ex. 7. Lowtech and Howse subsequently consented to Kooapps receiving leave to amend and assert the Counterclaims. *Id.* The Court granted Kooapps' request on February 18, 2025 (Text Order), and Kooapps filed its Counterclaims on February 19, 2025 (Dkt. No. 73).

Soon after the Amended Answer and Counterclaims were filed, Kooapps discovered that several of Howse's Discord statements, which had been publicly available as recently as weeks earlier, had been deleted from the platform. Chang Decl. ¶ 4. Amongst the deleted Discord posts were those that were referenced verbatim via screenshots in the Amended Answer and Counterclaims. *Id.* Notably, by that point, Lowtech had yet to produce a single Discord communication. Delehanty Decl. ¶ 8.

On February 21, 2025, Kooapps alerted Lowtech and Howse of the potential spoliation issue, noting that several public Discord messages had been deleted and reiterating that Lowtech had still yet to produce a single Discord message. Delehanty Decl. ¶ 9, Ex. 8. Kooapps also requested information regarding Lowtech and Howse's document preservation efforts, and an explanation for the destruction of the messages. *Id.* Specifically, Kooapps requested i) a fulsome explanation for the deletion of the Discord platform messages cited above, including who deleted them, when, and why; ii) confirmation that Lowtech and Howse have preserved every public and

private communication involving Howse on Discord or any other social media platform; iii) the date that Lowtech and Howse preserved such communications; iv) the method that Lowtech and Howse preserved such communications; v) confirmation that Lowtech and Howse have preserved every email communication involving Howse; vi) the date that Lowtech and Howse preserved such communications; vii) the method that Lowtech and Howse preserved such communications; vii) confirmation that Lowtech and Howse have not destroyed any evidence relevant to this case, including private communications. *Id.*

Despite several follow-up requests by Kooapps—and several offers to meet and confer on the issue—Lowtech and Howse ducked Kooapps' questions, and instead sought to push the burden back on *Kooapps* to produce any of Howse's public Discord messages that Kooapps had preserved. Delehanty Decl. ¶ 10, Ex. 9.

On February 26, 2025, Lowtech and Howse responded to Kooapps' February 21 letter and "agreed to produce relevant, private Discord messages that are uniquely in Lowtech's possession, custody, or control" and set an expectation to produce "next week if not sooner." Delehanty Decl. ¶ 10, Ex. 9.

On February 28, 2025, Lowtech made its production, but the contents fell far short of its obligations. Lowtech had produced only 117 Discord documents, all as standalone messages in improper format that did not display the communication date or participants, and lacked the metadata required by the parties' stipulated ESI protocol. Delehanty Decl. ¶ 11. Specifically, the ESI protocol required that the parties provide metadata such as author, from, to, item date/time, native and/or text path, date received, and file path, among other fields. Dkt. No. 56, at 12-13. These required fields, among others, were not populated. Delehanty Decl. ¶ 11, Ex. 10. What limited metadata Lowtech did provide indicated that *all* of the messages post-dated September

5

2024. *Id.*

On March 11, 2025, Kooapps advised Lowtech of the deficiency of this production and the inappropriateness of Lowtech's ongoing refusal to provide details regarding its preservation efforts and the apparent destruction of Discord messages and requested responses by the end of that week. Delehanty Decl. ¶ 12, Ex. 11. Lowtech still failed to comply.

On March 17, 2025, with the parties apparently at an impasse, Kooapps once again requested a meet and confer, to which Lowtech and Howse finally agreed. Delehanty Decl. ¶ 13, Ex. 12. The parties held their meet and confer on March 18, 2025, during which counsel for Lowtech and Howse made the following representations:

1) Lowtech and Howse only acted to preserve Howse's private Discord messages on **February 12, 2025**.

2) Lowtech and Howse had not identified any additional private messages that had not already been produced (including any pre-dating September 2024) that were responsive to any of Kooapps' discovery requests.

3) Lowtech and Howse were not specifically aware of any private Discord messages relating to this matter that had been deleted.

4) Howse *deleted* certain public Discord messages after receiving a draft of Kooapps' counterclaims.

5) Lowtech and Howse had only recently undertaken efforts to preserve public Discord messages.

6) Lowtech believed that it had produced the Discord messages in a sufficient format that was the "best" that its IT team could do. Lowtech offered to meet and confer with Kooapps' IT team but would not otherwise agree to engage in further efforts to produce the Discord messages in a different format.

Delehanty Decl. ¶ 14; *see* Delehanty Decl. ¶ 15, Ex. 13.

### III. ARGUMENT

#### A. Lowtech Should Be Compelled To Produce Any Remaining Discord Communications

Although it is still unclear what universe of relevant Discord communications was

preserved, Lowtech should at minimum be compelled to produce any such communications that are still accessible.  As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  "Relevance for purposes of discovery is a low threshold[.]" *Intell. Ventures II, LLC v. AT&T Corp.*, 2017 WL 11679622, at *2 (W.D. Tex. Feb. 14, 2017).  Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Trigg v.* Merida, 2019 WL 13193350, at *1 (W.D. Tex. Mar. 13, 2019) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Critically, "[t]he scope of discovery is broad." *Moerbe v. Adcock*, 2021 WL 8694107, at *1 (W.D. Tex. Apr. 30, 2021).

Under Rule 37(a)(3)(B), "a party seeking discovery may move for an order compelling production when the opposing party has failed to produce documents requested[.]" *Intell. Ventures II*, 2017 WL 11679622, at *2.  "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Moerbe*, 2021 WL 8694107, at *1 (quoting *Hobbs v. Petroplex Pipe & Constr., Inc.*, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018)).  Further, "[a] party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Intell. Ventures II*, 2017 WL 11679622, at *2, *3 (granting motion to compel where plaintiff had "not satisfied its duty to show why the evidence requested is irrelevant or unreasonably cumulative").

Under these standards, an order directing Lowtech to produce additional Discord communications with the requisite metadata is warranted in multiple respects.

7

First, Lowtech must produce all of Howse's relevant private communications on Discord that pre-date September 2024 (along with any that post-date September 2024 that were not already produced). Lowtech had represented that no additional communications exist, but that is simply not credible in the face of Howse's frequent public Discord posts dating to May 2023.

Second, Lowtech must produce all of Howse's relevant public communications on Discord, regardless of date. These are relevant, and in light of Howse's admitted deletions of messages from the platform, ordinary arguments regarding the equal burden in obtaining public documents equally accessible to both parties are unavailing here. *See* Chang Decl. ¶ 4. To the contrary, it would be unfair and prejudicial to Kooapps for Lowtech and Howse to delete communications on the one hand while refusing to produce on the other.

Third, Lowtech's minimal Discord production consisted entirely of standalone text lines with no associated metadata to glean the author, date, or broader conversation thread. *See* Delehanty Decl. ¶ 11, Ex. 10. Though Kooapps requested that Lowtech reproduce the information in legible format and in compliance with the parties' ESI protocol, Lowtech did not agree to re-produce the relevant messages in a compliant format. Delehanty Decl. ¶ 13, Ex. 12. This manner of production violates the ESI protocol and obstructs Kooapps' review and use of these documents. *See* Dkt. 56. Lowtech should be compelled to produce its Discord production as screenshots if necessary to display the full contextual communications (to/from/date), along with all attendant metadata. *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 458 (N.D. Tex. 2015) (granting motion to compel third-party "to reproduce the ESI that [it] has previously produced in a form and manner that complies with the subpoena's instructions for producing ESI").

Fourth, Lowtech and Howse should further be directed to provide a sworn declaration that describes Howse's communication practices on the Discord platform (including the time period

8

and frequency of all public and private communications on the platform), the dates and manner of any efforts to preserve those communications, the number of communications (and the date of those communications) that Lowtech and Howse preserved, and the dates and manner of any deletion of communications from the Discord platform (including any direction to others to delete Discord communications).  Lowtech and Howse have admitted that it was not until February 12, 2025—over fourteen months since Lowtech commenced this lawsuit, over eight months after Kooapps' initial document requests, and almost two months after Kooapps expressly requested the information—that Lowtech and Howse finally acted to preserve Howse's Discord communications.  *See* Delehanty Decl. ¶ 15, Ex. 13.  As to Howse's public Discord posts, Lowtech and Howse waited longer still, not moving to preserve those until March 2025.  *See id.*  Howse also deleted certain public Discord messages, raising further doubts as to the sufficiency of Lowtech and Howse's representation that no other responsive Discord documents exist.  A fulsome declaration is required to shed light on the scope of Discord communications still available.

## IV. CONCLUSION

Lowtech and Howse have delayed and obstructed discovery into Howse's Discord communications, while at the same time destroying and/or failing to preserve relevant evidence, raising troubling questions as to Lowtech and Howse's compliance with their discovery obligations.  Indeed, Kooapps fully expects that, among the deleted Discord messages are ones that are critical to Kooapps' counterclaims—such as false and disparaging remarks about Kooapps or its Snake.io game—as well as ones that undermine Lowtech's claims and bolster Kooapps' defenses—such as admissions that Howse had stopped monetizing Slither.io, that Snake.io did in fact have multiplayer functionality, or that Slither.io was itself a copy of another popular snake game, Blockade.  The intentional deletion of evidence has severely prejudiced Kooapps by robbing it of discovery that would have undoubtedly strengthened Kooapps'

9

position in this action, and Kooapps reserves its rights to seek appropriate sanctions in due course. For now, an order compelling production to the extent still possible is more than warranted.

For the foregoing reasons, Kooapps respectfully requests that the Court grant this Motion and order Lowtech to produce all documents and communications responsive to Kooapps' Second Set of Requests for Production of Documents, Nos. 96, 99-101 (Delehanty Decl. ¶ 3, Ex. 3) and provide such other relief as requested herein.

Respectfully submitted,

Dated: March 28, 2025            WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    */s/ Eli B. Richlin*
Eli B. Richlin
New York State Bar No. 4861357
(Admitted *Pro Hac Vice*)
erichlin@wsgr.com

1301 Avenue of the Americas, 40th Floor
New York, NY 10019

Joshua A. Baskin
California State Bar No. 294971
(Admitted *Pro Hac Vice*)
jbaskin@wsgr.com

Chloe Delehanty
California State Bar No. 333412
(Admitted *Pro Hac Vice*)
cdelehanty@wsgr.com

Wilson Sonsini Goodrich & Rosati
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126

**NESBITT LEGAL PLLC**
Thomas A. Nesbitt
State Bar. No. 24007738
tom@nesbittlegal.com

809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562
Fax: (512) 617-5563

*Attorneys for Defendant and Counterclaim-Plaintiff*
Kooapps Inc.

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on March 18, 2025, counsel for the parties met and conferred regarding the issues that form the basis of this motion, but were unable to reach resolution.

                                          */s/ Chloe Delehanty*
                                          Chloe Delehanty

                                          *Attorneys for Counterclaim-Plaintiffs*
                                          Kooapps Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on March 28, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion and all supporting declarations through the Court's CM/ECF system.

                                          */s/ Eli B. Richlin*
                                          Eli B. Richlin

                                          *Attorneys for Counterclaim-Plaintiffs*
                                          Kooapps Inc.