UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | ) CASE NO.: 1:23-cv-1437-DAE |
| Plaintiff, | ) |
| v. | ) |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) |
| Defendants. | ) |
| | |
| KOOAPPS INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| LOWTECH STUDIOS, LLC and STEVEN HOWSE, | ) |
| Counterclaim-Defendants. | ) |

**JOINT ADVISORY**

Plaintiff/Counterclaim-Defendant Lowtech Studios, LLC, Counterclaim-Defendant Steven Howse, Defendant/Counterclaim-Plaintiff Kooapps Inc., f/k/a Kooapps LLC, and Defendants Jonathan Chang, and Chun-Kai Wang have met and conferred in response to this Court's Order (Dkt. 92) setting the hearing on Plaintiff's motion to amend the scheduling order (Dkt. 82) and Defendants' motion to compel (Dkt. 84) and provide the following joint notice.

1. **THE PARTIES' CONFERENCE**

The parties met and conferred on Wednesday, April 16, 2025 and again on May 5, 2025. At those conferences, the parties discussed the pending motion to amend the scheduling order and

1

pending motion to compel, in addition to other outstanding discovery issues.

## 2. THE PARTIES' POSITIONS REGARDING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

The parties have agreed to the proposed deadlines set forth below, other than for the close of fact discovery. The parties will continue to discuss the deadline for the close of fact discovery this week in an effort to resolve this matter without the Court's involvement.

| **Event** | **Previous Deadline** | **Proposed New Deadline** |
| --- | --- | --- |
| Close Fact Discovery | Not specifically addressed. | May 16, 2025* - pending/under discussion |
| All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before… | April 11, 2025 | May 23, 2025 |
| Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before… | May 15, 2025 | June 26, 2025 |
| Close of Expert Discovery | Not specifically addressed. | July 18, 2025 |
| The parties shall complete all discovery on or before… | May 30, 2025 | July 18, 2025 |
| All dispositive motions shall be filed on or before… | June 13, 2025 | August 5, 2025 |

## 3. THE PARTIES' POSITIONS REGARDING DEFENDANTS' MOTION TO COMPEL

*Plaintiff's Position*

The impetus of Defendants' motion to compel is Defendants' dissatisfaction with

2

Plaintiff's Discord production. Several days after the motion was filed, Defendants served a third set of interrogatories, first set of requests for admission to Steven Howse, and second set of requests for admission to Lowtech. All of these sets of discovery requests demand additional Discord production (much of which Plaintiff has already produced at the time this paper is being filed). Thus, Defendants have effectively mooted their own premature motion by *subsequently* following the proper discovery procedure: serving discovery requests and receiving responses thereto. Since this time, and in connection with Plaintiff's response to the motion, Plaintiff provided a declaration from Mr. Howse addressing many of the topics of interest to Defendants as well. Yet, despite Plaintiff pointing out as much during the parties' conferences, Defendants stated they were nonetheless "inclined to move forward" with the motion to compel.

Despite multiple conferences, it is still unclear how Defendants want Plaintiff to re-produce Discord posts that were previously produced. Despite Plaintiff's diligent efforts to identify a reasonable way to engage in Discord collection—and Defendants' refusal to provide specifics or alternatives—Plaintiff maintains its willingness to engage with Defendants on this issue. It is Plaintiff's understanding that none of the parties have previously engaged in a forensic collection from Discord. Recognizing the novelty of the circumstances, Plaintiff has taken its best reasonable efforts to produce documents which incorporate relevant/required metadata.

*Defendants' Position*

Plaintiff's production of Discord communications to date remains deficient. As demonstrated in the present motion to compel, the Discord communications are highly relevant to this action, and Defendants are entitled to a fulsome production of all relevant messages that Howse posted on the Discord platform—an endeavor frustrated by Howse's own admission that

he had in fact deleted Discord messages following the initiation of this action.[1]  Plaintiff's pre-May 2025 production of 117 standalone Discord messages from a single private server, all dated September 2024 or later, with no additional context does not—and cannot—meet Plaintiff's discovery obligations.

Furthermore, after months of denying that any additional communications existed and maintaining the adequacy of its collection and production efforts, Plaintiff produced *no less than 3,000 additional Discord messages* on May 2, 2025.  This production, on the eve of fact discovery closing and just days before a hearing on Defendants' motion to compel, only invites more questions.  Many of the additional messages belatedly produced—more than four months after Defendants' request for production of Discord communications had been served, and two months after Plaintiff's initial production of the 117 standalone messages—date back to mid-2024, despite Plaintiff's repeated prior representations that all relevant Discord communications had been collected, reviewed, and produced already.  Plaintiff does not appear to have an answer as to why these communications were not produced along with the initial messages two months ago, and the transcript-style format of the new production makes clear that there are, in fact, ways to provide the messages in a format that provides more context and allows for meaningful review.

Defendants have continued to meet and confer in good faith, as it had been the hope that Plaintiff would decide to remediate the deficiencies in its production of Discord communications and provide fulsome explanations.  However, Plaintiff continues to take the implausible stance that all relevant communications—including those pre-dating September 2024—have been produced, that the standalone-message format of the initial production is sufficient, and that it will not provide answers to Defendants' legitimate questions concerning Howse's Discord usage,

---

[1] The admission was provided to Defendants on May 5, 2025 in response to Kooapps Inc.'s First Set of Requests for Admission to Steven Howse dated April 4, 2025.

preservation, and deletion. Defendants thus maintain that a Court order is more than warranted for Plaintiff to produce all relevant communications from the Discord platform—whether they be from private servers, public servers, direct messages, or otherwise—and that Plaintiff should be compelled to provide responses to Defendants' questions through a sworn declaration so that Defendants may better understand the scope of Discord communications still available in light of Howse's admitted deletions.

| | |
|---|---|
| Date: May 6, 2025 | Respectfully submitted, |

By: /s/ *Russell E. Blythe*
Lee Yeakel
lyeakel@kslaw.com
Matt Vandenberg
mvandenberg@kslaw.com
**KING & SPALDING LLP**
500 W. Second Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000

Russell Edward Blythe (*pro hac vice*)
rblythe@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St., Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Roy Falik (*pro hac vice)*
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300

**ATTORNEYS FOR PLAINTIFF, COUNTERCLAIM-DEFENDANT LOWTECH STUDIOS, LLC AND COUNTERCLAIM-DEFENDANT STEVEN HOWSE**

By: /s/ *Eli B. Richlin*
Thomas A. Nesbitt
State Bar. No. 24007738
tnesbitt@nesbittlegal.com
**NESBITT LEGAL PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

Joshua A. Baskin (*pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (*pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**WILSON SONSINI, GOODRICH & ROSATI, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Eli B. Richlin *(pro hac vice)*
erichlin@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

**ATTORNEYS FOR DEFENDANT, COUNTERCLAIM-PLAINTIFF KOOAPPS INC. AND DEFENDANTS JONATHAN CHANG AND CHUN-KAI WANG**