UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | ) CASE NO.: 1:23-cv-1437-DAE |
| Plaintiff, | ) |
| v. | ) |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) |
| Defendants. | ) |
| | |
| KOOAPPS INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| LOWTECH STUDIOS, LLC and STEVEN HOWSE, | ) |
| Counterclaim-Defendants. | ) |

**KOOAPPS INC.'S MOTION FOR DISCOVERY SANCTIONS**

-i-

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................1

I. BACKGROUND ....................................................................................................2

II. ARGUMENT ..........................................................................................................6

    A. Sanctions for Failing to Preserve and Spoliating Evidence ......................6

III. CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arista Records, L.L.C. v. Tschirhart*,
     241 F.R.D. 462 (W.D. Tex. 2006) ................................................................................8, 10

*Ashton v. Knight Transp., Inc.*,
     772 F. Supp. 2d 772 (N.D. Tex. 2011) ........................................................................6, 10

*Balancecxi, Inc. v. Int'l Consulting*,
     2020 U.S. Dist. LEXIS 219993 (W.D. Tex. Nov. 24, 2020) ....................................7, 8, 10

*BridgeTower Opco LLC v. Workforce Rsch. Grp. LLC*,
     2023 U.S. Dist. LEXIS 10768 (S.D. Tex. Jan. 23, 2023) .............................................7, 9

*Cervini v. Cisneros*,
     2024 U.S. Dist. LEXIS 51463 (W.D. Tex. Mar. 21, 2024) ..........................................6, 10

*F & J Samame, Inc. v. Arco Iris Ice Cream*,
     2015 U.S. Dist. LEXIS 86823 (W.D. Tex. July 2, 2015) ..................................................7

*Guzman v. Jones*,
     804 F.3d 707 (5th Cir. 2015) ...................................................................................6, 7, 8

*Jim S. Adler, P.C. v. McNeil Consultants, LLC*,
     2023 U.S. Dist. LEXIS 54771 (N.D. Tex. Feb. 15, 2023) ................................................7

*Quantlab Techs Ltd. (BGI) v. Godlevsky*,
     2014 U.S. Dist. LEXIS 20305 (S.D. Tex. Feb. 19, 2014) ................................................9

*Rimkus Consulting Grp., Inc. v. Cammarata*,
     688 F. Supp. 2d 598 (S.D. Tex. 2010) .............................................................................9

Defendant and Counterclaim-Plaintiff Kooapps Inc., f/k/a Kooapps LLC ("Kooapps") brings this motion against Plaintiff and Counterclaim-Defendant Lowtech Studios LLC ("Lowtech") and Counterclaim-Defendant Steven Howse ("Howse") based on Lowtech and Howse's discovery abuses, including failure to preserve relevant documents and spoliation of evidence. Kooapps respectfully requests that the Court issue an order imposing appropriate sanctions in the form of adverse inferences and attorneys' fees as set forth below.

## INTRODUCTION

Lowtech and its principal Howse have had a duty to preserve relevant evidence at least since November 2023, when Lowtech commenced this litigation. This preservation obligation encompasses Howse's communications on the Discord social media platform, the principal subject of this motion. Yet Lowtech and Howse admittedly failed to preserve Howse's Discord communications until **February 12, 2025**—15 months after the initial complaint had been filed, nine months after receiving initial document requests from Kooapps, and two months after receiving supplemental requests seeking precisely these Discord communications.

Lowtech and Howse's preservation failures have been compounded by the intentional spoliation of evidence. Prior to engaging in any preservation efforts with respect to Discord communications, Howse deleted multiple communications from the Discord platform. Nor was this an innocent accident: based on the timing of the admitted deletions, Howse acted intentionally to destroy evidence immediately after Kooapps presented his counsel with a draft of Kooapps' Counterclaims, which feature and arise from Howse's communications on the Discord platform. Lowtech further deleted and failed to adequately preserve public reviews of the Slither.io game.

Lowtech and Howse's discovery misconduct has severely impacted Kooapps' ability to defend against Lowtech's claims and prosecute Kooapps' Counterclaims. To the point, Lowtech's production of Discord communications is patently deficient. Lowtech has produced a mere 117

-1-

private Discord server messages, all post-dating September 2024, followed by a belated production of two more private messages and 18 private direct-message conversations with other users covering the period mid-2024 to present. Yet Howse, by his own admission, has had the Discord account at issue since August 2021, and his prolific activity on public Discord servers undercuts Lowtech and Howse's assertion that no other relevant communications exist. Lowtech's refusal—or inability—to produce Discord communications between August 2021 and mid-2024, and the full corpus of Slither.io reviews, is the direct result of preservation failures and/or document destruction. Lowtech and Howse's actions constitute serious discovery misconduct and warrant an order entering appropriate sanctions in the way of adverse inferences and attorneys' fees.

## I.     BACKGROUND

Lowtech filed its Complaint against Kooapps on November 22, 2023. Dkt. No. 1. The parties began engaging in discovery in mid-2024, and on May 3, 2024, Kooapps served its initial requests for production.[1] Delehanty Decl. ¶ 2, Ex. 1. By late 2024, Kooapps had come to suspect that Howse was frequently and routinely posting on Discord[2] about this lawsuit and numerous directly relevant issues, including Lowtech's Slither.io game, and Kooapps and its Snake.io game. Declaration of Jon Chang ("Chang Decl.") ¶ 2. In particular, Kooapps suspected that Howse was using the pseudonymous usernames "Hypah" and "Hypah2." *Id.* Through Lowtech's response to Kooapps' December 2024 discovery requests, Kooapps learned that Howse was behind the "Hypah" and "Hypah2" usernames. *See* Delehanty Decl. ¶ 3. On January 30, 2025, Kooapps

---

[1] Notably, these requests expressly called for the production of "Documents," the definition of which included "electronic mail and messaging, text messages, instant messages, [and] social media . . . ." Declaration of Chloe Delehanty ("Delehanty Decl.") ¶ 2, Ex. 1.

[2] Discord is a social media platform that allows users to communicate through voice and video calls, text messaging, and other media. Dkt. No. 73, Counterclaims ¶ 31. Users can communicate privately or publicly in virtual communities called "servers."

alerted Lowtech of its intent to assert counterclaims against both Lowtech and Howse and detailed those claims, which largely arose from Howse's Discord activity. *Id.* ¶ 4. At Lowtech's request, Kooapps shared a draft of its Counterclaims on February 7, 2025, which was filed on February 19, 2025. Dkt. No. 73; Delehanty Decl. ¶ 5.

Soon after the filing, Kooapps discovered that several of Howse's Discord statements, which had been publicly available as recently as earlier that month, had been deleted from the platform. Chang Decl. ¶ 3. Among the deleted posts were those that were referenced ***verbatim*** via screenshots in the Amended Answer and Counterclaims. *Id.*, Ex. 1. Other examples demonstrate that Howse was deleting: statements regarding his failure to enforce his marks across platforms (*id.* ¶ 4, Ex. 2); statements admitting that Lowtech's Slither.io game had technical issues relating to its multiplayer functionality (*id.* ¶ 5, Ex. 3); disparaging statements against Apple and other developers (*id.* ¶ 6, Ex. 4); statements regarding the Snake.io game and Kooapps' counsel (*id.* ¶ 7, Ex. 5); statements relating to abandonment and/or Apple taking down the Slither.io app (*id.* ¶ 8, Ex. 6); statements that users have forgotten about the Slither.io game (*id.* ¶ 9, Ex. 7); and posts suggesting that Howse tried to coordinate—and potentially succeeded—in getting other Discord users to gather evidence for Lowtech and later assist with the obstruction of this lawsuit, including by coordinating deletions of other users' Discord communications (*id.* ¶ 10, Ex. 8).

On February 21, 2025, Kooapps alerted Lowtech and Howse of the apparent spoliation and requested information regarding Lowtech and Howse's document preservation efforts as well as an explanation for the destruction of the messages.[3] Delehanty Decl. ¶ 6, Ex. 2. Lowtech responded

---

[3] Kooapps identified yet another instance of apparent spoliation by Lowtech and Howse: hundreds of thousands of reviews and ratings for the Slither.io game appeared to have been deleted from the Apple App Store sometime after January 2025. Delehanty Decl. ¶ 7, Ex. 3. On February

-3-

to Kooapps on February 26 and "agreed to produce relevant, private Discord messages that are uniquely in Lowtech's possession, custody, or control." *Id.* ¶ 9, Ex. 4 at 1. Two days later, Lowtech produced just 117 standalone messages, all post-dating September 2024—a stark contrast to Howse's thousands of public Discord posts. *Id.* ¶ 10.

Kooapps requested further information, and during a March 18, 2025 meet and confer, counsel for Lowtech and Howse made the following representations:

(1) Lowtech and Howse only acted to preserve Howse's private Discord messages on ***February 12, 2025***.

(2) Howse ***deleted*** certain public Discord messages ***after*** receiving a draft of Kooapps' Counterclaims.

(3) Lowtech and Howse had only recently undertaken efforts to preserve public Discord messages.

(4) Lowtech and Howse had not identified any additional private messages that had not already been produced (including any pre-dating September 2024) that were responsive to any of Kooapps' discovery requests.

(5) Lowtech and Howse were not specifically aware of any private Discord messages relating to this matter that had been deleted.

*Id.* ¶ 11, Ex. 5.

On March 28, 2025, Kooapps filed a motion to compel production of further Discord communications (Dkt. No. 84) (the "Motion to Compel"), along with information regarding Lowtech's and Howse's preservation and destruction of documents, and a hearing was set for May

---

25, 2025, Kooapps requested information relating to preservation of the reviews and ratings as well as an explanation for the deletions, noting that reviews pre-dating February 21, 2025—the same day that Kooapps had sent its initial letter regarding the Discord deletions—were conspicuously missing. *Id.* Lowtech claimed that the ratings and reviews for the Slither.io game had been removed from the Apple App Store following an update of the Slither.io app, but that all had been preserved through a third-party application, SensorTower, which Lowtech subsequently produced. *Id.* ¶ 8. But the SensorTower corpus is incomplete; only approximately 60,000 ratings and reviews have been produced, the remainder of which have been destroyed and lost as a result of Lowtech's conduct. *See id.* ¶ 12.

-4-

8, 2025 (Dkt. No. 92). On May 2, 2025, with less than a week before the scheduled hearing on the Motion to Compel, Lowtech produced 3,000 additional Discord messages. Delehanty Decl. ¶ 13. This production largely consisted of direct messages between Howse and others dating back to mid-2024, notwithstanding Lowtech's repeated prior representations that all relevant Discord communications had been collected, reviewed, and produced already. *Id.* Moreover, the contents of the production revealed why Lowtech and Howse had resisted disclosing these messages for so long, as the conversations included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. 6.

On May 8, 2025, just hours before the Motion to Compel hearing, the parties met and conferred again and reached an agreement on a number of outstanding discovery issues. Delehanty Decl. ¶ 14. As part of the arrangement, Kooapps largely withdrew its Motion to Compel, and Lowtech and Howse agreed to provide Kooapps with a declaration from Howse setting forth the information at issue in Kooapps' Motion to Compel—namely, "a sworn declaration that describes Howse's communication practices on the Discord platform (including the time period and frequency of all public and private communications on the platform), the dates and manner of any efforts to preserve those communications, the number of communications (and the date of those communications) that Lowtech and Howse preserved, and the dates and manner of any deletion of communications from the Discord platform (including any direction to others to delete Discord communications)." *Id.*; *see* Dkt. No. 84 at 8–9. But when Lowtech provided that declaration, Howse remained unable to describe (a) the dates and manner of efforts to preserve public Discord

-5-

posts; (b) the number and date range of public Discord posts preserved; and (c) the dates and manner of any and all deletions. Delehanty Decl. ¶ 15, Ex. 7. The parties met and conferred on the issues presented herein but were unable to resolve the disputes. *See* Delehanty Decl. ¶ 16.

## II. ARGUMENT

Lowtech and Howse violated their discovery obligations by both failing to preserve and subsequently destroying evidence central to this lawsuit. This conduct has deprived Kooapps of its rights to fully and fairly prosecute its Counterclaims and defend against Lowtech's claims, and thus warrants an order entering sanctions against Lowtech and Howse.

### A. Sanctions for Failing to Preserve and Spoliating Evidence

Rule 37(e) provides two separate regimes for sanctions based on either the failure to preserve evidence alone under Rule 37(e)(1), or on a party's intentional act to deprive another party of evidence under Rule 37(e)(2). "A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *see also Cervini v. Cisneros*, 2024 U.S. Dist. LEXIS 51463, at *7, *35 (W.D. Tex. Mar. 21, 2024) (acknowledging that "a lawsuit does not need to be filed before a duty to preserve can attach" and holding that duty attached once defendant "should have anticipated litigation"). Once the duty to preserve attaches, a party "must not destroy unique, relevant evidence that might be useful to an adversary." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011) (citation omitted). Critically, "[t]he duty to preserve evidence is a duty owed to the *court*, not to the party's potential adversary, hence, spoliation is considered an abuse of the judicial process." *Id.* (citation omitted).

"A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating

party acted in bad faith." *BridgeTower Opco LLC v. Workforce Rsch. Grp. LLC*, 2023 U.S. Dist. LEXIS 10768, at *11–12 (S.D. Tex. Jan. 23, 2023) (citation omitted). Moreover, if the spoliation is of relevant information that prejudices the injured party's ability to prove its claims or defenses, severe sanctions are justified. *Id.* at *12; *see also Balancecxi, Inc. v. Int'l Consulting*, 2020 U.S. Dist. LEXIS 219993, at *38 (W.D. Tex. Nov. 24, 2020) ("[W]hen a party not only fails to meet his obligation to preserve evidence, but does so intentionally . . . the sanction must be severe"); *F & J Samame, Inc. v. Arco Iris Ice Cream*, 2015 U.S. Dist. LEXIS 86823, at *11 (W.D. Tex. July 2, 2015) ("[W]illful or intentional destruction of evidence to prevent its use in litigation can justify severe sanctions.") (citation omitted).

Here, sanctions are warranted under either or both prongs of Rule 37(e). First, Lowtech and Howse had an obligation to preserve relevant documents that attached no later than November 2023, when Lowtech initiated this lawsuit. That obligation continued to apply to written communications authored or sent during the lawsuit's pendency. *See Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2023 U.S. Dist. LEXIS 54771, at *42 (N.D. Tex. Feb. 15, 2023) (defendants "had a duty to preserve [slack messages] after [plaintiff] filed suit"). Moreover, even if there had been any doubt as to the need to preserve in November 2023, Kooapps requested documents from Lowtech, including generally with its initial May 2024 document requests, and then specifically as to Discord communications in December 2024. This placed Lowtech and Howse on ***direct*** notice that such evidence was relevant to the litigation. *See Guzman*, 804 F.3d at 713.

Yet Lowtech and Howse utterly failed to take reasonable steps to timely preserve Howse's Discord communications. Indeed, counsel for Lowtech and Howse admitted that it was not until February 12, 2025, that Lowtech and Howse finally acted to preserve Howse's private Discord communications. Delehanty Decl. ¶ 11. As to Howse's public Discord posts, Lowtech and Howse

waited longer still, not moving to preserve those until March 2025. *Id.*

Second, Howse has now admitted that he deleted messages from at least one public Discord server—a volitional act. *Id.* ¶ 15, Ex. 7 ¶ 4. Though Kooapps is aware of certain public posts that were deleted by Howse, Howse's May 16 Declaration makes no reference to the number of public post deletions, and other than Howse's own assertion that no private posts were deleted, has provided nothing to confirm that assertion—notably, neither Howse's counsel or IT vendor could confirm it either, given the belated preservation and collection efforts. Thus, while the extent of Howse's destruction remains unknown, there is no question that the destruction was intentional.

Third, the timing of Howse's destruction efforts, combined with the failure of Lowtech and Howse to preserve Discord communications until *after* his admitted destruction, provides strong evidence of bad faith and an intent to deprive Kooapps of relevant evidence. The obligation to preserve these materials had been in place for over a year, and Kooapps had expressly sought Discord communications for months. Yet once Lowtech and Howse received notice of Kooapps' anticipated Counterclaims arising from Howse's Discord communications, Howse began to review posts he had made on the public Slither.io server and deleted clearly relevant evidence unfavorable to Lowtech and Howse without making any effort to preserve the communications first. *Id.* ¶ 11. It is difficult to conceive of a more vivid illustration of bad faith spoliation. *See Guzman*, 804 F.3d at 713 ("Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."); *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 464 (W.D. Tex. 2006) (spoliating party's failure to dispute that she destroyed the relevant data was material evidence of bad faith); *Balancecxi*, 2020 U.S. Dist. LEXIS 219993, at *38 (finding evidence of bad faith and willful conduct to support severe sanctions, noting that "when a party not only fails to meet his obligation to preserve evidence, but does so intentionally, and, as here, affirmatively

destroys evidence multiple times, the sanction must be severe, as civil litigants must know that actions such as these will not be tolerated"); *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 664–65 (S.D. Tex. 2010) (finding evidence of bad faith where defendants "concealed from [plaintiff] information that would materially affect the outcome of the case" by deleting relevant emails and delaying in providing discovery responses).

It is clear that the destruction also had a significant impact on Lowtech and Howse's ability to produce relevant Discord communications. While Howse claims that he has not destroyed private Discord communications, that claim lacks credibility and is belied by his conduct and the paltry state of Lowtech's Discord production. Howse engaged in document deletion directly after learning that his Discord activity formed the basis of counterclaims being asserted, and with full knowledge that Kooapps sought production of his private Discord messages. Moreover, Lowtech's production of Discord communications to date only span the period mid-2024 to present. This stands in stark contrast to Howse's own admission that he has had the "Hypah" account with the display name "Hypah2" since August 13, 2021, and posted on the Slither.io Discord server as early as May 2023. Delehanty Decl. ¶ 15, Ex. 7. The reasonable conclusion is that Lowtech and Howse failed to preserve, then actively destroyed a swath of highly relevant communications, both public and private messages, so as to conceal them from discovery.

Howse's conduct directly prejudices Kooapps and thus warrants the severest sanctions. *See BridgeTower*, 2023 U.S. Dist. LEXIS 10768, at *12. Notably, the burden of showing prejudice cannot be too heavy, "lest the spoliator be permitted to profit from its destruction." *Quantlab Techs Ltd. (BGI) v. Godlevsky*, 2014 U.S. Dist. LEXIS 20305, at *34 (S.D. Tex. Feb. 19, 2014) (citation omitted). Here, Howse admitted to intentionally deleting Discord communications, including some that were referenced verbatim in Kooapps' Counterclaims, well after Lowtech and Howse were on

notice of Kooapps' Counterclaims and discovery requests. These communications are undeniably directly relevant to this litigation: not only do they provide the basis for Kooapps' Counterclaims, but they are also relevant to various Kooapps defenses such as laches, unclean hands, and to combat Lowtech's assertion that Kooapps misrepresented the multiplayer functionality of its Snake.io game. Additional deleted communications discuss independent problems with and criticism of Slither.io, further undercutting Lowtech's legal claims and entitlement to any damages. Lowtech and Howse have robbed Kooapps of the ability to fully and fairly prosecute its Counterclaims and defend against Lowtech's claims; severe sanctions are the consequence. *See Arista Records*, 241 F.R.D. at 465 (granting terminating sanctions based on spoliation, noting that "[s]uch evidence goes to the very heart of plaintiffs' case, and its destruction prevents plaintiffs from offering the best proof available for their case"); *Cervini*, 2024 U.S. Dist. LEXIS 51463, at *38 (granting adverse inferences and attorneys' fees where defendant acted in bad faith by intentionally deleting social media data); *see also Balancecxi*, 2020 U.S. Dist. LEXIS 219993, at *38 (finding severe sanctions warranted based on intentional spoliation); *Ashton*, 772 F. Supp. 2d at 800 (granting sanctions striking pleadings based on destruction and alteration of evidence).

At a minimum, such sanctions should include an award of attorneys' fees and an adverse inference jury instruction pursuant to Rule 37(e)(2)(b). Kooapps respectfully requests that the Court instruct the jury to likewise presume that the deleted communications were unfavorable to Lowtech and Howse. Appropriate inferences are set forth in the attached proposed order.

### III.    CONCLUSION

For the foregoing reasons, Kooapps respectfully requests that the Court grant this Motion, enter sanctions consistent with this Motion and according such relief as the Court deems proper, and order Lowtech to produce all relevant Discord communications.

Dated:   July 14, 2025                    Respectfully submitted,


                                          By:   */s/ Eli B. Richlin*
                                                Eli B. Richlin

                                          Eli B. Richlin (admitted *pro hac vice*)
                                          New York State Bar No. 4861357
                                          erichlin@wsgr.com
                                          J. Ariel Jeong (admitted *pro hac vice*)
                                          New York State Bar No. 5344122
                                          ajeong@wsgr.com
                                          **Wilson Sonsini, Goodrich & Rosati, PC**
                                          1301 Avenue of the Americas, 40th Floor
                                          New York, NY 10019-6022
                                          Telephone: (212) 999-5800

                                          Joshua A. Baskin admitted (*pro hac vice*)
                                          California State Bar No. 294971
                                          jbaskin@wsgr.com
                                          Chloe Delehanty (admitted *pro hac vice*)
                                          California State Bar No. 333412
                                          cdelehanty@wsgr.com
                                          **Wilson Sonsini Goodrich & Rosati, PC**
                                          Market Plaza, Spear Tower, Suite 3300
                                          San Francisco, CA 94105-1126
                                          Telephone: (415) 947-2000

                                          Thomas A. Nesbitt
                                          State Bar No. 24007738
                                          tnesbitt@nesbittlegal.com
                                          **Nesbitt Legal PLLC**
                                          809 West Avenue
                                          Austin, Texas 78701
                                          Phone: (512) 617-5562

                                          *Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on July 9, 2025, counsel for the parties met and conferred regarding the issues that form the basis of this motion, but were unable to reach resolution.

                                      */s/ Eli B. Richlin*
                                      Eli B. Richlin

                                      *Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc. and Defendants Jonathan Chang and Chun Kai Wang*

-13-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 14, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Eli B. Richlin*
Eli B. Richlin

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc. and Defendants Jonathan Chang and Chun Kai Wang*