**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br>Plaintiff,<br>v.<br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br>Defendants. | **CASE NO: 1:23-CV-1437-DAE** |
| KOOAPPS INC.,<br>Counterclaim-Plaintiff,<br>v.<br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br>Counterclaim-Defendants. | |

**LOWTECH STUDIOS, LLC AND STEVEN HOWSE'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………........1

FACTUAL BACKGROUND……………………………………………………………………2

ARGUMENT………………………………………………………………………………….3

I. The Standards for Rule 37(e) Sanctions have not been Met…………………………………………………………………………......4

a. Kooapps Has Not Shown And Cannot Show Prejudice To Its Ability To Present Evidence………………………………………………………………………5

b. There Was No Bad Faith Or Intent to Deprive Defendants Of Potential Evidence ……………………………………………………………………………...7

II. Kooapps' Requested Inferences Amount to Unjust Death penalty Sanctions That Bear No Relation To Any Minimal Possible Harm………………………………………9

III. There Is No Basis For Attorneys' Fees……………………………………………..10

CONCLUSION………………………………………………………………………………10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Texas Lloyd's* v. *McKinney*,
964 F. Supp. 2d 678 (S.D. Tex. 2013) ....................9

*Ashton* v. *Knight Transp.*,
772 F. Supp. 2d 772 (N.D. Tex. 2011) ....................6

*Balancecxi Inc.* v. *Int'l Consulting*,
2020 WL 6886258 (W.D. Tex. Nov 24, 2020)....................7

*BridgeTower Opco LLC* v. *Workforce Rsch. Grp. LLC*,
2023 WL 361779 (S.D. Tex. Jan. 23, 2023)....................4, 5

*Calsep A/S* v. *Dabral*,
84 F.4th 304 (5th Cir. 2023) ....................7

*Cervini* v. *Cisneros*,
2024 WL 1725011 (W. D. Tex. March 21, 2024) ....................9, 10

*Coastal Bridge Co., L.L.C.* v. *Heatec, Inc.*,
833 F. App'x 565 (5th Cir. 2020) ....................4, 5

*Condrey* v. *SunTrust Bank of Ga.*,
431 F.3d 191 (5th Cir. 2005) ....................5, 7

*Flores* v. *AT&T Corp.*,
2018 WL 6588586 (W.D. Tex. Nov. 8, 2018)....................6, 10

*Goodyear Tire & Rubber Co.* v. *Haeger*,
581 U.S. 101 (2017)....................10

*Guzman* v. *Jones*,
804 F.3d 707 (5th Cir. 2015) ....................7

*Jim S. Adler, P.C.* v. *McNeil Consultants, LLC*,
2023 WL 2699511 (N.D. Tex. Feb. 15, 2023)....................5

*Rimkus Consulting Group, Inc.* v. *Cammarata*,
688 F.Supp.2d 598 (S.D. Tex. 2010)....................4

*Russell* v. *Univ. of Tex. of the Permian Basin*,
234 Fed.Appx. 195 (5th Cir. 2007)....................10

*Vick* v. *Tex. Employment Comm'n*,
514 F.2d 734 (5th Cir. 1975) ....................................................................................8

**Other Authorities**

Fed. R. Civ. P. 37(e)…. ..........................................................................................4, 5, 10

## INTRODUCTION

Sanctions are not warranted here. Mr. Howse removed some publicly available posts on a messaging platform called Discord, most—if not all—of which Defendants already collected over the many months they had access to them before bringing their Counterclaims. Indeed, Defendants put many of those messages in their Counterclaims, and produced hundreds of pages containing many others. Tellingly, Kooapps' motion does not say whether or not they collected all the relevant posts, but logic and the available evidence dictates they collected any they thought were at all related to their claims or defenses. Nor did Mr. Howse remove any private posts or messages—the only ones Defendants did not already have access to—and has produced them to Defendants in this litigation. Quite simply, there is no prejudice to Defendants. This alone is reason to deny Kooapps' motion.

Further, Mr. Howse's actions were not in bad faith. When Mr. Howse removed information from the Discord messages, he did so only because he believed Defendants had already captured information of interest to them (which, in fact, they had) and he intentionally sought to retain salient information related to this case, as evidenced by his preservation of messages he thought might be relevant to Defendants' claims. Mr. Howse was not trying to hide evidence from Defendants that they already had in their possession, but to mitigate any possible ongoing harm to unrelated third parties. Nor did Mr. Howse realize he had to preserve information on a public platform that Defendants obviously already had access to and had collected from. Indeed, Defendants' position has been that the parties' ESI obligations do not extend to such information. And, as discussed below, Defendants have refused to preserve or produce their information on public platforms. This is another reason to deny Kooapps' motion.

Regardless, Plaintiff was, and still is, willing to work with Defendants to craft any appropriate stipulations to prevent any minimal prejudice Defendants might face; but Defendants chose instead to seek incredibly overbroad and unwarranted death penalty sanctions. Defendants' headlong rush to turn a proverbial molehill into a mountain is surprising given the fact that Defendants have taken the position in this litigation that they do not have custody or control over their information on public platforms. Yet they accuse Mr. Howse of violating the very duty they say does not exist. The bottom line is Defendants have what they need to pursue their Counterclaims and the removal of some posts after they got what they needed – the only argument Kooapps makes – is not enough to sustain a spoliation assertion.

## FACTUAL BACKGROUND

At issue here is certain electronically stored information ("ESI") stored on a third party's servers. Specifically, Kooapps' motion revolves around one set of publicly available material posted on the Discord platform's public servers (the "Public Posts") and one set of non-public material posted to the Discord access-controlled private server (the "Private Posts"). Both parties have had equal access to the Public Posts throughout this litigation.

From June 4, 2024 through early 2025, Defendants made repeated trips to Discord where they accessed and saved Public Posts. Howse Decl., ¶ 8; Dkt. 112-2, ¶¶ 3-10**.** On February 7, 2025, Defendants shared the draft of the Counterclaims with Lowtech's counsel. Dkt. 112 at 3. Defendants filed the Counterclaims on February 19, 2025. *Id.*; Dkt. 73. In their Counterclaims, Defendants cite numerous Public Posts. According to Defendants, the Public Posts, including those for which a copy was already in their possession, were removed from the Discord public server after February 19, 2025. Dkt. 112-2, ¶¶ 3-10.

On February 28, Lowtech produced over 100 Discord Private Posts pursuant to its agreement with Defendants. Dkt. 112.[1] On May 2, 2025, Lowtech produced an additional 3,000 Discord Private Posts. Dkt. 112 at 5. When Defendants raised the spoliation issue, Lowtech asked them to identify the Discord Public Posts in their possession but they refused to provide any information other than a concession that they had preserved "a lot of information." Dkt. 91 at 4. Nevertheless, on May 25, 2025, Defendants produced hundreds of pages of Public Posts they had captured from Discord, including those cited in their Counterclaim. *See* Dkt 73; Dkt. 91.

After Defendants had captured Public Posts of interest to them, Mr. Howse removed portions of posts that were related to third parties or that he believed were not related to the csae. All but seven of Mr. Howse's removed posts were captured by Defendants, available on moderation logs, or preserved by Mr. Howse. For those seven, the context of these posts, including posts surrounding or responding to them, indicates they were not relevant. The rest of the Public Posts are on their face irrelevant to the case. Mr. Howse never removed any Private Posts from Discord.[2] Howse Decl., ¶ 11.

## ARGUMENT

Lowtech does not dispute that Mr. Howse removed portions of a limited number of Discord Public Posts. However, the evidence shows that nearly all those messages have been preserved, either by Kooapps or Mr. Howse. Kooapps has failed to demonstrate that it is, in any way,

---

[1] Lowtech agreed to produce "relevant, *private* Discord messages that are *uniquely in Lowtech's possession, custody, or control*." Dkt. 112 at 4. (emphasis added). Lowtech did not, however, agree to produce all public posts, especially those already in Kooapps' possession, including screenshots.

[2] Kooapps' motion also refers to alleged spoliation related to reviews and ratings for Slither.io on the Apple App Store. Dkt 112, n.3. As Lowtech's counsel has explained to Kooapps, Mr. Howse did not delete any App Store reviews. Mr. Howse has also provided a sworn statement on this point. Howse Decl., ¶ _12. Further, Lowtech has exchanged a number of emails regarding Lowtech's discovery requests for Snake.io's App Store reviews and, in those exchanges, Kooapps has alleged it does not have access to nor custody and control of said reviews. Yet, Kooapps now alleges Mr. Howse does have access and, without evidence, alleges he has deleted reviews.

prejudiced in prosecuting its Counterclaims or in defending against Lowtech's claims as a result of these actions. In fact, Kooapps' motion fails to identify any evidence removed that it does not already have or that is not materially duplicative of evidence it does have. And it clearly had the opportunity to obtain the "missing" posts in the multiple visits it made to Discord over a seven-month period. Despite the insinuations in Kooapps' motion, Mr. Howse's reasons for removing the Public Posts were reasonable and in good faith. No sanctions are warranted but even if they were, they could be cured with less drastic measures, such as the stipulation of authenticity that Lowtech has already offered on June 30, 2025.

## I. The Standards for Rule 37(e) Sanctions have not been Met

Kooapps has completely failed to show it will suffer any prejudice as a result of the removal of ESI, and as a result it is not entitled to any sanctions. *See* Fed. R. Civ. P. 37(e)(1). "A party suffers prejudice where it cannot present evidence essential to its underlying claim." *Coastal Bridge Co., L.L.C.* v. *Heatec, Inc.*, 833 F. App'x 565, 575 (5th Cir. 2020) (citation omitted). The alleged harm must also rise above the speculative level, especially when severe sanctions are being sought. *BridgeTower Opco LLC* v. *Workforce Rsch. Grp. LLC,* 2023 WL 361779, at *6 (S.D. Tex. Jan. 23, 2023) (speculative harm cannot justify imposing the severest sanctions.). Further, the mere loss of ESI is not enough to establish prejudice. *Rimkus Consulting Group, Inc.* v. *Cammarata*, 688 F.Supp.2d 598, 613 ("Culpability can range along a continuum from destruction intended to make evidence unavailable in litigation to inadvertent loss of information for reasons unrelated to the litigation."). Indeed, as here, there is no spoliation violation when the ESI is duplicative or can be found elsewhere. Committee Notes on Rules – 2015 Amendment Rule 37(e).

If Kooapps could show it was harmed or any relevant ESI was actually lost, which it cannot, then Kooapps must show that: "(1) the spoliation party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been

intentionally destroyed, and (3) the moving party must show that the spoliating party acted in bad faith." *BridgeTower,* 2023 WL 361779, at *11-12, 4 (citation omitted). Adverse inferences are permitted only upon a showing of bad faith or bad conduct. *Condrey* v. *SunTrust Bank of Ga.,* 431 F.3d 191, 203 (5th Cir. 2005). For ESI, an adverse inference may be given to the jury "only upon [a] finding that the party acted with the intent to deprive another party of the information's use in the litigation." *Jim S. Adler, P.C.* v. *McNeil Consultants, LLC,* 2023 WL 2699511, at *12 (N.D. Tex. Feb. 15, 2023) (internal citation omitted).

### A. Kooapps Has Not Shown And Cannot Show Prejudice To Its Ability To Present Evidence

As an initial matter, Kooapps has failed to demonstrate any prejudice with respect to the removed Public Posts. Kooapps' motion never, as it must, mentions a single, direct harm from the removed Public Posts. Fed. R. Civ. P. 37(e)(1). The reason is simple, Kooapps' own exhibits demonstrate that Defendants had an unfettered ability to access and capture the Public Posts throughout the litigation and that they in fact did access and capture the posts that were of most interest to them. Howse Decl., ¶ 8. Every post that Kooapps and Mr. Howse preserved was not spoliated. *See* Committee Notes on Rules – 2015 Amendment Rule 37(e). And Kooapps and Mr. Howse's preservation of those posts prevented any harm to Kooapps because it can still present this evidence at trial. *Coastal Bridge*, 833 F. App'x at 575.

Kooapps' only argument is that there are versions of some posts that were captured prior to February 19, 2025 that differ from versions after February 19, 2025. *See* Chang Decl., Dkt. 112-2, ¶¶ 3-8. That issue can be easily addressed by a stipulation as to the authenticity of the pre-February 19, 2025 versions of the Public Posts, which Lowtech has already offered. Any assertion that the removal has impacted Lowtech's ability to produce Discord communications is belied by both the production of over 3,100 Discord messages and the multiple Declarations of Mr. Howse.

Nor does Kooapps actually allege that any of the removed ESI is "lost." In fact, Kooapps' motion baldly acknowledges that Kooapps has "screenshots" of Mr. Howse's removed Public Posts. Dkt. 112 at 3. In other words, Kooapps acknowledges it preserved the posts. Equally telling is what Kooapps does not acknowledge, namely, the hundreds of pages of Public Posts it produced during the litigation, including those related to their Counterclaims. *See* Dkt 73; Dkt. 91. Moreover, even assuming those public posts were "lost," there can be no spoliation because there is ample alternative, materially duplicative versions of the evidence at issue—either in the form of Kooapps screenshots or in the hundreds of pages it produced. *See Ashton* v. *Knight Transp.,* 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011) (a party "must not destroy *unique*, relevant evidence that might be useful to an adversary) (emphasis added); FCRP 37(e) (stating that evidence is only considered spoliated if it "cannot be restored or replaced through additional discovery"); *Flores* v. *AT&T Corp.*, 2018 WL 6588586, 21-22 (W.D. Tex. Nov. 8, 2018) (denying sanctions because the party failed to articulate a reason why the reports that were produced, as well as the rest of discovery production, was insufficient to meet the party's needs). Kooapps' primary argument is that there are two versions of certain Public Posts–one before February 19, 2025 and one after–but the authentication that Lowtech has already stipulated to cures any concerns with that issue. Moreover, Kooapps itself believes that Mr. Howse's Private Posts are even stronger evidence to the same. Dkt. 112, at 5 (asserting that Lowtech must have been resisting producing the private messages because of their contents); Dkt. 112-6. No Private Posts were removed. Howse Decl., ¶ 11.

Kooapps simply cannot demonstrate any harm or prejudice because there is none—Mr. Howse removed some Public Posts only after he believed Defendants had collected the posts of interest to them. His belief is objectively validated: the posts were mostly, if not all, screenshot by

Kooapps counsel, and the remainder were either irrelevant or cumulative of the multiple Public Posts Defendants already have in their possession. Howse Decl., ¶ 10.

**B. There Was No Bad Faith Or Intent to Deprive Defendants Of Potential Evidence**

There is no basis for the adverse inferences that Kooapps seeks here because there was no bad faith. "We permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'" *Guzman* v. *Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Condrey*, 431 F.3d at 203). "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Id.* Adverse inferences are a severe sanction that may not be imposed unless there is evidence of "bad faith." *Condrey,* 431 F. 3d at 203.

Bad faith must be established by sufficient evidence of some egregious behavior, such as where the party intentionally delayed discovery, manipulated electronic data, permanently deleted data, refused to comply with court orders, and hide relevant information. *Calsep A/S* v. *Dabral*, 84 F.4th 304, 313 (5th Cir. 2023). *Arista Records, LLC* v. *Tschirhart*, which Kooapps points to, is exemplary. 241 F.R.D. 462, 464 (W.D. Tex. 2006). In that case, the defendant admitted that she was aware of a motion to compel specific evidence that she uniquely and solely possessed, and was aware that there was a Court order granting said motion to compel, but she destroyed the evidence nonetheless. *Id.* The facts of this case stand in stark contrast to that egregious conduct.[3]

The parties' obligations to preserve ESI are to be "reasonable and proportionate." Dkt. 56, at 4. According to Kooapps, those obligations did not extend to publicly available information on

[3] Kooapps also points to *Balancecxi Inc. v. Int'l Consulting*, 2020 WL 6886258 (W.D. Tex. Nov 24, 2020) for bad faith. Again, the conduct in that case is markedly different than here. In *Balancecxi*, the Court ordered sanctions where the defendant deliberately disobeyed counsel's preservation instructions for their laptops (the only source of the information), deleted hundreds of thousands of files, and lied to the court about the deletions. *Id*. at *12-13.

a third-party server. *See, e.g.*, Dkt. 91 at 6-7; Howse Decl., ¶ 6.[4] Thus, according to Kooapps, the expectation was that each party would access such information and capture what was of interest and, in fact, that is precisely what Defendants did. Howse Decl., ¶ 6**.**

When it comes to a showing of bad faith, the how and why are relevant. *See Vick* v. *Tex. Employment Comm'n,* 514 F.2d 734, 737 (5th Cir. 1975) ("the circumstances of the act must manifest bad faith."). Mr. Howse was under the impression that his obligation to preserve information did not include publicly available information that Defendants already had an opportunity to collect and, as demonstrated by the Counterclaims, apparently had collected. Howse Decl., ¶ 6. Mr. Howse did not remove posts in an attempt to deprive Defendants of evidence. Howse Decl., ¶ 14. On the contrary, he sought to preserve anything that he believed to be pertinent that was not already captured in Defendants' Counterclaim, while removing unrelated information, some of which potentially impacted third parties. Howse Decl., ¶¶ 13, 14. An objective review of the removed information demonstrates that the relevant information was preserved, and any negative impact, including to Defendants, was mitigated.

Mr. Howse's actions have in no way impaired Lowtech's ability to produce relevant discovery. In fact, Lowtech has produced over 3,100 Discord Private Posts. Dkt. 112, at 5. Mr. Howse has consistently and repeatedly testified that he did not remove pertinent Public Posts or remove any Private Posts. Since Lowtech and Mr. Howse did not intend to deprive Defendants of relevant information for use in the litigation, there is no justification for Kooapps' proposed sanctions.

---

[4] In fact, in recent discovery request meet and confers and email exchanges, Kooapps counsel has asserted that they do not have to produce equally available, public material.

## II. Kooapps' Requested Inferences Amount to Unjust Death penalty Sanctions That Bear No Relation To Any Minimal Possible Harm

Kooapps requested inferences amount to death penalty sanctions which are not warranted because Kooapps has not demonstrated it suffered any harm. Any spoliation remedy should go no further than necessary to (1) deter parties from practicing spoliation; (2) punish the spoliating party for removing relevant evidence; and (3) "restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Allstate Texas Lloyd's v. McKinney*, 964 F. Supp. 2d 678, 682–83 (S.D. Tex. 2013). Here, Kooapps is seeking to convert what is essentially an authentication issue—for which Lowtech has provided a stipulation as to the authenticity of the posts in question—into a default judgment, including on issues to which the Discord posts have no relevance.[5] Even though Kooapps has by its own admission preserved "a lot of information" relevant to its Counterclaims (Dkt. 91 at 4), it is seeking sanctions that foreclose Lowtech's and Mr. Howse's defenses to those Counterclaims[6] and amount to judgment in Defendants' favor on unrelated issues, including but not limited to, Snake.io's multiplayer functionality, the strength of Lowtech's intellectual property rights, marketplace confusion, Lowtech's alleged compliance issues with app stores, and the damages attributable to Defendants' infringement.[7]

[5] Kooapps cites *Cervini v. Cisneros*, 2024 WL 1725011 (W. D. Tex. March 21, 2024) as a case that supports adverse inferences. However, the facts of that case and the adverse inferences instructed are drastically different than here. In *Cervini*, the defendants engaged in a repeated and coordinated effort to permanently delete evidence. As for the adverse inferences, the Judge ordered only four—all of which simply stated that the Defendants deleted the messages and the jury can presume they were unfavorable to Defendants' case. *Id.*, at *14. Kooapps' adverse inferences, needless to say, go way beyond that.

[6] *See* proposed adverse inference 1 (Lowtech and Howse made defamatory statements they knew to be true; 2 (Lowtech and Howse knew that Snake.io had multiplayer functionality), 4 (Lowtech and Howse directed others to write knowingly false reviews with intent to harm Defendants),

[7] See proposed adverse inference 2 (Lowtech and Howse knew that Snake.io had multiplayer functionality); 3 (Howse abandoned Slither.io game), 5 (Lowtech did not have strong trademark rights and there was no marketplace confusion), 6 (Lowtech did not have strong trade dress rights and there was no market confusion), 7 (Howse had a history of compliance issues with app stores), 8 (Lowtech unreasonably delayed in asserting its rights); 9 (Defendants' revenues are attributable to features of its Snake.io game and

This goes well beyond what is "warranted to level the evidentiary playing field." *Russell* v. *Univ. of Tex. of the Permian Basin,* 234 Fed.Appx. 195, 207 (5th Cir. 2007). As demonstrated above, Kooapps has failed to show that the removed information was truly "lost" at all, let alone to explain why the posts it has (Lowtech produced over 3,100 Discord posts or messages and Kooapps preserved "a lot of information") are not sufficient to meet Defendants' needs. *Flores* v. *AT&T Corp.*, 2018 WL 6588586, at *7 (W.D. Tex. Nov. 8, 2018) (denying sanctions because the party failed to articulate a reason why the information that was produced, as well as the rest of the discovery production, was insufficient).

**III. There Is No Basis For Attorneys' Fees**

Kooapps asks for an award of attorneys' fees but makes no effort to meet the stringent standards for such an award. *See Goodyear Tire & Rubber Co.* v. *Haeger*, 581 U.S. 101, 108 n. 5, 109 (2017) (requiring but-for causal connection to justify fee shifting). Nor has it shown that such an award in this case would be non-punitive. *Id.* at 108. Thus, there is no basis for attorneys' fees.[8]

## CONCLUSION

For the above reasons, the Court should deny Defendant's Motion for Sanctions. There is no basis for Sanctions under Rule 37(e).

---

not infringement of Lowtech's intellectual property rights).

[8] Kooapps cites *Cervini* v. *Cisneros*, 2024 WL 1725011 (March 21, 2024) for the awarding of attorneys' fees but Kooapps is incorrect, there is no such award in that order.

Date: Aug 4, 2025

Respectfully Submitted,

*/s/_Christopher C. Campbell*______

Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**
900 16th Street N. W.
Suite 500
Washington D.C. 20006
(202) 862-8932
(202) 862-8906
bdavis@cahill.com
ccampbell@cahill.com

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN HOWSE

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 4, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

/s/ *Christopher C. Campbell* __________
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN HOWSE