UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | ) CASE NO.: 1:23-cv-1437-DAE |
| Plaintiff, | ) |
| v. | ) |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | ) |
| Defendants. | ) |
| | ) |
| KOOAPPS INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| LOWTECH STUDIOS, LLC and STEVEN HOWSE, | ) |
| Counterclaim-Defendants. | ) |

**KOOAPPS INC.'S REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS</u>**

Defendant and Counterclaim-Plaintiff Kooapps Inc., f/k/a Kooapps LLC ("Kooapps") submits this Reply in Further Support of its Motion for Discovery Sanctions against Plaintiff and Counterclaim-Defendant Lowtech Studios LLC ("Lowtech") and Counterclaim-Defendant Steven Howse ("Howse"). Kooapps' moving papers demonstrated, and Lowtech and Howse's opposition confirmed, that Lowtech and Howse failed to preserve and intentionally destroyed relevant communications well after this litigation commenced. The timing of their destruction demonstrates bad faith, and Kooapps has sustained evident prejudice: Lowtech and Howse's misconduct has deprived Kooapps of important relevant documents material to this litigation. The elements for Rule 37(e) have been met, and Kooapps thus respectfully submits that Lowtech and Howse's intentional discovery misconduct warrants severe sanctions.

## I.      Failure to Preserve Relevant Documents

Lowtech and Howse do not dispute the obligation to preserve Howse's Discord communications attached at least as of November 2023 when this action was commenced. Nor do they dispute that they took no action to preserve Howse's Discord communications until February 2025—over a year after the litigation began, and months after Kooapps' December 2024 service of discovery requests ***specifically*** related to Howse's Discord activity. *See* Mot. at 2, 4. This preservation failure stands in stark contrast to—and compounds—Lowtech and Howse's active efforts to destroy relevant communications prior to any efforts to preserve them.[1]

## II.     Destruction of Relevant Documents in Bad Faith

There is also no dispute that Howse actively and intentionally deleted relevant Discord

---

[1] Lowtech and Howse cynically argue that on the one hand, they had no obligation to preserve public Discord posts, while on the other, they could actively destroy them so as to obstruct Kooapps' access. The Court should reject this justification—which is at odds with the discovery obligations imposed by the Federal Rules—along with Lowtech and Howse's irrelevant discussion of a separate discovery matter involving the production of Snake.io reviews (which all remain preserved, publicly available, and equally accessible to both parties).

messages during this litigation. Kooapps' Motion provided evidence that Howse destroyed dozens of Discord posts immediately after Kooapps shared a draft of its Counterclaims in early February 2025, along with untold hundreds of thousands of Slither.io reviews. *See* Mot. at 3-4, Delehanty Decl. ¶¶ 6-7, Chang Decl. ¶¶ 3-11. Lowtech and Howse concede this, and in fact now ***admit that Howse's deletions began earlier and were more extensive*** than previously known. For example, Howse's Declaration cites, for the first time, "moderation logs"[2] that purportedly show the number of messages deleted between June 20, 2024 and March 10, 2025.[3] *See* Howse Decl. ¶ 9 (Dkt. No. 121-1). This new disclosure is shocking, given that Lowtech and Howse had stonewalled, for months, as to the extent of Howse's deletions. *See* Supplemental Declaration of Chloe Delehanty ("Delehanty Supp. Decl.") ¶¶ 5-6, Exs. 9, 10; *id.*, Ex. 8 (May 6, 2025 Deposition of Steven Howse 246:5-11 ("████████████████████████████████")). But even crediting Howse's August 4, 2025 Declaration, at a minimum, Howse destroyed 53 public Discord posts dating back to June 20, 2024. Howse Decl. ¶ 9.

Nor was Howse's destruction limited to public Discord communications: there is substantial evidence that it extended to private Discord posts and direct messages (DMs) as well. First, there are substantial gaps in Lowtech's production of Howse's DMs: Kooapps identified eight individuals with whom Howse engaged in substantive and, in some cases, frequent communications. Supplemental Declaration of Jonathan Chang ("Chang Supp. Decl.") ¶ 2. Yet Lowtech's belated May 2, 2025 production of over 3,000 private DM messages failed to include ***any*** DMs between

---

[2] Lowtech and Howse did not submit the actual moderation logs with their Opposition. Only after Kooapps demanded their production did Lowtech provide screenshots, but even those appear to be incomplete and only raise further questions.  *See* Delehanty Supp. Decl. ¶ 7.

[3] The date range covered by these moderation logs is facially insufficient and abbreviated in light of Howse's admission that he has had an account on the Discord platform since August 13, 2021. Delehanty Decl. Ex. 7, ¶ 2.

Howse and those individuals. Delehanty Supp. Decl. ¶ 3. The absence of these DMs strongly evidences destruction beyond what Lowtech and Howse have already admitted.

Kooapps also has direct evidence of Howse's destruction of private DMs. One of the public Discord posts submitted with Kooapps' Motion was authored by the Discord user "spectre" on November 24, 2024. Chang Decl. ¶ 5, Ex. 3. This post contained a screenshot of a separate post by Howse dated August 4, 2024 (the "August 4 Post").[4] Yet the August 4 Post is not an existing public post, nor is it a deleted public post (*i.e.*, it is not reflected in Howse's moderation log summary, Howse Decl. ¶ 10, Ex. 1) or a produced private post or DM. Delehanty Supp. Decl. ¶ 4. The only conclusion, therefore, must be that the August 4 Post was either a private post or DM that has since been destroyed by Howse, or is being improperly withheld from production by Howse and Lowtech.

The careful phrasing of Howse's declarations also evidences destruction of private communications. Howse represented that he "ha[s] not removed any *relevant* private Discord direct messages." Howse Decl. ¶ 11 (emphasis added). Based on that phrasing, and the absence of private Discord DMs with relevant individuals in Lowtech's productions, Kooapps tried for months to obtain clarity on whether additional DMs had been preserved. Delehanty Supp. Decl. ¶¶ 5-6, Exs. 9, 10. Yet Lowtech and Howse's counsel would commit only that "*relevant*" private Discord DMs had been preserved (*Id.* ¶ 6, Ex. 10.)—the clear implication being that some untold number of private Discord DMs had been destroyed without preservation.[5]

---

[4] The August 4 Post is inarguably relevant: it refers to the John Nagle algorithm, which determines multiplayer latency, and multiplayer functionality of the Slither.io and Snake.io games is a core issue in this case. Chang Supp. Decl. ¶ 4.

[5] Howse's representations reveal that the Opposition's repeated protestations that Howse never removed any private posts from Discord (Opp. at 3, 6, 9) are at best an oversimplification if not entirely misleading. Howse's recent declaration states that he "ha[s] not removed any *relevant* private Discord direct messages." Howse Decl. ¶ 11 (emphasis added). In similar fashion, Howse's earlier May 16, 2025 declaration stated that he "ha[s] not removed any of [his] posts on private

Lowtech and Howse's attempt to shrug off the destruction as involving irrelevant documents "unrelated to the case" (Howse Decl. ¶ 10) is specious. Kooapps' Motion demonstrated that even the known deletions included messages that went to the heart of the parties' claims and defenses (*see, e.g.*, Chang Decl. ¶ 3, Ex. 1). Furthermore, the belatedly provided summary of moderation logs (Howse Decl. Ex. 1, "MLS") demonstrates that many additional deleted messages referenced in that summary are not just relevant but critical; Howse destroyed these messages before Kooapps could discover them, and no faithful copies exist. This includes:

- MLS No. 36: Post related to active management of bots/AI in the "Play Online" multiplayer mode of Slither.io, an issue at the core of this lawsuit;

- MLS No. 43: Post evidencing issues with the Slither.io game rendering ("I wonder if the render wobble is just because I send new points as integers instead of floats");

- MLS Nos. 45-46: Posts evidencing reasons for decline of the Slither.io game ("the fix will be the next app update") and issues with game lag on mobile ("I think I figured out how to fix certain lag spikes that only happen on mobile");

- MLS No. 48: Related to a post that Kooapps managed to preserve, listed at No. 26 (KOOAPPS-00128325) in the MLS and concerning effort by Howse to coordinate manufacturing of evidence for Lowtech and assistance with the obstruction of this lawsuit (*see also* Mot. at 3, Chang Decl. ¶ 10, Ex. 8); and

- MLS Nos. 50 and 51: Preceded by the comment "I removed all ads, so I lose money on it now," and thus relating to that issue – a critical one in the case ███████████████████████████████████████████████

Furthermore, the circumstances surrounding Howse's intentional deletion of Discord communications are rife with indications of bad faith.[6] Howse has now admitted to deleting public

---

Discord servers ***that reference Kooapps or Snake.io***" and he "ha[s] not removed any of [his] direct messages on Discord ***that reference Kooapps or Snake.io***." *See* Delehanty Decl. Ex. 7, ¶¶ 9, 10 (emphasis added). The qualifications in these declarations speak volumes, are at odds with the evidence of his destruction and the relevance of the deleted messages, and imply substantial deletions of private posts and DMs.

[6] Lowtech and Howse cite several cases where courts found no evidence of bad faith because the

posts even after being put on notice as to the relevance of Discord communications back in December 2024, and even after seeing that Discord communications were at the heart of Kooapps' Counterclaims back in February 2025. Indeed, Kooapps discovered soon after its February 19, 2025 filing of its Counterclaims that several of Howse's Discord posts, which had been publicly available earlier that month, had been deleted. Mot. at 3, Chang Decl. ¶ 3.

### III.   Kooapps Has Been Prejudiced as a Result of the Admitted Spoliation of Evidence

Lowtech and Howse seek salvation from sanctions by arguing that, even if they engaged in rampant document destruction and preservation failures, Kooapps' efforts to take screenshots of certain posts cures any prejudice. Putting aside the cynicism of that position—that after their admitted misconduct, Lowtech and Howse should be the beneficiaries of Kooapps' diligence—the record reflects that Kooapps lacks access to key, relevant documents destroyed by Lowtech and Howse. This includes, at minimum, the numerous deleted public posts referenced in the MLS that Lowtech and Howse did not preserve (*see* MLS Nos. 47-53), along with the private server and DMs that Lowtech and Howse almost certainly deleted, including messages with key counterparts.

### IV.   Lowtech and Howse's Discovery Misconduct Warrants Severe Sanctions

Sanctions are a punitive measure meant to deter and punish misconduct.[7] The Court has

---

destruction was a result of routine deletion practices; Howse's deletions were not routine but volitional. *See Coastal Bridge Co. v. Heatec, Inc.*, 833 F. App'x 565 (5th Cir. 2020); *Russell v. Univ. of Tex. of the Permian Basin*, 234 F. App'x 195 (5th Cir. 2007); *Vick v. Tex. Employment Comm'n*, 514 F.2d 734 (5th Cir. 1975); *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2023 WL 2699511 (N.D. Tex. Feb. 15, 2023); *Flores v. AT&T Corp.*, 2018 WL 6588586 (W.D. Tex. Nov. 8, 2018). Other cases are wholly inapposite. *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191 (5th Cir. 2005) (no evidence of bad faith); *Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015) (no bad faith in party moving ahead with surgery).

[7] *See Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 805 (N.D. Tex. 2011) (striking pleadings and defenses as "the least harsh remedy necessary to deter, punish, and restore" given evidence of bad faith destruction); *see also Allstate Texas Lloyd's v. McKinney*, 964 F. Supp. 2d 678, 682–83 (S.D. Tex. 2013) (citing *Ashton*, 772 F. Supp. 2d at 801).

power to impose terminating sanctions against parties who engage in egregious spoliation efforts.[8] Here, given the evidence of bad faith, and the prejudice to Kooapps, adverse inferences and attorneys' fees are reasonable and proportionate to the conduct at issue. Mot. at 9-10 (citing cases).[9]

* * *

For the foregoing reasons, Kooapps respectfully requests that the Court grant this Motion, enter sanctions consistent with this Motion (*see* Dkt. No. 112-1) and accord such relief as the Court deems proper.

---

[8] *See Calsep A/S v. Dabral*, 84 F.4th 304, 315 (5th Cir. 2023); *Balancecxi, Inc. v. Int'l Consulting*, 2020 WL 6886258, at *38 (W.D. Tex. Nov 24, 2020); *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 464 (W.D. Tex. 2006); *see also F & J Samame, Inc. v. Arco Iris Ice Cream*, 2015 U.S. Dist. LEXIS 86823, at *11 (W.D. Tex. July 2, 2015) ("[W]illful or intentional destruction of evidence . . . can justify severe sanctions.") (citation omitted).

[9] Lowtech and Howse's authority does not support withholding from sanctions. *BridgeTower Opco LLC v. Workforce Rsch. Grp. LLC*, 2023 WL 361779 (S.D. Tex. Jan. 23, 2023) (documents destroyed not relevant); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (addressing request for full litigation expenses beyond discovery misconduct).

Dated:  August 18, 2025                         Respectfully submitted,


                                                   By:    */s/ Eli B. Richlin*
                                                            Eli B. Richlin

Eli B. Richlin (admitted *pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (admitted *pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini, Goodrich & Rosati, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

Joshua A. Baskin admitted (admitted *pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (admitted *pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

-8-

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 18, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion and all supporting declarations through the Court's CM/ECF system.

*/s/ Eli B. Richlin*
Eli B. Richlin

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*
