# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No.  1:23-CV-01437-DAE |
| | § | |
| KOOAPPS LLC, CHUN-KAI | § | |
| WANG, JONATHAN CHANG, | § | |
| *Defendants* | § | |

## ORDER

Before the Court is Defendant Kooapps Inc., f/k/a Kooapps LLC's ("Kooapps") unopposed motion to seal documents and portions thereof filed in support of its reply in support of its motion for discovery sanctions. Dkt. 126. In its motion, Kooapps seeks to file under seal its reply in support of its motion for discovery sanctions and certain attached exhibits. *See id*. Kooapps notes that the at-issue exhibits were deemed to be for "Attorneys' Eyes Only" under the protective order in this case, but "otherwise takes no position at the present as to whether the Designated Materials contain sealable information." *Id*. at 2. Kooapps fails to identify specific confidential information contained in the exhibits or show how, if made public, this information might be harmful to either party. *See id.*; *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) ("[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document.") (citing *N.*

*Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)); *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7-8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order.").

Based on the foregoing, **IT IS ORDERED** that Kooapps submit supplemental briefing in support of its motion to seal on or before **September 3, 2025**. The supplemental briefing should identify the confidential information in each document and how, if made public, such information would harm either party. To the extent confidentiality concerns can be addressed with redactions to exhibits, rather than sealing the exhibits as a whole, the Court **ORDERS** Kooapps to file redacted copies of those exhibits that can be filed publicly.

**SIGNED** August 26, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE