UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LOWTECH STUDIOS, LLC,** § | |
| *Plaintiff* § | |
| § | |
| v. § | No.  1:23-CV-01437-DAE |
| § | |
| **KOOAPPS LLC, CHUN-KAI** § | |
| **WANG, JONATHAN CHANG,** § | |
| *Defendants* § | |

**ORDER**

Before the Court is Defendant Kooapps Inc., f/k/a Kooapps LLC's ("Kooapps") unopposed motion to seal documents and portions thereof filed in support of its reply in support of its motion for discovery sanctions, Dkt. 126, and all related briefing. In its motion, as amended by supplemental memoranda from Kooapps and Plaintiff Lowtech Studios, LLC ("Lowtech"), Kooapps moves to seal its reply in support of its motion for discovery sanctions and certain attached exhibits. *See id.*; Dkts. 129; 130.[1] While Kooapps takes "no position" as to whether the at-issue documents should be sealed, Lowtech argues that exhibit 11 in support of Kooapps's reply should be sealed in its entirety and that Kooapps's reply and supplemental declaration attached to the reply be filed in redacted form to protect Lowtech's confidential information in the form of "product, design, and methodology information." Dkts. 126, at 3; 129, at 2;

---

[1] In its supplemental memorandum, Lowtech informed the Court that Dkt. 126-4 need not be filed under seal and that Lowtech expects Kooapps to file an unredacted version of this exhibit. Dkt. 130, at 5.

1

130, at 4. Lowtech further explains how public dissemination of this information "could result in competitive harm" to Lowtech. Dkt. 130, at 3-4.

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

"[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *Id.*; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7-8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate

documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Here, the Court finds that Lowtech has asserted sufficient grounds for sealing in part Kooapps's reply and supplemental declaration and sealing in full exhibit 11 to the reply. Lowtech has alleged specific reasons that support sealing sensitive commercial information from public view, Dkt. 130, at 3-5, contrasting with cases in which courts have denied similar motions due to imprecise assertions. *See Crest Audio, Inc. v. QSC Audio Prod., LLC*, No. 3:12-CV-755-CWR-FKB, 2014 WL 12639108, at *1 (S.D. Miss. May 28, 2014) ("Public disclosure of this information would likely cause harm if competitors were able to acquire and exploit this information."); *cf. N. Cypress*, 781 F.3d at 204 ("North Cypress does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere."); *Omega Hosp.*, 2015 WL 13534251, at *4; *Powers*, 2015 WL 1758079, at *8.

Accordingly, **IT IS ORDERED** that Kooapps's motion for leave to file sealed documents, Dkt. 126, is **GRANTED IN PART** and **DENIED IN PART**. The Clerk

of Court shall file Dkt. 126-5, under seal. **IT IS FURTHER ORDERED** that Kooapps shall file an unredacted version of Dkt. 126-4, within **seven (7)** days of this Order.

    **SIGNED** September 4, 2025.

                                                      DUSTIN M. HOWELL
                                                    UNITED STATES MAGISTRATE JUDGE