**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>        Plaintiff,<br><br> v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>        Defendants. | **CASE NO: 1:23-CV-1437-DAE** |
| KOOAPPS INC.,<br><br>        Counterclaim-Plaintiff,<br><br> v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>        Counterclaim-<br>        Defendants. | |

## TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................................ 1

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT AND CITATION TO AUTHORITY...................................................................... 4

CONCLUSION........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambler* v. *Nissen*,
   2023 WL 443806 (W.D. Tex. Jan. 26, 2023) .................................................................6

*Benson* v. *Rosenthal*,
   2016 WL 1046126 (E.D. La. Mar. 16, 2016) ...............................................................6

*Bisous Bisous LLC* v. *The Cle Group, LLC*,
   2021 WL 3618042 (N.D. Tex. Aug. 16, 2021)..............................................................4

*Edwards* v. *City of Bossier City*,
   2016 WL 3951216 (W.D. La. July 20, 2016) ...............................................................6

*Flanagan* v. *Marriott Hotel Services, Inc.*,
   2014 WL 12586404 (W.D. Tex. Mar. 12, 2014) ...........................................................7

*Goodyear Tire & Rubber Company* v. *CEVA Logistics Singapore, Ltd.*,
   348 F.R.D. 54 (E.D. La. 2024)......................................................................................7

*Intellectual Ventures II, LLC* v. *AT&T Corp.*,
   2017 WL 11679622 (W.D. Tex. Feb. 14, 2017).............................................................3

*Martin* v. *Allstate Insurance Co.*,
   292 F.R.D. 361 (N.D. Tex. 2013) .................................................................................4

*Martino* v. *Kiewit New Mexico. Corp.*,
   600 F. App'x 908 (5th Cir. 2015) .................................................................................5

*McLeod, Alexander, Powel & Apffel, P.C.* v. *Quarles*,
   894 F.2d 1482 (5th Cir. 1990) .....................................................................................4

*Merrill* v. *Waffle House, Inc.*,
   227 F.R.D. 475 (N.D. Tex. 2005) .................................................................................5

*Mir* v. *L-3 Communications Integrated Systems., L.P.*,
   319 F.R.D. 220 (N.D. Tex. 2016) .................................................................................6

*Moerbe* v. *Adcock*,
   2021 WL 8694107 (W.D. Tex. Apr. 30, 2021)...........................................................3, 4

*Pamlab, L.L.C.* v. *Brookstone Pharms., L.L.C.*,
   2010 WL 11541806 (E.D. La. Feb. 19, 2010) ..............................................................8

*Trigg* v. *Merida*,
   2019 WL 13193350 (W.D. Tex. Mar. 13, 2019) .......................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 37 ............................................................................................1, 4

Federal Rule of Civil Prodedure 34 ............................................................................................6, 7

iv

## LOWTECH STUDIOS, LLC AND STEVEN HOWSE'S MOTION TO COMPEL

Plaintiff and Counterclaim-Defendant ("Lowtech") brings this motion pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendant and Counterclaim-Plaintiff Kooapps LLC ("Kooapps") to produce a complete set of Apple App Store Reviews ("App Store Reviews") for Snake.io as requested in Steven Howse's First Set of Requests for Production at Request 10 ("Howse First RFP #10").  Exhibit 1, Howse First RFP #10.  This motion arises from Kooapps's refusal to produce a complete set of App Store Reviews of Snake.io.  The Reviews Lowtech is seeking are directly and highly relevant to the issue of consumer perceptions that are central to the claims and defenses in this case.  They are also relevant to the issue of Kooapps's knowledge, which bears directly on issues such as willfulness.  Lowtech has already produced a set of reviews of Snake.io, yet Kooapps has not reciprocated, and has instead challenged the veracity of the reviews provided by Lowtech.[1]

### INTRODUCTION AND BACKGROUND

Steven Howse served requests for production to Kooapps on April 8, 2025, that included a request for "[a]ll materials relating to consumer ratings and reviews regarding the Infringing App or Infringing Marks, including Kooapps's public and internal responses to those consumer reviews."[2]  Exhibit 1, Howse First RFP #10.  Kooapps responded to the Request for Production on May 8, 2025, and objected to the response with blanket objections, including for "attorney-client privilege, the attorney work-product doctrine, the common interest privilege," as well as

---

[1] Kooapps counsel has also repeatedly asked in expert depositions about whether statistical analysis of App Store Reviews has been conducted.  Of course, any statistical analysis of such reviews would be best performed on a complete set.

[2] The "Infringing App" is Kooapps' Snake.io and Snake.io+ mobile and web based game.  The "Infringing Marks" are the terms "slither" and "slither.io," as well as the Snake.io logo that are accused of infringement in this case.  Exhibit 1, at 3–4, ¶¶ 8–9.

on the basis that the requests were overbroad, unduly burdensome, and duplicative.  Exhibit 2,

Kooapps' Responses and Objections to Steven Howse's RFPs ("Kooapps' Resp. and Obj. to

Howse First RFPs").  Kooapps then stated it has otherwise "searched for and already produced

any non-privileged documents in its possession, custody, or control."  Exhibit 2, Kooapps' Resp.

and Obj. to Howse First RFPs.  On July 16, 2025, the parties met and conferred regarding,

among other issues, Kooapps's production of App Store Reviews of Snake.io.  In follow up

emails and meet and confers, Kooapps's counsel further cited objections to production based on

the reviews being "publicly available" and "equally accessible to both parties."  Exhibit 3, Email

from August 12, 2025.

The App Store Reviews are critical to understanding consumer confusion and the

misleading nature of Kooapps's advertising practices.  Kooapps has been accused of falsely

advertising Snake.io as an online multiplayer game, and numerous consumer reviews indicate

that the game operates as a single-player experience against computer-controlled avatars or

"bots."  These reviews are highly relevant to Lowtech's claims of trademark infringement and

false advertising, as they demonstrate the consumer confusion and deception caused by

Kooapps's marketing strategies.

Despite the relevance of these reviews, Kooapps has refused to produce them, citing

among other objections, that the information is publicly available and equally accessible to both

parties.  At the same time, Kooapps is challenging the authenticity of the reviews produced by

Lowtech.  As a result, Kooapps ignores both the importance of these reviews to the case and its

own actions in challenging the authenticity of the reviews provided by Lowtech.  That duplicity

is inappropriate.  Furthermore, Kooapps's refusal to produce these reviews contradicts its own

assertions in a recent motion for sanctions, where it argued that Lowtech had an obligation to produce a complete set of reviews. *See* Dkt. No. 112, 3 n.3.

Lowtech has made several attempts to resolve this issue without court intervention, including a meet and confer on July 16, 2025, as well as several email exchanges and even offering multiple compromise options to resolve the issue. Kooapps has declined to cooperate. In light of the above, Lowtech respectfully requests that the Court grant this Motion to Compel and order Kooapps to produce a complete set of App Store Reviews of Snake.io within 10 days of the Court's order, as these documents are vital to resolving the issues at stake in this litigation.

## LEGAL STANDARD

"The scope of discovery is broad." *Moerbe* v. *Adcock,* 2021 WL 8694107, at *1 (W.D. Tex. Apr. 30, 2021) (citing *Crosby* v. *Louisiana Health Service and Indemnity Co.,* 647 F.3d 258, 262 (5th Cir. 2011). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Moerbe*, 2021 WL 8694107, at *1 (citing Fed. R. Civ. P. 26(b)(1)). "Relevance for purposes of discovery is a low threshold[.]" *Intellectual Ventures II, LLC* v. *AT&T Corp.*, 2017 WL 11679622, at *2 (W.D. Tex. Feb. 14, 2017). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Trigg* v. *Merida*, 2019 WL 13193350, at *1 (W.D. Tex. Mar. 13, 2019) (internal citations omitted).

After conferring in good faith, a party seeking discovery may file a motion to compel to secure that discovery. Fed. R. Civ. P. 37(a). "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Moerbe*, 2021 WL 8694107, at \*1 (quoting *Hobbs* v. *Petroplex Pipe & Construction, Inc.*, 2018 WL 3603074, at \*2 (W.D. Tex. Jan. 29, 2018)); *see also McLeod, Alexander, Powel & Apffel, P.C.* v. *Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Moerbe*, 2021 WL 8694107, at \*1 (quoting *Hobbs*, 2018 WL 3603074, at \*2).

## ARGUMENT AND CITATION TO AUTHORITY

The Court should order Kooapps to produce all materials relating to consumer ratings and reviews regarding the Infringing App or Infringing Marks and Kooapps's public and internal responses to those consumer reviews, including specifically, a complete set of reviews of Snake.io on the Apple App Store. The First Amended Complaint alleges that Kooapps advertised Snake.io as offering multiplayer functionality when it did not have that functionality. Dkt. 46 at ¶¶ 36-37. As noted in the First Amended Complaint, consumers noticed they were not playing a genuine multiplayer game and left numerous reviews documenting their discovery and frustrations. Dkt. 46 at ¶¶ 36-37.

As an initial matter, consumer reviews are clearly relevant and discoverable. *See Martin* v. *Allstate Insurance Co.*, 292 F.R.D. 361 (N.D. Tex. 2013); *Bisous Bisous LLC* v. *The Cle Group, LLC*, 2021 WL 3618042 (N.D. Tex. Aug. 16, 2021) (considering consumer reviews to determine

trademark confusion).   As noted, the reviews of Snake.io are highly relevant to the issue of consumer confusion as well as false advertising as laid out in the Amended Complaint.  Dkt. 46. Kooapps's objections are therefore without merit for several reasons.

First, Kooapps has objected that the request is overbroad, burdensome, and duplicative. In response, Lowtech has specified and narrowed the request to seek a complete set of Apple App Store Reviews of Snake.io and, as a compromise, has offered that Kooapps could produce only those reviews it contends are making Lowtech's production "incomplete."  Exhibit 3, Email from August 6, 2025.  This proposal is narrowly focused and seeks to eliminate any alleged "duplication."  Yet, Kooapps has maintained its refusal to produce highly relevant evidence. Additionally, Lowtech's production, assembled using Sensor Tower,[3] demonstrates that the collection of the reviews is not disproportionate to the needs of the case as Lowtech was able to capture and produce the same data with little cost and a small amount of time.  Exhibit 3, Email from August 12, 2025.  Kooapps has not articulated why this process, or a similar one, would be burdensome.  *See Merrill* v. *Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Second, Kooapps has suggested that both parties have "equal access" to the reviews because the information is "publicly available" and therefore, Kooapps is not obligated to produce the reviews.  Kooapps also asserts, without specificity, that the copy of the reviews produced by Lowtech is incomplete.  However, Kooapps's objections regarding equal access and public availability are insufficient, especially when Kooapps contends that Lowtech's production of reviews is "incomplete."  As an initial matter, the mere fact that responsive information is publicly available does not prevent its discovery.  *Martino* v. *Kiewit New Mexico. Corp.*, 600 F.

---

[3] Sensor Tower is a third-party platform to which each party has access and to which each party, including Kooapps, has cited and relied on in this matter.  *See* Ex. 3 at 2.

App'x 908, 911 (5th Cir. 2015). Public records being equally accessible to the parties is not sufficient to relieve Kooapps of the obligation to produce documents within its possession, custody or control. *See Ambler* v. *Nissen*, 2023 WL 443806, *6 (W.D. Tex. Jan. 26, 2023) (citing *Areizaga* v. *ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (rejecting plaintiff's argument that it need not produce documents that were "easily accessible through other means")); *Benson* v. *Rosenthal*, 2016 WL 1046126, at *3 (E.D. La. Mar. 16, 2016) ("[T]hat 'some responsive documents are in the public domain and are thus equally available' to defendant . . . is unpersuasive"). Moreover, Kooapps's challenge of the "completeness" of Lowtech's production makes Kooapps's production particularly necessary and important as Lowtech's production is based on what was publicly available to Lowtech.

Third, Kooapps also contends that the reviews are not within its custody or control. However, the Snake.io reviews are within Kooapps's practical ability to produce. "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Mir* v. *L-3 Communications Integrated Systems., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016) (citing *S. Filter Media, LLC* v. *Halter*, Civ. A. No. 13-116-JJB-RLB, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014)). Under Rule 34, "possession, custody, or control" includes "more than actual possession or control of the materials; it also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action." *Edwards* v. *City of Bossier City*, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016) (internal citations omitted). It is clear here that Kooapps has an affiliation, specifically a business relationship, with Apple App Store. Specifically:

- Kooapps, at Apple's recommendation, purchased certain keywords for advertisement on Apple platforms.

- Snake.io was published on the Apple App Store on April 21, 2016.

- Snake.io was placed in the Apple Arcade in 2023.

- Snake.io is free to download on mobile app stores, including the Apple App Store.

- Kooapps and Apple "partnered" to launch a version of the Snake.io Game.

*See* Dkt. 46, at ¶¶ 46-48; Dkt. 73, Defendants Amended Answer to First Amended Complaint and Defendants Amended Counterclaims at ¶¶ 8, 12, 17, 38, 51.  That is all that is needed to meet the threshold of Rule 34.  *See Goodyear Tire & Rubber Company* v. *CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 67–68  (E.D. La. 2024) ("To establish control over documents in the possession of a non-party, the movant must typically show that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.").

At a minimum, Kooapps has an obligation to assist with a third party production of the App Store Reviews of Snake.io.  *Flanagan* v. *Marriott Hotel Services, Inc.,* 2014 WL 12586404, at *5 (W.D. Tex. Mar. 12, 2014) (finding that if any of the requested documents at issue are not in respondent's physical possession, but are in the possession of a third party, then respondent must assist the requesting party in obtaining non-privileged responsive documents).  Also, as noted, Kooapps has asserted that Lowtech's production of reviews is incomplete.  Kooapps's challenge of Lowtech's production suggests that Kooapps must have examined the reviews and has some unique insight into the full corpus of the reviews.  If Kooapps has an ability to examine the reviews for completeness, surely it has an ability to produce what it states would be the full set of reviews.  Finally, Lowtech has demonstrated, by producing a copy of the Snake.io reviews using Sensor Tower, that the reviews are accessible via a third-party service.  Lowtech has also

7

explained the ease of this process, including that it only took about two hours, to Kooapps. *See* Exhibit 3, Email from August 6, 2025.

Finally, Kooapps has asserted, in a filing to the Court, that Lowtech has an obligation to produce a complete set of Sensor Tower reviews.[4]  Kooapps has also asserted that Lowtech's production of the reviews is incomplete.  In the first instance, Kooapps cannot assert that a discovery obligation applies to Lowtech but not to Kooapps.  Moreover, as a practical matter, Kooapps asserts, without specificity, that the reviews produced are incomplete, but refuses to describe which reviews are missing and refuses to otherwise complete the collections of reviews. Both of these positions defy the well-established principles that fundamental fairness requires reciprocal discovery and that "discovery is a two-way street."  *Pamlab, L.L.C.* v. *Brookstone Pharms., L.L.C.*, 2010 WL 11541806, at *1 (E.D. La. Feb. 19, 2010).  Kooapps's knowledge of whether or not the reviews are complete belies their refusal to produce the reviews.  If Kooapps can determine that the reviews produced by Lowtech are incomplete, they can produce a full corpus of said reviews.  Kooapps cannot avoid their discovery obligations by alleging the discovery is not within their control while insisting that Lowtech's copy of said reviews is incomplete.

As noted, Lowtech has made several attempts to resolve this issue without court intervention, including offering to stipulate that the reviews it provided are complete, and inviting Kooapps to produce any additional reviews it contends are missing.  However, Kooapps has declined these proposals, leaving Lowtech with no choice but to seek the Court's intervention to compel the production of these critical documents.

---

[4] *See* Docket 112, FN 3.

**CONCLUSION**

Lowtech respectfully requests that the Court grant this Motion to Compel and order

Kooapps to produce a complete set of App Store Reviews of Snake.io as sought in Request 10

within 10 days of its order.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff met and conferred with counsel for Defendant on July 16, 2025.  The Parties were unable to reach agreement on the issues in the above motion.

/s/ *Christopher C. Campbell*
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**

900 16th Street N. W.
Suite 500
Washington D.C. 20006
(202) 862-8932
(202) 862-8906
bdavis@cahill.com
ccampbell@cahill.com

10

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on this day of September 16, 2025.

/s/ *Christopher C. Campbell*
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**

ATTORNEYS FOR PLAINTIFF AND
COUNTERCLAIM-DEFENDANTS LOWTECH
STUDIOS, LLC AND STEVEN HOWSE