# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>  Defendants.<br><br>―――――――――――――――――――――<br><br>KOOAPPS INC.,<br><br>  Counterclaim-Plaintiff,<br><br>  v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>  Counterclaim-Defendants. | CASE NO.: 1:23-cv-1437-DAE |

**KOOAPPS INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF AND COUNTERCLAIM-DEFENDANT LOWTECH STUDIOS, LLC AND
<u>COUNTERCLAIM-DEFENDANT STEVEN HOWSE'S MOTION TO COMPEL</u>**

Defendant and Counterclaim-Plaintiff Kooapps Inc., f/k/a Kooapps LLC ("Kooapps"), submits the following Opposition to Plaintiff and Counterclaim-Defendant Lowtech Studios LLC ("Lowtech") and Counterclaim-Defendant Steven Howse's ("Howse") motion to compel the production of Apple App Store reviews for Kooapps' Snake.io game (the "Motion").

## I. INTRODUCTION

As an initial matter, Lowtech and Howse's Motion should be denied for the simple reason that it was filed *four months after* the close of fact discovery. Dkt. No. 105 (ordering that fact discovery closes May 16, 2025).

Even if the Motion had been timely, it would still merit denial because the documents sought—reviews of the Snake.io game posted online through a website maintained by Apple, not Kooapps—are publicly available and not in Defendants' possession, custody, or control. Lowtech omits from its motion one critical fact: that Kooapps has no more advanced or streamlined mechanism to produce user reviews of Snake.io than Lowtech does. Lowtech is, in effect, demanding that Kooapps undertake the heavy burden of manually capturing the hundreds of thousands of reviews that Snake.io has on the Apple App Store and produce those reviews as screenshots. Kooapps has already produced all copies of user reviews for Snake.io in its possession, custody, and control. Lowtech has equal access to any remaining reviews that may exist. The burden for either side to produce them is exactly the same. It should therefore not fall on Kooapps to do Lowtech's work for it.

Lowtech and Howse argue that Kooapps should be required to undertake the burden of producing reviews for Snake.io because Lowtech purported to produce reviews for Slither.io. But the situation with respect to Slither.io reviews is completely different. Again, Lowtech and Howse omit from their motion another critical fact: that Howse deleted the vast majority of the Slither.io reviews on the Apple App Store in or around February 2025. Therefore, unlike with respect to

1

Snake.io reviews, the parties do not have the same access to Slither.io reviews. Lowtech's production of the allegedly preserved Slither.io reviews was necessary for Kooapps to obtain those reviews. In contrast, Kooapps has not engaged in deletions of the Snake.io reviews, and as such, they are available for anyone to easily access and view. For these reasons, the Motion should be denied.

## II.   BACKGROUND

On February 25, 2025, Kooapps notified Lowtech of an apparent spoliation issue related to the reviews and ratings of the Slither.io game, where hundreds of thousands of reviews and ratings had seemingly been deleted and were no longer publicly available. *See* Dkt No. 112-15. While Defendants had seen over 200,000 user ratings of the Slither.io game on the Apple App Store as of at least January 24, 2025, only 34 App Store ratings were publicly available as of the week of February 25. Dkt. No. 112-2, ¶ 11. Tellingly, at the time of the February 25 letter, there were no reviews of Slither.io pre-dating February 21, 2025 shown on the Slither.io Apple App Store listing webpage—the same day that Defendants had sent another letter raising concerns about a separate spoliation issue relating to Howse's Discord activity, which is the subject of Kooapps' currently pending motion for sanctions. *See* Dkt No. 112-15.

Since the February 25 letter, the parties have met and conferred several times on the issue of reviews. On March 18, 2025, Lowtech claimed that the removal of reviews for Slither.io occurred following an update of the app,[1] but the reviews themselves had been preserved via Sensor Tower. Delehanty Decl.¶ 5, Ex. 1. Sensor Tower is a third-party data aggregation service that purports to log reviews for apps, including Snake.io and Slither.io. However, Sensor Tower

---

[1] Kooapps does not believe this representation is accurate. When it contacted Apple regarding this issue, Apple support said that user reviews are not deleted when an app is updated—the developer is responsible for deleting reviews. Delehanty Decl. ¶ 6, Ex. 3.

is often inaccurate when it comes to preservation of user reviews, as evidenced by Lowtech's own production of Slither.io reviews.  Declaration of Jonathan Chang ("Chang Decl.") ¶ 2.

Lowtech produced Slither.io reviews from Sensor Tower on February 28, 2025.  Delehanty Decl. ¶ 3.  Kooapps' inspection of the produced reviews legitimized Kooapps' concerns about Sensor Tower's accuracy.  Chang Decl. ¶ 3.  As an initial matter, Lowtech's Sensor Tower production does not include all deleted reviews for Slither.io, because only approximately 60,000 reviews were produced—a far cry from the over 200,000 ratings and reviews that were shown as available on the Apple App Store in January 2025.  *Id.*  Furthermore, when Kooapps compared the Slither.io ratings and reviews produced by Lowtech against the Slither.io ratings and reviews that are currently available on the Apple App Store, there were reviews pre-dating Lowtech's production that still remained available on the Apple App Store, but were not included in Lowtech's production of its reviews from Sensor Tower.  *Id.*  In short, Lowtech irretrievably deleted its own app reviews during this litigation, and it is clear that the production from Sensor Tower failed to capture all of Slither.io's reviews.

On April 8, 2025, counsel served Howse's First Set of Requests for Production of Documents ("RFPs"), including RFP No. 10 requesting "[a]ll materials relating to consumer ratings and reviews regarding [Snake.io] or [the alleged] Infringing Marks, including Kooapps' public and internal responses to those consumer reviews."  Mot. at 1; *see id*. Ex. 1.  Kooapps responded to RFP 10 on May 8, 2025, explaining that it has "searched for and already produced any non-privileged documents in its possession, custody, or control that are responsive to [RFP 10] in prior productions," and also offered to meet and confer with Lowtech to the extent there were additional documents that Lowtech and Howse were requesting.  *See* Mot. at 1-2, Ex. 2.  In subsequent meet and confers and follow-up correspondence, it became clear that Lowtech and

3

Howse were requesting the production of reviews for the Snake.io game. Delehanty Decl. ¶ 8. Kooapps' response to this request—which Lowtech and Howse fail to mention in their Motion—has consistently been that Kooapps has no obligation to produce publicly available documents that are equally available to Lowtech and Howse, when, unlike Lowtech and Howse, Kooapps has not engaged in (nor has it been accused of engaging in) the destruction of any of its reviews. *See* Mot. at 2, Ex. 3. Kooapps also made clear that, because there is no tool available to Kooapps that would allow for an efficient download of all reviews, the only option would be a laborious process by which the hundreds of thousands of publicly available reviews would need to be manually captured and printed as screenshots. *See id.* (July 25, 2025 correspondence); *see also* Chang Decl. ¶ 4. Lowtech is equally capable of engaging in this time-consuming process.

While these negotiations were ongoing, on May 8, 2025, at Lowtech's urging, the parties agreed that fact discovery would close on May 16, 2025. *See* Delehanty Decl. ¶ 8, Ex. 4. The Court codified this agreement in its May 8, 2025 Order setting the close of fact discovery in this action for May 16, 2025. Dkt. No. 105. The Court's subsequent discovery orders pertain to the close of all remaining discovery, specifically expert discovery. Dkt. No. 108 ("Joint Stipulation and Order Regarding *Expert* Discovery Deadlines") (emphasis added); Dkt. No. 123.

### III. ARGUMENT

#### A. Lowtech's Motion Should Be Denied Because It Is Too Late

Fact discovery closed on May 16, 2025. Dkt. No. 105. Local Rule CV-16(e) requires that, except with respect to discovery conduct that happens in the last seven days of fact discovery (to which this motion does not pertain), all discovery motions must be filed on the last day of the discovery deadline. Yet Lowtech and Howse waited four months after that deadline—and over

4

two months after Lowtech's new counsel made an appearance in this action (*see* Dkt. No. 109)[2]—to bring this Motion. Lowtech's motion should be denied on this basis alone.

### B.     Kooapps Should Not Be Compelled to Produce What Is Publicly Available

No party is obligated to produce documents outside of its "possession, custody, and control …." *See Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, 2021 WL 9095769, at *3 (N.D. Tex. Sep. 30, 2021) (denying motion to compel production where movant did not show nonmovant was under any obligation to produce documents that are already in the possession, custody, and control of all parties in the case). Moreover, under the proportionality standards for discovery enshrined in the Federal Rules (*see* Fed. R. Civ. P. 26(b)(2)(C)), courts do not hesitate to reject requests that a party produce documents and materials that are in the public domain and/or equally accessible to the requesting party. *See F&A APLC v. Core Funding Group. L.P.*, 2009 WL 2214184, at *2 (M.D. La. July 23, 2009) (denying motion to compel because the requested documents were "a matter of public record" and "plaintiffs [could] obtain those documents through the public record as easily as [nonmovant] could obtain and produce them"); *Walters v. Certegy Check Servs., Inc.*, 2019 WL 573012, at *3 (W.D. Tex. Feb. 12, 2019) (denying request for production for disclosure statements given to plaintiff and notices of plaintiff's rights under the Fair Credit Reporting Act because they were "already in Plaintiff's possession or can be as easily obtained by Plaintiff").

There is no reasonable dispute that the reviews for the Snake.io game on the Apple App Store are all publicly available, and both sides have equal access to them. As Kooapps has explained to Lowtech time and again: Kooapps requested the production of *Slither.io's* reviews

---

[2] Two of Lowtech and Howse's current attorneys, Chris Campbell and Britton Davis, have represented them at least since September 30, 2024 (Dkt. Nos. 34-35) and signed the March 2025 motion requesting May 16, 2025 as the deadline for fact discovery. *See* Dkt. No. 82 at 10 (granted at Dkt. No. 105).

because there was evidence that Lowtech had deleted the vast majority of its reviews on the Apple App Store—a fact that Lowtech itself has since confirmed. *See* Delehanty Decl. ¶¶ 4-5, Ex. 1. Lowtech's deletions made it necessary for the Slither.io reviews to be produced by Lowtech, because they are no longer publicly available.

By contrast, Kooapps has not engaged in any deletion of Snake.io reviews; thus, all Snake.io reviews are still publicly available. Lowtech and Howse's insistence that Kooapps produce the Snake.io reviews on the Apple App Store continues to baffle Defendants, as there is simply no need for Kooapps to produce what is fully publicly available to Lowtech and Howse. *See Core Funding*, 2009 WL 2214184, at *2; *Walters*, 2019 WL 573012, at *3; *see also SEC v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995-96 (S.D.N.Y 1973) (denying motion to compel for public hearing transcript because "[i]t is well established that discovery need not be required of documents of public record which are equally accessible to all parties").

Indeed, all of the cases that Lowtech cites for the proposition that a document's public nature does not preclude discovery are distinguishable. *See Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015) (affirming the district court's exclusion of a publicly-available contract because the plaintiff failed to disclose the contract under Rule 26(a)(1)(A) initial disclosures); *Ambler v. Nissen*, 2023 WL 443806, at *6 (W.D. Tex. Jan. 26, 2023) (no public documents at issue, as nonmovant had not alleged that documents were public); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (same); *Benson v. Rosenthal*, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (granting motion to compel in part because documents sought were central to the case and in the non-moving party's "possession, custody, or control"). Lowtech's deletion of its reviews from the Apple App Store triggered an obligation to produce reviews for Slither.io because they were no longer publicly available. By contrast, the Snake.io game's Apple

6

App Store reviews are all still publicly available. As Kooapps has explained time and time again, it does not possess any special tool or ability to collect and produce reviews for Snake.io over and above what is accessible to Lowtech. Chang Decl. ¶ 4. As such, the burden on Lowtech and Kooapps would be exactly the same, and Lowtech should shoulder it.

On that point, Lowtech claims that Kooapps has not demonstrated why producing Snake.io reviews would be burdensome. Mot. at 5 (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)). To the contrary, Kooapps has explained that, because there is no tool available to Kooapps that would allow for an efficient download of all reviews, the only option would be a tedious, manual—and time-consuming—process of capturing screenshots of each and every publicly available review, for which there are hundreds of thousands. Mot. Ex. 3 (July 25, 2025 correspondence); *see* Chang Decl. ¶ 4. Lowtech's first suggestion—that Kooapps produce "only" those Snake.io reviews that Kooapps contends are making Lowtech's production of Snake.io reviews incomplete (Mot. at 1)—is equally unavailing, as that would require Kooapps to undertake the herculean task of parsing through hundreds of thousands of reviews on its end to identify what is missing from Lowtech's production. That burden should fall on Lowtech because, again, it is equal for both parties.

Lowtech's second suggestion—that Kooapps also produce reviews from Sensor Tower[3]—is a nonstarter because Sensor Tower is not accurate for this purpose. Lowtech's production of its own reviews for Slither.io from Sensor Tower proves the point. It is missing over 150,000 ratings and reviews. *See supra* at 1; *see also* Dkt. No. 112-15. In any event, Lowtech has equal access to

---

[3] Lowtech and Howse mischaracterize Kooapps' position when they state that Kooapps has asserted that "Lowtech has an obligation to produce a complete set of Sensor Tower reviews." Mot. at 8. Kooapps' request has always been for a complete set of reviews for the Slither.io game, not that the set must come from Sensor Tower.

7

reviews compiled by Sensor Tower, so there is no need for Kooapps to produce them.

Furthermore, Lowtech's suggestion that Kooapps "has an obligation to assist with a third-party production of the App Store Reviews of Snake.io" (Mot. at 7) is baseless, and the cases Lowtech cites in support either favor Kooapps or are easily distinguishable because they did not involve a situation where the documents at issue were publicly available. *See Mir v. L-3 Commc'ns Integrated Systems., L.P.*, 319 F.R.D. 220, 231 (N.D. Tex. 2016) (granting motion to compel where release of document required authorization from the party opposing the motion to compel); *Edwards v. City of Bossier City*, 2016 WL 3951216 (W.D. La. July 20, 2016) ("control" of document by non-movant was not at issue in the opinion); *Southern Filter Media, LLC v. Halter*, 2014 WL 4278788 (M.D. La. Aug. 29, 2014) (denying motion to compel where, among other things, movant's evidence of a business relationship between movant and nonparty was insufficient to find that movant had "control" over nonparty); *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 79, 82 (E.D. La. 2024) (CEVA defendants opposing motion to compel were found to have "control" over the nonparty CEVA entities based on common ownership, among other things); *Flanagan v. Marriott Hotel Services, Inc.*, 2014 WL 12586404, at *5 (W.D. Tex. Mar. 12, 2014) (ordering plaintiff to assist defendant in obtaining responsive documents from third parties "***so long as*** plaintiff has the legal right to obtain the document(s) at issue") (emphasis added).[4] Lowtech and Howse's Motion simply does not—and

---

[4] Lowtech cites just one case—*Pamlab, L.L.C. v. Brookstone Pharms., L.L.C.*, 2010 WL 11541806, at *1 (E.D. La. Feb. 19, 2010)—for the proposition that Lowtech is entitled to a complete set of Snake.io reviews because "discovery is a two-way street …." Putting aside the fact that there is no allegation that the movant was seeking public documents in *Pamlab*, the case is also unpersuasive because caselaw exists that specifically cuts the other way. *See, e.g.*, *Barrio Bros, LLC v. Revolucion, LLC*, 2021 WL 2905008, at *3 (N.D. Ohio May 14, 2021) (rejecting plaintiff reciprocity defense on motion to compel because "[r]eciprocity ... is not part of the legal standard for determining whether [defendant's] production request for sales reports falls within the scope of Rule 26 and Rule 34").

cannot—articulate why Kooapps must produce reviews that are fully available publicly, because there is no such obligation.[5] And Lowtech's own (incomplete) production of its Slither.io reviews on the Apple App Store was necessary in light of Lowtech's admitted deletions of those reviews, which effectively removed those reviews from public view.

Finally, Lowtech argues that Kooapps should be required to produce Snake.io reviews because Kooapps is challenging the "authenticity" of what Lowtech has produced. This argument is no basis to compel production (and Lowtech and Howse cite no authority in support) and is also premature: Kooapps has not asserted any evidentiary objections (such as authenticity), nor are any yet due. Of course, to the extent that Lowtech and Howse later attempt to introduce any specific review into evidence, Kooapps reserves all rights to review for authenticity, and will be mindful of the significant gaps in the Sensor Tower collection identified above (i.e. that it is missing approximately 150,000 reviews). In any event, some hypothetical future authenticity objection is no reason to require Kooapps to produce information from the public domain to which Lowtech has equal access.

## IV.  CONCLUSION

For the reasons stated above, Kooapps respectfully requests that the Court deny Lowtech's motion to compel the production of Apple App Store reviews for Kooapps' Snake.io game.

Dated: September 23, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Eli B. Richlin*
Eli B. Richlin (admitted *pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com

---

[5] Lowtech also had ample opportunity to seek discovery directly from Apple and thereby obtain the reviews in that manner but failed to serve any Rule 45 subpoena or take any steps to pursue that route either.

9

J. Ariel Jeong (admitted *pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

Joshua A. Baskin admitted (admitted *pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (admitted *pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 23, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion and all supporting declarations through the Court's CM/ECF system.

                                            */s/ Eli B. Richlin*
                                            Eli B. Richlin

                                            *Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*