# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **LOWTECH STUDIOS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:23-CV-01437-DAE** |
| | § | |
| **KOOAPPS INC., ET AL.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE DAVID A. EZRA
       SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Kooapps Inc.'s ("Kooapps") motion for discovery sanctions, Dkt. 112, and all related briefing, After considering the filings and relevant law, as well as holding a hearing, the undersigned recommends that the District Judge grant Kooapps's motion.

## I.    BACKGROUND

This is a trademark-infringement case. Lowtech, the creator of a video game called Slither.io, accuses Kooapps of launching a nearly identical game, Snake.io, after Lowtech rejected Kooapps's offer to purchase the Slither.io game. Dkt. 46, at 1-2; 5-17. Lowtech brings claims against Kooapps for trademark and trade-dress infringement, unfair competition, false designation of origin, false advertising, false/fraudulent registration, cancelation of trademark registration, trademark dilution, and unjust enrichment. *Id.* at 17-30.  Kooapps, in turn, filed counterclaims against Lowtech and Steven Howse, principal of Lowtech, for false advertising,

defamation, business disparagement, tortious interference with prospective business relations, and unfair competition under Washington law based on Lowtech and Howse's "repeated efforts to defame and sabotage Kooapps," including on the social media platform Discord. Dkt. 93, at 16, 44-47. Kooapps filed a motion for sanctions against Lowtech and Howse based on Howse's intentional deletion of posts on the Discord platform. *See* Dkt. 112. Lowtech and Howse opposed the motion for sanctions, arguing that Howse did not realize he had a duty to preserve the Discord posts and that, in any event, Kooapps already has copies of most of the lost evidence. Dkt. 121.

## II.    DISCUSSION

Kooapps filed the pending motion for spoliation sanctions against Lowtech and Howse based on Howse's removal of relevant communications from the Discord platform during the course of this litigation. Dkt. 112, at 4. Lowtech and Howse urge the Court to deny the motion for sanctions because Howse "was not trying to hide information" when he removed posts from Discord, and Kooapps has not shown that it was prejudiced by the failure to preserve the publicly available online information that is the subject of the motion. Dkt. 121, at 7-14. In reply, Kooapps maintains that Lowtech and Howse's admitted spoliation of evidence merits severe sanctions, including the award of attorneys' fees and adverse jury instructions. Dkt. 127, at 6-7, 13.

Under Rule 37(e), a court may order sanctions against a party that fails "to take reasonable steps to preserve" electronically stored information ("ESI") "that should have been preserved in the anticipation or conduct of litigation" and "cannot

be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Upon a finding of prejudice to a party resulting "from the loss of the information," the court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If the court additionally finds that the party responsible for the lost information "acted with intent to deprive another party of the information's use," the court may order more severe remedies, including a presumption that the information lost was unfavorable to the party at fault, a jury instruction to the same effect, or entering default judgment against the party at fault. Fed. R. Civ. P. 37(e)(2).[1]

## A.    Spoliation

The parties do not dispute that Howse removed public posts on Discord—indeed, Howse admits to deleting 53 public Discord posts since June 20, 2024. Dkts. 112, at 10-11; 121, at 7; 121-1, at 4.[2] Lowtech and Howse instead argue that Howse

---

[1] Both parties cite *BridgeTower Opco LLC v. Workforce Rsch. Grp. LLC*, No. 4:21-CV-02999, 2023 WL 361779, at *4 (S.D. Tex. Jan. 23, 2023), for the proposition that "[a] spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." Dkts. 112, at 9-10; 121, at 8-9. Yet *Bridgetower* and the Fifth Circuit case upon which it draws the elements outlined above analyzed a spoliation claim under the Court's inherent power and did not address Rule 37. *See BridgeTower*, 2023 WL 361779, at *4; *Coastal Bridge Co., LLC v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020). Here, Kooapps moved for sanctions under Rule 37, and not under the Court's inherent authority to impose sanctions. *See* Dkt. 112. "The burden for imposing sanctions under this Court's inherent power is higher than those under Rule 37." *Raymond v. Ivest Props., LLC*, No. SA-20-CV-00965-FB, 2021 WL 1589299, at *2 (W.D. Tex. Apr. 23, 2021), *R. & R. adopted*, 2021 WL 12300179 (W.D. Tex. Aug. 31, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014)).

[2] The true extent of Howse's admitted spoliation is unclear given that he has declined to inform the Court of how many private Discord direct messages he has deleted—stating only that he "ha[s] not removed any *relevant* private Discord direct messages." Dkt. 121-1, at 5 (emphasis added).

did not realize he had to preserve the Discord posts and insist that Howse only removed those posts that he unilaterally deemed not relevant to this litigation. Dkt. 121, at 5, 7. In addition, Lowtech and Howse posit that any prejudice to Kooapps resulting from the deletions is minimal since Kooapps had already preserved most of the deleted posts. *Id.* at 9-11. Initially, Howse's (mis)understanding that he did not need to preserve this evidence—either because it was available on a public website or because he independently decided it was not relevant to this litigation—does not relieve him of his duty to preserve the at-issue posts.[3] *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (stating that a party has a duty to preserve evidence "when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant"); *Collier v. Cash*, No. 4:23-CV-00880, 2025 WL 2612732, at *3 (S.D. Tex. May 9, 2025) (finding that defendant had a "duty to preserve all social media posts").

Howse had notice that his Discord communications related to Kooapps' Snake.io game were *potentially* relevant to this litigation when Lowtech, of which he is a principal, initiated this lawsuit against Kooapps in November 2023. Dkt. 1. He also certainly had notice by the time Kooapps served discovery in May 2024 specifically referencing "social media" and in December 2024 seeking information regarding Howse's username on the platform. Dkts. 112-12, at 2; 112-13; *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence

---

[3] Howse's insistence that he had no duty to preserve the public posts because they were publicly available, and thus "equally accessible to both parties," Dkt. 121-1, at 3, is perplexing given that now that he has deleted those posts, they are no longer accessible to either party.

qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (emphasis added))); *see also Guzman*, 804 F.3d at 713 (stating that party to litigation has duty to preserve evidence "when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant"). Notably, Kooapps also presented evidence that Howse deleted the public posts after receiving a draft of its counterclaims for false advertising, defamation, business disparagement, tortious interference with prospective business relations, and unfair competition, which largely arise from Howse's posts on Discord. Dkts. 73; 112, at 7; 112-12, at 3; 112-17, at 3.

While Lowtech and Howse are correct that Kooapps cannot be prejudiced by the deletion of evidence already within Kooapps' possession, both parties acknowledge that Howse's deletions included posts not within Kooapps' possession and that are now not otherwise available to the parties. Dkts. 121, at 7; 127, at 6. Lowtech and Howse argue that the moderation log attached to their response, which purports to capture all the deleted posts, demonstrates that "[a]ll but seven of Mr. Howse's removed posts were captured by Defendants," and that these seven "were not relevant" or were cumulative of the "multiple [p]ublic [p]osts Defendants already have in their possession." Dkts. 121, at 7, 11; 121-2. Kooapps, however, identified five of those messages as being "not just relevant but critical" to the claims at issue in this case related to the performance of Slither.io and reasons for its decline in revenue.

5

Dkts. 121-2; 127, at 5. Kooapps also presented evidence that Howse has deleted, or has improperly withheld, at least one additional message on the Discord platform that was never produced in this litigation and was not contained in Howse's moderation-log summary. Dkts. 112-5, at 5; 127, at 4; 127-2, at 2.[4] Although none of the identified documents appear to be ones that will have a dispositive impact on this case, Kooapps has nonetheless met its burden of showing that the loss of the posts will cause prejudice since a reasonable factfinder could conclude that the missing evidence would have helped Kooapps support its counterclaims or defenses. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 616 (S.D. Tex. 2010) ("Courts recognize that '[t]he burden placed on the moving party to show that the lost evidence would have been favorable to it ought not be too onerous, lest the spoliator be permitted to profit from its destruction.'" (quoting *Chan v. Triple 8 Palace, Inc.*, No. 03CIV6048(GEL)(JCF), 2005 WL 1925579, at *7 (S.D.N.Y. Aug. 11, 2005))).

Based on the foregoing, the undersigned concludes that (1) the ESI at issue should have been preserved; (2) the ESI was lost; (3) Howse deleted the ESI; and (4) not all the ESI can be replaced or restored through additional discovery given that Howse removed it from the public platform on which it existed. Fed. R. Civ. P. 37(e)(1); *see also Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-184-O, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022).

---

[4] Kooapps also contends that the fact that Lowtech's production of Howse's private messages on Discord failed to include any involving eight individuals "with whom Howse engaged with in substantive, and in some cases, frequent communications on core topics encompassed in this case" "strongly evidences destruction beyond what Lowtech and Howse have already admitted." Dkts. 127, at 4; 127-1, at 2.

**B.    Intent**

Having determined that Howse breached his duty to preserve and that Kooapps was prejudiced by that breach, the undersigned must now determine whether Howse acted with intent to deprive Kooapps of the evidence to trigger Rule 37(e)'s most severe sanctions. Under Rule 37(e), the Court may either order "measures no greater than necessary to cure the prejudice," or upon a finding of intent to deprive Kooapps of the evidence, order a presumption that the evidence was unfavorable to Lowtech and Howse, an adverse jury instruction, or entry of default judgment. Fed. R. Civ. P. 37(e); *Ford v. Anderson Cnty., Tex.*, 102 F.4th 292, 323 (5th Cir. 2024) ("This court permits an adverse inference or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'" (citing *Guzman*, 804 F.3d at 713)).

Kooapps argues that "Howse's destruction efforts, combined with the failure of Lowtech and Howse to preserve Discord communications until after his admitted destruction, provides strong evidence of bad faith and intent to deprive Kooapps of relevant evidence." Dkt. 112, at 11. Lowtech and Howse respond that Howse did not act with intent or bad faith because he did not think he had to preserve the information and removed the posts because they "potentially impacted third parties." Dkt. 121, at 12; 121-1, at 5 (stating that "[t]he primary purpose for removing the posts was to shield uninvolved third parties such as Google, Apple, and LBS from being unnecessarily tangled in the dispute"). In reply, Kooapps highlights that Howse now admits that he intentionally removed the posts after receiving a copy of Kooapps's counterclaims despite previously testifying that he did "not recall the deletion of any

7

documents" and that gaps in Lowtech's productions suggest that his spoliation efforts extended to private messages on the Discord platform. Dkts. 127, at 3; 127-1, at 2; 127-2, at 2; 132-1, at 4.

Given that direct evidence of intent will rarely exist, courts may infer bad faith based on a "strong chain of circumstantial evidence." *Disedare v. Brumfield*, No. 22-2680, 2024 WL 1526699, at \*14 (E.D. La. Apr. 9, 2024) (quoting *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 801 (N.D. Tex. 2011)); *see also Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2023 WL 2699511, at \*21 (N.D. Tex. Feb. 15, 2023) ("Bad faith may be inferred by evidence that a party has misrepresented the existence of documents or allowed the destruction of documents, and had explanations of spoliation that were not credible." (citations omitted)); *Lou v. Lopinto*, No. CV 21-80, 2022 WL 16685539, at \*7 (E.D. La. Nov. 2, 2022) ("A court does have substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors given that direct evidence of intent rarely exists." (footnote omitted)).

Here, the undersigned finds that Howse deleted the at-issue posts and messages with the intent to deprive Kooapps of the evidence. Howse admits that he intentionally deleted the posts after he was on notice of Kooapps' counterclaims against him arising chiefly from his alleged disparagement of the Snake.io game on Discord despite having testified that he "did not recall" deleting any evidence. Dkts. 127-1, at 2; 127-2, at 2; 132-1, at 4. In addition, Howse's explanations for his deletion

of the Discord posts strain credulity. He insists that because Kooapps had previously collected such information, he assumed Kooapps did not need further access to it. Dkt. 121-1, at 5 ("Defendants had equal opportunity to preserve these public posts and were fully capable of doing so themselves."). While Kooapps certainly did have equal access to the public posts, Howse's assertion seems to imply that he was free to unilaterally place a time limit on Kooapps's ability to access the information.

In addition, Howse posits that "[t]he primary purpose for removing the posts was to shield uninvolved third parties such as Google, Apple, and LBS from being unnecessarily tangled in the dispute," yet offers no explanation of how the at-issue posts would ensnare these companies or why they, as well-resourced entities, would not be able to defend themselves against any such entanglement. *Moody v. CSX Transp.*, Inc., 271 F. Supp. 3d 410, 427 (W.D.N.Y. 2017) ("Of course, a court is not required to credit explanations for the loss of the relevant evidence that it finds incredible."). Howse's admission to intentionally deleting relevant evidence, contradictory testimony, and questionable explanations for undertaking the destruction of evidence support a finding of bad faith under Rule 37.

## C.    Remedy

Having found that Howse acted with intent to deprive Kooapps of evidence relevant to this litigation, the Court may order any of the three remedies available under Rule 37(e)(2): either (A) a presumption that the evidence was unfavorable to Defendants, (B) an instruction to the jury that it may or must presume the information was unfavorable to the party, or (C) entry of default judgment. Fed. R.

Civ. P. 37(e)(2). "A measure of the appropriateness of a sanction is whether it 'restore[s] the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'" *Rimkus*, 688 F. Supp. 2d at 618 (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

Kooapps asks for adverse inferences and an award of attorneys' fees. Dkts. 112, at 13; 127, at 7. While Howse and Lowtech opposed the imposition of any adverse inference in their briefing, at the hearing counsel admitted that an adverse inference instruction allowing the jury to infer that the seven missing posts were unfavorable to Howse and Lowtech would be appropriate. Dkt. 138. Howse and Lowtech, however, maintained that Kooapps should not be awarded attorneys' fees since Howse and Lowtech have also expended significant resources attempting to remedy the spoliation. *Id.*

Having considered the record and relevant law, the undersigned recommends that the District Judge issue the remedies of an adverse-inference jury instruction and an award of attorneys' fees. Specifically, an instruction to the jury that it may, but is not required to, presume that the missing Discord posts are unfavorable to Howse and Lowtech "will serve the important interests of deterring similar conduct, placing on [Howse and Lowtech] the risk of any erroneous judgment, and restoring [Kooapps] to a position in which [it] would have been absent the bad faith spoliation." *T & E Inv. Grp. LLC v. Faulkner*, No. 11-CV-0724-P, 2014 WL 550596, at *19 (N.D. Tex. Feb. 12, 2014); *Cervini v. Cisneros*, No. 1:21-CV-00565-RP, 2024 WL 1725011, at *14 (W.D. Tex. Mar. 21, 2024) (recommending permissive inference upon finding that

10

defendants intentionally deleted social media data and text messages), *R. & R. adopted*, 2024 WL 1724258 (W.D. Tex. Apr. 22, 2024). In addition, attorneys' fees are warranted to restore Kooapps to a "position in which [it] would have been but for certain costs that [it] incurred based on [Howse's] bad faith conduct." *Faulkner*, 2014 WL 550596, at *19; *see also Rimkus*, 688 F. Supp. 2d at 653 (finding plaintiff entitled to adverse inference and award of fees where "defendants intentionally deleted emails after a duty to preserve had clearly arisen"). The award should be limited to the fees and costs Kooapps incurred in discovering, investigating, and briefing the issue of Howse's deletion of social media posts on the Discord platform.

## III.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Kooapp's motion for sanctions, Dkt. 112. The District Judge should order the adverse jury instruction described above, as well as award attorneys' fees to Kooapps. The District Judge should order Kooapps to submit, within ten days of any order adopting this report and recommendation, an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs (as described above) to be awarded.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE