# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>　　　　Defendants.<br><br>─────────────────────<br><br>KOOAPPS INC.,<br><br>　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>　　　　Counterclaim-Defendants. | CASE NO.: 1:23-cv-1437-DAE |

# KOOAPPS INC.'S *DAUBERT* MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. ZAGAL

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................... 3

III. LEGAL STANDARD ........................................................................................... 6

IV. ARGUMENT ........................................................................................................ 7

    A. Zagal's Opinion That Snake.io Is A "Fake Multiplayer" Game Is Not Helpful To the Jury ................................................................................... 7

    B. Zagal's Opinion Regarding the Definition of "Fake Multiplayer" Is Not Based On Reliable Methodology ............................................................. 8

    C. Zagal's Remaining Opinions Lack Any Methodology or Foundation And Should be Excluded ........................................................................... 9

        1. Zagal's Opinion That Kooapps Deceptively Advertised Its Game As "Fake Multiplayer" Should Be Excluded ............................ 10

        2. Zagal's Biased Summary of Reviews Should Be Excluded Because It Will Not Be Helpful to Jurors ................................. 10

        3. Zagal's Opinion That "Online Multiplayer Gameplay" Is Material to Players of Snake.io Should Be Excluded ............................. 11

        4. Zagal's Opinion Regarding "Engagement" And Its Relation to Revenue Should Be Excluded ................................................ 12

        5. Zagal Should Be Barred from Any Opinions Regarding Slither.io .......... 13

        6. Any Zagal Opinion Relating to Whether Snake.io Copied Slither.io Should be Excluded. ........................................................... 13

V. CONCLUSION ................................................................................................... 14

i

-ii-

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Albert Sidney Johnston Chapter, Chapter No. 2060, United Daughters of the Confederacy v. Nirenberg*,
  2018 WL 5114150 (W.D. Tex. Oct. 18, 2018) ..........11

*Burst v. Shell Oil Co.*,
  650 F. App'x 170 (5th Cir. 2016) ..........9

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..........6, 7

*Escalante v. Creekside Logistics, LLC*,
  2019 WL 9135758 (W.D. Tex. Feb. 12, 2019) ..........10

*Honey-Love v. United States*,
  664 F. App'x 358 (5th Cir. 2016) ..........9

*In re Rezulin Prods. Liab. Litig.*,
  309 F. Supp 2d. 531 (S.D.N.Y. 2004) ..........11

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ..........6, 7

*LG Elecs. v. Whirlpool Corp.*,
  2010 WL 3613814 (N.D. Ill. Sept. 3, 2010) ..........8, 9

*New Century Fin., Inc. v. New Century Fin. Corp.*,
  2005 WL 5976552 (S.D. Tex. Nov. 29, 2005) ..........6

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
  227 F.3d 489 (5th Cir. 2000) ..........12

*Tortilla Factory, LLC v. GT's Living Foods, Inc.*,
  2022 WL 3134458 (C.D. Cal. June 9, 2022) ..........11

### RULES

Fed. R. Civ. P. 26(a)(2)(B) ..........9

Fed. R. Evid. 403 ..........7

Fed. R. Evid. 702 ..........6, 7, 8

I.   **INTRODUCTION**

As relevant to this motion, Lowtech alleges that Defendant Kooapps Inc. ("Kooapps") falsely advertised its Snake.io game as an "online multiplayer game" when, according to Lowtech Studios LLC ("Lowtech"), it is not.  Dkt. 46 ("FAC") ¶¶ 81-85 (Count III for False Advertising). To support this (incorrect) contention, Lowtech hired Dr. Jose Zagal ("Zagal"), an academic professor to opine on multiplayer gaming.

First, Zagal opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That opinion should be excluded for two reasons.  To begin, it is irrelevant; pure misdirection.  Lowtech alleges in this case that Kooapps falsely advertised that Snake.io is an "online multiplayer game."  There is no dispute that online multiplayer games come in many forms, including games that involve playing against other human players in real time in the same field of play, and games where players are not playing against one another directly or even in real time.  Zagal himself admits that "multiplayer" has a broad definition.  According to Zagal, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Expert Report of Jose Zagal ("Zagal Report") at 7, attached as Exhibit 28 to the Declaration of Chloe Delehanty, filed concurrently herewith.

There is no dispute that, throughout the relevant time, players of Snake.io could compete with each other through an online leaderboard.  Again, Zagal admitted at deposition that ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮.  Therefore, even under Zagal's own definition, Snake.io is a "multiplayer game."  His contention that Snake.io was at one point a "fake multiplayer" game—*i.e.*, one which contains

1

something other than a field of play comprised entirely of bots[1]—is irrelevant to Lowtech's claims and therefore unhelpful to the jury.

Zagal's opinion regarding "fake multiplayer" is also inadmissible because it is not based on reliable methodology. Indeed, it is based on nothing more than Zagal cherry-picking sources from the Internet that support his preferred definition, while ignoring those that do not. That is not a reliable, repeatable expert methodology.

For the same reasons, Zagal's second opinion: that Kooapps has deceptively advertised Snake.io as "fake multiplayer" is equally irrelevant. All that matters is whether Snake.io is an "online multiplayer game" rather than the subset of online multiplayer games Zagal characterizes as "fake multiplayer" games. Thus, whether Kooapps purposefully obscured that Snake.io is a "fake multiplayer" game in advertising is irrelevant to this case. Zagal's second opinion should be excluded on that basis.

Finally, Zagal's report contains a number of opinions that he later disclaimed at deposition. He writes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but when asked at deposition, admitted that he had conducted ▮▮▮▮▮▮▮▮▮ on the subject. Indeed, all he did was collect a smattering of user reviews and online comments ▮▮▮▮▮▮▮▮ that help his point. He did nothing to categorize or analyze the reviews as a whole. Such cherry-picking is not reliable expert methodology.

Likewise, Zagal discusses player "engagement" in video games and its importance to

---

[1] To be clear, Kooapps has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. 30(b)(6) Deposition of Chun-Kai Wang ("Wang 30(b)(6) Tr.") 101:1-8 (Ex. 29). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 30, Supp. Response No. 6; Wang 30(b)(6) Tr. 107:12-19.

generating revenue. But again, when asked at deposition, he admitted he did nothing to study engagement, downloads, retention or revenue for Slither.io or Snake.io. Thus, he should be barred from testifying about engagement or revenue for either of those games. And last but not least, Zagal admits he ██████████ at all. Therefore, he should be barred from any opinions regarding that game at trial.

## II.   BACKGROUND

Lowtech offers the Slither.io game, a game in which a user controls a snakelike creature and plays on a field against other snakelike creatures. FAC ¶ 19. The goal of Slither.io is to grow your snake without colliding into the other players

Lowtech claims to have released Slither.io on March 25, 2016. FAC ¶ 20. Lowtech is not the first game in which a user controls a snakelike creature and plays on a field against other snake-like creatures. This genre of games, known as snake games, has been around since the 1970s. Ex. 31. Indeed, Lowtech's founder admits that he was inspired by Agar.io, another game in which players play on a field against other players and try to grow without colliding with the other players. Howse (30)(b)(6) Tr. 63:22-64:6, 70:10-13 (Ex. 23); Ex. 32 (████████████████); Ex. 5 (Howse: ████████████████████████████████████████████████████████).

Lowtech admits that Kooapps released Snake.io within a month of Slither.io. FAC ¶ 38 ("Kooapps published the Snake.io App on the Google Play Store on April 15, 2016."). Snake.io is another game in which a player controls a snakelike creature and plays against other snakelike creatures. Lowtech does not claim to have invented the genre of snake-like games. Nor does it

claim that Snake.io copied any of its inventions or functionality. Lowtech has no claim for patent infringement or trade secret misappropriation in this case.

Kooapps acquired Snake.io in 2019. By then, the game had a feature called online leaderboard. Ex. 30, Supp. Response No. 6. Snake.io's online leaderboard allows players to compete with one another by comparing high scores in the game. Ex. 33 (Chang 30(b)(6) Transcript) at 66:19-67:13. The world's leading gaming platforms describe online leaderboards as a multiplayer feature. Ex. 34 (Microsoft describing "leaderboards" supporting "comparative (indirect) play," as a "common multiplayer scenario"); Ex. 35 (Google describing "leaderboards" as a "multiplayer feature"); Ex. 36 (Meta/Facebook: "Asynchronous multiplayer experiences include things like competing for spots on a leaderboard'). Game developers believe the same. Ex. 37 (Reddit post in popular game design subreddit with over 280,000 subscribers and 75,000 visitors per week affirming that "anything that involves multiple players not needing to be present in real time at the same time is asynchronous multiplayer. So yeah you could call a leaderboard async multiplayer."). Zagal did not cite any of these sources in his expert reports.

Over the next few years, Kooapps released additional features that allowed players to compete with each other in new ways. Some of these interactive features include live events, boss encounters, daily challenges, social sharing, party mode with chat functions, and a community video page. Exs. 38-42.

One of these features is called real time synchronous multiplayer gaming. That means a game where players interact with other human players in real time in the same game environment. Deposition Transcript of Jose Zagal ("Zagal Tr.") at 213:11-215:13 (Ex. 43); Ex. 26 ¶¶ 90-91. Real time synchronous multiplayer gaming is just one of many ways a game can be a multiplayer game. *Supra* at 1; Zagal Tr. 202:19-203:7; Another such feature is asynchronous multiplayer.

-4-

Asynchronous multiplayer games allow players to interact with one another without playing at the same time, or even necessarily in the same environment. Rebuttal Report of Jose Zagal ("Rebuttal Report") at 7 (Ex. 27) (admitting ███████████████████████████████████████). Both synchronous and asynchronous gaming fit within the larger umbrella of "multiplayer games."

In November 2023, seven years after learning of the existence of Snake.io, Lowtech filed this lawsuit. Lowtech asserts 9 claims for relief. Relevant to this motion is its claim for false advertising under the Lanham Act. Lowtech alleges that Defendants falsely advertised Snake.io "as an online multiplayer game when it is not." FAC ¶ 81.

Lowtech retained Zagal to testify as an expert on issues related to multiplayer gaming. But he never even offered any opinion as to what the term "multiplayer video game" means. Zagal Tr. 125:6-9. Rather, ███████████████████████████████████████ ███████████████████████████████████████ *Id.* at 125:10-25 (quoting Ex. 26 ¶ 90).

Instead of tackling the false advertising claim at issue in this case, Zagal focuses on a different concept: "fake multiplayer." He opines that ███████████████████████ ███████████████████████████████████████ ███████████████████████ Zagal Report at 2. In other words, Zagal's use of the term "fake multiplayer" refers not to games that have no multiplayer features whatsoever, but rather to games that do not have as specific multiplayer feature: real time synchronous gameplay. Critically, Zagal did not analyze whether the term "fake multiplayer" has been used outside the context of relating to real time synchronous multiplayer features. Zagal Tr. 255:20-256:11. Again, that feature refers only to a subset of online multiplayer games. It is thus

not relevant to whether a game is an "online multiplayer game," which is what is at issue in this case.

Next, Zagal opines in his report that:  Zagal Report at 2. His only source for these opinions that relates specifically to Snake.io is 35 cherry-picked reviews of Snake.io out of more than 500,000 available reviews. *Id.* at 39-44.

Finally, Zagal opines in his reports that:  ; Slither.io is a ; and that Snake.io is a clone of Slither.io. *Id.* at 2, 18-19.

As discussed in detail below, each of these opinions is without basis and should be excluded.

### III.   LEGAL STANDARD

Rule 702 governs the admissibility of expert testimony. Federal Rule of Evidence 702 requires that an expert must be qualified to testify based on "scientific, technical, or other specialized knowledge," in a way that would "assist the trier of fact to understand the evidence or to determine a fact in issue …." *See New Century Fin., Inc. v. New Century Fin. Corp.*, 2005 WL 5976552, at *2 (S.D. Tex. Nov. 29, 2005) (quoting Fed. R. Evid. 702). Pursuant to Rule 702, a qualified expert may testify only if the evidence is deemed reliable in that it is based on sufficient facts or data; is the product of reliable principles and methods; and the witness has applied the principles and methods reliably to the facts of the case. *See* Fed. R. Evid. 702(b)-(d). Courts are to operate as "gatekeepers," ensuring expert testimony meets the standard of reliability prior its admission. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145 (1999). Where expert testimony fails to satisfy the parameters

of Rule 702, Courts should exercise their gatekeeping function and exclude such testimony. *See Kumho Tire*, 526 U.S. at 145; *Daubert*, 509 U.S. at 597.

Testimony that is otherwise admissible may still be excluded pursuant to Federal Rule of Evidence 403 if that evidence's probative value is substantially outweighed by its risk of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403.

**IV.    ARGUMENT**

Zagal's opinions should be excluded because they are irrelevant, unhelpful to the jury, and not based on the product of reliable principles or methods.

### A.    Zagal's Opinion That Snake.io Is A "Fake Multiplayer" Game Is Not Helpful To the Jury

Expert opinions are inadmissible unless they will help the jury to decide an issue in the case. Fed. R. Evid. R. 702(a); *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (citation omitted). Here, the issue is whether Kooapps falsely advertised that Snake.io as an "*online multiplayer game*." FAC ¶ 81. Zagal's opinion is not directed to that issue, but rather to a different one: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Zagal Report at 2, 12-13.

But Snake.io did not need to have real time synchronous multiplayer features to be an online multiplayer game. There are other ways to achieve that moniker, including, as Zagal admits, to develop a game in which players compete with one another. *Id.* at 7 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). That definition comes from Zagal's own academic work, his unfettered opinion when not being paid on behalf of a party to a litigation. *See* Ex. 44 at 452. In short, in Zagal's own words, ▓▓▓▓▓▓▓▓▓▓▓▓

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Zagal Tr. 154:14-18 (admitting this at deposition). And as Zagal further admitted at his deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 141:6-17. Thus, even according to Zagal, any game that allows competition between human players is a multiplayer game.

It is undisputed that, at all relevant times, Snake.io allowed competition between human players. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 30, Supp. Response No. 6; Wang 30(b)(6) Tr. at 134:18-135:1 (Ex. 29); Wang Tr. at 82:18-20 (Ex. 45).[2]  This is no different than two players competing by taking turns at a carnival game to see if they can top a leaderboard placed next to the game. Zagal not only admitted at deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ he also admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Zagal Tr. 166:20-168:15. Snake.io is therefore, even under Zagal's own framework, a multiplayer game.

Zagal's opinions regarding "fake multiplayer"—a narrower subset of "multiplayer games"—are therefore irrelevant and unhelpful to the jury. They should be excluded.

### B. Zagal's Opinion Regarding the Definition of "Fake Multiplayer" Is Not Based On Reliable Methodology

Even if it were relevant, Zagal's opinion regarding "fake multiplayer" is inadmissible because it is not the product of reliable methodology.

To be admissible, an expert opinion must be "the product of reliable principles and methods" applied to the "facts of the case." Fed. R. Evid. 702(c) and (d). *LG Elecs. v. Whirlpool Corp.*, 2010 WL 3613814, at *5-6 (N.D. Ill. Sept. 3, 2010) is instructive. There, a false advertising

---

[2] Zagal does not know when the global leaderboard feature in Snake.io was released. Zagal Tr. 168:23-169:5.

expert was retained to "evaluate Whirlpool's use of the word steam in connection with the performance of Whirlpool's Duet Steam Dryer relative to LG Electronics' (LG) claims." *Id.* at *3. In particular, the expert sought to opine as to the definition of the word "steam" in the context of steam dryers. *Id.* at *5-6. In rendering his opinions, "Dr. Malladi reviewed dictionaries, handbooks, and encyclopedias; bought the LG, Whirlpool, and other dryers marketed as steam dryers; performed various tests; and investigated how people use the word 'steam' in magazines, patents, and advertisements." *Id.* at *3. That was not enough. Dr. Malladi's opinion was excluded because he was "just reading literature that he found on the internet," without providing any additional analysis. *Id.* at *5-6.

Zagal's opinions regarding "fake multiplayer" suffer from the same flaw. He cherry-picked literature from the internet regarding the term multiplayer that he believes support his opinions, while ignoring sources that contradict them. *Compare* Zagal Report at 3-6, *with* Exs. 34-38. That is not proper expert methodology, and the opinion should be excluded. *See Whirlpool*, 2010 WL 3613814, at *6; *Burst v. Shell Oil Co.*, 650 F. App'x 170, 174 (5th Cir. 2016) (affirming exclusion of expert who relied on studies that were not related to the "relevant issue in the case" and "cherry-picked data from studies and failed to explain contrary results that belied the reliability of his methodology").

### C. Zagal's Remaining Opinions Lack Any Methodology or Foundation And Should be Excluded

Expert reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B); *see also Honey-Love v. United States*, 664 F. App'x 358, 361-62 (5th Cir. 2016) (affirming exclusion of expert report under Fed. R. Civ. P. 26 because medical malpractice expert report did not contain opinions).

1.  **Zagal's Opinion That Kooapps Deceptively Advertised Its Game As "Fake Multiplayer" Should Be Excluded**

Zagal's deceptive advertising opinion turns on his contention that Kooapps advertised Snake.io as a "fake multiplayer" game. Zagal Report at 2 (███████████████████████████████████████████████████████████████████); Zagal Rebuttal Report at 2 (████████████████████████████████████████████████). But again, the central issue in Lowtech's false advertising claim is whether Snake.io is an "online multiplayer game," not the subset of those games involving real time synchronous multiplayer gameplay, the absence of which Zagal describes as "fake multiplayer." *See supra* at 1, 4. For the same reasons that Zagal's opinion regarding the definition of "fake multiplayer" is irrelevant, his opinion that Kooapps deceptively advertised Snake.io as "fake multiplayer," *i.e.*, real time synchronous multiplayer gameplay, have no place in front of the jury. To allow this opinion would prejudice Kooapps. It should be excluded.

2.  **Zagal's Biased Summary of Reviews Should Be Excluded Because It Will Not Be Helpful to Jurors**

Zagal's statements about Kooapps' user reviews and feedback should be excluded because cherry-picking summaries of evidence is not a proper expert methodology. In his section on Kooapps' user reviews and feedback, Zagal opines that "the impact of the deceptive nature of Kooapps' promotion of online multiplayer features for a fake multiplayer experience is evident from negative customer reviews." Zagal Report at 40. In total, Zagal recites 35 curated reviews from emails, Google Play, iOS, Apple Arcade, App Annie, and SensorTower to opine that Kooapps ████████████████████████████████████████████████████████████ *Id.* at 39-44.

"[E]xpert testimony is of little value, and should not be admitted, to the extent that it merely synthesizes fact evidence into narrative form." *Escalante v. Creekside Logistics, LLC*, 2019 WL

9135758, at *8 (W.D. Tex. Feb. 12, 2019); *see also Albert Sidney Johnston Chapter, Chapter No. 2060, United Daughters of the Confederacy v. Nirenberg*, 2018 WL 5114150, at *3 (W.D. Tex. Oct. 18, 2018) (excluding expert opinion, which was the synthesis of two facts, because it was not helpful to the jury).

Like the expert in *Escalante* who applied no expert methodology, Zagal merely "copy" and "past[ed]" 35 hand-selected reviews. Zagal Tr. 263:19-264:11. Zagal did not review the totality of Snake.io reviews produced in this case (over 500,000), undertook no efforts to find each review purporting to show deception, and did no analysis to confirm what percentage of reviews Snake.io reviews expressed any feeling of deception about Snake.io. *Id.* at 264:35-267:9. Zagal admitted that he ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 265:4-7, 266:3-5. And they amount to 35 out of 500,000 total reviews, less than 0.007%.

That is not a proper expert analysis. It is a simple inference from a recitation of Lowtech's version of the facts which "serve[s] only to buttress [Lowtech's] theory of the case" and "does no more than counsel ... will do in argument." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp 2d. 531, 551 (S.D.N.Y. 2004); *see also Albert Sidney Johnston Chapter*, 2018 WL 5114150, at *3 (excluding expert testimony because it "merely restate[d] facts that any layperson would be able to easily comprehend without the assistance of an expert."); *Tortilla Factory, LLC v. GT's Living Foods, Inc.*, 2022 WL 3134458, at *18 (C.D. Cal. June 9, 2022) ("Indeed, Ugone's opinion on this topic 'reflect[s] no more than his summary of, and spin on, internal [TF] documents' and other testimony to be presented, but these documents and testimony will 'speak for themselves and do not require expert testimony to discern what they mean.'") (citation omitted).

### 3. Zagal's Opinion That "Online Multiplayer Gameplay" Is Material to Players of Snake.io Should Be Excluded.

To prevail on its false advertising claim, Lowtech must show that Kooapps alleged

-11-

deceptive advertising of Snake.io as a "fake multiplayer" game was likely to influence consumers' decisions to purchase the product or service." *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). Ostensibly to aid in that effort, Zagal opines that ███████████████████████████████████████████████████████████████████████████████ Zagal Report at 2. But at deposition, Zagal admitted that he had not conducted any ███████████ to determine whether ███████████████████████████████████████ ███ Zagal Tr. 249:21-250:08. He testified that he is not going to ████████████████ ███████████████████████████████████████████████████████████████ *Id.* at 250:21-251:03. And he testified that he has no opinion as to what effects Kooapps allegedly not having multiplayer functionality in Snake.io had on the number of downloads of the game. *Id.* at 67:13-22.

At most, Zagal canvassed the literature for cherry-picked examples of players caring about multiplayer features. *See* Zagal Report at 7-8 nn.37-42 (literature on importance of multiplayer functionality); *id.* at 39-44 (selection of thirty-five user reviews about multiplayer in Snake.io). As discussed above, that is not a scientifically valid methodology. *Supra* at 11 (citing cases).

Zagal should therefore be barred from offering any opinion at trial as to whether Snake.io advertisements of online multiplayer features was likely to influence or material to consumers' purchasing decisions.

    **4.    Zagal's Opinion Regarding "Engagement" And Its Relation to Revenue Should Be Excluded**

In his report, Zagal discusses the importance of "engagement" in a game to increase revenue. Zagal Report at 9 (████████████████████████████████████████████████ ██████████████████████████████). Video game engagement seeks to measure

how often players play a video game. *Id.* Yet Zagal did nothing to study engagement or revenue for Snake.io or Slither.io in this case. Zagal Tr. 91:12-17, 67:18-68:10, 63:10-16, 97:7-98:14. Indeed, he did nothing to study any metrics related to either game. *Id.* at 67:20-68:10. He should therefore be barred from testifying regarding user engagement with Snake.io or Slither.io, including the reasons why users were or were not engaged in those games, and whether it affected the revenue for them.

### 5. Zagal Should Be Barred from Any Opinions Regarding Slither.io

Zagal writes in his report that Slither.io is "successful." Zagal Report at 2. This, and any other opinion regarding Slither.io should be excluded. At his deposition he admitted he simply had not studied the game. Zagal Tr. 233:19-23 (           ); 253:20-254:2-11 (                                ); 281:22-282:8 (                        ); 277:18-21 (                    ); 230:17-21. He never analyzed its downloads, revenue, engagement metrics, retention metrics, player feedback or comments, its business model or metrics, its competitors, its features, or its advertising strategy. *Id.* at 277:18-21, 68:1-10, 75:4-6, 80:18-21, 91:24-92:10, 101:15-18, 276:5-9, 67:13-68:10, 82:3-6, 97:2-6, 113:8-13, 276:5-9, 277:18-25. He did nothing to determine whether Lowtech engaged in reasonable efforts to maintain or grow the game or applied best practices to monetize it. *Id.* at 63:2-23, 98:22-99:2. He never did anything to independently determine whether Slither.io is a multiplayer game. *Id.* at 232:25-234:6. For these reasons, any Zagal opinion regarding Slither.io should be excluded.

### 6. Any Zagal Opinion Relating to Whether Snake.io Copied Slither.io Should be Excluded.

Although he disclaimed it at deposition, Zagal appears to opine that Snake.io is a clone of Slither.io. Zagal Rebuttal at 9; Zagal Tr. 287:24-288:1. Zagal should not be allowed to present any opinion that Snake.io copied Slither.io in any way. Lowtech has no claim in this case for

patent infringement or trade secret misappropriation. Its claims regarding inappropriate copying are limited to its trademark and trade dress claims. But Zagal has no opinion on any of those claims. Zagal Tr. 84:1-6 (no opinion on whether Kooapps infringes Lowtech's alleged trade dress); 61:22-62:12 (no opinion on whether there is a likelihood of confusion between Lowtech's Slither.io icon and Kooapps' Snake.io icon); 83:10-21 (no opinion on whether Kooapps' infringes Lowtech's Slither word mark). Indeed, Zagal never studied Slither.io at all. *See supra* at 13.

Therefore, Zagal's opinion about "cloning," or any similar opinion about Kooapps copying Slither.io, should be excluded.

## V.   CONCLUSION

For the reasons stated above, Kooapps respectfully requests that Zagal's opinions stated above should be excluded in their entirety.

Dated: October 10, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Eli B. Richlin*
Eli B. Richlin (admitted *pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (admitted *pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

Joshua A. Baskin admitted (admitted *pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (admitted *pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**

Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on October 8, 2025 counsel for the parties met and conferred regarding the issues that form the basis of this motion, but were unable to reach resolution.

                                              */s/ Eli B. Richlin*
                                              Eli B. Richlin

                                              *Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc. and Defendants Jonathan Chang and Chun Kai Wang*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion and all supporting declarations through the Court's CM/ECF system.

                                              */s/ Eli B. Richlin*
                                              Eli B. Richlin

                                              *Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*