IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | § | NO. 1:23-CV-1437-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KOOAPPS LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING MOTION FOR SANCTIONS

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 140) submitted by United States Magistrate Judge Dustin Howell. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendations and **GRANTS** Defendant Kooapps Inc.'s ("Kooapps") Motion for Discovery Sanctions (Dkt. # 112).

Judge Howell carefully considered Kooapps motion for sanctions filed against Plaintiff Lowtech Studios, LLC ("Lowtech") and Steven Howse, principal of Lowtech based on Howse's intentional deletion of posts on the Discord platform. (See Dkt. # 112.) Lowtech and Howse opposed the motion for sanctions, arguing that Howse did not realize he had a duty to preserve the Discord posts and that, in any event, Kooapps already has copies of most of the lost

evidence.  (Dkt. # 121.)  After considering the evidence for and against the motion, Judge Howell determined that: "(1) the [electronically stored information ('ESI')] at issue should have been preserved; (2) the ESI was lost; (3) Howse deleted the ESI; and (4) not all the ESI can be replaced or restored through additional discovery given that Howse removed it from the public platform on which it existed."  (Dkt. # 140 at 6.)  Additionally, Judge Howell found that "Howse deleted the at-issue posts and messages with the intent to deprive Kooapps of the evidence."  (Id. at 8.)

As a sanction, Judge Howell recommended that the Court issue the remedies of an adverse-inference jury instruction and an award of attorneys' fees.  Specifically, Judge Howell recommended the Court include an instruction to the jury that it may, but is not required to, presume that the missing Discord posts are unfavorable to Howse and Lowtech in order to "serve the important interests of deterring similar conduct, placing on [Howse and Lowtech] the risk of any erroneous judgment, and restoring [Kooapps] to a position in which [it] would have been absent the bad faith spoliation."  (Id. at 10 (quoting T&E Inv. Grp. LLC v. Faulkner, No. 11-CV-0724-P, 2014 WL 550596, at *19 (N.D. Tex. Feb. 12, 2014).)  Judge Howell further recommended an award of attorneys' fees limited to the fees and costs Kooapps incurred in discovering, investigating,

2

and briefing the issue of Howse's deletion of social media posts on the Discord platform. (Id. at 10–11.)

Objections to the Report were due within 14 days after being served with a copy. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's conclusion that sanctions against Lowtech and Howse are warranted is correct and without clear error.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 140) as the opinion of the Court and **GRANTS** Kooapp's Motion for Sanctions. (Dkt. # 112.) It is thus **ORDERED** that an adverse jury instruction as described above will be given to the jury as well as an award of attorneys' fees to Kooapps. Kooapps must file **within ten days of the date of this Order** a motion for attorneys' fees accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs (as described above) to be awarded.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, November 7, 2025.

_____
David Alan Ezra
Senior United States District Judge