IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:23-CV-1437-DAE |
| | § | |
| KOOAPPS LLC, JONATHAN CHANG, | § | |
| and CHUN-KAI-WANG, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants Kooapps Inc., Jonathan Chang, and Chun-Kai Wang's motion for leave to file sealed documents, Dkt. 182. In their motion, Defendants seeks to file under seal a declaration and two exhibits attached to their motion for attorneys' fees. *See id.* Specifically, Defendants assert that each of the at-issue documents "contains commercially sensitive information about Kooapps' discounted fee arrangement with counsel, and Kooapps' fee schedule is confidential." *Id.* at 2. Plaintiff Lowtech Studios, LLC did not file a response.

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of

1

judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

"[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *Id.*; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7-8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Here, the Court finds that Defendants have asserted sufficient grounds for sealing in part or in full, as applicable, the documents attached to their motion. True, the confidentiality provisions it cites carry little to no weight in the Court's determination of whether to seal judicial records. *See Shore Offshore Servs., LLC v. Jab Energy Sols., LLC*, No. CV 18-1288, 2019 WL 367276, at *2 n.2 (E.D. La. Jan. 30, 2019) ("Regardless of what any party considers confidential and would prefer to shelter from public scrutiny, it is not incumbent upon the Court to allow it to be filed under seal."); *Powers*, 2015 WL 1758079, at *7-8. But Defendants have alleged specific reasons that support sealing sensitive commercial information from public view, *see* Dkt. 182, contrasting with cases in which courts have denied similar motions due to imprecise assertions. *See Crest Audio, Inc. v. QSC Audio Prod., LLC*, No. 3:12-CV-755-CWR-FKB, 2014 WL 12639108, at *1 (S.D. Miss. May 28, 2014) ("Public disclosure of this information would likely cause harm if competitors were able to acquire and exploit this information."); *cf. N. Cypress*, 781 F.3d at 204 ("North Cypress does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere."); *Omega Hosp.*, 2015 WL 13534251, at *4; *Powers*, 2015 WL 1758079, at *8.

However, the Court finds that Defendants have not asserted sufficient grounds for placing the Declaration of Eli B. Richlin (the "Declaration") as a whole under seal. While Defendants assert that the Declaration contains confidential information related to Kooapps' fee schedule, it has not demonstrated why such concerns necessitate sealing the entire Declaration rather than the portions specifically

referencing the negotiated billing rates. *Blue Spike, LLC v. Audible Magic Corp.*, 2016 WL 9275966, at *3 (E.D. Tex. May 17, 2016) ("Even if a party may legitimately claim confidentiality in some information contained in a court filing, that does not justify completely sealing that entry from public scrutiny."). Therefore, the Court will deny the motion in part.

Accordingly, **IT IS ORDERED** that Defendants' motion for leave to file sealed documents is **GRANTED IN PART AND DENIED IN PART**. Dkt. 182. The Clerk of Court shall file Exhibits 1 and 2 under seal. **IT IS FURTHER ORDERED** that Defendants submit a proposed redacted version of the Declaration within 14 days of the entry of this order.

**SIGNED** November 25, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE