UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>Defendants.<br><br>―――――――――――――――――――<br><br>KOOAPPS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>Counterclaim-Defendants. | CASE NO.: 1:23-cv-1437-DAE |

**KOOAPPS INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

The Court awarded Kooapps sanctions and attorneys' fees against Lowtech and Howse for their discovery misconduct, namely deleting files they knew they had an obligation to preserve. Lowtech and Howse do not dispute, and therefore concede, that Kooapps' counsel's hourly rates are reasonable.

Instead, to avoid reimbursing Kooapps for the reasonable amount of fees it spent getting to the bottom of their misconduct, Lowtech and Howse attempt to rewrite history. Their opposition is replete with mischaracterizations of facts in the record and attempts to trivialize Howse's conduct and the substantial relief achieved by Kooapps. For example, Lowtech and Howse argue that the relief that the Court granted was "unremarkable." Opp. at 7. That is a far cry from their own statements during the sanctions hearing, in which they asked for leniency: "[W]e're not here to try and say that those messages that had been deleted, that that was necessarily okay. We've[sic] not going to try and say that." Oct. 8, 2025 Hr'g Tr. at 30:16-18.

As Magistrate Judge Dustin Howell recognized in his Report and Recommendation, adverse inferences are inherently remarkable: adverse inferences are among Rule 37(e)'s "most severe sanctions" and reserved for the most egregious cases, such as "bad faith spoliation," as is the case here. *See* Dkt. No. 140 at 7-9. Judge Howell also emphasized that the relief should "serve the important interests of deterring similar conduct, placing on [Howse and Lowtech] the risk of any erroneous judgment, and restoring [Kooapps] to a position in which [it] would have been absent the bad faith spoliation." *Id.* at 10 (citations omitted) (alterations in original). The fee award serves these Court-recognized objectives, but Lowtech and Howse seek to vitiate them.

Lowtech and Howse's attack on the number of hours Kooapps incurred is unavailing. Their examples of claimed overbilling only highlight that the work was necessary because of Lowtech and Howse's own stonewalling and Kooapps' good faith attempts to resolve the dispute between the parties. Kooapps' fee request is based on the work it had to do to overcome Lowtech and

Howse's intransigence and repeated obfuscation. Lowtech and Howse should be required to reimburse Kooapps accordingly.

I. **The Lodestar Factors Weigh in Favor of the Amount Proposed by Kooapps**

   A. **Kooapps Achieved a High Degree of Success on the Motion for Discovery Sanctions**

Lowtech and Howse attempt to minimize the outcome achieved by Kooapps on its Motion for Discovery Sanctions. Adverse inferences, by their very nature, are among the severest sanctions granted in this Circuit and are reserved for the most egregious misconduct. *See* Dkt. No. 140 at 7-9; *see also BridgeTower Opco LLC v. Workforce Rsch. Grp. LLC*, 2023 WL 361779, at *6 (S.D. Tex. Jan. 23, 2023) (describing an adverse inference instruction as among "the severest sanctions"). The Court found that "Howse deleted the at-issue posts and messages with the intent to deprive Kooapps of the evidence" (Dkt. No. 140 at 8), and "Howse's admission to intentionally deleting relevant evidence, contradictory testimony, and questionable explanations for undertaking the destruction of evidence support a finding of bad faith under Rule 37" (*id.* at 9). Kooapps met the high bar of establishing bad faith, which, as Lowtech and Howse argued in their opposition to Kooapps' Motion for Discovery Sanctions, requires "sufficient evidence of some egregious behavior . . . ." Dkt. No. 121 at 7 (citing *Calsep A/S v. Dabral*, 84 F.4th 304, 313 (5th Cir. 2023)). Considering the high burden placed on Kooapps to establish bad faith and the extraordinary nature of adverse inferences as a form of sanctions, Kooapps achieved a high degree of success on its motion for sanctions.

In their opposition, Lowtech and Howse cite cases that stand for the proposition that attorneys' fees should be reduced to account for time that a plaintiff spent on pursuing a claim that

was not ultimately successful.[1] These cases are inapt because Kooapps was successful. It won all forms of relief it sought: discovery sanctions and attorneys' fees against Lowtech and Howse.

That the Court phrased the adverse inferences using different words than those Kooapps had proposed does not warrant a reduction in fees because the instruction that was ultimately rewarded did not require any less time of Kooapps' counsel than the instruction that was originally requested.[2] Indeed, Lowtech and Howse do not argue that Kooapps incurred any additional fees seeking relief that was ultimately not awarded by the Court. All of the time Kooapps incurred was necessary to win the sanctions the Court ordered.

Moreover, the adverse inferences that Kooapps obtained has, and will continue to have, a significant impact on the litigation. It defeats, in part, Lowtech and Howse's motion for summary judgment. *See* Dkt. No. 189. Howse's egregious conduct will also feature in Kooapps' case at trial. Indeed, at the October 8, 2025 hearing on the Motion for Discovery Sanctions, Judge Howell observed that Howse's conduct is "going to come out at trial" and "is going to look really bad for

---

[1] *See, e.g.*, *Hensley* v. *Eckerhart*, 461 U.S. 424, 440 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."); *Fessler* v. *Porcelana Corona de Mexico, S.A. DE C.V.*, 23 F.4th 408, 419 (5th Cir. 2022) (remanding an award of attorneys' fees where class plaintiffs did not succeed on claims unrelated to the successful claims); *Migis* v. *Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (remanding an award of attorneys' fees where the plaintiff did not prevail on her failure-to-hire discrimination claim); *Branch-Hines* v. *Hebert*, 939 F.2d 1311, 1321 (5th Cir. 1991) (affirming the reduction of attorneys' fees where the plaintiff's counsel stated that "one-third to one-half of his time sheets related to the failure to reclassify claim which was ultimately dismissed at trial"); *Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 509-10 (N.D. Tex. 2001) (reducing attorneys' fees where plaintiff's gender discrimination claim was dismissed at summary judgment stage and "a substantial portion of the attorney time spent was devoted to the gender discrimination claim"); *Fryar v. City of Ripley*, 1999 WL 33537169, at *3 (N.D. Miss. Sept. 20, 1999) (reducing attorneys' fees where the plaintiff prevailed on the civil rights claim, but did not prevail on the discrimination claim).

[2] *Black* v. *SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) ("[W]hile the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce Black's attorney's fee award solely on the basis of the amount of damages obtained.").

the[] [plaintiff's] side of the case" and that "we've got a party who is operating by a different ethical standard than what we enjoy here in Federal Court . . . somebody who has gone – who works in the wild west of the tech business and thinks, you know, the rules don't apply . . . ." Oct. 8, 2025 Hr'g Tr. at 45:15-46:01.

> **B. The Outcome on Kooapps' Motion for Discovery Sanctions Could Not Have Been Obtained by Agreement**

Lowtech and Howse's claim that the admissions in Howse's May 16 Declaration hold the same weight as the adverse inference awarded by the Court is wrong. Opp. at 8-10. While Howse admitted in his declaration that he had removed certain posts, Lowtech and Howse never proposed or indicated they would agree to an adverse inference that Howse deleted information because it was unfavorable to his case. His declaration also attempts to explain his deletions away as minor and unrelated to the case, directly contrary to the Court's finding that "Howse's admission to intentionally deleting relevant evidence, contradictory testimony, and questionable explanations for undertaking the destruction of evidence support a finding of bad faith under Rule 37." Dkt. No. 140 at 9. In short, it does not come close to the relief the Court ordered.

Lowtech and Howse's attempt to muddy the waters do not stop there. Lowtech and Howse repeatedly claim in their opposition that the Court found that Howse removed only seven Discord posts. This is a blatant mischaracterization. The Court stated, "The true extent of Howse's admitted spoliation is unclear given that he has declined to inform the Court of how many private Discord direct messages he has deleted—stating only that he 'ha[s] not removed any *relevant* private Discord direct messages.'" *Id.* at 3 n.2. Even that representation by Howse was provably false. Kooapps provided direct evidence of Howse's destruction of relevant private direct messages, including an August 4, 2024 post by Howse (the "August 4 Post") referenced in a public post by the Discord user "spectre" on November 24, 2024. Dkt. No. 127 at 3 (Kooapps Inc.' Reply Memorandum of Law in

Further Support of its Motion for Discovery Sanctions); *see also* Dkt. No. 140 at 6 ("Kooapps also presented evidence that Howse has deleted, or improperly withheld, at least one additional message on the Discord platform that was never produced in this litigation and was not contained in Howse's moderation-log summary."). The August 4 Post is not an existing public post, a deleted public post, or any private message or direct message that was produced. Dkt. No. 127 at 3.[3]

Additionally, as explained in Kooapps' Motion for Discovery Sanctions, Howse's May 16 Declaration suffers from a number of defects, which raised Kooapps' suspicion that the deletions were more widespread than what Howse was letting on. Dkt. No. 112 at 8; *see infra* at 6-7. Nor did Lowtech and Howse ever offer to pay for any of the attorneys' fees and costs that Kooapps incurred in discovering, investigating, and briefing the issue of Lowtech and Howse's document destruction (the "Spoliation Issue").

### C. Kooapps' Fees Related to the Motion to Compel Were Necessary for the Spoliation Issue

Kooapps' motion to compel production of further Discord communications (Dkt. No. 84, "Motion to Compel") was a critical precursor to the Motion for Sanctions, and falls squarely within the Court's attorneys' fee order. Lowtech and Howse would have the Court strike Kooapps' fee application to the extent it seeks to recover fees for Kooapps' Motion to Compel. They argue that the Motion to Compel "was not seeking information related to missing posts" and, therefore, was not relevant to the sanctions issues. Opp. at 10.

---

[3] The deletion of this private message was confirmed only with Lowtech's opposition to Kooapps' Motion for Sanctions and production of the moderation log summary. Dkt. No. 127 at 3. This showcases that Lowtech and Howse continued to stonewall even after the Motion for Sanctions was filed. Even after Kooapps identified the deletion of this private message, Lowtech and Howse never submitted a declaration on the relevant, private direct messages that Howse deleted.

This argument is disingenuous at best. The Motion to Compel was a critical precursor to the Motion for Discovery Sanctions. Kooapps filed the Motion to Compel only after discovering that several of Howse's Discord statements had been deleted from the platform soon after Kooapps had filed its Amended Answer and Counterclaims on February 19, 2025. Dkt. No. 84 at 3-6. As Kooapps wrote in the conclusion to the Motion to Compel, it sought production of Discord communications in light of the "intentional deletion of evidence …." *Id.* at 9. It also "reserve[d] its rights to seek appropriate sanctions" (*id.* at 10), which it later acted upon when filing its Motion for Discovery Sanctions seeking an adverse inference and attorneys' fees and costs.

Nor was the Motion to Compel a failure. As with all motions to compel in this district, Kooapps was required to and did meet and confer with Lowtech and Howse on the relief it sought prior to filing the motion. *See* Dkt. No. 112 at 4-5. Lowtech did not relent. It forced Kooapps to file the motion. Later, perhaps seeing the writing on the wall, Lowtech and Howse produced thousands of previously withheld documents and then agreed to largely resolve the Motion to Compel and provide Kooapps with the majority of the relief it was seeking, but did so only hours before the hearing. *Id.* at 5.[4] That resolution led to Howse providing his May 16 Declaration, which was the tipping point for Kooapps to discover the extent of the spoliation.

In the May 16 Declaration Howse was unable to describe (a) the dates and manner of efforts to preserve public Discord posts; (b) the number and date range of public Discord posts preserved; and (c) the dates and manner of any and all deletions. *Id.* at 5-6; Dkt. No. 112-12 ("Delehanty

---

[4] The only aspect of the Motion to Compel that was not resolved before the hearing—"whether Lowtech should be compelled to provide additional messages before and after the messages Howse posted to a private Discord server" (Dkt. No. 104 at 1 (May 8, 2025 Order))—was not revisited in the Motion for Sanctions. Kooapps sought production of additional messages surrounding the 117 standalone Discord messages posted by Howse that Lowtech produced in February 2025 to provide context to what Howse posted. *See* Dkt. No. 101 at 4 (May 6, 2025 Joint Advisory); Dkt. No. 112 at 4.

Decl.") ¶ 15. The defects in Howse's May 16 Declaration, combined with recent deposition testimony, provided proof that Lowtech and Howse failed to produce all relevant public and private Discord communications and that Howse's deletions were even more extensive than originally understood. Dkt. No. 112 at 5-6; Dkt. No. 127 at 2-3. This ultimately led to the Motion for Discovery Sanctions. In short, the Motion to Compel was a necessary predicate to the Sanctions Order.

## II.     The Hours Billed Are Reasonable and Non-Duplicative

Lowtech and Howse take issue with the fact that the billing entries for the Motion for Discovery Sanctions span March 18, 2025 to July 2025. Opp. at 11. That Kooapps began drafting the Motion for Discovery Sanctions around the same time as the Motion to Compel is of no moment because, as explained earlier, both motions address the Spoliation Issue. *Supra* at Section I(C). The time that Kooapps spent in drafting the Motion for Discovery Sanctions was extended in light of Lowtech and Howse's obstruction of discovery and failure to produce documents in a timely fashion as well as Kooapps' good faith efforts to meet and confer with counsel for Lowtech and Howse in an effort to resolve the disputes. These include the following:

- On May 2, 2025, with less than a week before the scheduled hearing on the Motion to Compel, Lowtech produced 3,000 additional Discord messages that it had previously withheld. Dkt. No. 112 at 5; Delehanty Decl. ¶ 13.

- On May 8, 2025, right before the hearing, Lowtech finally agreed to much of the relief Kooapps had sought, such that Kooapps was able to largely withdraw its Motion to Compel. This includes an agreement by Lowtech and Howse to provide a declaration from Howse setting forth the information Kooapps was requesting in the Motion to Compel. Dkt. No. 112 at 5; Delehanty Decl. ¶ 14.

- On May 16, 2025, Lowtech produced a declaration from Howse, which contained a number of defects, as Howse was unable to describe (a) the dates and manner of efforts to preserve public Discord posts; (b) the number and date range of public Discord posts preserved; and (c) the dates and manner of any and all deletions. Dkt. No. 112 at 5-6; Delehanty Decl. ¶ 15.

- On July 9, 2025, the parties had a meet and confer, in which Kooapps informed Lowtech that it anticipated filing a motion for sanctions and provided a list of the proposed adverse inferences. The parties were unable to resolve the disputes. Delehanty Decl. ¶ 16.

Lowtech and Howse also challenge Kooapps' minimal redactions to the time entries submitted to the Court. In total, Kooapps made narrow redactions to just 12 of the 136 time entries that Kooapps submitted in Exhibit 2. As explained in its Motion to Seal, Kooapps applied these redactions "where necessary to protect information subject to the attorney-client privilege, work product doctrine, or another applicable privilege or protection." Dkt. 182 at 3 (the "Motion to Seal"). In any event, the redactions do not obstruct Lowtech and Howse from understanding Kooapps' fee requests.

Finally, Lowtech and Howse argue that "Kooapps's block billing narratives include tasks wholly separated from the removed social media posts at issue" and provide a list of the purportedly irrelevant tasks. Opp. at 14. Lowtech and Howse's list is misleading because it omits the surrounding text of these billing entries that provide context to show that these tasks are related to the Spoliation Issue. As depicted in the below chart, when the surrounding text of these entries is provided, it is clear that the tasks at issue (which appear in bold text below) are relevant to the discovery, investigation, and/or briefing of the Spoliation Issue, and therefore, should be accounted for in the award of attorneys' fees and costs.

| Date | Name | Narrative | Hours |
|------|------|-----------|-------|
|      |      |           |       |

-8-

-9-

| Date | Name | Narrative | Hours |
|------|------|-----------|-------|



### III.   CONCLUSION

For the reasons stated above, and those discussed in Kooapps' Motion, Kooapps respectfully requests that the Court grant its Motion and award attorneys' fees and costs in the amount of $369,288.

Dated:   December 23, 2025                     Respectfully submitted,

                        By:   */s/ Eli B. Richlin*
                              Eli B. Richlin

Eli B. Richlin (admitted *pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (admitted *pro hac vice*)

New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini, Goodrich & Rosati, PC**
31 West 52nd Street, Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800

Joshua A. Baskin admitted (admitted *pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (admitted *pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc.*

-10-

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 23, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this brief through the Court's CM/ECF system.

*/s/ Eli B. Richlin*
Eli B. Richlin

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc.*