UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOWTECH STUDIOS, LLC, *Plaintiff* | § § § |
| v. | § § No. 1:23-CV-01437-DAE |
| KOOAPPS INC., ET AL., *Defendants* | § § § § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE DAVID A. EZRA
 SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Kooapps Inc., Chun-Kai Wang, and Jonathan Change's ("Kooapps") motion for attorneys' fees and costs, Dkt. 180, and all related briefing. After considering the filings and relevant law, the undersigned recommends that the District Judge grant Kooapps's motion.

**I.  BACKGROUND**

This is a trademark-infringement case. Plaintiff Lowtech Studios, LLC ("Lowtech") sued Kooapps for copying its video game; Kooapps countered with claims based on Lowtech and Steven Howse's[1] "repeated efforts to defame and sabotage Kooapps," including on the social media platform Discord. Dkts. 46, at 1-2; 5-17; 93, at 16, 44-47. Kooapps filed a motion for sanctions against Lowtech and Howse based on Howse's intentional deletion of posts on the Discord platform, which the District

---

[1] Howse is Lowtech's principal. Dkt. 93, at 17.

1

Judge granted based on the undersigned's recommendation. Dkts. 112; 140; 173. In its order granting Kooapps's motion for sanctions, the District Judge ordered Kooapps to file a motion for attorneys' fees limited to the fees and costs Kooapps incurred in discovering, investigating, and briefing the issue of Howse's deletion of social media posts on the Discord platform. Dkt. 173, at 2-3.

Kooapps filed the motion, asking for an award in the amount of $369,288.00 in attorneys' fees and costs and attaching evidence in support of its request. Dkts. 180, at 2; 180-2; 182. Lowtech and Howse opposed the motion, arguing that Kooapps had a "very low" degree of success on its motion for sanctions, could have obtained the same relief through agreement, and included fees associated with a motion to compel that was ultimately denied. Dkt. 193, at 10-14. Lowtech and Howse also complained that Kooapps's billing records include improper redactions and block billing that evince a lack of billing judgment. *Id.* at 14-18.

## II.    LEGAL STANDARD

When a party fails to preserve electronically stored information that "cannot be restored or replaced through additional discovery," the court may impose a range of sanctions, including an adverse jury instruction, as the Court did in this case. Dkt. 173; Fed. R. Civ. P. 37(e). In addition, the court may order the spoliating party to pay attorneys' fees to the opposing party for costs arising "from additional discovery needed after a finding that evidence was spoliated, the discovery necessary to identify alternative sources of information, or the investigation and litigation of the document

destruction itself." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 647 (S.D. Tex. 2010).

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). In the Fifth Circuit, the court determines reasonable attorneys' fee in two steps. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010). First, the court must determine the lodestar, which is the number of hours reasonably worked multiplied by the prevailing hourly rate in the community for similar work. *Id.* The party seeking attorneys' fees bears the burden of establishing the reasonable number of hours expended, evidenced by time records. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Once the court determines the lodestar, the court can next adjust if needed based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Id.* However, there is a strong presumption that the lodestar is reasonable and needs no further modification. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999).

---

[2] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.

### III.   DISCUSSION

Kooapps asks for an award of attorneys' fees and costs in the amount of $369,288.00, arguing that its counsel's hourly rates and hours expended in discovering, investigating, and briefing the issue of Howse's deletion of social media posts on the Discord platform are reasonable. Dkt. 180, at 4-5. In support of its motion, Kooapps presented affidavits from counsel, a chart demonstrating the hourly rates charged by each attorney as compared to the national average for such litigators, billing entries, and biographies for each attorney. Dkts. 180-1; 182-2; 182-3; 182-4; 182-5. Lowtech and Howse opposed the motion, proposing that the Court reduce Kooapps's fee award by "at least 90%" considering that Kooapps did not need to file the motion for sanctions to get the relief it obtained from the Court, Kooapps seeks fees for a motion to compel that was ultimately denied, and Kooapps did not display billing judgment. Dkt. 193, at 10-18. In reply, Kooapps accuses Lowtech and Howse's response of being "replete with mischaracterizations of facts in the record." Dkt. 195, at 2.

In calculating the lodestar, the Court must ascertain a reasonable number of hours worked and multiply that by the prevailing hourly rate. *Jimenez*, 621 F.3d at 379-80. Kooapps bears the burden of proving that the amount of time spent was reasonable. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). This requires exercising "billing judgment" by working efficiently and writing off unproductive or excessive hours, as well as sufficiently documenting hours. *Oramulu v. Wash. Mut. Bank*, No. H-0-00277, 2009 WL 7838118, at *4 (S.D. Tex.

June 11, 2009); *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237, 2017 WL 5904782, at \*11 (S.D. Tex. Nov. 30, 2017). To calculate the reasonable rate, the Court must examine rates for attorneys with reasonable skill in the same geographic area. *See Oramulu*, 2009 WL 7838118, at \*2 (citing *Watkins*, 7 F.3d at 458-59).[3]

Here, Kooapps provided affidavits from counsel and detailed billing records demonstrating that its hourly fees and time expended were reasonable. Dkts. 181; 182-2; 182-3; 182-4; 182-5. Lowtech and Howse's arguments to the contrary are unavailing. First, Lowtech and Howse argue that the relief Kooapps obtained through its motion for sanctions was "unremarkable" in that it obtained fewer adverse inferences than it sought and could have obtained the same relief without the Court's intervention. Dkt. 193, at 10-13. That Kooapps sought a wider range of adverse inferences than the Court ordered, however, does not alter the fact that the Court imposed one of "Rule 37(e)'s most severe sanctions," an adverse jury inference as to the nature of the spoliated evidence, in granting the motion. Dkts. 140, at 7; 173; *Fessler v. Porcelana Corona De Mexico, S.A. de C.V.*, 23 F.4th 408, 419 (5th Cir. 2022) ("[N]ot receiving every bit of relief requested is no reason to reduce the lodestar."). Lowtech and Howse also offer no legal support for their dubious claim that the adverse inference ordered by the Court is "the equivalent of a nominal damages award," instead citing cases where courts reduced attorneys' fees because certain claims had been dismissed in their entirety. Dkt. 193, at 11 (citing *Dodge v. Hunt*

---

[3] Lowtech and Howse did not object to the hourly rates charged by Kooapps's counsel. *See* Dkt. 193.

*Petroleum Corp.*, 174 F. Supp. 2d 505, 509-11 (N.D. Tex. 2001); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998); *Branch-Hines v. Hebert*, 939 F.2d 1311, 1321-22 (5th Cir. 1991); *Fryar v. City of Ripley*, No. CIV.A. 397CV225BA, 1999 WL 33537169, at *3-4 (N.D. Miss. Sep. 20, 1999)).

Lowtech and Howse have also not demonstrated that Kooapps could have obtained the same relief through agreement. Lowtech and Howse reference an offer they made before the sanctions motion was filed to provide Kooapps with a declaration from Howse "regarding his activity related to Discord posts." Dkt. 193, at 5. Lowtech and Howse did not provide the Court with a copy of the declaration but contend that in it Howse stated that "[i]n early February 2025, I reviewed posts I previously had made on the public Slither.io server on Discord to identify posts that may have included personal details about my life or third parties other than Kooapps. As part of this review, I removed a few posts from the public Slither.io server on Discord." *Id.* at 5. Nothing in the declaration, as quoted by Lowtech and Howse in their response, purports to offer Kooapps the same relief it obtained through its motion. Lowtech and Howse attached to their response an email in which Kooapps asked for the same adverse inferences it requested in its sanction motion; again, however, nothing in this exhibit demonstrates Lowtech and Howse's agreement to the adverse inference Kooapps ultimately obtained from the Court. Dkt. 193-1.[4]

---

[4] Lowtech and Howse argue that they offered to stipulate to the adverse inference Kooapps ultimately obtained from the Court yet offer no evidence in support of this contention. Dkt. 193, at 7. The undersigned declines to take Lowtech and Howse's argument at face value, especially in light of Kooapps's retort that "Lowtech and Howse never proposed or indicated they would agree to an adverse inference that Howse deleted information because it was unfavorable to his case." Dkt. 195, at 5.

Moreover, although the Court found that only seven of the spoliated messages could not be restored, Lowtech and Howse only provided the moderation log capturing the remaining deleted messages in response to Kooapps's motion. Dkt. 140, at 5-6.[5] Contrary to Lowtech and Howse's insistence, then, it is not at all clear that Kooapps could have obtained the same relief by stipulation without the need to file its motion for sanctions.

Lowtech and Howse next argue that Kooapps may not recover fees related to its motion to compel because that motion "was not directed at identifying deleted messages" and was ultimately denied. Dkt. 193, at 13-14. Yet the motion to compel itself reveals that Kooapps sought discovery as to Howse's Discord communications based on Howse's "intentional deletion of [such] evidence." Dkt. 84, at 12-13. The discovery obtained through the motion was thus relevant to Kooapps's investigation into Howse's deletion of social media posts on the Discord platform. *See id.*; *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 348 (M.D. La. 2006) ("Where a party to litigation has destroyed relevant evidence, monetary sanctions have been awarded to cover the opposing party's costs incurred in investigating the discovery abuses and related motions." (citing *Hous. Rts. Ctr. v. Sterling*, No. CV 03-859 DSF, 2005 WL

---

[5] It bears emphasis that the undersigned found that "[t]he true extent of Howse's admitted spoliation is unclear" given that Kooapps presented evidence that Howse deleted more messages than those captured by the moderation log and Howse declined to disclose to the Court the total number of private Discord messages he deleted. Dkt. 140, at 3 n.2, 6. That Lowtech and Howse provided a moderation log in response to Kooapps's motion that reduced the number of pieces of evidence forever lost does not alter the appropriateness of fees for Kooapps's motion, especially given that Rule 37 contemplates an award of fees even when discovery is provided "after the motion was filed," not just when a motion is granted. Fed. R. Civ. P. 37(a)(5)(A).

7

3320739 (C.D. Cal. 2005))); *see also Sabinsa Corp. v. Herbakraft, Inc.*, No. CV 14-4738-RBK-KMW, 2018 WL 11510663, at *13 (D.N.J. Dec. 17, 2018), *adhered to on denial of reconsideration sub nom. Sabinsa Corp. v. Herbabkraft, Inc.*, No. CV 14-4738-RBK-KMW, 2019 WL 13296836 (D.N.J. Aug. 2, 2019) (explaining that award of fees for spoliation may include fees for "any discovery necessitated because of the withheld, expired, and destroyed evidence"); *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 275-76 (2007) (noting that "ample authority supports the recovery of such costs and attorneys' fees to the extent they relate either to discovery disputes that arose prior to the time the spoliation was revealed, and to the investigation and litigation of the document destruction itself"). Lowtech and Howse's additional argument that the motion to compel was ultimately denied fails to take into account that the Court denied the single discovery request at issue only after Lowtech and Howse's agreed to produce the remaining discovery sought through Kooapps's motion—including the declaration in which Howse admitted to deleting Discord communications. Dkts. 101, at 2-5; 104, at 1.

Lowtech and Howse finally argue that Kooapps's proposed fee award is unreasonable because it improperly includes "unexplained and unnecessary" work and block billing; they also complain that the redactions to Kooapps's billing records impeded Lowtech and Howse's "ability to determine the necessity and propriety of amounts claimed[.]" Dkt. 193, at 14-18. Kooapps counters that the length of time spent preparing the motion for sanctions is reasonable in light of its efforts to obtain discovery from Lowtech and Howse during this time to confirm the extent of the

spoliation that would be at issue in the motion. Dkt. 195, at 8-10. Kooapps also highlights that it made only "narrow redactions" to 12 out of the 136 time entries, and that the text surrounding the entries Lowtech and Howse identified as examples of block billing in fact demonstrate that those tasks were relevant to the "discovery, investigation, and/or briefing" of the spoliation. *Id.*

Lowtech and Howse describe it as "puzzling" that Kooapps would spend another 53 hours on the motion for sanctions after including an entry referring to "finalizing" the motion, yet a review of those time entries reflects time spent meeting and conferring about the motion, drafting the declaration filed in support of the motion, further revisions to the motion, as well as due-diligence tasks such as fact-checking and cite-checking. Dkt. 182-4, at 4-5. These entries were proper. The undersigned also agrees with Kooapps that Lowtech and Howse's examples of block billing do not take into account the full time entries and that the minimal privilege-based redactions Kooapps made to its billing entries do not justify a decrease in the requested fees or in camera review of the records by the Court. Dkts. 182-4; 193, at 17; 195, at 9-10.

The undersigned finds that Kooapps's hours expended on the spoliation issue and hourly fees are reasonable. Lowtech and Howse did not challenge the reasonableness of counsel's rates; in any event, Kooapps has demonstrated that its counsel's rates are "within the range of market rates for attorneys of similar skill and experience." Dkts. 182-2; 182-3; 182-5; *Millennium Rests. Grp., Inc. v. City of Dall.*, No. 3-01-CV-0857-G, 2002 WL 1042117, at *2 (N.D. Tex. May 21, 2002) ("When

counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used.").

Moreover, no modification to the lodestar amount is warranted here based on the *Johnson* factors. Apart from its arguments related to the reasonableness of Kooapps's proposed lodestar amount, Lowtech and Howse do not otherwise argue that the lodestar amount should be reduced. *See* Dkt. 193; *Protradenet, LLC v. Predictive Profiles, Inc.*, No. 6:18-CV-38-ADA, 2022 WL 2078032, at *6 (W.D. Tex. June 9, 2022) (noting that "the lodestar is presumed to be reasonable when no adjustment is requested"). "The lodestar amount … should be modified only in exceptional cases," and here neither party has identified any extraordinary circumstances justifying a departure from the lodestar amount. *See* Dkts. 180; 193; 195; *Millennium*, 2002 WL 1042117, at *2. The undersigned further finds that none of the *Johnson* factors warrant a modification to Kooapps's requested fee award.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Kooapps's motion for attorneys' fees, Dkt. 180. The District Judge should order Lowtech and Howse to pay Kooapps $369,288.00 in attorneys' fees and costs.

The referral of this case to the Magistrate Judge should now be canceled.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE