**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC, | |
| Plaintiff, | |
| v. | **CASE NO:  1:23-CV-1437-DAE** |
| KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, | |
| Defendants. | |

**LOWTECH STUDIOS, LLC AND STEVEN HOWSE'S BRIEF OBJECTING TO THE**
**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE**
**JUDGE RE: ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

Lowtech Studios, LLC and Steven Howse (collectively, "Plaintiffs") respectfully submit these objections to the Magistrate Judge's Report and Recommendation ("R&R") (Dkt. 201) recommending that Kooapps Inc. be awarded attorneys' fees and costs in the full amount of $369,288.00. The R&R is clearly erroneous and should be modified.

The R&R errs by including more than $104,000 in fees for a motion to compel that was entirely denied (Dkt. 104) and did not seek the deleted messages at issue in the Court's sanctions order. *See* Dkt. 173; Dkt. 140.

The R&R also fails to engage with the Supreme Court's "most critical factor" for assessing fee reasonableness: the degree of success obtained. Kooapps sought nine sweeping, case-dispositive adverse inferences—including that "Lowtech did not have strong trademark rights," "Lowtech did not have strong trade dress rights," and "Lowtech and Howse made defamatory statements . . . that they knew to be untrue." Dkt. 112. None of these inferences were granted. Instead, the Court ordered only a permissive inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable" (Dkt. 173; Dkt. 140)—relief far closer to what Lowtech and Howse offered (that Howse deleted posts critical of Kooapps (Dkt. 193-3)) than what Kooapps demanded. The Supreme Court instructs this limited success warrants a substantial reduction to the lodestar. This is particularly so given record evidence—which the R&R improperly discounts—that the relief Kooapps obtained could have been achieved by agreement. Lowtech and Howse repeatedly offered to stipulate to the factual predicate for the adverse inference the Court ultimately imposed, but Kooapps refused to negotiate in good faith. *Id.* Granting the full fee award despite this conduct undermines the policies underlying Local Rule CV-7(g) and the Supreme Court's degree-of-success analysis.

The R&R also errs by crediting block-billed and heavily redacted entries without requiring segregation, in camera review, or explanation, and accepts that 53 hours billed after an entry recorded for finalizing the ten-page sanctions motion is "proper." R&R at 9.

The R&R also errs in considering the motion for fees at all, because Kooapps failed to comply with Local Rule CV-7(g) in filing it. On the afternoon of November 17, 2025, Kooapps' counsel sent an email stating: "Attached please find the billing entries . . . which is redacted for privilege/attorney work product. If you would like to meet and confer, please provide us with your availability for this afternoon. Otherwise, we will consider our meet and confer obligations satisfied. We plan on filing the motion today at 5pm CT." Dkt. 193-2. This last-minute production of seven pages of heavily redacted billing entries—spanning nine months and totaling $369,288— gave Lowtech no meaningful opportunity to review the entries or confer about which fees fell within the Court's order. The R&R's refusal to require in camera review of the redacted entries only compounds the problem: neither Lowtech nor the Court can verify whether this hidden work falls within the scope of the sanctions order.

These errors, individually and collectively, render the R&R's fee recommendation clearly erroneous. For the reasons set forth below, the Court should reverse Magistrate Judge Howell's recommendations and reduce the fee award.

**ARGUMENT**

I.    **Legal Standard**

"Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge's recommendation regarding attorney[s'] fees is subject to *de novo* review by the district court." *Dallas Independent School District* v. *Woody ex rel. K.W.*, 2018 WL 6304401, at *4 (N.D. Tex. Nov. 30, 2018) (internal citations omitted and emphasis added). Because Lowtech and Howse have timely and specifically objected to the portions of the R&R identified herein, the Court must conduct a *de novo* review of

2

those portions and review any remaining portions for plain error. *Id*. at *1; Fed. R. Civ. P. 72(b)(3). Plaintiffs respectfully submit that the R&R's conclusions regarding attorneys' fees are also reversible for being clearly erroneous.

## II.    The R&R Improperly Awards Fees for the Unrelated and Entirely Denied Motion to Compel Without Requiring Segregation from Billing on a Third, Unrelated Motion

The R&R wrongly awards Kooapps $104,450.50 in fees for an entirely denied and unrelated motion to compel.  Because that motion was directed at obtaining additional private Discord messages rather than identifying deleted public posts (Dkt. 104), it exceeds the scope of this attorneys' fees motion.  So, all billing entries relating to that motion should be denied.

The R&R reasons that attorneys' fees for work related to the motion to the compel are justifiably included because "the motion to compel itself reveals that Kooapps sought discovery as to Howse's Discord communications based on Howse's 'intentional deletion of [such] evidence'" and thus, "[t]he discovery obtained through the motion was [] relevant to Kooapps' investigation into Howse's deletion of social media *posts* on the Discord platform."  R&R at 7 (emphasis added).  But the R&R's statements regarding the motion to compel are factually inaccurate.  First, no discovery was obtained through that motion as it was entirely denied.  Dkt. 104.  Also, the motion to compel only sought *private messages*, while the fee award and inference concern *public posts*.  Dkt. 173; Dkt. 140.  Additionally, the R&R ignores that the deleted public posts could not be part of the motion to compel because that motion only requested compliance with "Kooapps' Second Set of Requests for Production of Documents, Nos. 96, 99-101," (Dkt. 84) requests bound by the parties' agreement to limit production to private messages.  *See* Dkt 59-3 ("Kooapps objects . . . This objection applies, in particular, to information that is already in Lowtech's possession and/or publicly available").

Since Kooapps has not established that the deletion of public messages—none of which were subject to any discovery request—gave rise to a reasonable inference that Plaintiffs' counsel withheld responsive materials from their *sworn* production, it cannot sustain a fee award for its wholly denied motion to compel. *See Holcombe* v. *Advanced Integration Technology*, 2018 WL 3819974, at *5 (E.D. Tex. Aug. 10, 2018) (where some responsive documents have been produced, the requesting party bears the burden "to support, with existing documents, a reasonable deduction that other documents [responsive to the request] may exist or did exist but have been destroyed"). While courts have awarded fees for *related* motions, there must be sufficient connection to the spoliation. *See Turner* v. *Hudson Transit Lines, Inc*., 142 F.R.D. 68, 78 (S.D.N.Y. 1991) (cited in *United Medical Supply Co*. v. *United States*, 77 Fed. Cl. 257, 275 (2007)) (stating that "compensable costs may arise either from the discovery necessary to identify alternative sources of information[] or from the investigation and litigation of the document destruction itself") (internal citations omitted); *Consolidated Aluminum Corp*. v. *Alcoa, Inc*., 244 F.R.D. 335, 347-48 (M.D. La. 2006) (same); *Housing Rights Center* v. *Sterling*, 2005 WL 3320739, at *9 (C.D. Cal. Mar. 2, 2005) (same). To hold otherwise would permit limitless, unrelated investigation at the opposing party's expense upon any finding of spoliation. Here, the Court already considered this connection and found it to be insufficient when it denied the motion to compel (which already suggested 37(e) sanctions) based on Kooapps' unfounded suspicions that private messages were withheld.

Finally, the R&R did not address how some billing entries failed to distinguish whether legal work performed in preparation for the October 7, 2025, hearing was in support of Kooapps' sanction motion or in response to Lowtech's motion to compel, despite both motions being at issue in the hearing. Dkt. 134; *see also* Dkt. 193 at 13-14. There is no reason Kooapps should recover

fees related to a separate motion which was, again, unrelated to any spoliation issue but happened to be argued the same day. *Vicknair* v. *Louisiana Department of Public Safety & Corrections*, 555 F. App'x 325, 332 (5th Cir. 2014) (sanctions must be related to the relevant order at issue).[1]  Of all the entries between September 25, 2025, and October 7, 2025, only three entries specifically mention "sanctions" without referencing the motion to compel.  As such, at least $45,952.50 worth of work should be reduced or eliminated because it applies to both motions.

### III. The R&R Fails to Analyze the Supreme Court's "Most Critical Factor," Kooapps' Degree of Success

The Supreme Court has stated numerous times that "degree of success obtained" is "the most critical factor" in determining the reasonableness of attorneys' fees.  *Farrar* v. *Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 436 (1983)); *see also Fessler* v. *Porcelana Corona De Mexico, S.A. de C.V.*, 23 F.4th 408, 418 (5th Cir. 2022).

The R&R cites *Fessler* for the proposition that "[n]ot receiving every bit of relief requested is no reason to reduce the lodestar."  R&R at 5 (citing *Fessler* at 419).  But the R&R ignores the very next sentence in *Fessler*, which states: "But this misconstrues Fifth Circuit precedent." *Fessler* at 419.  In *Fessler*, the Fifth Circuit vacated a fee award precisely because the district court "failed to consider the amount awarded in relation to the amount sought," and thereby, "failed to properly analyze the award in relation to the results obtained."  *Id.* at 418.  As the Fifth Circuit

---

[1] The R&R also failed to account for the fact that Kooapps' redactions made deciphering between the work done for the motion to compel argument on October 7th and the work done on the spoliation motion impossible.  For example, Allie Huff billed $2,646.00 for drafting something in preparation for the October 7th hearing and, meanwhile, Aleah Holley also drafted something, which has been redacted, for the sanctions hearing, billing $4,336.50.  The R&R awards fees for both entries, but the terminology used in each entry is too similar to discern which motion the work pertained to, and because fees are recoverable only for work on the sanctions motion, there is no logical basis for concluding that both entries—rather than just one or neither—reflect compensable work.  The R&R ignores these duplicated, conflated, and incomplete fee entries.

explained, the district court's statement that "the work done did not prove fruitless," and that the class received benefits "they would not have received but for Class Counsel's diligent work," was insufficient—because ,"[i]n other words, [the district court concluded that] not receiving every bit of relief requested is no reason to reduce the lodestar.    But this misconstrues Fifth Circuit precedent." *Id.* at 419.

Here, the R&R commits the same error the Fifth Circuit identified in *Fessler*.  *See, e.g.*, R&R at 7.  Moreover, Kooapps did not merely fail to receive "every bit" of relief requested. Rather, the Court denied all nine of the specific adverse inferences Kooapps requested—inferences that were sweeping and even case-dispositive in nature—and instead granted only a permissive adverse inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable . . ." Dkt. 173; Dkt. 140.  The permissive inference the Court granted is not among the nine inferences Kooapps requested; it is far closer to the relief Lowtech and Howse offered to Kooapps' counsel (that Howse deleted posts critical of Kooapps (Dkt. 193-3))—an admission that provided the factual predicate for the very inference the Court ultimately ordered.  Yet, the difference between Lowtech and Howse's offer and Kooapps' sought-after relief was so great that Kooapps declined to propose a compromise, underscoring how far Kooapps' position diverged from the outcome ultimately ordered by the Court.  The R&R's failure to meaningfully engage with the Supreme Court's framework is clear error.

## IV.  The R&R Improperly Discounts Evidence That the Relief Could Have Been Obtained by Agreement Through Local Rule CV-7(g)

The Local Rule CV-7(g) conference requirement "is in place to require the parties to communicate and coordinate in good faith," to avoid needlessly expending resources on unnecessary motions. *See Brown* v. *Bridges*, 2014 WL 2777373, at *2, 4 (N.D. Tex. June 19,

2014); *Crow* v. *ProPetro Services, Inc.*, 2016 WL 9776368, at 9 (W.D. Tex. June 6, 2016) (refusing to grant attorneys' fees where there was no good faith conference).

The R&R declines to credit evidence that Lowtech and Howse repeatedly offered to stipulate to an adverse inference, reasoning that "Lowtech and Howse never proposed or indicated they would agree to an adverse inference that Howse deleted information because it was unfavorable to his case," and that adverse inferences are among "Rule 37(e)'s most severe sanctions." R&R at 6 n.4, 5. But the severity of a sanction does not mean it is unobtainable by agreement; here, Lowtech already offered the factual predicate and a reasonable adverse inference (that Howse deleted posts critical of Kooapps). Dkt 193-3. In fact, Kooapps' reply to Lowtech's opposition for attorneys' fees does not deny that "counsel [for Lowtech] offered a reasonable adverse inference materially similar to the Court's ordered relief" (Dkt. 193). Dkt. 195. The Court's imposition of an adverse inference more similar to what Lowtech offered requires the Court to consider the results achieved "compared to" the result sought. *Fessler*, 23 F.4th at 419. After Lowtech offered to stipulate to the fact of removing posts, it was incumbent upon Kooapps to negotiate in good faith. Instead, Kooapps delayed for nearly three months, billed $41,712, ignored Lowtech's verbal offers, and then—one week before filing its sanctions motion—demanded acceptance of nine case-dispositive inferences with no nexus to the spoliation at issue. *See Compass Bank* v. *Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012);[2] *Pride Centric Resources, Inc.* v. *LaPorte*, 2021 WL 2579798, at *3, *5 (E.D. La. June 23, 2021).[3]

---

[2] Explaining that letters typically do not satisfy the conference requirement and that good faith "cannot be shown merely through the perfunctory parroting of statutory language . . . it mandates a genuine attempt to resolve the discovery dispute through non-judicial means."

[3] Denying motion where the movant drafted its entire motion before attempting to meet and confer, and the conference between the parties was "nothing more than a perfunctory check-the-box gesture that reflected no real effort to resolve the dispute."

None of Kooapps' requested inferences were granted by the Court. Instead, the Court granted only a permissive adverse inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable" (Dkt. 173; Dkt. 140)—relief far closer to what Lowtech and Howse had offered (that Howse deleted messages critical of Kooapps) than what Kooapps demanded. *See* Dkt. 193-3. If Kooapps had simply requested a reasonable adverse inference or counteroffered Lowtech's offer, the sanctions motion could have been avoided altogether. The required meet-and-confer on any such request would have resolved the dispute without consuming the Court's and parties' resources.

This pattern of refusing to earnestly engage in the meet-and-confer process is a recurring theme in Kooapps' conduct in this litigation. Kooapps' behavior on the fee motion is illustrative: despite knowing for ten days when the motion was due, Kooapps' counsel waited until the day of filing the motion for attorneys' fees to provide billing entries—including seven pages of single-spaced entries over a nine-month period, many of which were redacted—and demanded that Lowtech review, then meet the same day or agree that the conference requirement had been met. Dkt. 193-2. This is an independent basis on which the Court should deny the fee motion: failure to comply with the Local Rule CV-7(g) conference requirement. *See Compass Bank*, 287 F.R.D. at 399; *Pride Centric Resources, Inc.*, 2021 WL 2579798, at \*3, \*5.

Granting the full fee award despite Kooapps' low degree of success and failure to meaningfully meet-and-confer undermines the import of the Local Rule and the Supreme Court's "most critical factor" analysis. *See Gurule* v. *Land Guardian, Inc.*, 912 F.3d 252, 260-61 (5th Cir. 2018).[4] As the Fifth Circuit stated, "[i]n setting reasonable attorneys' fees, a court is to look at the

---

[4] Finding "persuasive" that "several sister circuits have held that the rejected offer should nonetheless be considered in assessing the reasonableness of an attorney's fee award." (also citing *Hensley* v. *Eckerhart*, 461 U.S. 424, 436 (1983)).

8

results obtained, and it need not close its eyes to the reality that [a movant's] post-offer legal work produces a net loss." *Id.* at 261 (quoting 12 Wright, Miller & Marcus § 3006.2).

The R&R risks incentivizing this behavior; that is, seeking wildly unacceptable relief, obtaining only the reasonable relief that the opposing party had offered, and then seeking full fees for the cost of pursuing the unacceptable relief (and the fees of unrelated motions). The R&R's failure to account for this in assessing the reasonableness of the fee award is plain error.

## V.    The R&R Errs in Accepting Heavily Redacted Billing Entries and Declining In Camera Review, Preventing Segregation of Generalized Discovery Entries

The R&R finds that "the minimal privilege-based redactions Kooapps made to its billing entries do not justify a decrease in the requested fees or in camera review of the records by the Court." R&R at 9. This is clearly erroneous. Kooapps redacted twelve separate billing entries representing more than $43,000 in billed time, with some redactions entirely obscuring the nature of the work performed.[5] Without in camera review, neither Lowtech nor the Court can verify whether this redacted work falls within the scope of the fees order. *See Hunt Building. Co., Ltd.* v. *John Hancock Life Insurance Co. (U.S.A.)*, 2013 WL 12293487, at *3 (W.D. Tex. Aug. 15, 2013) (finding conference inadequate to grant attorneys' fees where movant failed to provide opposing counsel with sufficient chance for "review and comment" of documentation). Kooapps bears the burden of establishing reasonableness; where it has hidden the substance of its work, the entries should be excluded or, at minimum, reviewed in camera.

The R&R further errs by crediting block-billed entries that commingle tasks unrelated with the spoliation issue—such as "oversight of discovery strategy," "call w/ client re strategy," and

---

[5] The R&R accepts justifying these redactions in part because they occurred in only 12 of 136 entries. Yet, the R&R ignores that the redactions in these 12 entries render them totally insufficient in detail and duplicative, as described above, and total over $40,000.

"communications internally and w/ client re discovery matters"—without requiring segregation. The Court's sanctions order limited recoverable fees to those incurred "in discovering, investigating, and briefing" the spoliation. Entries like these plainly fall outside this scope, and the R&R's failure to distinguish them is plain error.

Lowtech and Howse further object to the R&R's approval of 53 hours billed after Kooapps' counsel recorded an entry to "Revise and finalize motion for sanctions"—totaling $54,192.50 for a ten-page motion. The R&R accepts that Kooapps' counsel continued "drafting" after "finalizing" the motion, including drafting the support declaration, and further revising the motion. R&R at 9. While it's plausible that some post-finalization work was done for what the R&R calls "due diligence" tasks, it strains credulity that lawyers billing at these rates would require 53 billable hours for due diligence post-finalization. The R&R's acceptance of these entries without reduction constitutes clear error.

## CONCLUSION

The Court should modify the Magistrate Judge's R&R and lower the award sought by Kooapps based upon the limited success of Kooapps as well as its failure to provide evidence that the fees requested were reasonable and related to the scope of the Court's award:

| Subject of Work | Kooapps' Fees | Plaintiffs' Proposal | Justification for Difference |
|---|---|---|---|
| Motion to Compel | $104,451.00 | $0.00 | Motion was unrelated to deleted posts and denied |
| Motion for Sanctions (up to finalization) | $203,879.50 | $20,387.95 | Low degree of success |
| Motion for Sanctions (post- finalization) | $54,192.50 | $2,709.63 | Low degree of success and excessive hours recorded. |
| Total | $369,288.00 | $29,862.58 | |

10

Date:  March 24, 2026

Respectfully Submitted,

/s/ Christopher C. Campbell
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**
900 16th Street N. W.
Suite 500
Washington D.C. 20006
(202) 862-8932
(202) 862-8906
bdavis@cahill.com
ccampbell@cahill.com

Cecil E. Key
**KEY KESAN DALLMANN PLLC**
1050 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 772-3191
cecil.key@kkd-law.com

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-
DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN
HOWSE

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 24, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by email.

/s/ Christopher C. Campbell
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**

Cecil E. Key
**KEY KESAN DALLMANN PLLC**

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN HOWSE