**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG, <br><br> Defendants. <br><br><br> KOOAPPS INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> LOWTECH STUDIOS, LLC and STEVEN HOWSE, <br><br> Counterclaim-Defendants. | CASE NO.: 1:23-cv-1437-DAE |

**KOOAPPS INC.'S RESPONSE TO LOWTECH'S BRIEF OBJECTING TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: ATTORNEYS' FEES AND COSTS**

**TABLE OF CONTENTS**

<u>**Page**</u>

I.      RELEVANT BACKGROUND.................................................................................. 1

II.     LEGAL STANDARD .......................................................................................... 3

III.    THE REPORT AND RECOMMENDATION GRANTING KOOAPPS' MOTION FOR
        ATTORNEYS' FEES AND COSTS IS NOT CLEARLY ERRONEOUS....................... 4

        A.      The R&R Properly Found That Kooapps' Motion To Compel Was
                Necessary To Obtain The Discovery Of Evidence That Led To The Motion
                For Sanctions .................................................................................... 4

        B.      The R&R Properly Considered Kooapps' Degree Of Success .............................. 6

        C.      Lowtech and Howse Never Offered To Agree To The Sanctions Awarded
                By the Court .......................................................................................... 8

        D.      The R&R Correctly Accepted Kooapps' Redacted Billing Entries ...................... 9

IV.     CONCLUSION.................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brown v. Bridges*,
    2015 WL 410062 (N.D. Tex. Jan. 30, 2015) ...............................................................................3

*Dallas Independent School District v. Woody as Next Friend of K.W.*,
    2018 WL 6304401 (N.D. Tex. Nov. 30, 2018) ...........................................................................3

*Fessler v. Porcelana Corona De Mexico, S.A. de C.V.*,
    23 F.4th 408 (5th Cir. 2022) ......................................................................................................7

*Guilbeau v. Schlumberger Tech. Corp.*,
    719 F. Supp. 3d 702 (W.D. Tex. 2024)......................................................................................9

*Insight Invs., LLC v. Icon Constr., Inc.*,
    2020 WL 1872383 (E.D. Tex. April 15, 2020).......................................................................3, 4

*Merritt v. Int'l Bhd. of Boilermakers*,
    649 F.2d 1013 (5th Cir. 1981) ...................................................................................................3

*United States v. U.S. Gypsum Co.*,
    333 U.S. 364 (1948)....................................................................................................................3

*W. Napoleon Off. Bldg., LLC v. Infusion Partners, LLC*,
    2021 WL 230252 (E.D. La. Jan. 22, 2021)................................................................................3

## RULES

Fed. R. Civ. P. 72(a) .....................................................................................................................3, 4

## STATUTES

28 U.S.C. § 636(b)(1)(A).................................................................................................................3

Lowtech and Howse object to Magistrate Judge Howell's Report and Recommendation ("R&R," Dkt. 201) that Kooapps' motion for $368,288.00 in attorneys' fees should be granted on four grounds: (1) the R&R improperly awards fees for an unrelated motion to compel; (2) Judge Howell did not consider Kooapps' degree of success when awarding fees; (3) Kooapps could have achieved the same outcome without a sanctions motion because Lowtech and Howse would have stipulated to it; and (4) Kooapps' submitted invoices do not justify the fees awarded.

Each of these objections should be overruled.  First, the motion to compel was not unrelated.  As Judge Howell found, it led directly to discovery of the spoliation by Lowtech and Howse that is the basis for the sanction.  Second, Judge Howell expressly considered Kooapps' degree of success in the R&R, finding that the Court imposed one of "Rule 37(e)'s most severe sanctions."  Third, there is no evidence, other than the after-the-fact say so of counsel to avoid sanctions and this fees award, that Lowtech and Howse would have stipulated to the adverse inference awarded by the Court.  Finally, as Judge Howell found, Kooapps submitted detailed invoices that more than justify the fee award.

Therefore, Kooapps respectfully requests that the Court overrule Lowtech and Howse's Objections to the Magistrate's Report and Recommendations (the "Objections," Dkt. 202) and enter an Order adopting the R&R awarding Kooapps $368,288.00 in attorneys' fees and costs.

## I.    RELEVANT BACKGROUND

On March 28, 2025, Kooapps filed a Motion to Compel Production of Steven Howse's Communications on the Discord Social Media Platform (the "Motion to Compel").[1]  Dkt. 84.  On

---

[1] Kooapps' Motion to Compel followed Kooapps' discovery that Howse had deleted numerous Discord communications, depriving Kooapps of its rights to fully and fairly prosecute its Counterclaims and defend against Lowtech's claims.  Lowtech and Howse even deleted posts that were screenshotted in Kooapps' Amended Answer and Counterclaims, statements regarding

July 14, 2025, Kooapps filed a Motion for Discovery Sanctions, based on Steven Howse's failure to preserve and spoliation of evidence (the "Sanctions Motion"). Dkt. 112. On October 9, 2025, Magistrate Judge Howell issued a Report and Recommendation granting Kooapps' Sanctions Motion. Dkt. 140. Lowtech and Howse did not file objections to Judge Howell's Report and Recommendation. On November 7, 2025, the Court adopted Judge Howell's Report and Recommendation and entered an order granting Kooapps' Sanctions Motion in its entirety (the "Sanctions Order"). Dkt. 173. The Sanctions Order ordered "an adverse-inference jury instruction" and "an award of attorneys' fees" to Kooapps for "fees and costs Kooapps incurred in discovering, investigating, and briefing the issue of Howse's deletion of social media posts on the Discord platform" (the "Spoliation Issue"). Dkt. 140 at 10-11.

On November 17, 2025, Kooapps filed a Motion for Attorneys' Fees and Costs, seeking an award of $369,288.00. (the "Motion for Fees"). Dkt. 180. On December 12, 2025, Lowtech filed its Response in Opposition to Kooapps' Motion for Attorneys' Fees and Costs (Dkt. 193), and on December 23, 2025, Kooapps filed its Response in Support (Dkt. 195). On March 10, 2026, Judge Howell issued a Report and Recommendation granting Kooapps' Motion for Attorneys' Fees (the "R&R"). Dkt. 201. Judge Howell found that (1) it was not clear that Kooapps could have obtained the adverse inference without a Sanctions Motion; (2) Kooapps' Motion to Compel and the discovery therein was relevant to Kooapps' investigation into Howse's deletion of social media posts; and (3) Kooapps' proposed fee award is reasonable and no modification to the lodestar amount is warranted. *Id.* at 7, 10.

---

Lowtech's failure to enforce its marks across platforms, statements admitting that Lowtech's Slither.io game had technical issues relating to its multiplayer functionality, and disparaging statements Howse made against Kooapps and other third parties, among others. Dkt. 84-1.

## II.    LEGAL STANDARD

Under Rule 72(a), a district judge can set aside a magistrate judge's order for non-dispositive motions only if it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Insight Invs., LLC v. Icon Constr., Inc.*, 2020 WL 1872383, at \*9 (E.D. Tex. April 15, 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Lowtech and Howse argue that the fees award is subject to *de novo* review.  That is wrong. *De novo* review applies only where the underlying motion is dispositive in nature.  Otherwise, the magistrate's findings are reviewed for clear error.  *Brown v. Bridges*, 2015 WL 410062, at \*2-3 (N.D. Tex. Jan. 30, 2015) (explaining test and citing cases); *see also Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B)."); *W. Napoleon Off. Bldg., LLC v. Infusion Partners, LLC*, 2021 WL 230252, at \*1 (E.D. La. Jan. 22, 2021) ("The Fifth Circuit has ruled that a magistrate judge's imposition of discovery sanctions, including attorneys' fees, is a non-dispositive matter which is to be reviewed by a district court under a "clearly erroneous" standard of review . . . .").

*Dallas Independent School District v. Woody as Next Friend of K.W.*, 2018 WL 6304401 (N.D. Tex. Nov. 30, 2018), does not help Lowtech and Howse.  That case involved review of a

dispositive motion to determine the amount of attorneys' fees the plaintiff would receive for prevailing on her claim, not a decision on a discovery dispute. *See generally id.*

### III. THE REPORT AND RECOMMENDATION GRANTING KOOAPPS' MOTION FOR ATTORNEYS' FEES AND COSTS IS NOT CLEARLY ERRONEOUS

In its Objections, Lowtech and Howse fail to identify any portion of Judge Howell's R&R that is "clearly erroneous" or "contrary to law" such that it warrants reversal or reconsideration. *See* Fed. R. Civ. P. 72(a). Rather, the Objections restate the same arguments already considered – and rejected – by this Court. *See Insight*, 2020 WL 1872383, at *2 ("Courts in this jurisdiction overrule a party's objections to a magistrate judge's report where such objections are largely a restatement of arguments asserted in previous briefing submitted to the court and addressed in the magistrate judge's report."). As such, Lowtech and Howse's Objections should be overruled, and Judge Howell's R&R should be adopted in full.

### A. The R&R Properly Found That Kooapps' Motion To Compel Was Necessary To Obtain The Discovery Of Evidence That Led To The Motion For Sanctions

Lowtech and Howse first argue that the Court should not award Kooapps $104,450.50 fees it incurred in connection with its Motion to Compel because that motion was "unrelated" to the Court's ultimate sanctions award. Judge Howell correctly rejected this argument, finding that "[t]he discovery obtained through the motion was . . . relevant to Kooapps's investigation into Howse's deletion of social media posts on the Discord platform." R&R at 7. Thus, the Motion to Compel was related to the Spoliation Issue and Kooapps is entitled to fees for it.

Lowtech and Howse object to Judge Howell's straightforward ruling in two ways. First, they argue that the Motion to Compel was directed at obtaining private Discord messages rather than identifying deleted public posts, and therefore it somehow exceeds the scope of the fees motion. That is wrong. Kooapps' Motion to Compel explicitly requested "relevant ***public***

communications on the Discord platform."[2]  Dkt. 84-17 (emphasis added).  Regardless, whether the Motion to Compel was directed at obtaining public or private messages is irrelevant.  The Motion to Compel resulted in the production of thousands of Discord messages and the May 16 declaration in which Howse admitted to the deletion of Discord communications, which laid the foundation for sanctions.  R&R at 8; Sanctions Motion at 3-5.  In short, Kooapps' Motion to Compel explicitly sought and resulted in discovery of Howse and Lowtech's "intentional deletion" of Howse's Discord communications and is thus relevant and sufficiently connected to the Sanctions Order.  *See* Dkt. 84 at 9-10; R&R at 7.

Second, Lowtech and Howse argue that Kooapps is not entitled to fees for the Motion to Compel because "no discovery was obtained through that motion because it was entirely denied." Objections at 3.  As Judge Howell found, this argument "fails to take into account that the Court denied the single discovery request at issue only *after Lowtech and Howse's [sic] agreed to produce the remaining discovery sought through Kooapps's motion . . . .*"  R&R at 8 (emphasis added).  Moreover, Lowtech and Howse agreed to resolve the majority of the motion just hours before the hearing, and that led to Howse providing his May 16 declaration, in which Howse was unable to describe (a) the dates and manner of efforts to preserve public Discord posts; (b) the number and date range of public Discord posts preserved; and (c) the dates and manner of any and all deletions.  Sanctions Motion at 4-5.  As noted, this was the tipping point for Kooapps to discover

---

[2] Moreover, the Motion was necessitated because Lowtech and Howse's deletions are conceivably much farther reaching than the specific deleted public posts for which Kooapps caught him in the act.  As Judge Howell reasoned in the R&R, "It bears emphasis that the undersigned found that '[t]he true extent of Howse's admitted spoliation is unclear' given that Kooapps presented evidence that Howse deleted more messages than those captured by the moderation log and Howse declined to disclose to the Court the total number of private Discord messages he deleted."  R&R at 7 n.5 (citing Dkt. 140 at 3 n.2, 6).  Kooapps was unable to further investigate the deletion of Howse's private messages due to the close of discovery.

the extent of the spoliation.  This underscores the criticality of the Motion to Compel in resulting in the ultimate award of sanctions against Lowtech and Howse and the propriety of the fee award including fees for filing that motion.

Finally, Lowtech and Howse argue that Kooapps' inclusion of entries for work performed related to the October 7, 2025 hearing was improper because Kooapps did not distinguish in every entry whether the work was related to Lowtech and Howse's motion to compel or Kooapps' Sanctions Motion heard on the same day, and ask the court to exclude around $46,000 in fees on that basis.  Objections at 4-5.  Lowtech did not argue this in opposition to Kooapps' Motion for Fees and therefore waived the objection.  Regardless, Lowtech's complaint is without merit; Kooapps already discounted the fees it requested to exclude time not spent on the Spoliation Issue. As Judge Howell found, Kooapps submitted invoices that were properly recoverable for work in preparation for the sanctions hearing.  R&R at 9.  Lowtech and Howse's assertion that "at least $45,952.50 of work should be reduced because it applies to both motions" is thus unfounded.

### B.    The R&R Properly Considered Kooapps' Degree Of Success

Lowtech and Howse's Objections also incorrectly argue that the R&R failed to consider Kooapps' degree of success on its Sanctions Motion determining whether a reduction to the lodestar is warranted.  Objections at 5-6.  That is incorrect.

As Judge Howell found, "the Court imposed one of 'Rule 37(e)'s most severe sanctions,' an adverse jury inference as to the nature of the spoliated evidence, in granting the motion."  R&R at 5.  In other words, Kooapps' Sanctions Motion was a smashing success.  It won all forms of relief it sought: discovery sanctions and attorneys' fees against Lowtech and Howse.

Lowtech and Howse's argument to the contrary rests on the contention that Kooapps' motion was not a success because the Court did not award every evidentiary sanction requested by Kooapps.  Judge Howell also rejected this argument.  *Id.*  Lowtech and Howse's only comeback

is to criticize Judge Howell's interpretation of *Fessler v. Porcelana Corona De Mexico, S.A. de C.V.*, 23 F.4th 408, 418 (5th Cir. 2022). But Judge Howell did not misinterpret *Fessler*. *Fessler* stands for the proposition that the Court is "required to consider" what was sought versus what was awarded post-judgment. *Id.* at 419. As the District Court in that case had merely assumed that "not receiving every bit of relief requested is no reason to reduce the lodestar," without comparing the requested relief with what was actually obtained, that was error. *Id.*

Judge Howell made no such error here. He expressly considered that "Kooapps sought a wider range of adverse inferences than the Court ordered . . . ." R&R at 5. He found that "the Court imposed one of "Rule 37(e)'s most severe sanctions," an adverse jury inference as to the nature of the spoliated evidence," and rejected Lowtech and Howse's "dubious claim that the adverse inference ordered by the Court is 'the equivalent of a nominal damages award . . . .'" *Id.* In short, Judge Howell considered what Kooapps requested and what it won and found that Kooapps was successful. *Id.* His finding that Lowtech and Howse "offer no legal support" for their claim that Kooapps winning an adverse inference did not constitute success on the motion remains true today. *Id. Fessler* does not hold otherwise.

Moreover, degree of success is only one of the twelve *Johnson* factors used to determine the reasonableness of attorneys' fees. Other than as to degree of success, Lowtech and Howse do not challenge Judge Howell's finding that "no modification to the lodestar amount is warranted here based on the *Johnson* factors." *Id.* at 10. Judge Howell's findings that the twelve factors, considered together, warrant the fee award requested by Kooapps here, and that Lowtech and Howse have not identified "extraordinary circumstances" justifying a departure from the lodestar amount, are not clearly erroneous and should not be disturbed. *Id.*

**C.    Lowtech and Howse Never Offered To Agree To The Sanctions Awarded By the Court**

Lowtech and Howse next repeat the same argument rejected by Judge Howell – that Kooapps was not successful because it could have achieved the same sanction awarded against Lowtech and Howse by agreement.  That is patently false.  Lowtech and Howse never proposed, much less agreed to, an instruction that "Howse deleted the at-issue posts and messages with the intent to deprive Kooapps of the evidence" and that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable to Howse and Lowtech."  R&R at 7; Dkt. 173 at 2.

Tellingly, despite Judge Howell's finding that "nothing" in the documentary evidence "demonstrates Lowtech and Howse's agreement to the adverse inference Kooapps ultimately obtained from the Court," (R&R at 6-7) Lowtech and Howse still cannot identify any evidence in the record establishing that, before Kooapps filed its Sanctions Motion, or even before it was heard, Lowtech offered to stipulate to an adverse inference that Howse deleted evidence and that evidence would be unfavorable to him.

At most, Lowtech and Howse point to a declaration submitted by Lowtech's counsel after the fact, in an effort to stave off an award of attorneys' fees.  Objections at 7 (citing Dkt. 193-3). Even that declaration does not help Lowtech and Howse.  It states merely that "there could likely be an agreement on a stipulation or adverse inference . . . ."  Dkt. 193-3 ¶ 8.  It never states that Lowtech or Howse proposed such an agreement.

Thus, Judge Howell rightly "decline[d] to take Lowtech and Howse's argument" that they would have agreed to the sanction the Court awarded "at face value . . . ."  R&R at 6 n.4.  And for good reason.  First, contrary to Lowtech and Howse's contention, Kooapps denied it.  *See* Dkt. 195 at 4 (Kooapps: "Lowtech and Howse never proposed or indicated they would agree to an adverse inference that Howse deleted information because it was unfavorable to his case.").

Second, if Lowtech and Howse had actually offered to agree to an adverse inference, they would have said something at the hearing on the Sanctions Motion. They did not.

To the contrary, the evidence shows that *only after Judge Howell suggested the adverse inference did Lowtech and Howse indicate their supposed willingness to agree to it*. *See* Oct. 21, 2025 Hrg. Tr. at 35 (Dkt. 156) (Judge Howell suggesting the adverse inference; counsel for Lowtech and Howse responds: "I think we did offer up that there"[3]). In short, at the hearing on the Sanctions Motion, Lowtech and Howse saw the writing on the wall and tried to pivot. That was after Kooapps had incurred significant fees to get there. Those fees were rightly awarded.[4] Judge Howell's determination otherwise should not be disturbed. *Guilbeau v. Schlumberger Tech. Corp.*, 719 F. Supp. 3d 702, 711 (W.D. Tex. 2024) ("[T]he great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citation omitted).

## D.    The R&R Correctly Accepted Kooapps' Redacted Billing Entries

Lowtech and Howse revive their argument that Kooapps' redacted billing entries, block billed entries, and billing entries that followed a recorded entry for finalizing the Sanctions Motion were somehow improper.[5] Judge Howell's determination that these entries were proper is not clearly erroneous and therefore should not be disturbed. R&R at 9.

---

[3] As noted, even now, after two rounds of briefing, Lowtech cannot point to any evidence of that "offer."

[4] Lowtech and Howse's argument that Kooapps' Motion for Fees should be denied because Kooapps did not comply with the Local Rule CV-7(g) conference requirement is also baseless. Objection at 8. They do not dispute that Kooapps "provided advance notice of the amount of fees being sought under this motion and a copy of the billing entries in support of the amount of fees, and offered to meet and confer." Motion for Fees, Dkt. 180 at 6. Lowtech and Howse sought more time to "meaningfully review." *Id.* Kooapps said it "would be open to continuing to meet and confer." *Id.* Lowtech never sought any further discussions.

[5] Lowtech also argues that some billing entries are improper because they are "duplicated"

**Redactions**: Kooapps redacted its billing entries only "where necessary to protect information subject to the attorney-client privilege, work product doctrine, or another applicable privilege or protection." Dkt. 182 at 3. Kooapps made narrow redactions to just 12 of the 136 time entries that Kooapps submitted with its Motion for Fees. Dkt. 180, Ex. 2. Contrary to Lowtech and Howse's conclusory argument, the redactions do not obstruct them from understanding Kooapps' fee request. *See id.* at 2-6 (minimal redactions for attorney-client privilege).

**Block billed entries**: As Kooapps explained in its Reply in Support of Attorneys' Fees (Dkt 195), and as Judge Howell agreed, Lowtech and Howse's complaints about block billing "do not take into account the full time entries . . . ." R&R at 9. The surrounding text of these billing entries provides context to show that these tasks are related to the Spoliation Issue. *See* Dkt. 195 at 8 (chart explaining each).

**Billing Entries to Finalize** Sanctions Motion: Finally, Lowtech and Howse reiterate their objection that billing entries for "drafting" after "finalizing" the Sanctions Motion were improper. As Judge Howell acknowledges, "a review of those time entries reflects time spent meeting and conferring about the motion, drafting the declaration filed in support of the motion, further revisions to the motion, as well as due-diligence tasks such as fact-checking and cite-checking. These entries were proper." R&R at 9 (citing Dkt. 182-4 at 4-5). There is nothing erroneous about Judge Howell's findings.

---

amongst two attorneys. Objections at 5 n.1. Lowtech's apparent claim that it is improper for multiple attorneys to work on a project or for a more senior attorney to review and edit the work of another junior attorney is nonsensical. As Judge Howell has already ruled, the entries subject to Kooapps Motion for Fees were proper. *See* R&R at 8-9.

## IV.   CONCLUSION

For the reasons stated above, Kooapps respectfully requests that the Court adopt Judge Howell's Report and Recommendation in full.

Dated: April 7, 2026                              Respectfully Submitted,

By: */s/ Eli B. Richlin*
Eli B. Richlin (*pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (*pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini, Goodrich & Rosati, PC**
31 W 52nd St Fifth Floor
New York, NY 10019

Joshua A. Baskin (*pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (*pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

-11-

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 7, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and supporting document through the Court's CM/ECF system.

/s/ Eli B. Richlin

Eli B. Richlin

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

-12-