# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

LOWTECH STUDIOS, LLC,

                       Plaintiff,

 v.

KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,

                       Defendants.

**CASE NO: 1:23-CV-1437-DAE**

## LOWTECH STUDIOS, LLC AND STEVEN HOWSE'S REPLY BRIEF OBJECTING TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: ATTORNEYS' FEES AND COSTS

**INTRODUCTION**

The R&R applied the improper legal standard and disregarded important facts.  As a result, it is not the proper outcome and Lowtech's objections should be sustained, and the Court should enter an order that corrects the errors in the R&R.

Rather than meaningfully engage with the substance of Lowtech's objections, Kooapps focused on procedural questions—the standard of review and the restatement doctrine—which it erroneously analyzed to suggest that Lowtech's objections should be disregarded.  However, the correct standard of review is *de novo* under either of two independent rationales—and the very cases Kooapps cites confirm both.  But regardless of the standard applied, the R&R was erroneous and the restatement doctrine does not apply to the current procedural posture.

The R&R does not meaningfully engage with the key factor of degree of success, because it does not lower the fee award commensurate with its own analysis.  Kooapps's motion to compel fees should be excluded because the motion was entirely denied—that Kooapps obtained something through agreement is irrelevant, as courts do not award fees for negotiations.  Kooapps denies that Lowtech offered a stipulation aligned with the adverse interest the Court ordered, but failed to voice this denial to the Court at the sanctions hearing when Lowtech and Howse repeatedly asserted that they offered such stipulation.  Nevertheless, Kooapps must still contend with the fact that it bears the burden to demonstrate the reasonableness of its fee award in light of its low degree of success and its failure to negotiate in good faith or offer anything close to what it obtained.  Kooapps also fails to satisfy its burden to justify its redacted and block-billed billing entries—the very foundation of its request for fees.

## ARGUMENT

### I.    The Standard of Review is *de novo*, Not Clear Error

A motion for attorneys' fees constitutes a final determination of liability for payment and is therefore dispositive, triggering *de novo* review under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).  *See Dallas Independent School District.* v. *Woody ex rel. K.W.*, 2018 WL 6304401, at *4 (N.D. Tex. Nov. 30, 2018) (holding that "[u]nder 28 U.S.C. § 636(b)(1)(B), a magistrate judge's recommendation regarding attorney's fees is subject to *de novo* review by the district court").  Kooapps attempts to distinguish *Dallas ISD* by claiming it involved a "dispositive motion," but that is precisely the point—the court stated that fees are dispositive. *Id.*

Whether a request for fees arises during discovery, after trial, or some other point in time is irrelevant, as such requests do not depend on the ultimate judgment on the claims.  Fee requests are dispositive on their own.  *See Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) ("a claim for attorney's fees is not part of the merits of the action to which the fees pertain.  Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action").

The cases Kooapps cites also support *de novo* review here for an additional reason.  When a magistrate judge issues an *order* on a non-dispositive matter, the clear error standard of § 636(b)(1)(A) applies.  But, where, as here, the district court assigns the magistrate to issue a *recommendation*, *de novo* review under § 636(b)(1)(B) follows automatically, regardless of whether the underlying matter is dispositive.[1]

---

[1] See *Merritt* v. *Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) (distinguishing between "[p]retrial orders of a magistrate under § 636(b)(1)(A)," which "are reviewable under the 'clearly erroneous and contrary to law' standard," and "a magistrate's proposed findings and

Here, the Magistrate Judge did not enter an order; he issued a recommendation. That procedural form is dispositive of the standard-of-review question: under the very rule Kooapps's own authorities articulate, a recommendation is reviewed *de novo*. This is confirmed by the R&R itself, which cites § 636(b)(1)(C) (which cites § 636(b)(1)(B)) and warns that a "party's failure to file written objections . . . shall bar that party from *de novo* review by the District Judge." Dkt. 201 (R&R) at 11. Thus, both because fees are dispositive issues and the Magistrate Judge issued a recommendation, this Court's review of the R&R is *de novo*.

## II.     Lowtech and Howse Did Not Merely Restate Prior Arguments; They Objected to the R&R's Reasoning

Because *de novo* review applies, the restatement doctrine Kooapps invokes does not apply. Notably, even the very cases Kooapps cites undermine its argument. In *Insight Invs., LLC* v. *Icon Constr., Inc.*, 2020 WL 1872383 (E.D. Tex. April 15, 2020) and *Psara Energy, Ltd.* v. *Space Shipping, Ltd.*, 422 F. Supp. 3d 1170 (E.D. Tex. 2019) (cited in *Insight Invs., LLC*), the court fully considered the objections to the magistrate's report, applying *de novo* review, without applying a restatement penalty.

In any event, Lowtech's objections are not simply restatements. Rather, Lowtech's objections reference the specific findings of the Magistrate Judge and detail why the analysis

---

recommendations under § 636(b)(1)(B)," which "are . . . subject to a de novo determination"); *Brown* v. *Bridges*, 2015 WL 410062, at *1 (N.D. Tex. Jan. 30, 2015) (explaining that § 636(b)(1)(A) governs magistrate judge orders on non-dispositive matters, while § 636(b)(1)(B) governs proposed findings and recommendations, and applying the framework accordingly); *W. Napoleon Off. Bldg. LLC* v. *Infusion Partners LLC*, 2021 WL 230252, at *1 (E.D. La. Jan. 22, 2021) (applying clear error review where the magistrate judge had issued an order—not a recommendation—on discovery sanctions); *see also Dallas Indep. School District*, 2018 WL 6304401 at *4 ("This court recognizes that Magistrate Judge Toliver did not issue a findings of fact and recommendation, but instead issued an order granting Woody's motion for attorneys' fees. . . Regardless, both this court's prior precedent and the Federal Rules of Civil Procedure require this court to review *de novo* the portions of the magistrate judge's order to which a party has raised objections, and to review the remaining portions for plain error").

undertaken to reach them was erroneous.  Lowtech's objections went beyond the standpoint from which the brief to the Magistrate Judge was drafted, and instead respond to the Magistrate Judge's reasoning in the R&R.  The very purpose of objections to an R&R is to bring previously raised arguments before the District Court in a manner that identifies problems with how the R&R addresses them.

### III.   The R&R Fails to Properly Analyze the Degree of Success Factor

The Court is required to reduce the lodestar where the movant did not achieve full success. *Dallas ISD*, 2018 WL 6304401, at \*10-11 (increasing the magistrate judge's degree-of-success reduction from 25% to 50%, agreeing with the appellant that the initial 25% reduction "d[id] not give due consideration to the most critical factor in the analysis").

Critically, the Fifth Circuit has reversed fee awards for failing to "give adequate consideration" even where the lower court expressly considered limited success—because acknowledging limited success without making a corresponding reduction is itself reversible error.[2]  Here, Kooapps sought nine sweeping, case-dispositive adverse inferences—none were granted.  Instead, the Court ordered only a permissive inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable."[3]  Mot. at 1, 6, 8.  This is far

---

[2] *See Migis* v. *Pearle Vision, Inc.*, 135 F.3d 1041, 1047-48 (5th Cir. 1998) (vacating fee award (and thus requiring further reduction) even where the district "court reduced the lodestar amount it calculated by ten percent based on the results obtained" because the  court "fail[ed] to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought"); *Fessler* v. *Porcelana Corona De Mexico, S.A. de C.V.*, 23 F.4th 408, 418-19 (5th Cir. 2022) (vacating fee award because although the district court considered that the class achieved only limited success, it did not reduce the lodestar).

[3] Kooapps characterizes the adverse inference as a finding that "Howse deleted the at-issue posts and messages with the intent to deprive Kooapps of the evidence."  That is not what the Court ordered.  The instruction is a permissive inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable to Howse and Lowtech."  Dkt. 173; Dkt. 140.  This is a materially different—and far less severe—sanction than what Kooapps describes.

from full success, so a reduction is required.  Yet, the R&R did not reduce fees at all.  R&R at 2, 10.  Regardless of whether the permissive inference awarded was severe, it was substantially *less* severe than the case-dispositive adverse inferences Kooapps sought:

> 1. That Lowtech and Howse made defamatory statements against Kooapps that they knew to be untrue; 2. That Kooapps' Snake.io game had multiplayer functionality, including but not limited to real-time multiplayer game play, which Lowtech and Howse knew; 3. That Mr. Howse abandoned the Slither.io game and failed to update the server properly; 4. That Lowtech and Howse directed others to write false reviews about Kooapps with an intent to harm Kooapps and its reputation; 5. That Lowtech did not have strong trademark rights in the Slither.io icon or word mark, such that there was no marketplace confusion as to Snake.io and its marks; 6. That Lowtech did not have strong trade dress rights in the Slither.io game, such that there was no marketplace confusion as to the Snake.io game; 7. That Mr. Howse had a history of compliance issues with the App stores; 8. That Lowtech unreasonably delayed in attempting to assert its rights, causing prejudice to Kooapps; and 9. That revenue earned by Kooapps through the Snake.io game is attributable to its features developed by Kooapps and how long users play the game, not just the logo, any alleged trade dress, or any user beliefs regarding real-time multiplayer gameplay.

Dkt. 112-1 at 2-3.  Ultimately, the Court ordered nothing more than a permissive inference that the jury "may, but is not required to, presume that the missing Discord posts are unfavorable." Dkt. 173 at 2–3.  That inference rested on conduct that Lowtech had already offered to stipulate to

and that Mr. Howse had already acknowledged in a declaration submitted to the Court.  Dkt. 193-3; Dkt. 121-1 at ¶¶ 9-10.

## IV.    The Motion to Compel Fees Should Be Excluded

### A.    No Discovery Was "Obtained" Through the Motion to Compel

Kooapps argues that the Motion to Compel "resulted in the production of thousands of Discord messages and the May 16 declaration."  Opp. at 5.  But Kooapps acknowledges that Lowtech and Howse agreed to produce the discovery before the hearing—not as a result of a court order.  *Id.*  Relief obtained by agreement is irrelevant to this analysis.  *Cf.*, *Gurule* v. *Land Guardian, Inc.*, 912 F.3d 252, 260-61 (5th Cir. 2018) (in the Rule 68 context, emphasizing that fees turn on the degree of success and may be reduced where litigation does not produce a better result than what was previously offered).  The policy rationale is straightforward: if voluntary compliance or stipulation would yield the same result as contested litigation, awarding fees for negotiation effort incentivizes unnecessary motion practice and penalizes cooperative behavior.

The work it takes to negotiate is the legal process functioning as intended.  It is precisely the outcome that discovery rules and meet-and-confer obligations are designed to produce.  There is no basis for awarding fees for work that merely achieved a cooperative result, particularly where the movant further maintained the motion to press for additional relief it never obtained.  Indeed, here, Kooapps maintained its motion, in the face of Lowtech's agreement, to compel production of private Discord messages, relief the Court denied.  As a result, the fees for the motion to compel should be reduced based on degree of success if not eliminated entirely.

### B.    Whether Howse Allegedly Deleted Numerous Unrelated Messages Is Irrelevant

Kooapps alleges that "Howse deleted numerous Discord communications."  Opp. at 1 n.1.  However, this is merely a distraction.  Only the seven deleted public posts subject to the sanctions order are relevant to this fees award, and those were not at issue in Judge Howell's decision on

6

Kooapps's motion to compel, since Kooapps withdrew the motion to compel on the public discord posts. Dkt. 104 at 1 ("the parties announced that they had substantially narrowed the scope of the disputes set out in Kooapps' motion. As to the sole remaining dispute—whether Lowtech should be compelled to provide additional messages before and after the messages Howse posted to a private Discord server—the Court DENIES the motion"); *see Saizan* v. *Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (fees movant has the burden of proving reasonable scope of fees); *Hensley* v. *Eckerhart*, 461 U.S. 424, 433-34, 437 (1983) (same).

## V.      The Awarded Relief Could Have Been Obtained by Agreement, Which Weighs Against the Full Award

During the fees briefing before the Magistrate Judge, counsel for Lowtech and Howse provided a declaration informing the court that they explicitly offered a stipulation or adverse inference related to the removal of posts from the Discord server and that such posts were critical of Kooapps.  Dkt. 193-3 at ¶ 6 ("In subsequent discovery conferences with Kooapps's counsel, counsel for Lowtech and Howse repeatedly requested that Kooapps's counsel propose a stipulation or adverse inference regarding the posts because there was no dispute that Mr. Howse removed some posts and had been critical of Kooapps's behavior on Discord").

Kooapps argues there is no evidence that Lowtech and Howse offered to stipulate to an adverse inference, but contradicts itself in its own brief, admitting that "counsel for Lowtech and Howse responds: 'I think we did offer up that there.'" Opp. at 9 (citing Dkt. 156 at 35, an exchange with Judge Howell regarding the adverse inference).  Further, counsel for Lowtech and Howse stated, "a stipulation that there were some messages that were deleted and that they said unflattering things about Kooapps, we offered that up;" "we were trying to be forthcoming and, you know, willing to follow along on the story here;" "we also offered to authenticate -- the authentication of the messages that were -- were captured, and we still offer that;" and "we did

7

offer an adverse inference, along the lines of what Your Honor has suggested to resolve this early on, and it was rejected." Dkt. 156 at 35, 42. Kooapps never denied these representations of oral offers at the hearing.

In any event, Kooapps cannot shield itself even if Lowtech did not directly offer the relief achieved. Kooapps was required to meaningfully engage in negotiations by making realistic counteroffers in good faith.[4]

## VI.    Kooapps Has Waived Its Counterarguments on Local Rule Cv-7(G) And Duplicated Billing

Defendants' arguments on the Local Rule CV-7(g) conference requirement and on duplicated billing entries were made only in footnotes. Opp. at 9 nn.4-5. It is settled in this Circuit that arguments fleshed out only in a footnote are waived. *Sable Networks, Inc.* v. *Cloudflare, Inc.*, 2024 WL 718690, at *2 (W.D. Tex. Feb. 5, 2024) (treating argument limited to a footnote as waived); *see also Merrill Lynch, et al.* v. *Greystone Servicing Corp.*, 2007 U.S. Dist. LEXIS 69235, at *13 n.7 (N.D. Tex. Sept. 18, 2007). The court should accordingly rule in Lowtech and Howse's favor on these issues as unopposed objections.

Even if not for waiver, as set out in Lowtech's opening brief, Lowtech would prevail. Mot. at 6-8; s*ee Hunt Building Co., Ltd.* v. *John Hancock Life Insurance Co. (U.S.A.)*, 2013 WL

---

[4] *See Crow* v. *ProPetro Services, Inc.*, 2016 WL 9776368, at *9 (W.D. Tex. June 6, 2016) (refusing to grant attorneys' fees where there was no good faith conference to resolve the discovery dispute prior to filing); *see also Brown* v. *Bridges*, 2014 WL 2777373, at *2, *4 (N.D. Tex. June 19, 2014) (explaining that the local rule conference requirement "is in place to require the parties to communicate and coordinate in good faith" to resolve matters without court intervention); *Compass Bank* v. *Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) (explaining that good faith "cannot be shown merely through the perfunctory parroting of statutory language . . . it mandates a genuine attempt to resolve the discovery dispute through non-judicial means"); *Pride Centric Resources, Inc.* v. *LaPorte*, 2021 WL 2579798, at *3, *5 (E.D. La. June 23, 2021) (denying motion where the movant drafted its entire motion before attempting to meet and confer, and the conference between the parties was "nothing more than a perfunctory check-the-box gesture that reflected no real effort to resolve the dispute").

12293487, at *2 (W.D. Tex. Aug. 15, 2013) (half-hearted attempt to meet and confer on the day of the filing is inadequate); *see also Saizan*, 448 F.3d at 799 (movant has the burden to prove reasonable scope of fees); *Hensley*, 461 U.S. at 433-34, 437 (same).

## VII.  The R&R Improperly Credits Commingled, Redacted, And Block-Billed Entries

### A.    Kooapps Bears the Burden to Segregate Hearing Fees

Kooapps claims Lowtech waived the argument that billing entries for the October 7, 2025, hearing improperly commingle work on the sanctions motion with work on Lowtech's motion to compel.  Opp. at 6.  Not so.  Lowtech raised this argument in its brief to Judge Howell.  Dkt. 193 at 13-14 ("this entry along with entries 9, 10, and 11 are all in connection with the Oct. 7 hearing (Dkt. 138), but fail to distinguish between work on Kooapps's sanctions motion and Lowtech's motion to compel, both of which were at issue in the hearing").

Kooapps bears the burden to show that hearing preparation fees relate exclusively to the sanctions motion and not to other motions, yet—it has provided no such evidence.  *See Saizan*, 448 F.3d at 799; *Hensley*, 461 U.S. at 433-34, 437.  Thus, the approximately $45,952.50 in unsegregated hearing-related fees should be reduced or excluded.

### B.    Kooapps Bears the Burden to Specifically Justify Redacted and Block-Billed Entries

Kooapps has also presented no law to support its position that redacted and block-billed entries are sufficient.  Judges in this circuit have found redaction of billing records to be problematic.  *See, e.g.*, *Randolph* v. *Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009) ("the time shown in heavily redacted portions is deducted from the lodestar").  It is particularly problematic here because the material redactions make it impossible for Lowtech to determine whether the block-billed entries relate only to the motion for sanctions.  Compounding this issue, Kooapps gave Lowtech insufficient time to review the documentation and investigate whether the fees were within scope, giving Lowtech mere hours before filing its fee motion.  Dkt. 193-2

9

("please provide us with your availability for this afternoon. Otherwise, we will consider our meet and confer obligations satisfied. We plan on filing the motion today at 5pm CT"); *Hunt Building Co., Ltd.*, 2013 WL 12293487, at \*2 (finding conference inadequate to grant attorneys' fees where movant failed to provide opposing counsel with sufficient chance for "review and comment" of documentation).

**CONCLUSION**

The Court should modify the R&R and lower the award sought by Kooapps given Kooapps's glaringly limited degree of success as well as Kooapps's failure to establish that the fees requested related to the scope of the award.

Date: April 14, 2026                    Respectfully Submitted,

 /s/ Christopher C. Campbell
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**
900 16th Street N. W.
Suite 500
Washington D.C. 20006
(202) 862-8932
(202) 862-8906
bdavis@cahill.com
ccampbell@cahill.com

Cecil E. Key
**KEY KESAN DALLMANN PLLC**
1050 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 772-3191
cecil.key@kkd-law.com

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-
DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN
HOWSE

10

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 14, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by email.

/s/ Christopher C. Campbell
Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**

Cecil E. Key
**KEY KESAN DALLMANN PLLC**

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANTS LOWTECH STUDIOS, LLC AND STEVEN HOWSE