IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOWTECH STUDIOS, LLC, | § | NO. 1:23-CV-1437-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KOOAPPS LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND
(2) GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is a Report and Recommendation (the "Report")

(Dkt. # 201) submitted by United States Magistrate Judge Dustin Howell.  The

Court finds this matter suitable for disposition without a hearing.  After reviewing

the Report, the Court **ADOPTS** Judge Howell's recommendations and **GRANTS**

Defendants Kooapps Inc., Chun-Kai-Wang, and Jonathon Chang's ("Kooapps")

Motion for Attorneys' Fees and Costs (Dkt. # 180).

BACKGROUND

The Court recites the background facts as stated by the Magistrate

Judge.[1]  (Dkt. # 201.)  This is a trademark-infringement case.  Plaintiff Lowtech

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts,
the Court will note it in the objections discussed below.

Studios, LLC ("Lowtech") sued Kooapps for copying its video game; Kooapps countered with claims based on Lowtech and Steven Howse's[2] "repeated efforts to defame and sabotage Kooapps," including on the social media platform Discord. (Dkts. ## 46 at 1-2; 5-17; 93 at 16, 44-47.)  Kooapps filed a motion for sanctions against Lowtech and Howse based on Howse's intentional deletion of posts on the Discord platform, which this Court granted based on the Magistrate Judge's recommendation.  (Dkts. ## 112; 140; 173.)  In the order granting Kooapps's motion for sanctions, the Court ordered Kooapps to file a motion for attorneys' fees limited to the fees and costs Kooapps incurred in discovering, investigating, and briefing the issue of Howse's deletion of social media posts on the Discord platform.  (Dkt. # 173, at 2-3.)

On November 17, 2025, Kooapps filed the motion, asking for an award in the amount of $369,288.00 in attorneys' fees and costs and attaching evidence in support of its request.  (Dkts. ## 180 at 2; 180-2; 182.)  Lowtech and Howse opposed the motion, arguing that Kooapps had a "very low" degree of success on its motion for sanctions, could have obtained the same relief through agreement, and included fees associated with a motion to compel that was ultimately denied.  (Dkt. # 193, at 10-14.)  Lowtech and Howse also complained

---

[2] Howse is Lowtech's principal.  (Dkt. # 93 at 17.)

that Kooapps's billing records include improper redactions and block billing that evince a lack of billing judgment. (Id. at 14-18.)

On November 18, 2025, the Court referred this matter to Magistrate Judge Howell. On March 10, 2026, Judge Howell entered his Report, recommending the Court grant the motion for attorneys' fees. (Dkt. # 201.) On March 24, 2026, Lowtech and Howse filed objects to the Report. (Dkt. # 202.) On April 7, 2026, Kooapps filed a response to the objections. (Dkt. # 204.) On April 14, 2026, Lowtech and Howse filed a reply. (Dkt. # 205.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

3

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

In his Report, Judge Howell recommended that the motion for attorneys' fees be granted in full and that Lowtech and Howse be ordered to pay $369,288.00 in attorneys' fees and costs.  (Dkt. # 201.)  Lowtech and Howse make several objections, including that the Report: (1) improperly excludes approximately $104,450.50 in fees related to Kooapps motion to compel; (2) fails to engage with the Supreme Court's "most critical factor" for assessing fee reasonableness; (3) errs by crediting block-billed and heavily redacted entries without requiring segregation; and (4) errs in considering the motion for fees at all because Kooapps failed to comply with the Local Rules in filing it.  (Dkt. # 202.)

A.     Fees Related to Motion to Compel

Lowtech and Howse first object that the motion to compel was "entirely denied," unrelated to the deleted public Discord posts, and therefore beyond the scope of the Court's order on sanctions.  (Dkt. # 202 at 4.)  In his Order, Judge Howell rejected this argument and found that Kooapp's motion to compel sought discovery as to Howse's Discord communications based on his

4

deletion of evidence, and also that the discovery obtained through the motion was directly relevant to Kooapp's spoliation investigation.  (Dkt. # 201 at 7.)

Upon de novo consideration of this issue, the Court agrees with the Magistrate Judge.  The record in this case demonstrates that, although the Court ultimately denied the single remaining discovery request in the order, Lowtech and Howse agreed to produce the bulk of the discovery that Kooapps sought.  This discovery includes the declaration laying out the foundation for the motion for sanctions, as well as the sanctions that were ultimately awarded.  That the production came in response to the motion and the meet-and-confer process and was memorialized in a ruling denying the outstanding discovery dispute does not dispose of the relationship between the motion to compel and the discovery related to Howse's spoliation.

Pursuant to Rule 37, recoverable fees may include those costs incurred in investigating the destruction of evidence and in pursuing related discovery which is necessary to expose and prove spoliation.  See Fed. R. Civ. P. 37; Rimkus Consulting Grp., Inc. v. Cammarata, 688 F. Supp. 2d 598, 647 (S.D. Tex. 2010).  Given the above considerations, the Court finds that the fees related to the motion to compel fall within the scope of the Court's prior order on sanctions. Accordingly, the Court will overrule Lowtech and Howse's objection on this issue.

B.     Degree of Success

Lowtech and Howse next object on the basis that the Report failed to analyze the Supreme Court's "most critical factor"—here, Kooapps degree of success.  (Dkt. # 202 at 6.)  The Supreme Court has determined that the "degree of success obtained" is the "most critical factor" in determining the reasonableness of attorneys' fees.  Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).  Lowtech and Howse contend that the Report fails to properly account for Kooapps's "limited" degree of success because Kooapps had broadly requested nine case-dispositive adverse inferences, but the Court ultimately awarded only one permissive-inference instruction.  (Dkt. # 202 at 7.)  They further argue that Fifth Circuit precedent requires that a substantial reduction to the lodestar be taken when the moving party fails to obtain all the relief sought.  (Id. at 6–7.)

The Court has taken a careful de novo review of the issue raised and agrees with the Magistrate Judge's determination.  In his Report, Judge Howell expressly considered Kooapps's degree of success, finding that the Court imposed one of the most severe sanctions of Rule 37—an adverse jury inference as to the nature of the spoliation and also awarded attorneys' fees.  (Dkt. # 201 at 5.)  That the Court did not grant the full request for all nine inferences does not lessen a significant sanction into a merely "nominal" one as Lowtech and Howse contend.

6

Instead, the Court finds that the adverse-inference instruction and fee award represent a substantial success on a request for sanctions that Kooapps had litigated from discovery through motion practice and hearing.  In their objections, Lowtech and Howse fail to identify any focused unsuccessful claim or distinct issue for which Kooapps failed and which would permit a reduction of hours beyond the normal exercise of billing reflected in the records in this case.  As such, the Court agrees with the Magistrate Judge that the lodestar is reasonable and no adjustment is warranted based on any of the <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717–19 (5th Cir. 1974), factors, including the degree of success.  The Court will overrule the objection on this issue.

  C. <u>Availability of an Agreed Resolution</u>

   Lowtech and Howse next assert that the fee award should be reduced or denied on the basis that Kooapps could have sought resolution through conferring in good faith pursuant to Local Rule CV-7(g) which requires the parties "to communicate in good faith" to avoid expending unnecessary resources on needless motions.  (Dkt. # 202 at 7.)  Lowtech and Howse contend that they offered to stipulate to certain facts and to "an adverse inference along the lines" the Court eventually ordered.  (<u>Id.</u> at 8.)

   In his Report, Judge Howell considered that there was nothing in the record demonstrating that Lowtech and Howse offered to stipulate to the specific-

7

adverse instruction ultimately ordered by the Court.  (Dkt. # 201 at 6.)  The Report also credited Kooapp's contention that Lowtech and Howse did not propose or indicate an agreement to any adverse instruction that the deleted information would be unfavorable, declining to accept Lowtech and Howse's contrary arguments. (Id.)

Upon de novo review of the record, the Court again agrees with the Magistrate Judge.  The materials cited by Lowtech and Howse, including counsel's declaration and statements, reflect that discussions occurred about stipulating to certain facts and a more limited adverse instruction.  However, they do not reflect that Lowtech and Howse ever offered to stipulate to the specific adverse-inference instruction that the Court ultimately ordered.  Under these circumstances, it would be speculative of the Court to reduce the fee award based on a hypothetical agreement that never materialized, particularly where the motion for sanctions was fully briefed and heard.

Regarding the conference requirement, Kooapps provided evidence of its billing entries which identified the amount sought and invited a meet and confer before filing its motion.  (See Dkt. # 204 at 11–12.)  Indeed, while the Court expects the parties in the future to robustly confer on all matters, any imperfections here do not warrant the relief requested by Lowtech and Howse in their objections,

8

especially given the briefing schedule and judicial review of the matters.  As such, the Court will overrule this objection.

D.       Billing Records, Redactions, and Block Billing

Lowtech and Howse next object that the Report errs in accepting heavily redacted billing entries and declining in camera review, preventing segregation of generalized discovery entries.  (Dkt. # 202 at 10.)  Among others, they argue that Kooapp's billing records are excessive, block-billed, and overly redacted.  (Id.)  They assert that the time spent on the sanctions motion and on Lowtech's separate discovery motion were improperly commingled.  (Id.)

In the Report, Judge Howell determined that Kooapps submitted detailed time records and used only narrow, privilege-based redactions in a small subset of entries.  (Dkt. # 201 at 8.)  Judge Howell found that Kooapps adequately demonstrated that the hours claimed were reasonably incurred in discovering, investigating, and briefing spoliation issues.  (Id.)

Upon de novo review, the Court agrees with the Report on this issue. The limited redactions by Kooapps do not prevent the Court from assessing reasonableness, and therefore in camera review is unnecessary.  Likewise, the challenged "block-billed" and related entries, when viewed in context, show work tied to the motion for sanctions and associated discovery.  On this matter, Lowtech

9

and Howse have failed to identify specific time that can be fairly segregated as unrelated.  Accordingly, the Court will overrule this objection.

CONCLUSION

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein.  Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 201) and **GRANTS** Kooapps's Motion for Attorneys' Fees and Costs (Dkt. # 180).  It is **ORDERED** that Lowtech and Howse pay Kooapps $369,288.00 in attorneys' fees and costs.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, May 8, 2026.

_____
David Alan Ezra
Senior United States District Judge

10