**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>Plaintiff,<br>v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>Defendants. | CASE NO.: 1:23-cv-1437-DAE |
| KOOAPPS INC.,<br><br>Counterclaim-Plaintiff,<br>v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>Counterclaim-Defendants. | |

**KOOAPPS INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PRESERVE "ATTORNEYS' EYES ONLY" DESIGNATIONS**

Lowtech sued Kooapps for trademark and trade dress infringement and false advertising. It agreed to a Protective Order (Dkt. No. 29), allowing any party to designate competitively sensitive information as Attorneys' Eyes Only ("AEO") to prevent the other party from reviewing or using it for purposes other than litigation. This standard procedure is necessary in this case. Lowtech and Kooapps compete in the fierce market for snake games. Moreover, by the time Lowtech had sued Kooapps, it had essentially abandoned its snake game. Lowtech had not updated the game for years, it spent no money on advertising, and it had no market or product strategy.

Kooapps, on the other hand, has developed and deployed a sophisticated go-to-market strategy for its snake game. Kooapps' execution of that strategy is what has made its game successful. Therefore, as in nearly every case where competitors sue one another, Kooapps designated confidential information about that strategy and its results AEO so that Lowtech, and its principal Steven Howse, cannot review it. Only now – nearly three years into this case and after dispositive motions have been fully briefed – does Lowtech object to this standard approach.

Lowtech's arguments to prohibit Kooapps from designating materials AEO are easily dismissed. First, Kooapps did not engage in any "blanket identifications." It painstakingly reviewed the record and agreed to reduce its AEO designations as much as possible. Lowtech nonetheless insisted that Kooapps file this motion.

Second, Kooapps' caution with respect to AEO designations has been necessary. Mr. Howse has been sanctioned for discovery misconduct in this case, he has used non-public information he learned sitting in on depositions of Kooapps' officers to harass Kooapps contractors and fish for information in this case, Lowtech has begun introducing game features copying those offered by Kooapps, and Lowtech started emulating Kooapps' marketing strategy and running paid advertising campaigns. This exemplifies Kooapps' need to protect its confidential information.

Third, Lowtech has not been hampered in its ability to litigate this case. Lowtech did not

object to Kooapps' AEO designations until after the close of discovery and after the parties had fully briefed motions for summary judgment and Daubert challenges. Lowtech's counsel and retained experts have had full access to the materials since they were produced. To the extent Lowtech seeks additional access to information for purposes of mediation, Kooapps has indicated its willingness to provide it within the confines of such a proceeding.

For these reasons, Kooapps respectfully requests that its motion be granted.

## I. Kooapps' Narrowly Designated Confidential Information

As Kooapps explained in its Motion, the designated AEO information falls into specific categories explicitly protected as AEO under the Protective Order. Motion at 6-8. Lowtech attacks Kooapps' designations as "blanket labels," but that is inaccurate. Opp. at 4. As shown in the declaration of Jonathan Chang, each of Kooapps' designations protects competitively sensitive information that Kooapps would never release to its direct competitors. Dkt. No. 207-2 ¶¶ 4-10.

Tellingly, in response to Kooapps' Motion, Lowtech dropped many of its objections to Kooapps' AEO designations. In an additional effort to resolve this motion, after Lowtech filed its Opposition, Kooapps further narrowed some of its designations. However, Lowtech refused even to meet and confer prior to Kooapps filing this Reply. *See* Exhibit A. For the Court's ease, Kooapps attaches to this Reply a chart that lists all of the remaining AEO designations that Lowtech challenges and the categories of AEO information they fall into. *See* Attached Appendix 1.

Lowtech next asserts that Kooapps has failed to show that "harm that would arise," from disclosure of the AEO materials. Opp. at 4. Kooapps does not need to make that showing. Rather, "ample precedent exists for [AEO designations] when *there is some risk that a party might use the information* . . . to gain a competitive advantage over the producing party." *Frantz Design, Inc. v. Diamond Orthotic Lab'y, LLC*, 2020 WL 10313920, at *2 (W.D. Tex. Aug. 13, 2020) (emphasis

added) (citation omitted).[1] That is exactly what Kooapps has shown here through the Chang Declaration. Dkt. No. 207-2 ¶¶ 4-8. The risk is amplified where, as here, Lowtech abandoned its game before filing this lawsuit, and only subsequently began releasing competitive features similar to those of Kooapps' game. In addition, Lowtech has recently engaged in paid marketing campaigns for the first time in its history, mimicking a strategy employed by Kooapps. *Id.* ¶ 9.

Next, Lowtech asserts that Kooapps' designations "generally fall into three categories" and claims none are proper AEO designations. Opp. at 5. Wrong again. The Chang Declaration divides the designations into four categories that mirror those the parties *agreed* are subject to AEO protection: financial information; confidential relationships with third parties; proprietary technical systems; and Kooapps' A/B testing process and results. Dkt. No. 207-2 ¶¶ 6-8, 10; *Compare* Protective Order, Dkt. No. 29 (Section 3(b)). Moreover, a review of the designations themselves shows that they cover non-public and competitively sensitive information. *See* Appendix 1.

Implicitly acknowledging the sensitivity of the information at stake here, in its Opposition, Lowtech withdrew many of its challenges to Kooapps' designations. Opp. at 5-6; Ex. 1 to Opp. The only three categories that Lowtech still challenges are: (1) designations for a specific game functionality known as "Graceful Fallback," engineered by Kooapps to allow users to continue playing Snake.io when Internet access is lost; (2) Lowtech's damages expert's calculations based on Kooapps revenue data; and (3) the misleadingly named "[g]eneralized [i]nformation [a]bout the [i]ndustry or [t]rends." Opp. at 5-6. Kooapps' AEO designations within these topics are appropriate.

---

[1] The three cases Lowtech cites, *Garrett*, *In re Terra*, and *BCI Communications*, have nothing to do with AEO designations under agreed Protective Orders.

*First*, Kooapps rightly designated technical information about how its "Graceful Fallback" system works, which is proprietary to Kooapps. To the extent any designations merely identified its existence, Kooapps has withdrawn them.

*Second*, Lowtech's damages expert's calculations are based on Kooapps' AEO revenue numbers. Lowtech does not challenge that Kooapps financials are properly AEO, and disclosure of select damages calculations directly derived from them would expose those financials to Lowtech. There is no justification for their disclosure to Lowtech in this case. *Diaz v. Cuatro T Constr.*, 2021 U.S. Dist. LEXIS 125391, at *5 (W.D. Tex. Mar. 19, 2021) (entering protective order designating non-public financial information as Attorneys Eyes Only).

*Third*, Lowtech's challenges to so-called "[g]eneralized [i]nformation [a]bout the [i]ndustry" are no such thing. Opp. at 6. The designations reflect non-public information regarding Kooapps' revenue generating relationships with third-party platforms. Nevertheless, as reflected in Appendix 1, Kooapps has agreed to reduce the specific designations that Lowtech calls out in its Opposition.

## II. The Disclosure of Kooapps' AEO Information Could Cause Harm to Kooapps

As discussed above, disclosure of the AEO material to Lowtech could cause a risk of harm to Kooapps, which is enough to justify the designations. *Supra* at 2-3. The danger is even more acute here because, as described in the Motion and the Chang Declaration, Mr. Howse has already shown a propensity for misconduct in this case. He has been sanctioned by the Court for spoliation—and still has not paid Kooapps the fees awarded under that order. Dkt. No. 173; Dkt. No. 206. In addition, Mr. Howse, eager to sit in on depositions given by Kooapps' principals, learned the identity of one of Kooapps' contractors and then contacted them the very same day to fish for information to use in this case. His vague declaration disclaiming wrongdoing in Opposition to this Motion (Dkt. No. 211) cannot be squared with the facts. *Compare* Dkt. 207-3

(Exhibit B 115:10-25) (April 23, 2025 deposition of Chun-Kai Wang), *with* Exhibit B (Screenshot of contractor's inbox showing Mr. Howse attempting to contact them the very same day).

## III. Lowtech and Mr. Howse Are Not Prejudiced by Kooapps' Designations

Finally, Lowtech's claim that it is prejudiced because it is unable to review Kooapps' AEO information in advance of trial is false. Lowtech has litigated this case through discovery and summary judgment without reviewing any of this information. Its four expert witnesses can review all of the designations and help prepare for trial. *Moller v. Martian Sales, Inc.*, 2024 WL 5041700, at *3 (E.D. La. Dec. 9, 2024) (finding AEO designations did not prejudice the opposing party where counsel and experts were authorized to review AEO materials). Lowtech has not identified any specific instance of information it is lacking to be able to adequately prepare for trial. Its cases requiring disclosure of AEO information to an opposing party are distinguishable. In *Nvision Biomedical Technologies, LLC v. Jalex Medical, LLC*, 2016 WL 8259076, at *4 (W.D. Tex. Feb. 1, 2016), the court rejected AEO designations over documents to which the requesting party was entitled to see under the parties' contractual relationship. Here, Lowtech would never be entitled to any of the challenged AEO information. And in *E-Z Line Pipe Support, LLC v. Piping Tech. & Prods., Inc.*, 2021 WL 2006604, at *1 (S.D. Tex. Jan. 26, 2021), the court exercised its discretion to allow limited disclosure of AEO information to the requesting party where the requesting party had "not been found to have done anything improper or illegal." Here, in contrast, there are multiple specific instances of misconduct related to destruction and misuse of information by Mr. Howse in this litigation.

## IV. CONCLUSION

For the foregoing reasons, Kooapps respectfully requests that the Court grant its Motion as to the remaining designations in Appendix 1.

Dated: July 3, 2026

Respectfully Submitted,

By: /s/ Joshua A. Baskin

Joshua A. Baskin (*pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (*pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Eli B. Richlin (*pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (*pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
31 W 52nd St Fifth Floor
New York, NY 10019

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 3, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and supporting document through the Court's CM/ECF system.

By: */s/ Joshua A. Baskin*

*Attorneys for Defendant and Counterclaim-Plaintiff Kooapps Inc., and Defendants Jonathan Chang and Chun-Kai Wang*