**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| LOWTECH STUDIOS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KOOAPPS LLC, JONATHAN CHANG, and CHUN-KAI WANG,<br><br>　　　　　Defendants.<br><hr><br>KOOAPPS INC.,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>LOWTECH STUDIOS, LLC and STEVEN HOWSE,<br><br>　　　　　Counterclaim-Defendants. | ) CASE NO.: 1:23-cv-1437-DAE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT ADVISORY REGARDING KOOAPPS INC.'S MOTION TO PRESERVE "ATTORNEYS' EYES ONLY" DESIGNATIONS**

Plaintiff/Counterclaim-Defendant Lowtech Studios, LLC, Counterclaim-Defendant Steven Howse (collectively, "Lowtech"), and Defendant/Counterclaim-Plaintiff Kooapps, Inc. and Defendants Jonathan Chang and Chun-Kai Wang (collectively, "Kooapps") have met and conferred pursuant to this Court's Order Setting Hearing (Dkt. No. 214) on Kooapps' Motion to Preserve "Attorneys' Eyes Only" Designations (Dkt. No. 207, the "Motion") and provide the following joint notice.

## I.    THE PARTIES' CONFERENCE

Kooapps filed its Motion to Preserve AEO Designations on June 5, 2026.  Lowtech filed its Opposition on June 19, 2026.  Because Lowtech dropped certain of its challenges in its Opposition in an attempt to resolve the Motion, Kooapps emailed Lowtech with further revised designations and offered to meet and confer.  Dkt. 215-2.  Lowtech declined to meet and confer at that time and instead offered to meet and confer after reviewing Kooapps' Reply in Further Support of its Motion.  *Id.*  On July 3, 2026, Kooapps filed its Reply in Further Support of its Motion (Dkt. 215, "Kooapps' Reply").  In accordance with the Court's June 24, 2026 Order (Dkt. No. 214), the parties met and conferred telephonically on July 6, 2026 at 3PM (CT) to determine whether any further progress could be made to resolve the outstanding issues in the Motion.  During the conferral, Lowtech's counsel indicated that they would further consider whether there were any AEO designations set forth in Appendix 1 (Dkt. 215-1) to Kooapps' Reply for which Lowtech would withdraw its challenge.  Counsel for Lowtech later advised that Lowtech continues to challenge all of the designations which Kooapps seeks to maintain.  As such, the parties remain at an impasse with respect to the AEO designations set forth in Appendix 1 of Kooapps' Reply and require resolution by the Court.

1

-2-

## II. THE PARTIES' POSITIONS REGARDING KOOAPPS' MOTION TO PRESERVE "ATTORNEYS' EYES ONLY" DESIGNATIONS

### a. Kooapps' Position

Kooapps' position on the outstanding disputed AEO designations, identified in Appendix 1 of Kooapps' Reply (Dkt. 215-1), remains the same as in its Motion and Reply. Each of Kooapps' remaining challenged designations fits squarely within the confines of information the parties agreed can be AEO under the Protective Order. Kooapps maintains them in good faith.

Lowtech's position statement below mostly rehashes arguments already considered in the parties' briefing on the Motion. Kooapps notes that Lowtech conflates the concepts of (1) information that will be shown publicly at trial with (2) information that is not allowed to be shared with Lowtech and its principal in advance of trial because it is subject to AEO protection under the agreed Protective Order. This Motion is solely about the latter. Lowtech still has not identified a single specific reason why it, as opposed to its counsel, needs access to any specifically designated AEO information to prepare for trial. As noted in the briefing, Kooapps will consider sharing further, specifically identified information with Lowtech within the context and protections of a dispute resolution proceeding.

### b. Lowtech's Position

Lowtech's position on the outstanding disputed AEO designations remains the same as in its Response in Opposition to Kooapps' Motion. More than six months after Lowtech initiated efforts to conferral on this topic, Kooapps has still failed to demonstrate – or to even to attempt to show on a designation-by-designation-basis – how the designated information meets the standard under the Court's order. Rather than reflecting good faith, Kooapps' most recent de-designation of additional materials prior to submitting its Reply only further demonstrates that Kooapps'

-3-

practice of blanket AEO designations was inconsistent with the Court's order. In addition, Kooapps simply parrots the standard allowing it to designate information under the Protective Order while ignoring the required showing it must make to maintain the designation.

Lowtech has, by agreement, allowed for AEO designation of many materials. However, Kooapps' insistence on extensive further designations serves no purpose but does create a minefield of designations that is wholly unworkable at trial and prevents Lowtech and Mr. Howse from meaningfully conferring with counsel in connection with trial preparation and dispute resolution matters.

Dated: July 7, 2026

By: /s/ Matt Vandenberg

Christopher C. Campbell
Britton F. Davis
**CAHILL GORDON & REINDEL LLP**
900 16th Street N. W.
Suite 500
Washington D.C. 20006
(202) 862-8932
(202) 862-8906
bdavis@cahill.com
ccampbell@cahill.com

Cecil E. Key
**KEY KESAN DALLMANN PLLC**
1050 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 772-3191
cecil.key@kkd-law.com

Matt Vandenberg
**KING & SPALDING LLP**
500 W. 2nd St., Suite 1800
Austin, Texas 78701

Respectfully submitted,

By: /s/ Joshua Baskin

Joshua A. Baskin (*pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
Chloe Delehanty (*pro hac vice*)
California State Bar No. 333412
cdelehanty@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

Eli B. Richlin (*pro hac vice*)
New York State Bar No. 4861357
erichlin@wsgr.com
J. Ariel Jeong (*pro hac vice*)
New York State Bar No. 5344122
ajeong@wsgr.com
**Wilson Sonsini, Goodrich & Rosati, PC**
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

(512) 457-2038
mvandenberg@kslaw.com

*Attorneys for Plaintiff and Counterclaim-Defendants* Lowtech Studios, LLC and Steven Howse

Thomas A. Nesbitt
State Bar No. 24007738
tnesbitt@nesbittlegal.com
**Nesbitt Legal PLLC**
809 West Avenue
Austin, Texas 78701
Phone: (512) 617-5562

*Attorneys for Defendant and Counterclaim-Plaintiff* Kooapps Inc., *and Defendants* Jonathan Chang and Chun-Kai Wang

-5-

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 7, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By: /s/ Joshua Baskin

Joshua A. Baskin (*pro hac vice*)
California State Bar No. 294971
jbaskin@wsgr.com
**Wilson Sonsini Goodrich & Rosati, PC**
Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

*Attorneys for Defendant and Counterclaim-Plaintiff* Kooapps Inc., *and Defendants* Jonathan Chang and Chun-Kai Wang